```
1.  Bossingham Brett,
    Bossingham Elisabeth
2.  1827 S. Court. Suite F,
    Visalia, California
3.
    Counterclaimants
4.
5.
6.
7.
```

                                        **FILED**

                                        NOV 15 2010

                                        CLERK, U.S. DISTRICT COURT
                                        EASTERN DISTRICT OF CALIFORNIA
                                        BY ____J. HELLINGS____
                                                 DEPUTY CLERK

8.                  UNITED STATES DISTRICT COURT

9.                  EASTERN DISTRICT OF CALIFORNIA

10.
11.  UNITED STATES OF AMERICA,      ) CASE NO. 1:10-CR-00150-OWW
                                     )
12.       Plaintiff,                 ) NOTICE OF AUTOMATIC STAY
            v.                       ) OF PROCEEDINGS
13.                                  )
     BRETT ALLEN BOSSINGHAM, and     )
     ELISABETH ANN BOSSINGHAM,       )
14.                                  )
          Defendants,                )
15.                                  )
     --------------------------------)
16.                                  )
     Brett Allen Bossingham, and     )
17.  Elisabeth Ann Bossingham,       )
                                     )
18.       Counterclaimants,          )
                                     )
19.         v.                       )
                                     )
20.  UNITED STATES OF AMERICA;       )
     COMPLAINER DOE;                 )
21.  KULBIR MAND; and                )
     MIKE COLEMAN;                   )
22.                                  )
          Counterdefendants.         )
23.                                  )
     _____)
24.

25.  1.   TO *UNITED STATES DISTRICT COURT, EASTERN DIVISION, UNITED*

26.  *STATES OF AMERICA V. BRETT ALLEN BOSSINGHAM, AND ELISABETH ANN*

27.  *BOSSINGHAM, CASE NO. 1:10-CR-00150-OWW*; to Counterdefendants;

1. and to all other interested parties, please take notice of the
2. following:
3.
4.
5.                 **THE CRIMINAL CASE IS**
                **AUTOMATICALLY STAYED**
6.      **UNTIL THE QUESTION OF JURISDICTION**
      **IS RESOLVED IN THE COUNTERCLAIM.**
7.
8.
9.    "However late this objection has been made, or may be
made in any cause, in an inferior or appellate court
10. of the United States, it must be considered and
decided, before any court can move one further step in
11. the cause; as any movement is necessarily the exercise
of jurisdiction." The State of Rhode Island and
12. Providence Plantations, Complainants v. the
Commonwealth of Massachusetts, Defendant, 37 U.S. 657,
13. 12 Pet. 657, 9 L.Ed. 1233 (1838)
14.    "Where there is no jurisdiction over the subject
matter, there is, as well, no discretion to ignore
15. that lack of jurisdiction. See F.R.Civ.P. 12(h)(3),
supra note 1."  Joyce v. United States, 474 F.2d 215,
16. 219 (3rd Cir., 1973)
17.    "When it clearly appears that the court lacks
jurisdiction, the court has no authority to reach the
18. merits." Melo v. US, 505 F2d 1026, 1030
19.    "It is most true that this Court will not take
jurisdiction if it should not: but it is equally true,
20. that it must take jurisdiction if it should. The
judiciary cannot, as the legislature may, avoid a
21. measure because it approaches the confines of the
constitution. We cannot pass it by because it is
22. doubtful. With whatever doubts, with whatever
difficulties, a case may be attended, we must decide
23. it, if it be brought before us. We have no more right
to decline the exercise of jurisdiction which is
24. given, than to usurp that which is not given. The one
or the other would be treason to the constitution."
25. Cohens v. Virginia, 19 U.S. 264, 5 L.Ed. 257, 6 Wheat.
264 (1821)
26.
27.

---
NOTICE OF AUTOMATIC STAY OF PROCEEDINGS

2. On November 12, 2010, a counterclaim in a court of record was filed and duly served in the above-entitled case. The first cause of action raised the validity of jurisdiction of the criminal proceeding.[1]

3. Until the jurisdiction issue is settled in the counterclaiming court of record, the inferior court has no authority to proceed.[2]

4. The inferior court has no discretion to ignore that lack of jurisdiction.[3]

5. So long as the court has no jurisdiction, it may not reach the merits of the case.[4]

6. If the inferior court usurps the jurisdiction, it will be committing a treason against the Constitution.[5]

7. Therefore, please take notice, the inferior court, by virtue of the above cited cases, must automatically stop all

---

[1] See attached copy of counterclaim and proof of service.

[2] The State of Rhode Island and Providence Plantations, Complainants v. the Commonwealth of Massachusetts, Defendant, 37 U.S. 657, 12 Pet. 657, 9 L.Ed. 1233 (1838)

[3] Joyce v. United States, 474 F.2d 215, 219 (3rd Cir., 1973)

[4] Melo v. US, 505 F2d 1026, 1030

[5] Cohens v. Virginia, 19 U.S. 264, 5 L.Ed. 257, 6 Wheat. 264 (1821)

NOTICE OF AUTOMATIC STAY OF PROCEEDINGS

1. proceedings until the jurisdiction issue is adjudicated by the
2. court of record.
3.
4.     Respectfully and duly presented without dishonor,
5.
6. _____          _____
7. Brett Allen Bossingham                  Elisabeth Ann Bossingham