1                    UNITED STATES DISTRICT COURT

2                   EASTERN DISTRICT OF CALIFORNIA

3                            --o0o--

4    UNITED STATES OF AMERICA,    )  Case No. 1:10-CR-00150-OWW
                                  )
5                    Plaintiff,   )  Fresno, California
                                  )  Monday, November 29, 2010
6         vs.                     )  1:41 P.M.
                                  )
7    BRETT ALLEN BOSSINGHAM, et al, )  Hearing re:  arraignment and
                                  )  plea on indictment.
8                    Defendants.  )
     _____)

9
                     TRANSCRIPT OF PROCEEDINGS
10         BEFORE THE HONORABLE SANDRA M. SNYDER
                 UNITED STATES MAGISTRATE JUDGE
11
     APPEARANCES:
12
     For Plaintiff:             HENRY Z. CARBAJAL, III
13                              U.S. Attorney's Office
                                2500 Tulare Street, Suite 4401
14                              Fresno, CA   93721
                                (559) 497-4000
15
     For Defendants:            MELODY WALCOTT
16                              Federal Defender's Office
                                2300 Tulare Street
17                              Fresno, CA   93721
                                (559) 497-5561
18
                                BRETT ALLEN BOSSINGHAM, Pro Se
19                              ELISABETH ANN BOSSINGHAM, Pro Se
                                1827 S. Court, Suite F
20                              Visalia, CA   93277

21   Court Recorder:           OTILIA FIGUEROA
                                U.S. District Court
22                              2500 Tulare Street, Suite 1501
                                Fresno, CA   93721
23                              (559) 499-5928

24

25

ii

1   APPEARANCES (Cont.):

2   Transcription Service:          Petrilla Reporting &
                                       Transcription
3                                    5002 - 61st Street
                                     Sacramento, CA    95820
4                                    (916) 455-3887

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  Proceedings recorded by electronic sound recording;
    transcript produced by transcription service.

1

1     FRESNO, CALIFORNIA, MONDAY, NOVEMBER 29, 2010, 1:41 P.M.

2

3        (Call to order of the Court.)

4             THE COURT:  All right.  Monday, the 29th of November,

5     2010, the 1:30, now 1:40, 1:39 magistrate judge criminal

6     calendar, daily calendar.  We're going to take matters out of

7     order to accommodate those who are not in custody versus those

8     who are.

9             Starting then with Case No. 10-150-OWW, the United

10    States of America v. Brett Allen Bossingham and Elisabeth Ann

11    Bossingham.  Please come forward please.

12            MS. WALCOTT:  Good afternoon, Your Honor.  Melody

13    Walcott, Federal Defender's Office with Brett Allen Bossingham

14    and Elisabeth Ann Bossingham.

15            THE COURT:  Okay.  Good afternoon.  Good afternoon to

16    the two of you.

17            MR. CARBAJAL:  Henry Carbajal for the United States.

18            THE COURT:  Mr. Carbajal, good afternoon to you as

19    well.

20            MR. CARBAJAL:  Thank you.

21            THE COURT:  All right.  Mr. and Ms. Bossingham, I

22    know that you've appeared before Judge Beck.  It was put over

23    to obtain counsel, legal counsel.  Then you appeared before

24    Judge Austin, and it was put over yet again, and you were

25    advised to be present here today, and that we were going to go

2

1   forward with the arraignment with your own legal counsel in

2   place or not.  Do you recall all of that?

3         MR. BOSSINGHAM:  I do make that recall.

4         THE COURT:  Could we get you over closer to the

5   microphone?  Thank you, sir, very much.  I'm sorry, I didn't

6   mean to interrupt.  Go ahead.

7         MR. BOSSINGHAM:  Yes, I do recall the transcript, and

8   I do recall objecting on the basis of needing time to find

9   counsel.

10        THE COURT:  Okay.  And Ms. Bossingham, you agree?

11        MS. BOSSINGHAM:  I do.

12        THE COURT:  Okay.  Here's the thing:  it's been two

13  months since you were served with the charging document and two

14  months is a long time on our calendar.  I understand it's

15  difficult.  I understand -- believe me, I've been doing this

16  for a very long time.

17        That said, this happens all the time in our court,

18  and so typically what we do by now, and at this stage is just

19  get through the arraignment because all this is going to do at

20  this stage is pass from me to the District Court and it is

21  preliminary in its nature.  We typically appoint the federal

22  defender, and legal counsel, sine there's two of you, to

23  represent you, and those counsel will be in place only until

24  you obtain your own attorneys.

25        MS. BOSSINGHAM:  We object.

3

1          THE COURT:  I know you do.

2          MR. BOSSINGHAM:  May I --

3          THE COURT:  Go ahead.

4          MR. BOSSINGHAM:  Thank you.  The first date we

5    appeared in Judge Beck's courtroom was October 29th --

6          THE COURT:  Um-hmm.

7          MR. BOSSINGHAM:  -- and we've had 16 working days to

8    seek counsel.  I do have papers here that I'd like to present

9    to the Court that deal with our efforts to find counsel.  And

10   the matters of jurisdiction have been raised in our

11   counterclaim and --

12         MS. BOSSINGHAM:  And they remain unresolved.

13         MR. BOSSINGHAM:  So if I may present the documents

14   that I filed this morning dealing with our declarations and our

15   attorney search, another motion to request sanctions for

16   attorney Carbajal from myself for failure to obey the Court's

17   instruction to communicate with the opposition, and Elisabeth's

18   motion for a request for sanctions on attorney Carbajal for

19   failure to obey Court's instructions to communication with

20   opposition.

21         THE COURT:  Well, all of those motions are fine.  You

22   can show them to me if you want, but I have no jurisdiction

23   over those motions.  The District Court judge to whom this will

24   go, Judge Wanger, has jurisdiction to handle all of those

25   matters.  So they couldn't be handled today in this Court in

4

1    any event.  It is my job and only my job to resolve two things:

2          One, to tell you on the record what the charges

3    against you are, what the maximum possible penalties are if

4    convicted of these offenses, and to decide whether or not you

5    stay out of custody, or go into custody.  That is all I have

6    jurisdiction for.  All of the rest of that goes to Judge

7    Wanger.

8          And to that extent, you're in and out of here in two

9    minutes when I tell you what the charges are, and Ms. Walcott

10   will -- she doesn't have to be your attorney for all time.  You

11   have every right to still hire an attorney.  You have a right

12   to change attorneys two years from now, or seven months from

13   now.

14          MR. BOSSINGHAM:  We object.  Do I have the

15   opportunity to interview the public defender?

16          THE COURT:  No

17          MR. BOSSINGHAM:  Well, I object to that as well for

18   this.

19          THE COURT:  Okay.

20          MS. BOSSINGHAM:  Your Honor, we respectfully request

21   that this case be dismissed.

22          THE COURT:  Well, you can do that with Judge Wanger,

23   but you can't do that with me.  I have -- I don't have the

24   jurisdiction to do that, and if you want to take a look at the

25   Federal Rules of Criminal Procedure, you'll figure all of that

5

1   out.  I'm not the judge that you need to make that plea to, and

2   that is a perfectly legitimate plea, but before the District

3   Court.

4          MS. BOSSINGHAM:  Your Honor we also request that

5   this -- that we be released from custody.

6          THE COURT:  You're not in custody.

7          MS. BOSSINGHAM:  We are in constructive custody at

8   this point.

9          THE COURT:  Okay.  Here's what we're going to do.

10  Again, that is before Judge Wanger, not before me.  Mr.

11  Carbajal, have you had any opportunity to have any contact with

12  either or both of these defendants and/or any potential legal

13  counsel?

14         MR. CARBAJAL:  Your Honor, not with potential legal

15  counsel.  They have placed calls to me, messages to me.  They

16  at the previous hearings had told Judge Beck and Judge Austin

17  that they were actively seeking counsel, and recognizing that,

18  my expectation was that they were retaining counsel and I would

19  have communications with them, not with these defendants

20  directly.

21         MS. BOSSINGHAM:  Your Honor, we have been in the

22  condition of pro se --

23         THE COURT:  I understand that.

24         MS. BOSSINGHAM:  -- and there's an obligation that we

25  be communicated with that has been ignored.

6

1    MR. BOSSINGHAM:  We've presented paperwork to the

2  Court, we filed this morning specifically on point to this

3  issue, and we object to what Henry Carbajal has just testified

4  to.

5    THE COURT:  I missed that whole part.  You object to

6  what?

7    MR. BOSSINGHAM:  To what Mr. Henry Carbajal has just

8  entered into the courtroom.

9    THE COURT:  What?  That he's talked to you before?

10  That's about all he said.

11    MS. BOSSINGHAM:  He has not talked or communicated

12  with us, and the Court has requested that he communicate with

13  us, and that has not been done.

14    THE COURT:  Mr. Carbajal?

15    MR. CARBAJAL:  Your Honor, that's not correct.  Judge

16  Austin said that -- I had asked Judge Austin to instruct the

17  defendants not to contact me unless it is through counsel since

18  they told Judge Austin they were actively seeking counsel.

19  There was no requirement from Judge Austin that I speak with

20  these defendants.

21    MS. BOSSINGHAM:  He admonished you because we were

22  pro se to communicate with us.

23    MR. CARBAJAL:  That's not correct.

24    MS. BOSSINGHAM:  We respectfully ask you to check the

25  transcripts.

1          THE COURT:  Okay.  Well, here's the thing.  Whether

2    or not you have any type of communication between the U.S.

3    Attorney, the Deputy U.S. Attorney handling this matter or not

4    still begs the question of what my role is here today.  The

5    Court could arraign you in abstentia.  We do that all the time.

6    That's also provided for in the Federal Rules of Civil

7    Procedure.  I don't want to do that.  You're standing here.

8    Ms. Walcott is a fabulously excellent and well experienced

9    defense attorney is standing at your side to make sure I don't

10   say anything wrong, or say anything that does not appropriately

11   advise you of your constitutional and/or statutory rights.

12          All I want to do is allow you to do all that you want

13   to do in the correct court.

14          MS. BOSSINGHAM:  And we request counsel, Your Honor.

15          MR. BOSSINGHAM:  We request time to find counsel.  We

16   are curious as to this appointment that you're trying to make.

17   Is it a mandatory appointment for today?

18          THE COURT:  It would be a special appointment.

19          MR. BOSSINGHAM:  Well, I'd object to that.

20          THE COURT:  I was ready for that as well.  How many

21   attorneys have you contacted?

22          MR. BOSSINGHAM:  Ma'am, we have an entire list here

23   that's --

24          MS. BOSSINGHAM:  This is all on file.

25          MR. BOSSINGHAM:  Yeah, if you would --

8

1          THE COURT:  When did you file it?

2          MR. BOSSINGHAM:  These were filed this morning.  I

3    tried to present them to Judge Austin, and we've actually added

4    more attorneys to the list.  I think we've made a very valiant

5    effort.  We've called dozens of attorneys.  We've spoken with

6    dozens of attorneys.  I've met with three attorneys.  I have

7    more meeting with attorneys.  So I -- with the 16 working days

8    we've had to work with, I believe we've been --

9          MS. BOSSINGHAM:  Done due diligence.

10         MR. BOSSINGHAM:  We have done due diligence.

11         THE COURT:  What did you do as of October the 29th

12   when you were actually served with all of the charging

13   documents?

14         MS. BOSSINGHAM:  What do you mean, Your Honor?  What

15   did we do?  Can you please specify?

16         THE COURT:  Did you begin to look for an attorney

17   right away?

18         MS. BOSSINGHAM:  Yes, Your Honor.

19         MR. BOSSINGHAM:  Yes, ma'am.  We have all that

20   documented in these papers I'd like to hand to the Court.

21         THE COURT:  How much more time do you need?

22         MR. BOSSINGHAM:  Well, we have --

23         THE COURT:  Give me an exact number.

24         MR. BOSSINGHAM:  Three weeks would be an acceptable

25   time.

9

1         MS. BOSSINGHAM:  Appreciated.

2         THE COURT:  Three weeks.

3         MR. BOSSINGHAM:  Yes, ma'am.

4         THE COURT:  If I put this over for three weeks, which

5  quite happily happens -- I'm going to be having calendar for

6  Judge Austin then, you will be back here with counsel, and if

7  not, you will accept the special appointment of the Federal

8  Defender's Office just to get through the arraignment?  Yes or

9  no?

10        MR. BOSSINGHAM:  Well, I do not understand "special

11  appointment," ma'am.

12        THE COURT:  It means they're appointed to get you

13  through the arraignment so that you have legal counsel at your

14  side just to protect any questions and/or interests you may

15  have with regard to my telling you what the charges are, which

16  I'm fairly sure you know what those are by no, and the possible

17  maximum consequences, and all that happens is, I order

18  discovery for you so that you get all the discovery from the

19  government that they have pursuant to the Federal Rules of

20  Civil Procedure and I give you a date to go to Judge Wanger as

21  soon as possible so you can raise all of these issues.  That's

22  all we do.

23        MR. BOSSINGHAM:  Right now without knowing the

24  future, I believe three weeks is adequate time.

25        THE COURT:  To do what?

10

1          MR. BOSSINGHAM:  To interview counsel, secure

2     counsel.

3          MS. BOSSINGHAM:  May I also add, Your Honor, I

4     believe it's adequate time for the Court to acknowledge our

5     counterclaim.

6          THE COURT:  It's not before the -- you're a step --

7     you're ahead of yourselves.  See, folks, really, you've got to

8     go down to the law library, pull up the Federal Rules of Civil

9     Procedure -- I mean Criminal Procedure and take a good long

10     look at them, because I could read them 20 times, but it isn't

11     going to help you, neither could Judge Austin.

12          All of that needs to go upstairs, and we need to get

13     you there procedurally.  That's all I'm trying to do, so that

14     you can do this sooner rather than later.  That's all.

15          MS. BOSSINGHAM:  The papers have been filed.

16          THE COURT:  Well, that's great, and as soon as we get

17     you to Judge Wanger, then those will all be appropriately

18     addressed, but not in magistrate judge court, regardless of who

19     the judge is.

20          MR. BOSSINGHAM:  Well, I believe our paperwork speaks

21     for itself, and I'd submit that you review that if you desire.

22          THE COURT:  Well, I'll read it, because it will be

23     academically interesting to me, but there won't be anything I

24     can do with it.  So if I give you three weeks, you will come

25     back here either with counsel, or you will agree to allow the

1   Court to arraign each of you.  Yes?

2          MR. BOSSINGHAM:  Will I have opportunity to interview

3   the counsel at that point that you would appoint?

4          THE COURT:  I would let you go out in the hall and

5   talk with Ms. Walcott right now.

6          MR. BOSSINGHAM:  I would appreciate the three weeks.

7   I don't want to -- I want to ensure that you're not making a

8   mandatory appointment.

9          MR. CARBAJAL:  Your Honor, perhaps the Court can

10  explain to them -- and I know you have once, but perhaps you

11  can explain to them again that even for this special

12  appearance, or if you appoint counsel for them in three weeks,

13  hey can get other counsel through the course of the litigation.

14  So --

15         THE COURT:  I thought I just said that.  You can have

16  Ms. Walcott, who happens to be agreeing just to assist you for

17  today, and today only to get through this stage.  It won't

18  necessarily be Ms. Walcott in three weeks from now.

19         So you can certainly have enough time to chat this

20  all up with whomever happens to be here having duty on that

21  particular day.  But it is not -- since -- you can't have it

22  both ways.  Since it is an appointing -- what's your word, a

23  mandatory counsel, you can't be just joyously happy with who

24  that is.  You have to accept my word that they are experienced,

25  knowledgeable, ready, willing and able legal counsel for you

1    for that special appearance.

2            MS. BOSSINGHAM:  Yes.

3            THE COURT:  Get you through the arraignment, and then

4    you'd go upstairs.

5            MR. BOSSINGHAM:  I'm just trying to identify where my

6    choices are, ma'am.

7            THE COURT:  I don't know how else to say it.  You can

8    hire -- you can hire attorneys tomorrow and have them here in

9    there weeks.  You can change your mind and have somebody else

10   substitute in for you two weeks after that.  You can decide you

11   don't like that attorney and substitute in somebody else in

12   another six weeks after that, because where the rubber's going

13   to meet the road is before Judge Wanger.  That's where you're

14   going to really need to be happy with your lawyer.  For

15   purposes of an arraignment and the issue of whether you stay

16   out of custody or go into custody, which I think is fairly

17   simple, you just need somebody at your side.

18            And if you choose not to do that, then all you have

19   to say is, Your Honor, please arraign us, and we choose not to

20   have legal counsel at our side, and then I will appoint someone

21   from the Federal Defender's Office to act as standby counsel in

22   case you have a question and if you don't, that doesn't negate

23   the arraignment, and then I'll just hurry up and bet you a date

24   before Judge Wanger as soon as I can.  Okay?

25            MR. BOSSINGHAM:  Well, can I submit these to the

13

1  Court through your bailiff?

2      THE COURT:  Well, I'll -- if they're filed, I can go

3  back and pull them up tonight or tomorrow morning, and I can do

4  that, and I'll print them up.

5      MR. BOSSINGHAM:  All right.

6      THE COURT:  Okay.  I will.

7      Mr. Carbajal, on behalf of the government, given the

8  colloquy that has taken place, does the government have any

9  objections to three and only three more weeks?

10      MR. CARBAJAL:  No, Your Honor.  Thank you.

11      THE COURT:  Okay.  That will be dandy then.  So, when

12  do I have duty, Ms. Herman?

13      THE CLERK:  13th, 14th and 15th of December.

14      THE COURT:  So that's one week, two weeks, that's in

15  the third week.  So you want three full weeks, and then so you

16  want to be here in the fourth week?  Or, do you want to be back

17  before me in that third week?  Because I can make that happen.

18      MR. BOSSINGHAM:  The fourth week would be preferred.

19      THE COURT:  Okay.  Well, then, we have to put it on

20  the 20th, 21st, or 22nd, or 23rd, right before the holiday.

21      THE CLERK:  I don't know if Judge Oberto an hear this

22  case.  Can she?

23      THE COURT:  No.

24      MR. CARBAJAL:  No.

25      THE COURT:  Well, I'll keep it.  How about that?

14

1          MR. CARBAJAL:  December 20th would be great with the

2    government, Your Honor.

3          THE COURT:  Yeah.  I'll keep the case, regardless of

4    who has the duty, so we don't have to revisit this.  Monday,

5    December the 20th at -- I'll go after Judge Oberto's calendar

6    on the 20th, so we'll set it at 1:30, but it will trail, and

7    folks, I will see all of you then on the 20th.  Okay?

8          MR. BOSSINGHAM:  Good afternoon.

9          THE COURT:  All right.  And I will pull everything

10   up, and I will read it.  I pledge to you I will do that.

11         MS. BOSSINGHAM:  Thank you, Your Honor.

12         THE COURT:  And we will proceed as indicated.  If

13   counsel is here, that's great.  If not, I'll go ahead and

14   appoint the federal defender as either special appointment or

15   standby counsel and we will complete the arraignment.

16         MR. BOSSINGHAM:  And we have my objection on the

17   record for that.

18         THE COURT:  Oh, and that's fine.  I want to make sure

19   you know.

20         MS. BOSSINGHAM:  And my objection as well.

21         THE COURT:  It's there.  I get it.  All right.  See

22   you in three weeks.

23         MR. CARBAJAL:  Your Honor?

24         THE COURT:  Yes, sir.

25         MR. CARBAJAL:  There is a -- before the Bossinghams

1    leave.

2              THE COURT:  Wait a minute.  Yes, I'm sorry?

3              MR. CARBAJAL:  There is an issue with regard to their

4    continuing to contact our office.  So I want to make it clear

5    that during these three weeks of time, they should not contact

6    our office because they are actively looking for a counsel

7    right now.  They've add -- they specifically put on the record

8    that they needed three weeks to find counsel.

9              THE COURT:  Right.

10             MR. CARBAJAL:  So during this three week period of

11   time, we really do not want to talk to them while they're

12   actively seeking counsel, until they receive counsel.

13             THE COURT:  Okay.

14             MR. BOSSINGHAM:  We object.

15             THE COURT:  Okay.  Why do you need to continue to

16   call and contact the U.S. Attorney's Office?

17             MR. BOSSINGHAM:  I wanted to see the statement of

18   charges.

19             MR. CARBAJAL:  Well, they have the copy of the

20   indictment, Your Honor.  That is the statement of charges.

21             THE COURT:  Yes.

22             MR. BOSSINGHAM:  It was a little vague and I was

23   looking for more specifics.

24             THE COURT:  Oh, it -- if I had a nickel for every

25   defendant that's told me that the charging document is vague,

16

1   I'd be a wealthy woman.  That's why you need a lawyer.  And

2   that's why t's better that you wait until you have the lawyer

3   that you are actively seeking, and obviously desperately want,

4   because we keep putting this over.

5        MR. BOSSINGHAM:  Well, Judge, in Judge Austin's

6   courtroom he did let -- and you can look at the transcript --

7   let the U.S. Attorney's Office know that we had every right to

8   call.

9        THE COURT:  Well, under the circumstances, I think it

10  sounds as though you aren't happy with, or wouldn't be happy

11  with what the U.S. Attorney's Office tells you anyway because

12  you are -- you can't have an ongoing debate with them at this

13  early stage about whether you're guilty or not guilty.

14       MR. BOSSINGHAM:  We're just looking for a meet and

15  confer, ma'am.

16       THE COURT:  Okay.  I would suggest that you wait

17  until you get an attorney so that it can be a meaningful meet

18  and confer because you're asking lawyers to explain to lay

19  people something that you've already indicated is difficult for

20  lay people to understand.  So it's a -- you've got a built-in

21  conflict working here,.

22       MR. BOSSINGHAM:  I don't see the conflict.

23       THE COURT:  I just explained it to you.  They're

24  going to talk to you in legalese, you don't get it, you're

25  going to ask them could you be more simple?  Could you be more

1    clear?  And you know, judges and lawyers don't work really well

2    that way.  We're trained in legalese.  We're trained in the

3    letter and the spirit of the law.  We're trained in terms of

4    very complicated rules of evidence.  As soon as you get the

5    discovery that the Court's going to order for you --

6            MS. BOSSINGHAM:  Your Honor, I find your comments

7    offensive.

8            THE COURT:  Well.

9            MR. BOSSINGHAM:  I apologize for that, Your Honor.

10           THE COURT:  I mean no offense.  I'm trying to

11   indicate that in fact you have just put on the record that the

12   document is vague, and so in order to sit and explain those

13   line by line you need to have some context within which to put

14   it.  I'm not suggesting that you're idiots, or that you don't

15   have intelligence.  By no means am I.

16           MS. BOSSINGHAM:  You're -- I will accept that as an

17   apology.

18           THE COURT:  Well, you can accept it however you want.

19   I think that what I will do is as the U.S. Attorney has

20   suggested, we will put a -- to use a legal word that I believe

21   you've used in another document, I will stay Judge Austin's

22   direction that you may contact the U.S. Attorney's Office until

23   and, or if you obtain legal counsel, and then once you're

24   arraigned, we'll go from there as to what kind of communication

25   that you can have.

18

1        MS. BOSSINGHAM:  Thank you, Your Honor.

2        MR. BOSSINGHAM:  Well, we object to that, but

3  I -- for the record.

4        THE COURT:  Okay.  So noted.  All right, folks.

5     (Whereupon the hearing in the above-entitled matter was

6  adjourned at 2:02 p.m.)

7                        --o0o--

8                      CERTIFICATE

9     I certify that the foregoing is a correct transcript from

10  the electronic sound recording of the proceedings in the above-

11  entitled matter.

12

13  _____        December 2, 2010

14  Patricia A. Petrilla, Transcriber

15  AAERT CERT*D-113

16

17

18

19

20

21

22

23

24

25