1. Bossingham Brett,
   Bossingham Elisabeth
2. 1827 S. Court. Suite F,
   Visalia, California
3. Private Attorneys
4.
5.
6.
7.
8.         DISTRICT COURT OF THE UNITED STATES
9.           EASTERN DISTRICT OF CALIFORNIA
10.
11. UNITED STATES OF AMERICA,   ) CASE NO. 1:10-CR-00150-OWW
                                   )
12.    Plaintiff,            ) WRIT OF ERROR
         v.                   )   QUAE CORAM NOBIS RESIDANT[1]
13.                                )
    BRETT ALLEN BOSSINGHAM, and )
14. ELISABETH ANN BOSSINGHAM,    )
                                   )
15.    Defendants,           )
                                   )
16. ---------------------------- )
                                   )
17. Brett Allen Bossingham, and )
    Elisabeth Ann Bossingham,    )
18.                                )
       Counterclaimants,      )
19.      v.                   )
                                   )
20. UNITED STATES OF AMERICA;    )
    COMPLAINER DOE;             )
21. KULBIR MAND; and           )
    MIKE COLEMAN;              )
22.                                )
       Counterdefendants.     )
23.                                )
                                   )
24.
25. 1.   THE ABOVE-ENTITLED COURT OF RECORD[2] COMES NOW, ON ITS OWN
26. ---
    [1] "Writ of Error Coram Nobis. …It is also said that at common law it [a writ of error] lay to correct purely
27. ministerial errors of the officers of the court. Cramer v. Illinois Commereial Men's Ass'n, 260 Ill. 516, 103 N.E.
    459, 461" Black's Law Dictionary, Revised Fourth Edition, Page 1786 (1968)

Page 1 of 14

---
WRIT OF ERROR QUAE CORAM NOBIS RESIDANT

FILED
DEC 13 2010
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

1. MOTION, TO review the facts, record, and process resulting in
2. the paper entitled <u>MEMORANDUM DECISION AND ORDER VACATING NOTICE</u>
3. <u>OF AUTOMATIC STAY (Doc. 14), DENYING EX PARTE MOTION FOR</u>
4. <u>EXPEDITED WRIT OF ERROR (Doc. 32) AND DIRECTING CLERK OF COURT</u>
5. <u>TO LODGE PLAINTIFFS' "COUNTERCLAIM FOR TRESPASS" (Doc. 30)</u> filed
6. (Doc. 35) on December 7, 2010, and to accordingly respond.
7.
8.    I.  History
9.    II.  Jurisdiction
10.    III.  Writ of Error
11.    IV.  Order
12.
13.                           **I.  HISTORY**
14.
15. 2.  Counterclaimants Brett Allen Bossingham and Elizabeth Ann
16. Bossingham, proceeding sui juris, were charged by indictment

---

[2] COURT OF RECORD: To be a court of record a court must have four characteristics, and may have a fifth. They are:

   1.   A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

   2.   Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

   3.   Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

   4.   Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

   5.   Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

1. (Doc. 1) filed on April 15, 2010 on various counts.  Also, on
2. April 15, 2010, a magistrate of the Criminal Court (hereinafter
3. "Inferior Court")[3] issued the warrant (Doc. 30, Exhibit 1) for
4. the arrest of the counterclaimants.  On October 27, 2010,
5. Counterdefendant Kulbir Mand faxed a copy of the Inferior
6. Court's[4] warrant to the Counterclaimants.[5]  On October 29, 2010
7. (198 days after the warrant was issued)[6] the arrest warrant was
8. returned executed (Doc. 9) and both people were brought before a
9. magistrate, at which time they were released on their own
10. recognizance (Doc. 11, 12 & 16)

---

[3] "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law." Ex Parte Kearny, 55 Cal. 212; Smith v. Andrews, 6 Cal. 652

[4] "The only inherent difference ordinarily recognized between superior and inferior courts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the latter, and that a superior court may be shown not to have had power to render a particular judgment by reference to its record. Ex parte Kearny, 55 Cal. 212. Note, however, that in California 'superior court' is the name of a particular court. But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be. Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barrett, 5 Cal. 195" 7 Cal. Jur. 579

[5] See Exhibit 1 in Counterclaim (Doc. 30)

[6] GONZALEZ V. Comm'r (Conn. App., 2010) GILBERTO GONZALEZ v. COMMISSIONER, AC 30361, THE COURT OF APPEALS OF THE STATE OF CONNECTICUT, June 29, 2010, The court was guided by the analysis in State v. Crawford, 202 Conn. 443, 447–50, 521 A.2d 1034 (1987), in which our Supreme Court applied the similarly worded statute of limitations codified in General Statutes § 54-193 (b).4
   The court observed that in Crawford, our Supreme Court ''held that the issuance of an arrest warrant constitutes 'prosecution' within the meaning of § 54-193 (b), thus tolling the limitations period.'' The court then cited the following language from Crawford: ''[S]ome limit as to when an arrest warrant must be executed after its issuance is necessary in order to prevent the disadvantages to an accused attending stale prosecutions, a primary purpose of statutes of limitation.
   . . . Therefore, we adopt, what we think is the sensible approach of the model penal code, and conclude that, in order to toll the statute of limitations, an arrest warrant, when issued within the time limitations of § 54-193 (b), must be executed without unreasonable delay. . . . We do not adopt a per se approach as to what period of time to execute an arrest warrant is reasonable. A reasonable period of time is a question of fact that will depend on the circumstances of each case.

3. On November 12, 2010, Counterclaimants [filed[7]] delivered to the clerk the counterclaim (Doc. 30), but entry into the record was obstructed until December 6, 2010. In the counterclaim, the Counterclaimants' court of record (hereinafter Court of Record) is established,[8] and the law of the case is decreed.[9]

4. On November 15, 2010, the counterclaim proofs of service (Doc. 36 and 37) were filed, but entry into the record was obstructed until December 8, 2010.

5. On November 15, 2010, Counterclaimants filed the <u>Notice of Automatic Stay of Proceedings</u>, and entry into the record was on November 18, 2010. However, the Notice was incorrectly identified as a "MOTION" (Doc. 14), and subsequently opposed (Doc. 15) on November 19, 2010.

6. On November 15, 2010, the Inferior Court held a hearing (Doc. 13 & 17). It was given notice of the *Notice of Automatic*

---

[7] The Docket shows the counterclaim as "LODGED". Whether "LODGED", or "RECEIVED", under common law it is considered the same as "FILED". —continued—

"FILE. A thread, string, or wire upon which writs and other exhibits in courts and offices are fastened or filed for the more safe keeping and ready turning to the same. Spelman, Gloss.; Cowel; Tomlin, Law Dict. Papers put together and tied in bundles. A paper is said also to be filed when it is delivered to the proper officer and by him received to be kept on file. 13 Viner, Abr. 211; 1 Littleton, 113; 1 Hawkins, Pl. Cr. 7, 207." Bouvier's Law Dictionary, Twelfth Edition, Vol. I, Page 587.

FRCvP, "Rule 5. Service and Filing of Pleadings and Other Papers. ...(e) Filing with the Court Defined. The filing of papers with the court as required by these rules shall be made by filing them with the clerk of court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk. ....The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices."

[8] Counterclaim, Page 2, Line 5

[9] Counterclaim, Page 7, Lines 10 through 12;

Page 4 of 14

---

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT

1. *Stay of Proceedings.* Despite the notice, the Inferior Court
2. proceeded.
3.
4. 7.  On November 19, 2010, opposition to the Notice of Automatic
5. Stay of Proceedings was filed and entered.  Said Notice was
6. erroneously labeled as a "Motion". (Doc. 15)
7.
8. 8.  On November 24, 2010, a Motion for Expedited Writ of Error
9. (Doc. 31, 32, 33, & 34) was filed, but entry into the record was
10. obstructed until December 6, 2010.
11.
12. 9.  On November 29, 2010, another hearing (Doc. 19 & 26) was
13. held by the Inferior Court.
14.
15. 10.  On November 29, 2010, Counterclaimants each filed requests
16. for sanctions (Doc. 20 & 21) against Counterdefendant Carbajal
17. for failure to obey Court's Instruction to communicate with the
18. Counterclaimants.
19.
20. 11.  On December 1, 2010, on behalf of Counterdefendant
21. Carbajal, Counterdefendant USA (aka Complainer Doe) filed
22. opposition (Doc. 25) to the request for sanctions.
23.
24. 12.  On December 7, 2010, a paper entitled *Memorandum Decision*
25. *and ORDER* (Doc. 35) was filed and entered.  The paper "ordered"
26. (1) that the *Notice of Automatic Stay* (Doc. 14) be vacated, (2)
27. that the *Ex Parte Motion for Expedited Writ of Error* (Doc. 31)

1. be denied, and (3) that the *Counterclaim* (Doc. 30) be "Lodged"
2. and so designated in the Docket,

13. On December 7, 2010, an Affidavit of Default (Doc. 40) was filed and entered on December 8, 2010, by Counterclaimants. Via the Affidavit the clerk was informed and requested to enter the default because of failure of Counterdefendants to answer or otherwise respond to the Counterclaim.

## II. JURISDICTION

14. All of the served Counterdefendants have defaulted. No facts are in controversy.[10] All that remains is to refer the law arising thereon to the court. This case brings the following question of law: Do the Counterdefendant actors have jurisdiction? The facts presented to the court show that none of the Counterdefendants was injured; there is no corpus delicti. The subsequent courts involved were courts of inferior jurisdiction,[11] even though they otherwise may have been courts

---

[10] Default. "In Practice. Omission; neglect or failure of any party to take step required of him in progress of cause. Indiana State Board of Medical Registration and Examination v. Pickard, 93 Ind.App. 171, 177 N.E. 870, 872. When a defendant in an action at law omits to plead within the time allowed him for that purpose, or fails to appear on the trial, he is said to make default. McCabe v. Tom, 35 Ohio App. 73, 171 N.E. 868, 869, and the judgment entered in the former case is technically Called a 'judgment by default.' 3 Bl.Comm. 396; 1 Tidd. Pr. 562. A 'default' in an action at law is somewhat similar to the entry of a decree in equity that the bill be taken for confessed, neither being a final disposition. Felton v. Felton, 128 Conn. 564, 196 A. 791, 792." Black's Law Dictionary, Revised Fourth Edition, Page 505 (1968)

[11] "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law." Ex Parte Kearny, 55 Cal. 212; Smith v. Andrews, 6 Cal. 652

1. of general jurisdiction.[12]  Further, when jurisdiction was
2. challenged,[13] Counterdefendants ignored the challenge and
3. continued to assume[14] jurisdiction without proof.

> "Counterclaimants continue to be subjected to the forcefully assumed jurisdiction,[15] will, and constructive detention by the Conspirators.
>
> "Counterclaimants, on information and belief, allege that Conspirators lack jurisdiction to bring their action against Counterclaimants. For that reason, Counterclaimants demand that Conspirators provide proof[16] of standing and jurisdiction.[17] Until jurisdiction is proven, all proceedings in the original case must stop until the final adjudication of jurisdiction which is the subject of this counterclaim.[18]"  From Counterclaim, Page 3, Line 6, through Page 4, Line 4.

---

[12] "The only inherent difference ordinarily recognized between superior and inferior courts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the latter, and that a superior court may be shown not to have had power to render a particular judgment by reference to its record. Ex parte Kearny, 55 Cal. 212. Note, however, that in California 'superior court' is the name of a particular court. But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be. Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barrett, 5 Cal. 195" 7 Cal. Jur. 579

[13] Counterclaim, Page 3, Line 6 through Page 4, Line 4:

[14] "No officer can acquire jurisdiction by deciding he has it. The officer, whether judicial or ministerial, decides at his own peril." Middleton v. Low (1866), 30 C. 596, citing Prosser v. Secor (1849), 5 Barb.(N.Y) 607, 608.

[15] "Jurisdiction is essential to give validity to the determinations of administrative agencies and where jurisdictional requirements are not satisfied, the action of the agency is a nullity..." Justice Street Improv Co. v. Pearson, 181 C 640, 185 P.(1962); O'Neil v. Dept. of Professional & Vocational Standards, 7 CA2d 393, 46 P2d 234 [Emphasis added]

[16] 5 USC §556(d): "Except as otherwise provided by statute, the proponent of a rule or order has the burden of proof."

[17] See F & S Contr. Co. v. Jensen, 337 F.2d 160, 161-162, (10th Cir.1963): "[I]t is now settled that when there is an issue as to the sufficiency of jurisdictional amount, the burden of providing jurisdiction is on the party asserting it. Justice of Lauden, Okla. v. Chapman, 257 F.2d 601 (10th Cir.); McNutt v. General Motors Acceptance Corp., 289 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135.

[18] "*However late this objection has been made, or may be made in any cause, in an inferior or appellate court of the United States, it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction.*" Rhode Island v. Massachussetts, 37 U.S. 657, 718, 9 L.Ed. 1233 (1838)

15. The first duty of a court is to establish its jurisdiction. The jurisdiction is established by the plaintiff when he claims an injury,[19] selects the forum, serves the defendants, and the defendants make personal appearances.

16. "[Jurisdiction] is the authority by which courts[20]...take cognizance of and decide cases."[21] This authority[22] comes from the sovereign people of the United States[23] who do not yield[24] their sovereignty to the agencies which serve them.[25]

---

[19] Counterplaintiffs established jurisdiction when they averred that the acts complained of are contrary to law, and tend to the injury of the plaintiff, and they have not a complete remedy without the assistance of the court. See *Mitford on Equity Pleading*

[20] "Court: The person and suit[e] of the sovereign" Black's Law Dictionary, 4th Ed., 425, 426 (1968). Court: An agency of the sovereign created by it directly or indirectly under its authority, consisting of one or more officers, established and maintained for the purpose of hearing and determining issues of law and fact regarding legal rights and alleged violations thereof, and of applying the sanctions of the law, authorized to exercise its powers in the course of law at times and places previously determined by lawful authority. [Isbill v. Stovall, Tex.Civ.App., 92 S.W.2d 1067, 1070; Black's Law Dictionary, 4th Edition, page 425 (1968)]

[21] Board of Trustees of Firemen's Relief and Pension Fund of City of Marietta v. Brooks, 179 Okl. 600, 67 P.2d 4, 6; Morrow v. Corbin, 122 Tex. 553, 62 S.W. 2d 641; State v. Barnett, 110 Vt. 221, 3 A.2d 521, 526

[22] The very meaning of 'sovereignty' is that the decree of the sovereign makes law. [American Banana Co. v. United Fruit Co., 29 S.Ct. 511, 513, 213 U.S. 347, 53 L.Ed. 826, 19 Ann.Cas. 1047.]

[23] "We the People of the United States, ...do ordain and establish this constitution for the United States of America." Preamble of the Constitution for the United States of America. "The sovereignty of the state resides in the people thereof..." California Government Code, Section 100(a).

[24] The Counterplaintiffs have chosen to exercise their powers directly rather than through their representatives. "REPUBLICAN GOVERNMENT: One in which the powers of sovereignty are vested in the people and are exercised by the people, either directly, or through representatives chosen by the people, to whom those powers are specially delegated." [In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627; Black's Law Dictionary, Fifth Edition, p. 626 (1968).]
"Whereas, the people of California [1849] have presented a constitution...and which, on due examination, is found to be republican in its form of government...." [Act [of Congress] for the Admission of California Into the Union, Volume 9, Statutes at Large, Page 452.]

[25] "The people of this state do not yield their sovereignty to the agencies which serve them." California Government Code, Sections 11120 and 54950

17. Counterclaimants asserted[26] that they are each a people[27] of the United States, and that their selected forum is a court of record.[28] The Counterdefendants were duly[29] served and raised no objection[30]. Counterdefendants personally appeared before the court by attorneys or defaulted.

18. This court concludes that because of the Counterclaimants' status as people,[31] their counterclaim[32] re injury (trespass), the

---

[26] " Brett Allen Bossingham and Elisabeth Ann Bossingham, (hereinafter Counterclaimants) are each a people of the United States, and in this court of record complain of..." Counterclaim, page 2, Paragraph 1

[27] "...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves....." [Chisholm v. Georgia (US) 2 Dall 419, 454, 1 L Ed 440, 455 @ DALL (1793) pp 471-472.]

[28] COURT OF RECORD: To be a court of record a court must have four characteristics, and may have a fifth. They are:
   1. A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426]
   2. Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426]
   3. Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231]
   4. Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426]
   5. Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426]

[29] "According to law in both form and substance. Welborn v. Whitney, 190 Okl. 630, 126 P.2d 263, 266; Cromwell v. Slaney, C.C.A.Mass., 65 F.2d 940, 941; Zechiel v. Firemen's Fund Ins. Co., C.C.A.Ind., 61 F.2d 27, 28.

[30] The record does not show any objection to Counterclaimants' stati as people or their choice of forum.

[31] "The people of this state do not yield their sovereignty to the agencies which serve them." California Government Code, Sections 11120 and 54950

[32] The Counterplaintiffs have chosen to exercise their powers directly rather than through their representatives.

Counterdefendants were properly served, and the Counterdefendants personally appeared in this action or defaulted; this court has jurisdiction over the subject matter and in personam, and may proceed to render the ruling.

19. To summarize: Counterdefendants initiated an action in an inferior court.[33] Counterclaimants, in their capacity as people,[34] challenged[35] Counterdefendants' jurisdiction in a superior[36] court of record.[37] By virtue of the jurisdictional

---

"REPUBLICAN GOVERNMENT: One in which the powers of sovereignty are vested in the people and are exercised by the people, either directly, or through representatives chosen by the people, to whom those powers are specially delegated." [In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627; Black's Law Dictionary, Fifth Edition, p. 626.]

[33] "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law. Ex parte Kearny, 56 Cal. 212; Smith v. Andrews, 6 Cal. 652; 7 Cal.Jur. 578

[34] "The people of this state do not yield their sovereignty to the agencies which serve them." California Government Code, Sections 11120 and 54950

[35] The Counterclaimants have chosen to exercise their powers directly rather than through their representatives. "REPUBLICAN GOVERNMENT: One in which the powers of sovereignty are vested in the people and are exercised by the people, either directly, or through representatives chosen by the people, to whom those powers are specially delegated." [In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627; Black's Law Dictionary, Fifth Edition, p. 626 (1968).]

[36] "The only inherent difference ordinarily recognized between superior and inferior courts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the latter, and that a superior court may be shown not to have had power to render a particular judgment by reference to its record. Ex parte Kearny, 55 Cal. 212. Note, however, that in California 'superior court' is the name of a particular court. But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be. Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barrett, 5 Cal. 195" 7 Cal. Jur. 579

[37] COURT OF RECORD: To be a court of record a court must have four characteristics, and may have a fifth. They are:
  1. A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
  2. Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

1. challenge, all proceedings in the inferior court must stop[38]
2. until jurisdiction is proven in the court of record.  By
3. default, Counterdefendants failed to prove any jurisdiction.

### III. WRIT OF ERROR[39]

20. There are two purposes proper for a writ of error: "WRIT OF ERROR CORAM NOBIS...At common law in England, it issued from the Court of King's Bench to a judgment of that court.  Its principal aim is to afford the court in which an action was tried an opportunity to correct its own record with reference to a vital fact not known when the judgment was rendered.  Lamb v. State, 91 Fla. 396, 107 So. 535, 537, 538; Rhodes v. State, 199 Ind. 183, 156 N.E. 389, 392.  <u>It is also said that at common law it lay to correct purely ministerial errors of the officers of</u>

---

3. Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fleteher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

4. Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dietionary, 4th Ed., 425, 426 (1968)]

5. Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

[38] "However late this objection has been made, or may be made in any cause, in an inferior or appellate court of the United States, it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Rhode Island v. Massachussetts, 37 U.S. 657, 718, 9 L.Ed. 1233 (1838)
"Jurisdiction is essential to give validity to the determinations of administrative agencies and where jurisdictional requirements are not satisfied, the action of the agency is a nullity..." *Justice Street Improv Co. v. Pearson*, 181 C 640, 185 P.(1962); *O'Neil v. Dept. of Professional & Vocational Standards*, 7 CA2d 393, 46 P2d 234 [Emphasis added]

[39] "Writ of Error Coram Nobis. ...It is also said that at common law it [a writ of error] lay to correct purely ministerial errors of the officers of the eourt. Cramer v. Illinois Commereial Men's Ass'n, 260 Ill. 516, 103 N.E. 459, 461" Black's Law Dictionary, Revised Fourth Edition, Page 1786 (1968)

1. the court.  Cramer v. Illinois Commercial Men's Ass'n, 260 Ill.
2. 516, 103 N.E. 459, 461"  Black's Law Dictionary, Revised Fourth
3. Edition, Page 1786 (1968).  [Emphasis added.]
4.
5. 21.  The judge of the court of record is the highest officer of
6. the court, but he is not the court.  Because the counterclaiming
7. court is a court of record, the tribunal must be independent of
8. the magistrate.  In other words, in a court of record the
9. magistrate may not perform any tribunal functions.[40]  To do so
10. would constitute error on the part of the judge.
11.
12. 22.  If the clerk of the court were to file any decision by a
13. judge of a court of record, it would be purely a ministerial
14. error on the part of the clerk, who is an officer of the court.
15. It is well within the prerogative of the tribunal of a court of

---

[40] COURT OF RECORD: To be a court of record a court must have four characteristics, and may have a fifth. They are:
   1. A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Mete. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
   2. Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Mete. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
   3. Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
   4. Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
   5. Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT

record to invoke a writ of error coram nobis to correct such an error.

23. In the present matter, the judge, apparently on his own initiative,[41] issued an order (Doc. 35). Whether or not the order was a correct one, it violates the court of record's internal separation of powers structure. A writ of error is the proper device to assure the integrity of the court's procedures.

## IV. ORDER

24. FOR THE REASONS STATED,

    A. The Memorandum Decision and Order (Doc. 35) is rescinded, nunc pro tunc;

    B. The Counterclaim, though labeled as "LODGED" is, by the rule of common law, considered as "FILED" for the purposes of this court of record.[42]

---

[41] "He who decides a case without hearing the other side...though he decides justly, cannot be considered just." — Seneca the Younger, c. 1 BC – 65 AD

[42] The Docket shows the counterclaim as "LODGED". Whether "LODGED", or "RECEIVED", under common law it is considered the same as "FILED".

"FILE. A thread, string, or wire upon which writs and other exhibits in courts and offices are fastened or filed for the more safe keeping and ready turning to the same. Spelman, Gloss.; Cowel; Tomlin, Law Dict. Papers put together and tied in bundles. A paper is said also to be filed when it is delivered to the proper officer and by him received to be kept on file. 13 Viner, Abr. 211; 1 Littleton, 113; 1 Hawkins, Pl. Cr. 7, 207." Bouvier's Law Dictionary, Twelfth Edition, Vol. 1, Page 587.

RCvP, "Rule 5. Service and Filing of Pleadings and Other Papers. ...(e) Filing with the Court Defined. The filing of papers with the court as required by these rules shall be made by filing them with the clerk of court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk. ....The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices."

1.     C.   The Notice of Automatic Stay (Doc. 14) is reinstated as
2. a notice only;
3.     D.   The Ex Parte Motion for Expedited Writ of Error (Doc.
4. 31, 32, 33, & 34) is reinstated for ruling by the court of
5. record.
6.
7. 25. Further, the judge and counter-defendants are each invited
8. to file and serve on all other interested parties a brief no
9. later than December 23 to show cause to this court why this
10. order should not take effect or should be modified.  Unless
11. requested, there will be no oral argument.
12.
13. 26. The court has a high respect for the experience and wisdom
14. that can be brought to the court through its judges and other
15. officers.  It is the wish of the court that the officers respect
16. the integrity and structure of a court of record.
17.
18. Dated:  December 13, 2010
19. IT IS SO ORDERED.
20.
21. *[signature]*                               *[signature]*
22. Brett Allen Bossingham           Elisabeth Ann Bossingham
23. Private Attorney                 Private Attorney
24.
25.
26.
27.

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT