Bossingham Brett,
Bossingham Elisabeth
1827 S. Court. Suite F,
Visalia, California

Private Attorneys

FILED
DEC 15 2010
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

DISTRICT COURT OF THE UNITED STATES

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>BRETT ALLEN BOSSINGHAM, and ELISABETH ANN BOSSINGHAM,<br><br>Defendants,<br>---------------------------<br><br>Brett Allen Bossingham, and Elisabeth Ann Bossingham,<br><br>Counterclaimants,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>COMPLAINER DOE;<br>KULBIR MAND; and<br>MIKE COLEMAN;<br><br>Counterdefendants. | CASE NO. 1:10-CR-00150-OWW<br><br>WRIT OF ERROR<br>QUAE CORAM NOBIS RESIDANT[1]<br>IN RE (Doc 41) "ORDER STRIKING DEFENDANTS' AFFIDAVIT OF DEFAULT (Doc. 40)" |

[1] "Writ of Error Coram Nobis. ...It is also said that at common law it [a writ of error] lay to correct purely ministerial errors of the officers of the court. Cramer v. Illinois Commercial Men's Ass'n, 260 Ill. 516, 103 N.E. 459, 461" Black's Law Dictionary, Revised Fourth Edition, Page 1786 (1968)

1. THE ABOVE-ENTITLED COURT OF RECORD COMES NOW, ON ITS OWN MOTION, TO review the facts, record, and process resulting in the paper (Doc. 41) entitled ORDER STRIKING DEFENDANTS' AFFIDAVIT OF DEFAULT (Doc. 40) filed on December 13, 2010, and to accordingly respond.

I. History

II. Jurisdiction

III. Writ of Error

IV. Order

## I. HISTORY

2. The history of this case is well described in the Docket for this case, as well as in the *Writ of Error* filed on December 13, 2010 [~~not yet~~ DOCUMENT 44 entered into the Docket].

3. Since then, the Judge of the Criminal Court has issued another order entitled ORDER STRIKING DEFENDANTS' AFFIDAVIT OF DEFAULT (Doc. 40) filed on December 13, 2010 (Doc. 41), which is the subject of this writ of error.

## II. Jurisdiction

4. The jurisdiction factors regarding this case are well described in the *Writ of Error* filed on December 13, 2010 [but

not yet entered into the Docket].

5. The above-entitled court of record has its genesis in the Counterclaim filed by Counterclaimants. A court of record is neither a civil court nor a criminal court (though it may process either), and the Counterclaim for trespass is neither a civil complaint nor a criminal complaint. A court of record is a common law court, and a counterclaim for trespass is a common law action.

6. The U.S. Supreme Court has noted that a court of record[2] is the most authoritative court.[3] There is no authority on the part of an inferior court to second guess the decisions and processes

---

[2] COURT OF RECORD: To be a court of record a court must have four characteristics, and may have a fifth. They are:

1. A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
2. Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
3. Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
4. Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
5. Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

[3] "The judgment of a court of record whose jurisdiction is final, is as conclusive on all the world as the judgment of this court would be. It is as conclusive on this court as it is on other courts. It puts an end to inquiry concerning the fact, by deciding it.' Ex parte Watkins, 3 Pet., at 202—203. [cited by Schneckloth v. Bustamonte 8212 732, 412 U.S. 218, 254, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)]

of a court of record.

7. The genius of a court of record is not to be undermined. It is the birthright of every American to settle issues in a court of record, if he so chooses. That choice was made in this matter, and was so stated in the first paragraph of the Counterclaim.

8. The magistrate[4] (i.e. the judge) is a person appointed or elected to perform ministerial service in a court of record[5] because all judicial functions in a court of record are reserved to the tribunal, which must be independent of the magistrate.

9. The magistrate of this court appears to be interfering with the independent powers of the tribunal of this court of record by making, under color of law, discretionary judgments which are reserved to and should have been made by the tribunal independently of the person of the magistrate designated generally to hold it.[6]

---

[4] "MAGISTRATE: Person clothed with power as a public civil officer. State ex rel. Miller v. McLeod, 142 Fla. 254. 194 So. 628. 630

"A public officer belonging to the civil organization of the state, and invested with powers and functions which may be either judicial, legislative, or executive. Martin v. State, 32 Ark. 124; Ex parte White, 15 Nev. 146, 37 Am.Rep. 466; State v. Alien. 83 Fla. 655, 92 So. 155. 156; Merritt v. Merritt, 193 Iowa 899. 188 N.W. 32. 34" Black's Law Dictionary, 4th Edition, Page 1103 (1968)

[5] Official's duty is "ministerial" when it is absolute, certain and imperative, involving merely execution of a specific duty arising from fixed and designated facts. [Long v. Seabrook, 260 S.C. 562, 197 S.E.2d 659, 662; Black's Law Dictionary, Fifth Edition, p 899

10. The Counterclaim consists of an Action of Trespass for Damages. The opening sentence decreed the Counterclaimants as each a people of the United States in the court of record. Counterdefendant's defaulted. There is no objection to either Counterclaimant's status as one of the people of the United States. Nowhere in the record is there any objection from magistrate or Counterdefendants regarding this court being a court of record. Further, all parties were properly apprised of Counterclaimants' status and the nature of the court in the Counterclaim.

11. It is the design of our systems of jurisprudence that courts have no jurisdiction until a party comes forth and declares a cause needing resolution. The particular jurisdiction depends upon how the cause is declared by the plaintiff. Jurisdiction may be administrative, at law, in equity, or in any of many other formats. In this case the jurisdiction is at law in a court of record under the sovereign authority of one of the people.

12. It is essential to understand what are a sovereign, a magistrate, a court, and a court of record.

[6] One characteristic of a court of record: A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

**13. A court is "The person and suite of the sovereign."[7]**

**14. Who is the sovereign? It is the people either in plural[8] or in singular capacity.[9] In singular capacity, in this case, it is a counterclaimant, one of the people as contemplated in the Preamble of the 1789 Constitution for the United States of America.**

**15. The United States of America has no general sovereignty.[10] It is a clipped sovereignty. Whatever sovereignty it has is limited to its constitutionally defined sphere of control. The general sovereignty is reserved to the people without diminishment.[11] Lest that be forgotten, the California**

---

[7] Black's Law Dictionary, Revised Fourth Edition, Page 425 (1968)

[8] PEOPLE, n. [L. populus.] The body of persons who compose a community, town, city or nation. We say, the people of a town; the people of London or Paris; the English people. In this sense, the word is not used in the plural, but it comprehends all classes of inhabitants, considered as a collective body,... Webster's 1828 Dictionary

[9] PEOPLE...considered as....any portion of the inhabitants of a city or country. Ibid.

[10] "Before a court may exercise judicial power to hear and determine a criminal prosecution, that court must possess three types of jursdiction: jurisdiction over the defendant, jurisdiction over the alleged crime, and territorial jurisdiction." Const. Art. I sec. 9, State v. Legg, 9 S.W.3d 111 (1999)
"the people of the several States are absolutely and unconditionally sovereign within their respective territories" The Ohio Life Insurance and Trust Company v. Henry Debolt, Treasurer of Hamilton County, 57 U.S. 416, 16 How. 416, 14 L.Ed. 997 (1853)
In the United States, sovereignty resides in the people who act through the organs established by the Constitution. Chisholm v. Georgia, 2 Dall. 419, 471, 1 L.Ed. 440; Penhallow v. Doane's Administrators, 3 Dall. 54, 93, 1 L.Ed. 507; McCulloch v. Maryland, 4 Wheat. 316, 404, 405, 4 L.Ed. 579; Yick Wo v. Hopkins, 118 U.S. 356, 370, 6 S.Ct. 1064, 30 L.Ed. 220. The Congress as the instrumentality of sovereignty is endowed with certain powers to be exerted on behalf of the people in the manner and with the effect the Constitution ordains. The Congress cannot invoke the sovereign power of the people to override their will as thus declared. Perry v. United States, 294 U.S. 330, 353 (1935).

[11] "...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves" CHISHOLM v. GEORGIA (US) 2 Dall 419, 454, 1 L Ed 440, 455 @DALL 1793 pp471-472 --continued--

Government Code twice admonishes the public servants that, "The people of this state do not yield their sovereignty to the agencies which serve them."[12] Further, when the State of California did attempt to diminish one's rights, it was determined that the state cannot diminish rights of the people.[13]

16. It is by the prerogative of the sovereign[14] whether and how a court is authorized to proceed. In this case, the chosen form of the court is that of a court of record.

17. A qualifying feature of a court of record is that the tribunal is independent of the magistrate appointed to conduct the proceedings.[15]

18. The magistrate is a person appointed or elected to perform ministerial service in a court of record[16]. His service is

---

"Constitutional provisions for the security of person and property are to be liberally construed, and "it is the duty of courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon."" Byars v. United States, 273 U.S. 28 (1927) verified

[12] California Government Code. Seetions 11120 and 54950

[13] Hertado v. California, 100 US 516

[14] "...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves..... [CHISHOLM v. GEORGIA (US) 2 Dall 419, 454, 1 L Ed 440, 455 @DALL (1793) pp471-472.]
The people of this State, as the successors of its former sovereign, are entitled to all the rights which formerly belonged to the King by his prerogative. [Lansing v. Smith, 4 Wend. 9 (N.Y.) (1829), 21 Am.Dec. 89 10C Const. Law Sec. 298; 18 C Em.Dom. Sec. 3, 228; 37 C Nav.Wat. Sec. 219; Nuls Sec. 167; 48 C Wharves Sec. 3, 7.]

[15] Court of Record: A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it [Jones v. Jones. 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill. 8 Mete. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406. 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

ministerial because all judicial functions in a court of record are reserved to the tribunal, and, by definition of a court of record, that tribunal must be independent of the magistrate. The non-judicial functions are "ministerial" because they are absolute, certain and imperative, involving merely execution of specific duties arising from fixed and designated facts.

19. If a person who is appointed or elected to perform a ministerial service disobeys any lawful judgment, order or process of the court, or engages in any other unlawful interference with the process or proceedings of a court, he would be in contempt of the authority of the court.

20. The magistrate has a duty to the plaintiff to minister the opportunity to argue the proposition put forth to the court. To summarily ignore an objection that has been presented to the court constitutes a direct challenge to the court's authority, especially when the magistrate's judicial jurisdiction is estopped and he tacitly declines a fair opportunity to show cause why he should not be subject to estoppel.

21. All of the served Counterdefendants have defaulted.[17] No

---

[16] Long v. Seabrook, 260 S.C. 562, 197 S.E.2d 659, 662; Black's Law Dictionary, Fifth Edition, p 899

[17] Default. "In Practice. Omission; neglect or failure of any party to take step required of him in progress of cause. Indiana State Board of Medical Registration and Examination v. Pickard, 93 Ind.App. 171, 177 N.E. 870, 872. When a defendant in an action at law omits to plead within the time allowed him for that purpose, -- continued—

facts are in controversy. All that remains is to refer the law arising thereon to the court. The Counterclaim brings the following question of law: Do the Counterdefendant actors have jurisdiction? The facts presented to the court show that none of the Counterdefendants was injured; there is no corpus delicti. The criminal court is an inferior court,[18] even though they otherwise may have been courts of general jurisdiction.[19] Further, when jurisdiction was challenged,[20] Counterdefendants ignored the challenge and continued their attempt to assume[21] jurisdiction without proof.

22. This court concludes that because of the Counterclaimants' status as people,[22] their counterclaim[23] re injury (trespass), the

---

or fails to appear on the trial, he is said to make default, McCabe v. Tom, 35 Ohio App. 73, 171 N.E. 868, 869, and the judgment entered in the former case is technically Called a 'judgment by default.' 3 Bl.Comm. 396; 1 Tidd, Pr. 562. A 'default' in an action at law is somewhat similar to the entry of a decree in equity that the hill be taken for confessed, neither heing a final disposition. Felton v. Felton, 128 Conn. 564, 196 A. 791, 792." Black's Law Dictionary, Revised Fourth Edition, Page 505 (1968)

[18] "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law." Ex Parte Kearny, 55 Cal. 212; Smith v. Andrews, 6 Cal. 652

[19] "The only inherent difference ordinarily recognized hetween superior and inferior courts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the latter, and that a superior court may be shown not to have had power to render a particular judgment by reference to its record. Ex parte Kearny, 55 Cal. 212. Note, however, that in California 'superior court' is the name of a particular court. But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be. Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barrett, 5 Cal. 195" 7 Cal. Jur. 579

[20] Counterclaim, Page 3, Line 6 through Page 4, Line 4:

[21] "No officer can acquire jurisdiction hy deciding he has it. The officer, whether judicial or ministerial, decides at his own peril." Middleton v. Low (1866), 30 C. 596, citing Prosser v. Secor (1849), 5 Barb.(N.Y) 607, 608.

[22] "The people of this state do not yield their sovereignty to the agencies whieh serve them." California Government Code, Sections 11120 and 54950

proper service of Counterdefendants, and the Counter-defendants' default; this court has jurisdiction over the subject matter and in personam, and may proceed to render judgment.

23. To summarize: Counterdefendants initiated an action in an inferior court.[24] Counterclaimants, in their capacity as people,[25] challenged[26] Counterdefendants' jurisdiction in a superior[27] court of record.[28] By virtue of the jurisdictional

---

[23] The Counterplaintiffs have chosen to exercise their powers directly rather than through their representatives. "REPUBLICAN GOVERNMENT: One in which the powers of sovereignty are vested in the people and are exercised by the people, either directly, or through representatives chosen by the people, to whom those powers are specially delegated." [In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627; Black's Law Dictionary, Fifth Edition, p. 626.]

[24] "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law. Ex parte Kearny, 56 Cal. 212; Smith v. Andrews, 6 Cal. 652; 7 Cal.Jur. 578

[25] "The people of this state do not yield their sovereignty to the agencies which serve them." California Government Code, Sections 11120 and 54950

[26] The Counterclaimants have chosen to exercise their powers directly rather than through their representatives. "REPUBLICAN GOVERNMENT: One in which the powers of sovereignty are vested in the people and are exercised by the people, either directly, or through representatives chosen by the people, to whom those powers are specially delegated." [In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627; Black's Law Dictionary, Fifth Edition, p. 626 (1968).]

[27] "The only inherent difference ordinarily recognized between superior and inferior courts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the latter, and that a superior court may be shown not to have had power to render a particular judgment by reference to its record. Ex parte Kearny, 55 Cal. 212. Note, however, that in California 'superior court' is the name of a particular court. But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be. Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barrett, 5 Cal. 195" 7 Cal. Jur. 579

[28] COURT OF RECORD: To be a court of record a court must have four characteristics, and may have a fifth. They are:

1. A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)] --continued--

**challenge, all proceedings in the inferior court must stop[29] until jurisdiction is proven in the court of record. By default, Counterdefendants failed to prove any jurisdiction.**

## III. WRIT OF ERROR[30]

**24. There are two purposes proper for a writ of error: "WRIT OF ERROR CORAM NOBIS....At common law in England, it issued from the Court of King's Bench to a judgment of that court. Its principal aim is to afford the court in which an action was tried an opportunity to correct its own record with reference to a vital fact not known when the judgment was rendered. Lamb v.**

---

2. Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

3. Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

4. Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

5. Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

[29] "However late this objection has been made, or may be made in any cause, in an inferior or appellate court of the United States, it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Rhode Island v. Massachussetts, 37 U.S. 657, 718, 9 L.Ed. 1233 (1838)

"Jurisdiction is essential to give validity to the determinations of administrative agencies and where jurisdictional requirements are not satisfied, the action of the agency is a nullity..." *Justice Street Improv Co. v. Pearson*, 181 C 640, 185 P.(1962); *O'Neil v. Dept. of Professional & Vocational Standards*, 7 CA2d 393, 46 P2d 234 [Emphasis added]

[30] "Writ of Error Coram Nobis. ...It is also said that at common law it [a writ of error] lay to correct purely ministerial errors of the officers of the court. Cramer v. Illinois Commercial Men's Ass'n, 260 Ill. 516, 103 N.E. 459, 461" Black's Law Dictionary, Revised Fourth Edition, Page 1786 (1968)

State, 91 Fla. 396, 107 So. 535, 537, 538; Rhodes v. State, 199 Ind. 183, 156 N.E. 389, 392. It is also said that at common law it lay to correct purely ministerial errors of the officers of the court. Cramer v. Illinois Commercial Men's Ass'n, 260 Ill. 516, 103 N.E. 459, 461" Black's Law Dictionary, Revised Fourth Edition, Page 1786 (1968). [Emphasis added.]

25. The judge of the court of record is the highest officer of the court, but he is not the court.[31] Because the counter-claiming court is a court of record, the tribunal must be independent of the magistrate. In other words, in a court of record the magistrate may not perform any tribunal functions.[32] To do so would constitute error on the part of the judge.

---

[31] COURT: "The person and suite of the sovereign." Black's Law Dictionary, Revised Fourth Edition, Page 425 (1968)

[32] COURT OF RECORD: To be a court of record a court must have four characteristics, and may have a fifth. They are:

1. A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
2. Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
3. Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
4. Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
5. Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

**26. It is a ministerial error when the clerk of the court files any decision by a judge of a court of record. It is well within the prerogative of the tribunal of a court of record to invoke a writ of error coram nobis[33] to correct such an error.[34]**

**27. In the present matter, the judge, apparently on his own initiative,[35] issued an order (Doc. 41). Whether or not the order was a correct one, it violates the court of record's internal separation of powers structure. The writ of error is the proper device to assure the integrity of the court's procedures.[36]**

**28. It is the wish of the court that the officers respect the integrity and structure of a court of record.[37]**

---

[33] "Writ of Error Coram Nobis. ...It is also said that at common law it [a writ of error] lay to correct purely ministerial errors of the officers of the court. Cramer v. Illinois Commercial Men's Ass'n, 260 Ill. 516, 103 N.E. 459, 461" Black's Law Dictionary, Revised Fourth Edition, Page 1786 (1968)

[34] "However late this objection has been made, or may be made in any cause, in an inferior or appellate court of the United States, it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Rhode Island v. Massachussetts, 37 U.S. 657, 718, 9 L.Ed. 1233 (1838)

"Jurisdiction is essential to give validity to the determinations of administrative agencies and where jurisdictional requirements are not satisfied, the action of the agency is a nullity..." *Justice Street Improv Co. v. Pearson*, 181 C 640, 185 P.(1962); *O'Neil v. Dept. of Professional & Vocational Standards*, 7 CA2d 393, 46 P2d 234 [Emphasis added]

[35] "He who decides a case without hearing the other side...though he decides justly, cannot be considered just." -- Seneca the Younger, c. 1 BC – 65 AD

[36] "Writ of Error Coram Nobis. ...It is also said that at common law it [a writ of error] lay to correct purely ministerial errors of the officers of the court. Cramer v. Illinois Commercial Men's Ass'n, 260 Ill. 516, 103 N.E. 459, 461" Black's Law Dictionary, Revised Fourth Edition, Page 1786 (1968)

[37] "The judgment of a court of record whose jurisdiction is final, is as conclusive on all the world as the judgment of this court would be. It is as conclusive on this court as it is on other courts. It puts an end to –continued--

IV. ORDER

29. FOR THE REASONS STATED,

A. Doc. 41, ORDER STRIKING DEFENDANTS' AFFIDAVIT OF DEFAULT (Doc.40) is rescinded, nunc pro tunc;

B. Doc. 40, AFFIDAVIT OF DEFAULT, is reinstated.

30. Further, the judge and counter-defendants are each invited to file and serve on all other interested parties a brief no later than December 27, 2010, to show cause to this court why this order should not take effect or should be modified. Unless requested, there will be no oral argument.

Dated: December 15, 2010 ______________________

IT IS SO ORDERED.

Brett Allen Bossingham
Private Attorney

Elisabeth Ann Bossingham
Private Attorney

inquiry concerning the fact, by deciding it.' Ex parte Watkins, 3 Pet., at 202—203. [cited by Schneckloth v. Bustamonte 8212 732, 412 U.S. 218, 254, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)]