

FILED

DEC 2 0 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BY _____
        DEPUTY CLERK

1. | Bossingham Brett,
   | Bossingham Elisabeth
2. | 1827 S. Court. Suite F,
   | Visalia, California
3. |
   | Private Attorneys
4. |

5. |

6. |

7. |

8. |         DISTRICT COURT OF THE UNITED STATES

9. |           EASTERN DISTRICT OF CALIFORNIA

10.

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 1:10-CR-00150-OWW |
| | ) |
|     Plaintiff, | ) **WRIT OF ERROR** |
|         v. | )   **QUAE CORAM NOBIS RESIDANT** [1] |
| | ) **IN RE (Doc 45) "MEMORANDUM** |
| BRETT ALLEN BOSSINGHAM, and | ) **DECISION AND ORDER DENYING** |
| ELISABETH ANN BOSSINGHAM, | ) **DEFENDANTS' 'WRIT OF ERROR** |
| | ) **QUAE CORAM NOBIS RESIDANT'"** |
|     Defendants, | ) |
| | ) |
| -------------------------- | ) |
| | ) |
| Brett Allen Bossingham, and | ) |
| Elisabeth Ann Bossingham, | ) |
| | ) |
|     Counterclaimants, | ) |
| | ) |
|         v. | ) |
| | ) |
| UNITED STATES OF AMERICA; | ) |
| COMPLAINER DOE; | ) |
| KULBIR MAND; and | ) |
| MIKE COLEMAN; | ) |
| | ) |
|     Counterdefendants. | ) |
| | ) |

---

[1] "Writ of Error Coram Nobis. ...It is also said that at common law it [a writ of error] lay to correct purely ministerial errors of the officers of the court. Cramer v. Illinois Commercial Men's Ass'n, 260 Ill. 516, 103 N.E. 459, 461" Black's Law Dictionary, Revised Fourth Edition, Page 1786 (1968)

WRIT OF ERROR  QUAE CORAM NOBIS RESIDANT
IN RE (Doc 45) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR
QUAE CORAM NOBIS RESIDANT (Doc. 40)"

1.  1.   THE ABOVE-ENTITLED COURT OF RECORD COMES NOW, ON ITS OWN

2.  MOTION, TO review the facts, record, and process resulting in

3.  the paper (Doc. 45) entitled <u>MEMORANDUM DECISION AND ORDER</u>

4.  <u>DENYING DEFENDANTS' "WRIT OF ERROR QUAE CORAM NOBIS RESIDANT"</u>

5.  <u>[(Doc. 44)]</u> filed on December 17, 2010, and to accordingly

6.  address it.

7.

8.                          I.   Court Structure

9.                         II.   Jurisdiction

10.                       III.   Writ of Error

11.                        IV.   Order

12.

13.                         I.   Court Structure

14.

15.  2.   This court of record speculates that there is a lack of

16.  understanding of the fundamental structure of our court system.

17.  The following chart is provided for perspective:

18.

| Name of Court | Authority | Type of Court | Source of Law |
|---|---|---|---|
| Court of Record | Authorized by the People | Superior | Common Law or Equity |
| Supreme Court | Authorized by the Constitution | Appellate | Congress: Statutes & Codes |
| Inferior Court(s) | Authorized by the Congress | Inferior | Congress: Statutes & Codes |

(Judicial Power)

WRIT OF ERROR  QUAE CORAM NOBIS RESIDANT
IN RE (Doc 45) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR
QUAE CORAM NOBIS RESIDANT (Doc. 40)"

3.   Who is the sovereign?  The sovereign is the people, [2] either in plural [3] or in singular capacity. [4]  In singular capacity, in this case, it is each counterclaimant, as one of the people as contemplated in the Preamble of the 1789 Constitution for the United States of America.

4.   What is a court?  A court is, "The person and the suit of the sovereign; [5] the place where the sovereign sojourns with his regal retinue, wherever that may be."  Black's Law Dictionary, Fifth Edition, Page 318 (1979).

5.   What is a Court of Record?  It is neither a civil court [6] nor criminal court.  It is a court with four (4) characteristics: [7]

---

[2] "...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves" CHISHOLM v. GEORGIA (US) 2 Dall 419, 454, 1 L Ed 440, 455 @DALL 1793 pp471-472

[3] PEOPLE, n. [L. populus.]  The body of persons who compose a community, town, city or nation. We say, the people of a town; the people of London or Paris; the English people. In this sense, the word is not used in the plural, but it comprehends all classes of inhabitants, considered as a collective body,... Webster's 1828 Dictionary

[4] PEOPLE...considered as....any portion of the inhabitants of a city or country. Ibid.

[5] Plaintiff cannot be nonsuited at "Common Law", a party cannot be compelled to make default, it has been frequently said that involuntary nonsuit cannot be ordered in court. [Doe v. Grymes, 1 Pet(US) 469, 7 L.Ed 224]. A nonsuit is not appropriate merely because the trial court finds the plaintiff's evidence less than clear and convincing, [Hoch v. Allied-Signal, Inc. (1994) 24 Cal.App.4th 48, 59-61, 29 Cal.Rptr. 2d 615]. Cases that have applied the clear and convincing evidence standard in other contexts have required the trial court to take a higher standard into account in deciding a summary judgment motion [Anderson v. Liberty Lobby, Inc. (1986) 477 U.S. 242, 254-256, 106 S.Ct. 2505, 91 L.Ed.2d 202, Planned Protective Services, Inc. V. Gorton (1988) 200 Cal.App.3d 1, 8-9, 245 Cal.Rptr. 790 (same).

[6] It is the prerogative of the court to "borrow" from the FRCvP in order to expedite the proceedings. Such does not recast the court as a civil court.

[7] COURT OF RECORD: To be a court of record a court must have four characteristics, and may have a fifth. They are:

Page 3 of 19

---

WRIT OF ERROR  QUAE CORAM NOBIS RESIDANT
IN RE (Doc 45) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR
QUAE CORAM NOBIS RESIDANT (Doc. 40)"

**A.** **A judicial tribunal having attributes and exercising functions independently of the person of the magistrate [8] designated generally to hold it; [9]**

**B.** **Proceeding according to the course of common law;**

**C.** **Has power to fine or imprison for contempt; and**

**D.** **It's acts and judicial proceedings are enrolled, or recorded for a perpetual memory and testimony.**

**6.  What is the authority of a Court of Record?  The authority of a court of record outranks the authority of all other courts: "The judgment of a court of record whose jurisdiction is final, is as conclusive on all the world as the judgment of this**

1.   A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

2.   Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

3.   Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

4.   Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

5.   Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

[8] "MAGISTRATE. Person clothed with power as a public civil officer. State ex rel. Miller v. McLeod, 142 Fla. 254, 194 So. 628, 630." Black's Law Dictionary, Fourth Edition, Page 1103 (1968)
   JUDGE.  An officer so named in his commission, who presides in some court; a pubic officer, appointed to preside and to administer the law in a court of justice..." Black's Law Dictionary, Fourth Edition, Page 976 (1968)

[9] Because all judges are magistrates, none are permitted to usurp the powers of a tribunal in order to make any decisions. It is a ministerial error for a clerk of court to accept any orders from a magistrate.

WRIT OF ERROR  QUAE CORAM NOBIS RESIDANT
IN RE (Doc 45) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR
QUAE CORAM NOBIS RESIDANT (Doc. 40)"

1. [Supreme] court would be. It is as conclusive on this [Supreme]
2. court as it is on other courts." [10]
3.
4. 7.   Whence does a court of record derive its judicial power?
5. The U.S. Constitution states, "The judicial Power of the United
6. States, shall be vested in one supreme Court, and in such
7. inferior Courts as the Congress may from time to time ordain and
8. establish." [11]   "The judicial Power shall extend to all Cases, in
9. Law and Equity, arising under this Constitution, the Laws of the
10. United States....to Controversies to which the United States
11. shall be a Party;..." [12]
12.
13. 8.   Among the powers of a court of record is the power to
14. correct purely ministerial errors of the officers of the court.
15. The proper writ for that is the writ of error. [13]
16.
17. 9.   In the instant there are two courts:
18.
19.
20.

21. [10] "The judgment of a court of record whose jurisdiction is final, is as conclusive on all the world as the judgment of
22. this court would be. It is as conclusive on this court as it is on other courts. It puts an end to inquiry concerning the
fact, by deciding it.' Ex parte Watkins, 3 Pet., at 202—203. [cited by Schneckloth v. Bustamonte 8212 732, 412 U.S.
218, 254, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)]

23. [11] Article III, § 1

24. [12] Article III, § 2-1

25. [13] "Writ of Error Coram Nobis. ...It is also said that at common law it [a writ of error] lay to correct purely
ministerial errors of the officers of the court.  Cramer v. Illinois Commercial Men's Ass'n, 260 Ill. 516, 103 N.E.
26. 459, 461" Black's Law Dictionary, Revised Fourth Edition, Page 1786 (1968)

27.

WRIT OF ERROR  QUAE CORAM NOBIS RESIDANT
IN RE (Doc 45) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR
QUAE CORAM NOBIS RESIDANT (Doc. 40)"

10.  First, there is the inferior United States District Court, established by a criminal complaint, which has its docket filed with the Clerk of Court.

11.  Second, there is the superior Court of Record, which has the record of its proceedings placed in the hands of the same Clerk of Court.

12.  The record shows that Counterclaimants in the superior Court of Record demanded proof of jurisdiction of the inferior United States District Court. [14]  The record shows that the Counterdefendants failed to answer or otherwise respond. [15]

13.  Counterdefendants requested that the inferior court limit the capacity of the counter-claimants to assert their rights in general, and prohibit Counterclaimants' attempts to communicate with the attorneys of the counterdefendants. [16]

14.  Although the court of record has not yet made any finding that maintenance of the record is being obstructed, or that the proceedings are obstructed in contempt of the authority of the court of record, the proceedings of the court of record are

---

[14] See Counterclaim for Trespass, Page 3, Line 9, through Page 4, Line 4 (Doc. 30).

[15] See Affidavit of Default (Doc. 40).

[16] Transcript, November 23, 2010, Page 4, Line 22 through Page 5, Line 7; Page 6, Lines 5 through 12.

---

WRIT OF ERROR  QUAE CORAM NOBIS RESIDANT
IN RE (Doc 45) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR
QUAE CORAM NOBIS RESIDANT (Doc. 40)"

1. considerably inhibited by certain unauthorized orders entered
2. into the record by the judge of the Inferior court. [17]
3.
4. 15.   This court of record hopes that with the issuance of this
5. writ of error, the proceedings of this court of record will be
6. able to proceed without further inhibition.
7.
8. 16.   Based upon the above definitions, and at the risk of being
9. overly redundant, we now proceed:
10.
11.
12.                           II.   Jurisdiction
13.
14. 17.   The jurisdiction factors regarding this case are well
15. described in the *Writ of Error* (Doc. 44) filed on
16. December 13, 2010.
17.
18. 18.   The above-entitled court of record has its genesis in the
19. Counterclaim filed by Counterclaimants.   A court of record is
20. neither a civil court nor a criminal court (though it may
21. process either), and the Counterclaim for trespass is neither a
22. civil complaint nor a criminal complaint.   A court of record is
23. a common law court, and a counterclaim for trespass is a common
24. law action.
25.
26. [17] See Doc's 35, 41, 45
27.

WRIT OF ERROR  QUAE CORAM NOBIS RESIDANT
IN RE (Doc 45) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR
QUAE CORAM NOBIS RESIDANT (Doc. 40)"

19.   The U.S. Supreme Court has noted that a court of record [18] is the most authoritative court. [19]   There is no authority for any inferior court to review the decisions and processes of a court of record.

20.   The genius of a court of record is not to be undermined. It is the birthright of every American to settle issues in a court of record, if he so chooses.   That choice was made in this matter, and was so stated in the Paragraph One of the Counterclaim.

---

[18] COURT OF RECORD:  To be a court of record a court must have four characteristics, and may have a fifth. They are:
    1.    A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
    2.    Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
    3.    Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph.  Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
    4.    Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph.  Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
    5.    Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph.  Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

[19] "The judgment of a court of record whose jurisdiction is final, is as conclusive on all the world as the judgment of this court would be. It is as conclusive on this court as it is on other courts. It puts an end to inquiry concerning the fact, by deciding it.' Ex parte Watkins, 3 Pet., at 202—203. [cited by Schneckloth v. Bustamonte 8212 732, 412 U.S. 218, 254, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)]

---

WRIT OF ERROR  QUAE CORAM NOBIS RESIDANT
IN RE (Doc 45) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR
QUAE CORAM NOBIS RESIDANT (Doc. 40)"

21. The magistrate [20] (i.e. the judge) is a person appointed or elected to perform ministerial service in a court of record [21] because all judicial functions in a court of record are reserved to the tribunal, which must be independent of the magistrate.

22. The magistrate of this court appears to be interfering with the independent powers of the tribunal of this court of record by making, under color of law, discretionary judgments which are reserved to and should have been made by the tribunal independently of the person of the magistrate designated generally to hold it. [22]

23. The Counterclaim consists of an Action of Trespass for Damages. The opening sentence decreed the Counterclaimants as each a people of the United States in the court of record. Counterdefendant's defaulted. There is no objection to either Counterclaimant's status as one of the people of the United

---

[20] "MAGISTRATE: Person clothed with power as a public civil officer. State ex rel. Miller v. McLeod, 142 Fla. 254, 194 So. 628, 630
   "A public officer belonging to the civil organization of the state, and invested with powers and functions which may be either judicial, legislative, or executive. Martin v. State, 32 Ark. 124; Ex parte White, 15 Nev. 146, 37 Am.Rep. 466; State v. Alien, 83 Fla. 655, 92 So. 155, 156; Merritt v. Merritt, 193 Iowa 899, 188 N.W. 32, 34" Black's Law Dictionary, 4th Edition, Page 1103 (1968)

[21] Official's duty is "ministerial" when it is absolute, certain and imperative, involving merely execution of a specific duty arising from fixed and designated facts. [Long v. Seabrook, 260 S.C. 562, 197 S.E.2d 659, 662; Black's Law Dictionary, Fifth Edition, p 899

[22] One characteristic of a court of record: A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 45) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR
QUAE CORAM NOBIS RESIDANT (Doc. 40)"

1. States.   Nowhere in the record is there any objection from
2. magistrate or Counterdefendants regarding this court being a
3. court of record.   Further, all parties were properly apprised of
4. Counterclaimants' status and the nature of the court in the
5. Counterclaim.

6.

7. 24.   It is the design of our systems of jurisprudence that
8. courts have no jurisdiction until a party comes forth and
9. declares a cause needing resolution.   The particular
10. jurisdiction depends upon how the cause is declared by a
11. plaintiff or counterclaimant.   Jurisdiction may be
12. administrative, at law, in equity, or in any of many other
13. formats.   In this case the jurisdiction is at law in a court of
14. record under the sovereign authority of one of the people.

15.

16. 25.   It is essential to understand what are a sovereign, a
17. magistrate, a court, and a court of record.

18.

19. 26.   A court is "The person and suit of the sovereign; the place
20. where the sovereign sojourns with his regal retinue, wherever
21. that may be." [23]

22.

23. 27.   Who is the sovereign?   It is the people either in plural [24]
24. or in singular capacity. [25]   In singular capacity, in this case,

25.
   _____
26.
   [23] Black's Law Dictionary, Fifth Edition, Page 318 (1979)
27.
   _____

WRIT OF ERROR  QUAE CORAM NOBIS RESIDANT
IN RE (Doc 45) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR
QUAE CORAM NOBIS RESIDANT (Doc. 40)"

1. it is a counterclaimant, one of the people as contemplated in

2. the Preamble of the 1789 Constitution for the United States of

3. America.

4.

5. 28.   The United States of America has no general sovereignty. [26]

6. It is a clipped sovereignty.   Whatever sovereignty it has is

7. limited to its constitutionally defined sphere of control. [27]

8. The general sovereignty is reserved to the people without

9. diminishment. [28]   Lest that be forgotten, the California

10. Government Code twice admonishes the public servants that, "The

---

[24] PEOPLE, n. [L. populus.] The body of persons who compose a community, town, city or nation. We say, the people of a town; the people of London or Paris; the English people. In this sense, the word is not used in the plural, but it comprehends all classes of inhabitants, considered as a collective body,... Webster's 1828 Dictionary

[25] PEOPLE...considered as....any portion of the inhabitants of a city or country. Ibid.

[26] "the people of the several States are absolutely and unconditionally sovereign within their respective territories" The Ohio Life Insurance and Trust Company v. Henry Debolt, Treasurer of Hamilton County, 57 U.S. 416, 16 How. 416, 14 L.Ed. 997 (1853)
   In the United States, sovereignty resides in the people who act through the organs established by the Constitution. Chisholm v. Georgia, 2 Dall. 419, 471, 1 L.Ed. 440; Penhallow v. Doane's Administrators, 3 Dall. 54, 93, 1 L.Ed. 507; McCulloch v. Maryland, 4 Wheat. 316, 404, 405, 4 L.Ed. 579; Yick Wo v. Hopkins, 118 U.S. 356, 370, 6 S.Ct. 1064, 30 L.Ed. 220.
   The Congress as the instrumentality of sovereignty is endowed with certain powers to be exerted on behalf of the people in the manner and with the effect the Constitution ordains. The Congress cannot invoke the sovereign power of the people to override their will as thus declared.   Perry v. United States, 294 U.S. 330, 353 (1935).

[27] "Before a court may exercise judicial power to hear and determine a criminal prosecution, that court must possess three types of jursdiction: jurisdiction over the defendant, jurisdiction over the alleged crime, and territorial jurisdiction." Const. Art. 1 sec. 9, State v. Legg, 9 S.W.3d 111 (1999)

[28] "...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves" CHISHOLM v. GEORGIA (US) 2 Dall 419, 454, 1 L Ed 440, 455 @DALL 1793 pp471-472
   "Constitutional provisions for the security of person and property are to be liberally construed, and "it is the duty of courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon."" Byars v. United States, 273 U.S. 28 (1927) verified

---

WRIT OF ERROR  QUAE CORAM NOBIS RESIDANT
IN RE (Doc 45) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR
QUAE CORAM NOBIS RESIDANT (Doc. 40)"

1. people of this state do not yield their sovereignty to the
2. agencies which serve them." [29]
3.
4. 29.  It is by the prerogative of the sovereign [30] whether and how
5. a court is authorized to proceed.  In this case, the chosen form
6. of the court is that of a court of record.
7.
8. 30.  A qualifying feature of a court of record is that the
9. tribunal is independent of the magistrate appointed to conduct
10. the proceedings. [31]
11.
12. 31.  The magistrate is a person appointed or elected to perform
13. ministerial service in a court of record [32].  His service is
14. ministerial because all judicial functions in a court of record
15. are reserved to the tribunal and, by definition of a court of
16. record, that tribunal must be independent of the magistrate.
17. The non-judicial functions are "ministerial" because they are
18.
19. [29] California Government Code, Sections 11120 and 54950

20. [30] "...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but
21. they are sovereigns without subjects...with none to govern but themselves..... [CHISHOLM v. GEORGIA (US) 2
Dall 419, 454, 1 L Ed 440, 455 @DALL (1793) pp471-472.]
    The people of this State, as the successors of its former sovereign, are entitled to all the rights which formerly
22. belonged to the King by his prerogative. [Lansing v. Smith, 4 Wend. 9 (N.Y.) (1829), 21 Am.Dec. 89 10C Const.
Law Sec. 298; 18 C Em.Dom. Sec. 3, 228; 37 C Nav.Wat. Sec. 219; Nuls Sec. 167; 48 C Wharves Sec. 3, 7.]

23. [31] Court of Record: A judicial tribunal having attributes and exercising functions independently of the person of the
24. magistrate designated generally to hold it [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill,
8 Metc. Mass., 171, per Shaw, C.J.  See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law
25. Dictionary, 4th Ed., 425, 426]

26. [32] Long v. Seabrook, 260 S.C. 562, 197 S.E.2d 659, 662; Black's Law Dictionary, Fifth Edition, p 899

Page 12 of 19

WRIT OF ERROR  QUAE CORAM NOBIS RESIDANT
IN RE (Doc 45) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR
QUAE CORAM NOBIS RESIDANT (Doc. 40)"

1.  absolute, certain and imperative, involving merely execution of

2.  specific duties arising from fixed and designated facts.

3.

4.  32.  If a person who is appointed or elected to perform a

5.  ministerial service disobeys any lawful judgment, order or

6.  process of the court, or engages in any other unlawful

7.  interference with the process or proceedings of a court, he

8.  would be in contempt of the authority of the court.

9.

10. 33.  The magistrate has a duty to the counterclaimant to

11. minister the opportunity to argue the proposition put forth to

12. the court.  To summarily ignore an objection that has been

13. presented to the court constitutes a direct challenge to the

14. court's authority, especially when the magistrate's judicial

15. jurisdiction is estopped and he tacitly declines a fair

16. opportunity to show cause why he should not be subject to

17. estoppel.

18.

19. 34.  All of the duly served Counterdefendants have defaulted. [33]

20. No facts are in controversy.  All that remains is to refer the

21.

22. ---

[33] Default. "In Practice. Omission; neglect or failure of any party to take step required of him in progress of cause. Indiana State Board of Medical Registration and Examination v. Pickard, 93 Ind.App. 171, 177 N.E. 870, 872. When a defendant in an action at law omits to plead within the time allowed him for that purpose, or fails to appear on the trial, he is said to make default, McCabe v. Tom, 35 Ohio App. 73, 171 N.E. 868, 869, and the judgment entered in the former case is technically Called a 'judgment by default.' 3 Bl.Comm. 396; 1 Tidd, Pr. 562. A 'default' in an action at law is somewhat similar to the entry of a decree in equity that the bill be taken for confessed, neither being a final disposition. Felton v. Felton, 128 Conn. 564, 196 A. 791, 792." Black's Law Dictionary, Revised Fourth Edition, Page 505 (1968)

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 45) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR
QUAE CORAM NOBIS RESIDANT (Doc. 40)"

1.   law arising thereon to the court.  The Counterclaim brings the

2.   following question of law:  Do the Counterdefendant actors have

3.   jurisdiction?  The facts presented to the court show that none

4.   of the Counterdefendants was injured; there is no corpus

5.   delicti.  The criminal court is an inferior court, [34] even though

6.   they otherwise may have been courts of general jurisdiction. [35]

7.   Further, when jurisdiction was challenged, [36] Counterdefendants

8.   ignored the challenge and continued their attempt to assume [37]

9.   jurisdiction without proof.

10.

11.  35.  This court concludes that because of the Counterclaimants'

12.  status as people, [38] their counterclaim [39] re injury (trespass),

13.  the proper service of Counterdefendants, and the Counter-

14.

[34] "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law." Ex Parte Kearny, 55 Cal. 212; Smith v. Andrews, 6 Cal. 652

[35] "The only inherent difference ordinarily recognized between superior and inferior courts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the latter, and that a superior court may be shown not to have had power to render a particular judgment by reference to its record. Ex parte Kearny, 55 Cal. 212. Note, however, that in California 'superior court' is the name of a particular court. But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be. Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barrett, 5 Cal. 195" 7 Cal. Jur. 579

[36] Counterclaim, Page 3, Line 6 through Page 4, Line 4:

[37] "No officer can acquire jurisdiction by deciding he has it. The officer, whether judicial or ministerial, decides at his own peril." Middleton v. Low (1866), 30 C. 596, citing Prosser v. Secor (1849), 5 Barb.(N.Y) 607, 608.

[38] "The people of this state do not yield their sovereignty to the agencies which serve them." California Government Code, Sections 11120 and 54950

[39] The Counterplaintiffs have chosen to exercise their powers directly rather than through their representatives. "REPUBLICAN GOVERNMENT: One in which the powers of sovereignty are vested in the people and are exercised by the people, either directly, or through representatives chosen by the people, to whom those powers are specially delegated." [In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627; Black's Law Dictionary, Fifth Edition, p. 626.]

WRIT OF ERROR  QUAE CORAM NOBIS RESIDANT
IN RE (Doc 45) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR
QUAE CORAM NOBIS RESIDANT (Doc. 40)"

1. defendants' default; this court has jurisdiction over the

2. subject matter and in personam, and may proceed to render

3. judgment.

4.

5. 36. To summarize: Counterdefendants initiated an action in an

6. inferior court. [40] Counterclaimants, in their capacity as

7. people, [41] challenged [42] Counterdefendants' jurisdiction in a

8. superior [43] court of record. [44] By virtue of the jurisdictional

---

[40] "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law. Ex parte Kearny, 56 Cal. 212; Smith v. Andrews, 6 Cal. 652; 7 Cal.Jur. 578

[41] "The people of this state do not yield their sovereignty to the agencies which serve them." California Government Code, Sections 11120 and 54950

[42] The Counterclaimants have chosen to exercise their powers directly rather than through their representatives. "REPUBLICAN GOVERNMENT: One in which the powers of sovereignty are vested in the people and are exercised by the people, either directly, or through representatives chosen by the people, to whom those powers are specially delegated." ]In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627; Black's Law Dictionary, Fifth Edition, p. 626 (1968).]

[43] "The only inherent difference ordinarily recognized between superior and inferior courts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the latter, and that a superior court may be shown not to have had power to render a particular judgment by reference to its record. Ex parte Kearny, 55 Cal. 212. Note, however, that in California 'superior court' is the name of a particular court. But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be. Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barrett, 5 Cal. 195" 7 Cal. Jur. 579

[44] COURT OF RECORD: To be a court of record a court must have four characteristics, and may have a fifth. They are:
  1. A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
  2. Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
  3. Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]      --continued--

-------------------------------------------------------------------------------
WRIT OF ERROR  QUAE CORAM NOBIS RESIDANT
IN RE (Doc 45) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR
QUAE CORAM NOBIS RESIDANT (Doc. 40)"

1. challenge, all proceedings in the inferior court must stop [45]

2. until jurisdiction is proven in the court of record.  By

3. default, Counterdefendants failed to prove any jurisdiction.

### III.  WRIT OF ERROR [46]

37.  There are two purposes proper for a writ of error:  "WRIT OF ERROR CORAM NOBIS....At common law in England, it issued from the Court of King's Bench to a judgment of that court.  Its principal aim is to afford the court in which an action was tried an opportunity to correct its own record with reference to a vital fact not known when the judgment was rendered.  Lamb v. State, 91 Fla. 396, 107 So. 535, 537, 538; Rhodes v. State, 199 Ind. 183, 156 N.E. 389, 392.  It is also said that at common law it lay to correct purely ministerial errors of the officers of

---

4.    Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

5.    Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

[45] "However late this objection has been made, or may be made in any cause, in an inferior or appellate court of the United States, it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Rhode Island v. Massachussetts, 37 U.S. 657, 718, 9 L.Ed. 1233 (1838)

   "Jurisdiction is essential to give validity to the determinations of administrative agencies and where jurisdictional requirements are not satisfied, the action of the agency is a nullity..." *Justice Street Improv Co. v. Pearson,* 181 C 640, 185 P.(1962); *O'Neil v. Dept. of Professional & Vocational Standards,* 7 CA2d 393, 46 P2d 234 [Emphasis added]

[46] "Writ of Error Coram Nobis.  ...It is also said that at common law it [a writ of error] lay to correct purely ministerial errors of the officers of the court.  Cramer v. Illinois Commercial Men's Ass'n, 260 Ill. 516, 103 N.E. 459, 461" Black's Law Dictionary, Revised Fourth Edition, Page 1786 (1968)

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 45) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR
QUAE CORAM NOBIS RESIDANT (Doc. 40)"

1.  the court.  Cramer v. Illinois Commercial Men's Ass'n, 260 Ill.

2.  516, 103 N.E. 459, 461"  Black's Law Dictionary, Revised Fourth

3.  Edition, Page 1786 (1968).  [Emphasis added.]

4.

5.  38.  The judge of the court of record is the highest officer of

6.  the court, but he is not the court. [47]  Because the counter-

7.  claiming court is a court of record, the tribunal must be

8.  independent of the magistrate.  In other words, in a court of

9.  record the magistrate may not perform any tribunal functions. [48]

10. To do so would constitute error on the part of the judge.

11.

12. 39.  It is a ministerial error when the clerk of the court files

13. any decision originated by a judge of a court of record.  It is

14. well within the prerogative of the tribunal of a court of record

15. _____

16. [47] COURT: "The person and suite of the sovereign." Black's Law Dictionary, Revised Fourth Edition, Page 425
    (1968)

17. [48] COURT OF RECORD: To be a court of record a court must have four characteristics, and may have a fifth.

18. They are:
       1.    A judicial tribunal having attributes and exercising functions independently of the person of the

19. magistrate designated generally to hold it. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte
    Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689;

20. Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
       2.    Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W.

21. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155
    N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

22.    3.    Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3
    Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225;

23. Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's
    Law Dictionary, 4th Ed., 425, 426 (1968)]

24.    4.    Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas
    Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229;

25. Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
       5.    Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga.,

26. 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96
    Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

27.

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 45) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR
QUAE CORAM NOBIS RESIDANT (Doc. 40)"

1.  to invoke a writ of error coram nobis [49] to correct such an

2.  error. [50]

3.

4.  40.  In the present matter, the judge, apparently on his own

5.  initiative, [51] issued an order (Doc. 45).  Whether or not the

6.  order was a correct one, it violates the court of record's

7.  internal separation of powers structure.  The writ of error is

8.  the proper device to assure the integrity of the court's

9.  procedures. [52]

10.

11. 41.  It is the wish of the court that the officers respect the

12. integrity and structure of a court of record. [53]

13.

14.

---

15. [49] "Writ of Error Coram Nobis. ...It is also said that at common law it [a writ of error] lay to correct purely

16. ministerial errors of the officers of the court. Cramer v. Illinois Commercial Men's Ass'n, 260 Ill. 516, 103 N.E. 459, 461" Black's Law Dictionary, Revised Fourth Edition, Page 1786 (1968)

17. [50] "However late this objection has been made, or may be made in any cause, in an inferior or appellate court of the

18. United States, it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Rhode Island v. Massachussetts, 37 U.S. 657, 718, 9 L.Ed. 1233 (1838)

19.    "Jurisdiction is essential to give validity to the determinations of administrative agencies and where jurisdictional requirements are not satisfied, the action of the agency is a nullity..." *Justice Street Improv Co. v. Pearson*, 181 C

20. 640, 185 P.(1962); *O'Neil v. Dept. of Professional & Vocational Standards*, 7 CA2d 393, 46 P2d 234 [Emphasis added]

21. [51] "He who decides a case without hearing the other side...though he decides justly, cannot be considered just." —

22. Seneca the Younger, c. 1 BC – 65 AD

23. [52] "Writ of Error Coram Nobis. ...It is also said that at common law it [a writ of error] lay to correct purely ministerial errors of the officers of the court. Cramer v. Illinois Commercial Men's Ass'n, 260 Ill. 516, 103 N.E. 459, 461" Black's Law Dictionary, Revised Fourth Edition, Page 1786 (1968)

24.

25. [53] "The judgment of a court of record whose jurisdiction is final, is as conclusive on all the world as the judgment of this court would be. It is as conclusive on this court as it is on other courts. It puts an end to inquiry concerning the fact, by deciding it.' Ex parte Watkins, 3 Pet., at 202—203. [cited by Schneckloth v. Bustamonte 8212 732, 412 U.S.

26. 218, 254, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)]

27.

---

WRIT OF ERROR  QUAE CORAM NOBIS RESIDANT
IN RE (Doc 45) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR
QUAE CORAM NOBIS RESIDANT (Doc. 40)"

1.                          IV.  ORDER

2.

3.  42.  FOR THE REASONS STATED,

4.

5.      A.  "MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS'

6.  'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT'" (Doc. 45) is

7.  rescinded, nunc pro tunc;

8.

9.      B.  WRIT OF ERROR (Doc. 46) is reinstated.

10.

11. 43.  Further, the judge and counter-defendants are each invited

12. to file and serve on all other interested parties a brief no

13. later than December 30, 2010, to show cause to this court why

14. this order should not take effect or should be modified.  Unless

15. requested, there will be no oral argument.

16.

17. Dated:  December 20, 2010        _____

18. IT IS SO ORDERED.

19.

20. _____        _____

21. Brett Allen Bossingham            Elisabeth Ann Bossingham

22. Private Attorney                  Private Attorney

23.

24.

25.

26.                          Page 19 of 19
                            _____
27.
              WRIT OF ERROR  QUAE CORAM NOBIS RESIDANT
            IN RE (Doc 45) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR
                  QUAE CORAM NOBIS RESIDANT (Doc. 40)"