UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. OLIVER W. WANGER, JUDGE

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )   No. 10-CR-150-OWW
                               )
vs.                            )   PROCEEDINGS RE ARRAIGNMENT
                               )
BRETT ALLEN BOSSINGHAM and      )
ELISABETH ANN BOSSINGHAM,       )
                               )
          Defendant.           )
_____)

Fresno, California            Monday, December 20, 2010


REPORTER'S TRANSCRIPT OF PROCEEDINGS


KAREN HOOVEN, RMR-CRR
Official Court Reporter
CSR No. 5816

APPEARANCES OF COUNSEL:

For the Plaintiff:        United States Attorney's Office
                         BY: **HENRY CARBAJAL, III**
                         2500 Tulare Street
                         Suite 4401
                         Fresno, California 93721


For the Defendants:      **BRETT ALLEN BOSSINGHAM**
                         **ELISABETH ANN BOSSINGHAM**
                         In Pro Se
                         1827 South Court
                         Suite F
                         Visalia, CA  93277

1    Monday, December 20, 2010                    Fresno, California

2    1:33 p.m.

3           THE CLERK:  The Court calls case 10-CR-150.  United

4    States versus Brett Allen Bossingham and Elisabeth Ann

5    Bossingham.  Arraignment.

6           MR. CARBAJAL:  Good afternoon, Your Honor, Henry

7    Carbajal for the United States.

8           MR. BOSSINGHAM:  Good afternoon, Your Honor, I'm

9    Brett Bossingham.  This is Elisabeth Bossingham.

10          THE COURT:  Good afternoon.  This is the time that

11   has been set for arraignment.  And we'd also asked that the

12   Federal Defender be present.  I don't see a representative of

13   the Federal Defender's Office.  Can we check with them and see

14   what their status is?

15          The Court has received and reviewed the declaration

16   that was filed on November 29th.  The efforts that Mr. and

17   Mrs. Bossingham have undertaken to contact counsel.  And there

18   is a list that is approximately four pages long.  The

19   indication is, from declaration, that the numbers for these

20   attorneys were called.  And there is a brief description of

21   the results of the contact.

22          The Court notes that these proceedings are initiated

23   with the filing of the indictment in October.  And that there

24   have been prior -- the indictment was filed April the 15th,

25   2010, it was unsealed October the 28th.

4

1          The first appearance of Mr. and Mrs. Bossingham was

2    on October 29th, at which time it was continued for them to

3    obtain counsel.  There was a second appearance on the 15th of

4    November before Magistrate Judge Austin for them to obtain

5    counsel.  There was a third appearance for arraignment on the

6    29th of November.  And then this case -- I should say this

7    date was set for the 20th of December.

8          Can you bring me up to date, Mr. and Mrs. Bossingham,

9    on what your current status is with regard to obtaining an

10   attorney?

11         MR. BOSSINGHAM:  Yes, I can, Your Honor.  May I

12   continue?

13         THE COURT:  Yes.

14         MR. BOSSINGHAM:  We're here expressing duress in

15   constructive custody and special appearance as previously

16   stated by U.S. Attorney Henry Carbajal.  We have a standing

17   objection to these proceedings today and have a copy for the

18   Court and the U.S. Attorney of documents filed today.  We have

19   placed -- we have been placed by this Court under

20   circumstances that make it impossible for us to plea.

21         There are still pending matters of the counterclaim.

22   New documents have been filed this morning and it would be

23   inappropriate to enter a plea at this time.  I have a copy for

24   the Court and for the U.S. Attorney if you'd like one.

25         THE COURT:  I'm advised that there is no record on

5

1    today's docket, at least not one that has been entered, of any

2    papers filed.  The memorandum of decision and order vacating

3    the notice of automatic stay, denying the ex parte motion for

4    expedited writ of error and directing the Clerk of the Court

5    to lodge the plaintiff's counterclaim for trespass issued

6    December the 7th of 2010.

7         And essentially what that decision provides is that

8    the notice of automatic stay that you filed is vacated, the ex

9    parte motion for expedited writ of error is denied.  The

10   counterclaim for trespass, which is not recognizable in a

11   criminal proceeding, is lodged and it's noted that it has been

12   lodged with the Court.

13        Once the case is, in effect, at issue by your

14   arraignment and plea, there are remedies.  I cannot provide

15   legal advice.  An attorney will do that, unless you choose to

16   represent yourselves.  But that will advise you as to if you

17   have any claims that are assertible under the Federal Rules of

18   Criminal Procedure or under Title 18, which is the criminal

19   code of the United States, then any relief that you seek that

20   is authorized by law may be cognizable.

21        However, at this stage, the documents that you have

22   filed for the reasons that are stated in our memorandum of

23   decision of December the 7th are neither legally cognizable

24   nor do they provide any grounds to prevent the progress of the

25   case.

1      So your pending motions and the alleged counterclaim

2  and other legal pleadings you have undertaken have either been

3  stricken or denied.  And so I am now going to ask you the

4  direct question about the status of obtaining representation.

5      MR. BOSSINGHAM:  There have been conflicting

6  directions by this Court in regards to our rights to access

7  information from the U.S. Attorney.  And we are not adequately

8  informed at this time.

9      We are reluctant to contract with this Court because

10  we were told we could not contact the US Attorney's Office

11  until we waived our rights to counsel.  There are three major

12  concerns with the validity of the indictment.  We'd like to

13  present ourselves to the Court at this time.

14      THE COURT:  Only after you have been arraigned.  You

15  may present your concerns once you are before the court and

16  your arrest brings you before the Court.  But under the law, a

17  prompt arraignment is required.  Here you have requested

18  delays.  But it is the duty of the Court to balance your

19  rights against the requirements of law that you be promptly

20  arraigned.  The *United States versus Kelm*, 827 Fed 2d 1319

21  and, more specifically, at page 1322, discuss your Sixth

22  Amendment right to be represented by counsel in a criminal

23  case.

24      Once you have entered a plea in the case, you will

25  then be in a position to file any attacks you have, legal or

1    otherwise, on the indictment or any other proceedings in the
2    case.
3          But I am going to have to respectfully ask you to
4    respond as to what the status of your efforts to obtain
5    counsel.  Because there is a provision in the law that's
6    required to enter pleas for you where you willfully fail and
7    refuse to do so.
8          And so I caution you that you are entering upon
9    ground that may result in exceedingly adverse consequences to
10   you.  It does not appear to me that you are getting legal
11   advice that serves your interests.  But again, I'm going to
12   leave that to you to make your determinations.
13         But in this Court, you're now in the United States
14   District Court, an Article III court, you're going to have to
15   follow the rules of criminal procedure and the law of the
16   United States.
17         Even if you adhere to or recognize another law or if
18   you disagree with the law of the United States, there are ways
19   to address those concerns.  There are procedures under law to
20   do that.  And you have to follow them.
21         Even if you choose to represent yourselves in pro se,
22   you are still held to the same requirements of following the
23   rules of procedure, following the substantive law and
24   conducting yourselves in accordance with those rules, as I
25   said, whether you agree with them or not.

1          MR. BOSSINGHAM:  Well, I want to be responsive to

2     your question, Your Honor.  And to respond to that, we are

3     continuing to contact attorneys.  I don't have an updated list

4     here.  But in the last week, I've talked to personally

5     several, spent several hours on the phone.  We're still -- we

6     find ourselves in an impossible position.  We have to select

7     an attorney, they also have to select us.  I, in my own power,

8     am unavailable to make that relationship happen.  We're still

9     trying to do due diligence to seek counsel.

10          We want to be informed.  We're not adequately

11     informed at this time.  I believe that there are several

12     choices in how to plea.  A choice could be guilty, not guilty,

13     no contest.  Without being adequately informed, we don't know

14     how to plea.  We might choose one of the three.  We're just

15     looking to establish our rights to be adequately informed so

16     we can plea, if that's the appropriate action to take.

17          We're wondering if the Court can proceed with an

18     arraignment if the alleged plaintiff lacks standing to

19     complain against us.

20          THE COURT:  Well, those issues cannot be addressed

21     until after you have been arraigned.  And so what we have here

22     is simply perhaps a misunderstanding on your part of the law

23     of criminal procedure.  And that is understandable since you

24     have not yet engaged attorneys.

25          However, you were first brought before the Court

1   October 29.  It is now December the 20th.  It's almost 60 days

2   from the time that you were first brought before the Court.

3   And ordinarily that is more than sufficient time to obtain an

4   attorney.

5          All of the questions you have will be answered by an

6   attorney or you are free, if you choose to represent

7   yourselves, to do the legal research and to inform yourselves

8   as to the law as it is set forth in the United States

9   Constitution, United States Criminal Code, the substantive

10  statutes under which you are charged, the Federal Rules of

11  Criminal Procedure and the Local Rules of Court, all of which

12  you are charged with knowledge of and all of which you are

13  absolutely required to follow and obey under the penalties of

14  pain and contempt and other consequences which may befall you.

15         And so what it appears to the Court is that if you

16  are having as much difficulty as you are in being able to form

17  an attorney/client relationship, it is the Court's view that

18  for you to have an attorney to communicate with in the initial

19  stages of the case is something that would, the Court

20  believes, serve you.  You don't have to do that.

21         You can continue to represent yourselves, but as I've

22  indicated, that is exceedingly perilous.  There are many

23  consequences, many of them adverse, for which you are

24  potentially liable.  And if you don't have the knowledge of

25  the law, you won't even be able to know what consequences you

1    face.

2            And so do you have anybody who you believe you are

3    going to be able to agree with for representation?

4            MR. BOSSINGHAM:  Just give me a moment, please, Your

5    Honor.

6            THE COURT:  Yes.

7            MRS. BOSSINGHAM:  Your Honor, I'd like to pose a

8    question here.  I'm sorry if it seems redundant.  Does this

9    Court follow the Federal Rules of Criminal Proceedings?

10           THE COURT:  The Court follows all applicable rules,

11   both of procedure and substance.  I don't recognize the term

12   "criminal proceedings."  There are Federal Rules of Criminal

13   Procedure and those are codified in the various publications

14   that publish rules promulgated by Congress and the Senate and

15   House of the United States.  And also the judicial Congress of

16   the United States.

17           And so the procedures that apply to these proceedings

18   are the Federal Rules of Criminal Procedure.  And those rules

19   are followed.

20           MRS. BOSSINGHAM:  Does not arraignment follow that a

21   person contracts with the Court?

22           THE COURT:  No.  Arraignment has nothing to do with

23   contracts.  Arraignment is provided for under the due process

24   clause as a matter of constitutional right and it is

25   specifically provided for in Rules 9 and 10 of the Federal

1    Rule of Criminal Procedure.

2            The rule provides as follows:  An arraignment, under

3    Rule 10(a), must be conducted in open court and must consist

4    of:  One, insuring that the defendant has a copy of the

5    indictment; two, reading the indictment to the defendant or

6    stating to the defendant the substance of the charge and then;

7    three, asking the defendant to plead to the indictment or

8    information.  That is what the process of arraignment consists

9    of as provided for by Federal Rule of Criminal Procedure 10.

10           MR. BOSSINGHAM:  Under Rule 11, are we not also

11   required to be informed?

12           THE COURT:  The entry of a plea under Rule 11 permits

13   the pleading of guilty or not guilty.  And the answer is you

14   will be fully informed under Rule 11 once we commence the

15   arraignment.

16           But the concern of each magistrate judge that you

17   have appeared before, and now you're before a district judge,

18   is that you have the informed assistance of an attorney

19   licensed to practice law who's competent in federal criminal

20   law and procedure so that your rights will be fully protected.

21           MR. BOSSINGHAM:  We sought information from the US

22   Attorney's Office.  Judge Austin shared on November 15th that

23   we had every right to do so.

24           And then on November 29th, Judge Snyder put a stay on

25   Judge Austin's words or direction and pretty much told us that

1    we could not contact the US Attorney's Office unless we waived

2    our right to counsel.  And that has somewhat prohibited us

3    from being informed.  We wanted to --

4         THE COURT:  All right.  Well, let me advise you that

5    if you are representing yourselves, there is no rule that

6    prevents you from communicating with the United States

7    attorney.  Recognizing that in an adversarial system, that

8    that is the attorney for the opponent, for the government that

9    is seeking to prosecute you.

10        And so, ordinarily, a party communicates with the

11   adversary, meaning the government, through an attorney.  If

12   you're representing yourselves, then you can communicate

13   directly.  But you cannot force or require any communication

14   that you want to have with the US Attorney.  The US Attorney

15   will, again, within the rules of substance and procedure and

16   the ethical rules that bind them as officers of the Court,

17   communicate to the extent that they believe they can.

18        And so in terms of being informed as to the rights

19   you have in an arraignment, that duty is upon the Court and

20   the Court will provide those advisements.  Ordinarily, a

21   lawyer provides you with the information that is relevant to

22   determining how to respond at an arraignment.

23        And so where we are is approaching 60 days after your

24   first appearance in court.  I do believe that -- I have not

25   heard a reason at this point that would justify giving you

1   further time to obtain counsel.

2          One thing that can be done, that the Court

3   contemplated, was the Federal Defender can be appointed to

4   represent you at the arraignment.  That still leaves you time

5   to obtain attorneys of your choice if it's taking you more

6   time than, quite frankly, is reasonable and/or than is usual.

7   The quantum of reasonableness is defined by the actual efforts

8   that you're taking and the response of attorneys who you are

9   seeking to hire.

10          And I will advise you that having views of the law

11   that may be unorthodox or may not be recognized in statute or

12   cases is not a ground, quite frankly, for not hiring a lawyer.

13   Lawyers understand that people have different views and

14   interpretations of what the law is.  And so that is not an

15   impediment.

16          It may be a factor causing an attorney not to want to

17   undertake the representation, quite frankly, where it would

18   either impede or reduce the effectiveness of the lawyer in

19   being able to communicate with you as clients.

20          But we are at the point where we need to move forward

21   with an arraignment in this case.  And let me interrupt this

22   discussion to ask the courtroom deputy if we've had any

23   response from the Federal Defender Office?

24          THE CLERK:  Nancy McGee indicated a Federal Defender

25   is on their way.

1          THE COURT:  Apparently a Federal Defender is on their

2     way here.

3          And so is there anybody that you have been in contact

4     with who you are interested in hiring as a lawyer in this

5     case?

6          MR. BOSSINGHAM:  We have not had a meeting of the

7     minds with any attorney as of now.

8          THE COURT:  All right.  Well, as I indicated, that

9     may be the case.  And if that's the case, then we're going to

10    have to do one of two things.  You do have to prove your

11    eligibility for the Federal Defender by providing a

12    confidential financial affidavit that shows you do not have

13    the resources to hire counsel of your own choice.

14         Failing the ability to find a lawyer with whom you

15    can agree on the substance and the course of the

16    representation, then you may have to represent yourselves.

17    But I cannot permit you to thwart the process of justice and

18    the proceedings of this Court.  And I'm advising you that

19    that's not going to happen.

20         MR. BOSSINGHAM:  It sounds like we're entitled to a

21    fair and meaningful hearing here; is that correct?

22         THE COURT:  Every proceeding in this Court may not be

23    meaningful, but it will be fairly conducted in accordance with

24    the requirements of law.

25         MR. BOSSINGHAM:  Are we considered innocent of these

1   alleged charges in the indictment?

2         THE COURT:  The proceeding that we're now undertaking

3   is not a question and answer session.  The law presumes every

4   defendant innocent until proven guilty.  That is the

5   requirement under the Fifth Amendment of the United States

6   Constitution.

7         But again, this isn't law school and we're not going

8   to conduct a course in law.  I'm not here, quite frankly, at

9   your convenience to simply provide answers to any and every

10  question you may think up.  Rather, it's my duty to protect

11  your rights under the law and to see that the law is followed.

12  That is what I'm going to do.

13        MR. BOSSINGHAM:  Does the law or this Court consider

14  us innocent of each and every element of any alleged charges

15  in the indictment?  These questions are necessary for me to

16  have answers to so I can move forward in gaining more

17  information to know how to plea.

18        THE COURT:  That question has just been answered.

19        MR. BOSSINGHAM:  Was it yes or no, Your Honor?  I

20  didn't hear it.

21        THE COURT:  The answer was that you have a Fifth

22  Amendment presumption of innocence and an absolute right

23  against self-incrimination.  You are presumed to be innocent

24  until proven to the contrary by the government by proof beyond

25  a reasonable doubt, which is the standard of proof in a

1   criminal case.

2        MR. BOSSINGHAM:  Does that apply to each and every

3   element of the alleged charges as well, sir?

4        THE COURT:  Well, it applies to the elements to be

5   established by law.  But again, I'm not here for the purposes

6   of conducting a law school class.  This is the busiest court

7   in the United States, which you can confirm by the statistics

8   that are kept by the Administrative Office of the United

9   States Courts.  And so, again, respectfully, we're going to

10  conduct these proceedings as required by law.

11       So there is only one question before us.  And I am

12  going to await the arrival of the Federal Defender, at which

13  time I'll give you an opportunity, you and Mrs. Bossingham, to

14  consult with the Federal Defender and then we will determine

15  what the next step in your case is.

16       MR. BOSSINGHAM:  It appears that we would like to

17  move forward with these proceedings and we reserve the right

18  to interview with the Public Defender.  The docket we filed

19  today, was the Writ of Error.  And I do have those here for

20  you to see.  We just want to ensure that we understand we are

21  here under stress and duress and we have a running objection

22  to moving forward with these proceedings.

23       THE COURT:  Yes.  And those objections, at least

24  those that were filed prior to December the 7th, have all been

25  dealt with and they have been addressed in a written ruling of

1     the Court.  And so --

2               MR. BOSSINGHAM:  The Court may not be up to date with

3     its information.

4               THE COURT:  That may be.  Your statements are

5     acknowledged.  I can't deal with papers that are filed the day

6     of the hearing.  As you may or may not know, the Court deals

7     with other cases every day.  The current case load of the

8     Court is approximately 1200 cases individually that are

9     assigned for handling in this Court.

10              And so your papers will be duly considered as soon as

11    they come after having been docketed to the Court through the

12    normal processes of the clerk's office.  And they will be

13    reviewed and whatever action is required will be taken with

14    respect to those papers.

15              MR. BOSSINGHAM:  We'll await the Public Defender so

16    we can interview with them.

17              THE COURT:  All right.  Thank you.

18              MR. BOSSINGHAM:  Thank you, sir.

19              THE COURT:  I'm going to ask the parties to stand by

20    pending the arrival of the Federal Defender.  And if you

21    would, please, notify me as soon as they're here.  But I do

22    want the Bossinghams to have the opportunity to consult with

23    the Federal Defender.

24              (Recess from 2:00 until 3:06.)

25              THE COURT:  We're going back on the record in the

1    United States versus Bossingham.  Ms. Voris, good afternoon.

2             MS. VORIS:  Good afternoon, Your Honor.

3             THE COURT:  Prior to your arrival, I had some

4    extended discussions with Mr. and Mrs. Bossingham about the

5    progress of the case and their apparent inability to find a

6    counsel of their choice.  And indicated to them that I didn't

7    know what their financial status was and I had asked that a

8    representative of the Federal Defender's Office be present.

9             They have many, many, many questions under the law

10   and I've answered some of them.  But I told them that this

11   isn't law school and, candidly, I'm going to advise them of

12   all their constitutional and statutory rights, but I can't be

13   essentially teaching a course in law.

14            And so what is the status of the matter?

15            MS. VORIS:  Your Honor, I spoke with both of the

16   Bossinghams.  I had met them at their initial appearance.

17   What I told them then and what I told them now is that our

18   office cannot represent the both of them.  That we also cannot

19   represent them without a financial affidavit.

20            And Mr. Bossingham indicated to me that he -- that

21   while he has interviewed some 40 attorneys, approximately,

22   that he has talked to an attorney who has agreed to be a

23   co-counsel.  I told him -- and he asked me if I understood

24   what that term meant.  And I said that I was not clear on

25   that, but that he might be able to get a contract that so

1   states that.

2        But it was my understanding and continues to be that

3   they would have to, at some point, declare that they were

4   representing themselves and then have their co-counsel help

5   them.  Whatever that meant.  But I don't really know what that

6   would mean.

7        THE COURT:  Understood.  All right.  What is the

8   imminency of the agreement between Mr. and Mrs. Bossingham and

9   this lawyer?

10       MR. BOSSINGHAM:  Your Honor, both my wife and I have

11  interviewed personally with -- both my wife and I have

12  personally interviewed with this attorney.

13       I would be happy to give you his name if you'd like.

14  His name is Roger Nuttall.  He has interviewed with both of

15  us.  He offered the concept of co-counsel for both of us.  And

16  we have not entered any type of contract with him.  I don't

17  have a full understanding of what he would put in that

18  contract.  But I believe that we can make phone calls and we

19  could move forward on that, on the co-counsel idea rapidly.

20       THE COURT:  Yes.  Ordinarily, depending upon the

21  amount that is likely to be expended for legal services, an

22  attorney in California is required to have a written contract

23  with a client.  And so I'm sure that's one of the reasons Mr.

24  Nuttall is asking for a contract.  Plus it will help define

25  your legal rights respectively and define what role each of

1    you is going to play in your handling of the case.

2         Because if you're going to be representing yourselves

3    and he's going to be a standby counsel, then that will be

4    important for the definition of your roles.  And if he's going

5    to be, for instance, a technical legal advisor who is helping

6    you with the rules and the procedures, you would want them to

7    be defined.

8         Now, if you are telling me that you believe that,

9    after interviewing him, that you and your wife are satisfied

10   with Mr. Nuttall, then what I would like to do is this.  I'd

11   like to have you meet with Mr. Nuttall, formalize your

12   relationship and then Mr. Nuttall understands this, he would

13   appear with you and we will proceed with the arraignment.

14        MR. BOSSINGHAM:  I think we can make that happen,

15   Your Honor.

16        THE COURT:  All right.  What I would like to do is

17   this.  I don't know what Mr. Nuttall's availability is over

18   these holiday weeks.  And so what I would suggest is why don't

19   you and your wife immediately contact Mr. Nuttall as to his

20   availability and then leave word with our administrator, Ms.

21   Gaumnitz, if he's available, for instance, to have an

22   arraignment next Monday or if, for some reason, he isn't going

23   to be here, it would have to be January the 3rd.  Whenever

24   he's available.  And the three of you can be here.

25        MR. BOSSINGHAM:  I can confer with Mr. Nuttall and

1   get back to the Court with that information.

2           THE COURT:  If you would, please.  And then we will

3   go forward hopefully with Mr. Nuttall in place assisting you.

4   You and Mr. Nuttall can define the terms, but we'll have to

5   have a clear understanding on the record of who's doing what

6   and who's responsible for what.  And you can represent

7   yourselves and still have an attorney advisor, that's not a

8   problem.  And so we just need to have it clearly defined as to

9   who is going to be responsible for what.

10          Then if you would, please, as soon as you've reached

11  Mr. Nuttall, and if there's any problem reaching him, please

12  notify our clerk and let us know because, depending upon the

13  mutual availability of you and Mr. Nuttall, I want to proceed

14  with the arraignment either next Monday or the Monday after.

15          MR. BOSSINGHAM:  All right.  I've made a mental note

16  of those dates, Your Honor.

17          THE COURT:  All right.  Mr. Carbajal, do you have

18  anything further today?

19          MR. CARBAJAL:  No, Your Honor.

20          THE COURT:  All right.  Well, then we will ask and we

21  will await advice from you, Mr. Bossingham, about the matters

22  we've just discussed.  And either hopefully subject to Mr.

23  Nuttall's availability, the 27th of December, the 3rd of

24  January will be our next appearance in this case.

25          MR. BOSSINGHAM:  I wish to convey that we still have

1   the counterclaim that you've responded to today in talking

2   about that based on the counterclaim, we still have that

3   running objection to these proceedings.  But I will also

4   contact Mr. Nuttall and see what his availability is for

5   December 27th and January 3rd on the concept of co-counsel.

6         THE COURT:  Thank you.  Once you have made a motion

7   and taken a legal position and the Court has ruled on it, your

8   objections are preserved.  However, the case will move forward

9   based on my legal rulings on the issues you've raised.

10         MR. BOSSINGHAM:  Based on -- I don't see any other

11   choice in the matter, I'll be contacting Mr. Nuttall.

12         THE COURT:  Thank you very much.  All right.  That

13   concludes today's proceedings.  And we will be awaiting

14   if -- I'm going to ask our courtroom deputy to give you her

15   email so that you can communicate when we are going to be able

16   to hold the arraignment in this case.

17         MR. BOSSINGHAM:  Thank you, Your Honor.

18         THE COURT:  All right.  That concludes our

19   proceedings.  We are in recess.

20         (The proceedings were concluded at 3:14 p.m.)

21

22         I, KAREN HOOVEN, Official Reporter, do hereby certify

23   that the foregoing transcript as true and correct.

24

25   DATED:  12/22/2010          /s/  Karen Hooven
                                 KAREN HOOVEN, RMR-CRR