Bossingham Brett,
Bossingham Elisabeth
1827 S. Court. Suite F,
Visalia, California

Private Attorneys

FILED
JAN 0 7 2011
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

DISTRICT COURT OF THE UNITED STATES

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>BRETT ALLEN BOSSINGHAM, and<br>ELISABETH ANN BOSSINGHAM,<br><br>Defendants,<br>----------------------------<br><br>Brett Allen Bossingham, and<br>Elisabeth Ann Bossingham,<br><br>Counterclaimants,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>COMPLAINER DOE;<br>KULBIR MAND; and<br>MIKE COLEMAN;<br><br>Counterdefendants. | CASE NO. 1:10-CR-00150-OWW<br><br>WRIT OF ERROR<br>QUAE CORAM NOBIS RESIDANT [1]<br>IN RE (Doc 51) "MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT' etc." |

[1] "Writ of Error Coram Nobis. ...It is also said that at common law it [a writ of error] lay to correct purely ministerial errors of the officers of the court. Cramer v. Illinois Commercial Men's Ass'n, 260 Ill. 516, 103 N.E. 459, 461" Black's Law Dictionary, Revised Fourth Edition, Page 1786 (1968)

Page 1 of 27

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 51) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, etc."

1. **THE ABOVE-ENTITLED COURT OF RECORD COMES NOW, ON ITS OWN MOTION, TO review the facts, record, and process resulting in the paper (Doc. 51) entitled MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' "WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, etc." filed on December 21, 2010, and to accordingly address it.**

## INTRODUCTION

2. **It is a common error to perceive a court of record [2] as a civil court subject to civil rules. It is not. A court of record is a common law court of unlimited jurisdiction. It is the highest court of the land, superior even to the United States Supreme Court. [3] Its unlimited jurisdiction supersedes**

[2] COURT OF RECORD: To be a court of record a court must have four characteristics, and may have a fifth. They are:

1. A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
2. Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
3. Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
4. Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
5. Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

[3] "The judgment of a court of record whose jurisdiction is final, is as conclusive on all the world as the judgment of this court would be. It is as conclusive on this court as it is on other courts. It puts an end to inquiry concerning the fact, by deciding it.' Ex parte Watkins, 3 Pet., at 202—203. [cited by Schneckloth v. Bustamonte 8212 732, 412 U.S. 218, 254, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)]

limited criminal and civil jurisdictions.

3. "... If a sovereign state goes into court seeking its assistance, it is in accord with the best principles of modern law that it should be obliged to submit to the jurisdiction in respect to a set-off or counterclaim properly assertable as a defense in a similar suit between private litigants." [4]

4. In other words, when the government asserts a claim against a private party, it waives sovereign immunity, and is subject to a non-civil (i.e. common law) counterclaim properly asserted in a court of record of unlimited jurisdiction.

5. In the instant case, a non-civil counterclaim invoking a court of record has been properly asserted by the counterclaimants against the jurisdiction of the criminal court.

6. Responding parties sometimes seem confused about the difference between a motion and a notice, and a writ. This paper is not a notice or a motion. It is a writ of error, i.e. an order to correct a ministerial error on the part of an officer of the court of record. [5]

---

[4] The Gloria, 286 F. 188 (D.C.S.D.N.Y.). French Republic v. Inland Nav. Co., 263 F. 410, 411 (D.C.E.D.Mo.).

[5] "Writ of Error Coram Nobis. ...It is also said that at common law it [a writ of error] lay to correct purely ministerial errors of the officers of the court. Cramer v. Illinois Commercial Men's Ass'n, 260 Ill. 516, 103 N.E. 459, 461" Black's Law Dictionary, Revised Fourth Edition, Page 1786 (1968)

Page 3 of 27

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 51) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, etc."

I. Authorities

II. Court Structure

III. Jurisdiction

IV. Writ of Error

V. Order

## I. Authorities

A civil court and a criminal court proceed according to statutes. A court of record proceeds not according to statutes, but according to the common law. A court of record may not be bound to civil or criminal procedures.[6]

"The judgment of a court of record whose jurisdiction is final, is as conclusive on all the world as the judgment of this court would be. It is as conclusive on this court as it is on other courts. It puts an end to inquiry concerning the fact, by deciding it." [7]

"Set-offs against the sovereign United States have been allowed where it was plaintiff. [8] The Supreme Court has held, independently of any statute, that, where the sovereign brings a suit, it submits to the application of the same principles which govern private suitors. [9] In The Siren, supra, the principle of a sovereign plaintiff's submission to jurisdiction was held subject to the qualification that no

---

[6] [A court of record] Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227. 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

[7] Ex parte Watkins, 3 Pet., at 202—203. [cited by Schneckloth v. Bustamonte 8212 732, 412 U.S. 218, 254, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)]

[8] United States v. Wilkins, 6 Wheat.(19 U.S.) 135. 5 L.Ed. 225; United States v. MacDaniel, 7 Pet.(32 U.S.) 1, 8 L.Ed. 587; United States v. Kimball, 101 U.S. 726, 25 L.Ed. 835; United States v. Ringgold, 8 Pet. (33 U.S.) 150, 8 L.Ed. 899.

[9] The Paquete Habana, 189 U.S. 453, 23 S.Ct. 593, 47 L.Ed. 900; The Nuestra Senora de Regla, 108 U.S. 92, 2 S.Ct. 287, 27 L.Ed. 662; The Siren, 7 Wall.(74 U.S.) 152, 19 L.Ed. 129.

Page 4 of 27

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 51) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, etc."

> affirmative judgment could be entered, but in The Nuestra Senora Case, supra, an affirmative judgment against a sovereign was upheld, and the previous qualification of the right against the government was removed. This was followed in 1902 in The Paquete Habana, supra, and later reaffirmed.." [10]
>
> "... If a sovereign state goes into court seeking its assistance, it is in accord with the best principles of modern law that it should be obliged to submit to the jurisdiction in respect to a set-off or counterclaim properly assertable as a defense in a similar suit between private litigants. [11] Where a sovereign voluntarily litigates, he must play the role of a litigant like any other suitor and abide by the consequences. [12] It is now established that, where a sovereign comes into court, he is unarmed with immunity as against the rights of a defendant who has a proper set-off to his claim. These considerations are effective in suit by governments functioning with normal powers and privileges. [13]"

## II. Court Structure

7. This court of record speculates that there is a lack of understanding of the fundamental structure of our court system. The following chart is provided for perspective:

//////////

//////////

//////////

---

[10] United States v. The Thekla, 266 U.S. 328, 45 S.Ct. 112, 69 L.Ed. 313....

[11] The Gloria, 286 F. 188 (D.C.S.D.N.Y.). French Republic v. Inland Nav. Co., 263 F. 410, 411 (D.C.E.D.Mo.).

[12] Richardson v. Fajardo Sugar Co., 241 U.S. 44, 36 S.Ct. 476, 60 L.Ed. 879; People of Porto Rico v. Ramos, 232 U.S. 627, 34 S.Ct. 461, 58 L.Ed. 763; Clark v. Barnard, 108 U.S. 436, 447, 448, 2 S.Ct. 878, 27 L.Ed. 780.

[13] United States v. National City Bank of New York, 83 F.2d 236 (4th Cir., 1936).

Page 5 of 27

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 51) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, etc."

| | Name of Court | Authority | Type of Court | Source of Law |
|---|---|---|---|---|
| U.S. Const. Art. III, § 2-1 Judicial Power | Court of Record | Authorized by the People | Superior | Common Law or Equity |
| | Supreme Court | Authorized by the Constitution | Appellate | Congress: Statutes & Codes |
| | Inferior Court(s) | Authorized by the Congress | Inferior | Congress: Statutes & Codes |

8. Who is the sovereign? The sovereign is the people, [14] either in plural [15] or in singular capacity. [16] In singular capacity, in this case, it is each counterclaimant, as one of the people as contemplated in the Preamble of the 1789 Constitution for the United States of America.

9. What is a court? A court is, "The person and the suit of the sovereign; [17] the place where the sovereign sojourns with his

[14] "...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves" CHISHOLM v. GEORGIA (US) 2 Dall 419, 454, 1 L Ed 440, 455 @DALL 1793 pp471-472

[15] PEOPLE, n. [L. populus.] The body of persons who compose a community, town, city or nation. We say, the people of a town; the people of London or Paris; the English people. In this sense, the word is not used in the plural, but it comprehends all classes of inhabitants, considered as a collective body,... Webster's 1828 Dictionary

[16] PEOPLE...considered as....any portion of the inhabitants of a city or country. Ibid.

[17] Plaintiff cannot be nonsuited at "Common Law", a party cannot be compelled to make default, it has been frequently said that involuntary nonsuit cannot be ordered in court. [Doe v. Grymes, 1 Pet(US) 469, 7 L.Ed 224]. A nonsuit is not appropriate merely because the trial court finds the plaintiff's evidence less than clear and convincing. [Hoch v. Allied-Signal, Inc. (1994) 24 Cal.App.4th 48, 59-61, 29 Cal.Rptr. 2d 615]. Cases that have applied the

Page 6 of 27

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 51) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, etc."

**regal retinue, wherever that may be." Black's Law Dictionary, Fifth Edition, Page 318 (1979).**

**10. What is a Court of Record?** [18] **It is neither a civil court nor criminal court. It is a court with four (4) characteristics:**

**A. A judicial tribunal having attributes and exercising functions independently of the person of the magistrate** [19] **designated generally to hold it;** [20]

**B. Proceeding according to the course of common law;**

**C. Has power to fine or imprison for contempt; and**

**D. It's acts and judicial proceedings are enrolled, or recorded for a perpetual memory and testimony.**

**11. What is the authority of a Court of Record? The authority of a court of record outranks the authority of all other courts: "The judgment of a court of record whose jurisdiction is final,**

---

clear and convincing evidence standard in other contexts have required the trial court to take a higher standard into account in deciding a summary judgment motion [Anderson v. Liberty Lobby, Inc. (1986) 477 U.S. 242, 254-256, 106 S.Ct. 2505, 91 L.Ed.2d 202, Planned Protective Services, Inc. V. Gorton (1988) 200 Cal.App.3d 1, 8-9, 245 Cal.Rptr. 790 (same).

[18] It is the prerogative of the court to "borrow" from the FRCvP in order to expedite the proceedings. Such does not recast the court as a civil court.

[19] "MAGISTRATE. Person clothed with power as a public civil officer. State ex rel. Miller v. McLeod, 142 Fla. 254, 194 So. 628, 630." Black's Law Dictionary, Fourth Edition, Page 1103 (1968)
JUDGE. An officer so named in his commission, who presides in some court; a pubic officer, appointed to preside and to administer the law in a court of justice..." Black's Law Dictionary, Fourth Edition, Page 976 (1968)

[20] Because all judges are magistrates, none are permitted to usurp the powers of a tribunal in order to make any decisions. It is a ministerial error for a clerk of court to accept any orders from a magistrate.

Page 7 of 27

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 51) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, etc."

is as conclusive on all the world as the judgment of this [Supreme] court would be. It is as conclusive on this [Supreme] court as it is on other courts." [21]

12. Whence does a court of record derive its judicial power? The U.S. Constitution states, "The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." [22] "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States....to Controversies to which the United States shall be a Party;..." [23]

13. Among the powers of a court of record is the power to correct purely ministerial errors of the officers of the court. The proper writ for that is the writ of error. [24]

14. In the instant case there are two courts:

---

[21] "The judgment of a court of record whose jurisdiction is final, is as conclusive on all the world as the judgment of this court would be. It is as conclusive on this court as it is on other courts. It puts an end to inquiry concerning the fact, by deciding it.' Ex parte Watkins, 3 Pet., at 202—203. [cited by Schneckloth v. Bustamonte 8212 732, 412 U.S. 218, 254, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)]

[22] Article III, § 1

[23] Article III, § 2-1

[24] "Writ of Error Coram Nobis. ...It is also said that at common law it [a writ of error] lay to correct purely ministerial errors of the officers of the court. Cramer v. Illinois Commercial Men's Ass'n, 260 Ill. 516, 103 N.E. 459, 461" Black's Law Dictionary, Revised Fourth Edition, Page 1786 (1968)

Page 8 of 27

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 51) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, etc."

15. First, there is the inferior United States District Court, established by a criminal complaint, which has its docket filed with the Clerk of Court.

16. Second, there is the superior Court of Record, which has the record of its proceedings placed in the hands of the same Clerk of Court.

17. The record shows that Counterclaimants in the superior Court of Record demanded proof of jurisdiction of the inferior United States District Court. [25] The record shows that the Counterdefendants failed to answer or otherwise respond. [26]

18. Counterdefendants requested that the inferior court limit the capacity of the counter-claimants to assert their rights in general, and prohibit Counterclaimants' attempts to communicate with the attorneys of the counterdefendants. [27]

19. Although the court of record has not yet made any finding that maintenance of the record is being obstructed, or that the proceedings are obstructed in contempt of the authority of the court of record, the proceedings of the court of record are

[25] See Counterclaim for Trespass, Page 3, Line 9, through Page 4, Line 4 (Doc. 30).

[26] See Affidavit of Default (Doc. 40).

[27] Transcript, November 23, 2010, Page 4, Line 22 through Page 5, Line 7; Page 6, Lines 5 through 12.

Page 9 of 27

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 51) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, etc."

considerably inhibited by certain unauthorized orders entered into the record. [28]

20. This court of record hopes that with the issuance of this writ of error, the proceedings of this court of record will be able to proceed without further inhibition.

21. Based upon the above definitions, and at the risk of being overly redundant, we now proceed:

## III. Jurisdiction

22. All of the served Counterdefendants have defaulted. No facts are in controversy. [29] All that remains is to refer the law arising thereon to the court. This case brings the following question of law: Do the Counterdefendant actors have jurisdiction? The facts presented to the court show that none of the Counterdefendants was injured; there is no corpus delicti. The subsequent courts involved were courts of inferior

[28] See Doc's 35, 41, 45, 51

[29] Default. "In Practice. Omission; neglect or failure of any party to take step required of him in progress of cause. Indiana State Board of Medical Registration and Examination v. Pickard, 93 Ind.App. 171, 177 N.E. 870, 872. When a defendant in an action at law omits to plead within the time allowed him for that purpose, or fails to appear on the trial, he is said to make default, McCabe v. Tom, 35 Ohio App. 73, 171 N.E. 868, 869, and the judgment entered in the former case is technically Called a 'judgment by default.' 3 Bl.Comm. 396; 1 Tidd, Pr. 562. A 'default' in an action at law is somewhat similar to the entry of a decree in equity that the bill be taken for confessed, neither being a final disposition. Felton v. Felton, 128 Conn. 564, 196 A. 791, 792." Black's Law Dictionary, Revised Fourth Edition, Page 505 (1968)

Page 10 of 27

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 51) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, etc."

**jurisdiction,** [30] **even though they otherwise may have been courts of general jurisdiction.** [31] **Further, when jurisdiction was challenged,** [32] **Counterdefendants ignored the challenge and continued to assume** [33] **jurisdiction without proof.**

> **"Counterclaimants continue to be subjected to the forcefully assumed jurisdiction,** [34] **will, and constructive detention by the Conspirators.**
>
> **"Counterclaimants, on information and belief, allege that Conspirators lack jurisdiction to bring their action against Counterclaimants. For that reason, Counterclaimants demand that Conspirators provide proof** [35] **of standing and jurisdiction.** [36] **Until jurisdiction is proven, all proceedings in the original case must stop until the final adjudication of jurisdiction which is the subject of this**

---

[30] "Inferior courts" are those whose jurisdiction is limited and speeial and whose proceedings are not aeeording to the eourse of the common law." Ex Parte Kearny, 55 Cal. 212; Smith v. Andrews, 6 Cal. 652

[31] "The only inherent difference ordinarily recognized between superior and inferior eourts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the latter, and that a superior court may be shown not to have had power to render a particular judgment by reference to its record. Ex parte Kearny, 55 Cal. 212. Note, however, that in California 'superior court' is the name of a particular court. But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be. Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barrett, 5 Cal. 195" 7 Cal. Jur. 579

[32] Counterclaim, Page 3, Line 6 through Page 4, Line 4:

[33] "No officer can acquire jurisdiction by deeiding he has it. The officer, whether judicial or ministerial, decides at his own peril." Middleton v. Low (1866), 30 C. 596, citing Prosser v. Secor (1849), 5 Barb.(N.Y) 607, 608.

[34] "Jurisdiction is essential to give validity to the determinations of administrative agencies and where jurisdictional requirements are not satisfied, the action of the agency is a nullity..." Justice Street Improv Co. v. Pearson, 181 C 640, 185 P.(1962); O'Neil v. Dept. of Professional & Vocational Standards, 7 CA2d 393, 46 P2d 234 [Emphasis added]

[35] 5 USC §556(d): "Except as otherwise provided by statute, the proponent of a rule or order has the burden of proof."

[36] See F & S Contr. Co. v. Jensen, 337 F.2d 160, 161-162, (10th Cir.1963): "[I]t is now settled that when there is an issue as to the sufficiency of jurisdictional amount, the burden of providing jurisdiction is on the party asserting it. Justice of Lauden, Okla. v. Chapman, 257 F.2d 601 (10th Cir.); McNutt v. General Motors Acceptance Corp., 289 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135.

Page 11 of 27

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 51) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, etc."

**counterclaim. [37]" From Counterclaim, Page 3, Line 6, through Page 4, Line 4.**

**23. The first duty of a court is to establish its jurisdiction. The jurisdiction is established by the plaintiff when he claims an injury, [38] selects the forum, serves the defendants, and the defendants make personal appearances.**

**24. "[Jurisdiction] is the authority by which courts [39]...take cognizance of and decide cases." [40] This authority [41] comes from the sovereign people of the United States [42] who do not yield [43] their sovereignty to the agencies which serve them. [44]**

---

[37] *"However late this objection has been made, or may be made in any cause, in an inferior or appellate court of the United States, it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction."* Rhode Island v. Massachussetts, 37 U.S. 657, 718, 9 L.Ed. 1233 (1838)

[38] Counterplaintiffs established jurisdiction when they averred that the acts complained of are contrary to law, and tend to the injury of the plaintiff, and they have not a complete remedy without the assistance of the court. See *Mitford on Equity Pleading*

[39] "Court: The person and suit[e] of the sovereign" Black's Law Dictionary, 4th Ed., 425, 426 (1968). Court: An agency of the sovereign created by it directly or indirectly under its authority, consisting of one or more officers, established and maintained for the purpose of hearing and determining issues of law and fact regarding legal rights and alleged violations thereof, and of applying the sanctions of the law, authorized to exercise its powers in the course of law at times and places previously determined by lawful authority. [Isbill v. Stovall, Tex.Civ.App., 92 S.W.2d 1067, 1070; Black's Law Dictionary, 4th Edition, page 425 (1968)]

[40] Board of Trustees of Firemen's Relief and Pension Fund of City of Marietta v. Brooks, 179 Okl. 600, 67 P.2d 4, 6; Morrow v. Corbin, 122 Tex. 553, 62 S.W. 2d 641; State v. Barnett, 110 Vt. 221, 3 A.2d 521, 526

[41] The very meaning of 'sovereignty' is that the decree of the sovereign makes law. [American Banana Co. v. United Fruit Co., 29 S.Ct. 511, 513, 213 U.S. 347, 53 L.Ed. 826, 19 Ann.Cas. 1047.]

[42] "We the People of the United States, ...do ordain and establish this constitution for the United States of America." Preamble of the Constitution for the United States of America. "The sovereignty of the state resides in the people thereof..." California Government Code, Section 100(a).

[43] The Counterplaintiffs have chosen to exercise their powers directly rather than through their representatives.

Page 12 of 27

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 51) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, etc."

**25. Counterclaimants asserted [45] that they are each a people [46] of the United States, and that their selected forum is a court of record. [47] The Counterdefendants were duly [48] served and**

---

"REPUBLICAN GOVERNMENT: One in which the powers of sovereignty are vested in the people and are exercised by the people, either directly, or through representatives ehosen by the people, to whom those powers are specially delegated." [In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627; Black's Law Dictionary, Fifth Edition, p. 626 (1968).]
"Whereas, the people of California [1849] have presented a eonstitution...and whieh, on due examination, is found to be republican in its form of government...." [Act [of Congress] for the Admission of California Into the Union, Volume 9, Statutes at Large, Page 452.]

[44] "The people of this state do not yield their sovereignty to the ageneies whieh serve them." California Government Code, Seetions 11120 and 54950

[45] " Brett Allen Bossingham and Elisabeth Ann Bossingham, (hereinafter Counterelaimants) are eaeh a people of the United States, and in this eourt of reeord eomplain of..." Counterclaim, page 2, Paragraph 1

[46] "...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the eountry, but they are sovereigns without subjeets...with none to govern but themselves....." [Chisholm v. Georgia (US) 2 Dall 419, 454, 1 L Ed 440, 455 @ DALL (1793) pp 471-472.]

[47] COURT OF RECORD: To be a court of reeord a court must have four eharaeteristics, and may have a fifth. They are:

1. A judieial tribunal having attributes and exercising funetions independently of the person of the magistrate designated generally to hold it. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dietionary, 4th Ed., 425, 426]
2. Proeeeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Mete. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426]
3. Its acts and judieial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis. 96 Ohio St. 205, 117 N.E. 229, 231]
4. Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426]
5. Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dietionary, 4th Ed., 425, 426]

[48] "According to law in both form and substance. Welborn v. Whitney, 190 Okl. 630, 126 P.2d 263, 266; Cromwell v. Slaney, C.C.A.Mass., 65 F.2d 940, 941; Zechiel v. Firemen's Fund Ins. Co., C.C.A.Ind., 61 F.2d 27, 28.

Page 13 of 27

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 51) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, etc."

raised no objection [49]. Counterdefendants personally appeared before the court by attorneys or defaulted.

26. This court concludes that because of the Counterclaimants' status as people, [50] their counterclaim [51] re injury (trespass), the Counterdefendants were properly served, and the Counter-defendants personally appeared in this action or defaulted; this court has jurisdiction over the subject matter and in personam, and may proceed to render the ruling.

27. To summarize: Counterdefendants initiated an action in an inferior court. [52] Counterclaimants, in their capacity as people, [53] challenged [54] Counterdefendants' jurisdiction in a

---

[49] The record does not show any objection to Counterclaimants' stati as people or their choice of forum.

[50] "The people of this state do not yield their sovereignty to the agencies which serve them." California Government Code, Sections 11120 and 54950

[51] The Counterplaintiffs have chosen to exercise their powers directly rather than through their representatives. "REPUBLICAN GOVERNMENT: One in which the powers of sovereignty are vested in the people and are exercised by the people, either directly, or through representatives chosen by the people, to whom those powers are specially delegated." [In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627; Black's Law Dictionary, Fifth Edition, p. 626.]

[52] "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law. Ex parte Kearny, 56 Cal. 212; Smith v. Andrews, 6 Cal. 652; 7 Cal.Jur. 578

[53] "The people of this state do not yield their sovereignty to the agencies which serve them." California Government Code, Sections 11120 and 54950

[54] The Counterclaimants have chosen to exercise their powers directly rather than through their representatives. "REPUBLICAN GOVERNMENT: One in which the powers of sovereignty are vested in the people and are exercised by the people, either directly, or through representatives chosen by the people, to whom those powers are specially delegated." [In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627; Black's Law Dictionary, Fifth Edition, p. 626 (1968).]

Page 14 of 27

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 51) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, etc."

**superior [55] court of record. [56] By virtue of the jurisdictional challenge, all proceedings in the inferior court must stop [57] until jurisdiction is proven in the court of record. By default, Counterdefendants failed to prove any jurisdiction.**

**28. The above-entitled court of record has its genesis in the Counterclaim filed by Counterclaimants. A court of record is**

---

[55] "The only inherent difference ordinarily recognized between superior and inferior courts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the latter, and that a superior court may be shown not to have had power to render a particular judgment by reference to its record. Ex parte Kearny, 55 Cal. 212. Note, however, that in California 'superior court' is the name of a particular court. But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be. Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barrett, 5 Cal. 195" 7 Cal. Jur. 579

[56] COURT OF RECORD: To be a court of record a court must have four characteristics, and may have a fifth. They are:

1. A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
2. Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
3. Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
4. Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
5. Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

[57] "However late this objection has been made, or may be made in any cause, in an inferior or appellate court of the United States, it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Rhode Island v. Massachussetts, 37 U.S. 657, 718, 9 L.Ed. 1233 (1838)

"Jurisdiction is essential to give validity to the determinations of administrative agencies and where jurisdictional requirements are not satisfied, the action of the agency is a nullity..." *Justice Street Improv Co. v. Pearson*, 181 C 640, 185 P.(1962); *O'Neil v. Dept. of Professional & Vocational Standards*, 7 CA2d 393, 46 P2d 234 [Emphasis added]

**neither a civil court nor a criminal court (though it may process either), and the Counterclaim for trespass is neither a civil complaint nor a criminal complaint. A court of record is a common law court, and a counterclaim for trespass is a common law action.**

**29. The U.S. Supreme Court has noted that a court of record [58] is the most authoritative court. [59] There is no authority for any inferior court to review the decisions and processes of a court of record.**

**30. The genius of a court of record is not to be undermined. It is the birthright of every American to settle issues in a**

---

[58] COURT OF RECORD: To be a court of record a court must have four characteristics, and may have a fifth. They are:

1. A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. [Jones v. Jones. 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

2. Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

3. Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

4. Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

5. Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

[59] "The judgment of a court of record whose jurisdiction is final, is as conclusive on all the world as the judgment of this court would be. It is as conclusive on this court as it is on other courts. It puts an end to inquiry concerning the fact, by deciding it.' Ex parte Watkins, 3 Pet., at 202—203. [cited by Schneckloth v. Bustamonte 8212 732, 412 U.S. 218, 254, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)]

Page 16 of 27

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 51) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, etc."

court of record, if he so chooses. That choice was made in this matter, and was so stated in the Paragraph One of the Counterclaim.

31. The magistrate [60] (i.e. the judge) is a person appointed or elected to perform ministerial service in a court of record [61] because all judicial functions in a court of record are reserved to the tribunal, which must be independent of the magistrate.

32. The magistrate of this court appears to be interfering with the independent powers of the tribunal of this court of record by making, under color of law, discretionary judgments which are reserved to and should have been made by the tribunal independently of the person of the magistrate designated generally to hold it. [62]

[60] "MAGISTRATE: Person clothed with power as a public civil officer. State ex rel. Miller v. McLeod, 142 Fla. 254, 194 So. 628, 630

"A public officer belonging to the civil organization of the state, and invested with powers and functions which may be either judicial, legislative, or executive. Martin v. State, 32 Ark. 124; Ex parte White, 15 Nev. 146, 37 Am.Rep. 466; State v. Alien, 83 Fla. 655, 92 So. 155, 156; Merritt v. Merritt, 193 Iowa 899, 188 N.W. 32, 34" Black's Law Dictionary, 4th Edition, Page 1103 (1968)

[61] Official's duty is "ministerial" when it is absolute, certain and imperative, involving merely execution of a specific duty arising from fixed and designated facts. |Long v. Seabrook, 260 S.C. 562, 197 S.E.2d 659, 662; Black's Law Dictionary, Fifth Edition, p 899

[62] One characteristic of a court of record: A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

33. The Counterclaim consists of an Action of Trespass for Damages. The opening sentence decreed the Counterclaimants as each a people of the United States in the court of record. Counterdefendant's defaulted. There is no objection to either Counterclaimant's status as one of the people of the United States. Nowhere in the record is there any objection from magistrate or Counterdefendants regarding this court being a court of record. Further, all parties were properly apprised of Counterclaimants' status and the nature of the court in the Counterclaim.

34. It is the design of our systems of jurisprudence that courts have no jurisdiction until a party comes forth and declares a cause needing resolution. The particular jurisdiction depends upon how the cause is declared by a plaintiff or counterclaimant. Jurisdiction may be administrative, at law, in equity, or in any of many other formats. In this case the jurisdiction is at law in a court of record under the sovereign authority of one of the people.

35. It is essential to understand what are a sovereign, a magistrate, a court, and a court of record.

36. A court is "The person and suit of the sovereign; the place where the sovereign sojourns with his regal retinue, wherever that may be." [63]

37. Who is the sovereign? It is the people either in plural [64] or in singular capacity. [65] In singular capacity, in this case, it is a counterclaimant, one of the people as contemplated in the Preamble of the 1789 Constitution for the United States of America.

38. The United States of America has no general sovereignty. [66] It is a clipped sovereignty. Whatever sovereignty it has is limited to its constitutionally defined sphere of control. [67] The general sovereignty is reserved to the people without

---

[63] Black's Law Dictionary, Fifth Edition, Page 318 (1979)

[64] PEOPLE, n. [L. populus.] The body of persons who compose a community, town, city or nation. We say, the people of a town; the people of London or Paris; the English people. In this sense, the word is not used in the plural, but it comprehends all classes of inhabitants, considered as a collective body,... Webster's 1828 Dictionary

[65] PEOPLE...considered as....any portion of the inhahitants of a city or country. Ibid.

[66] "the people of the several States are absolutely and unconditionally sovereign within their respeetive territories" The Ohio Life Insurance and Trust Company v. Henry Debolt, Treasurer of Hamilton County, 57 U.S. 416, 16 How. 416, 14 L.Ed. 997 (1853)
In the United States, sovereignty resides in the people who act through the organs established by the Constitution. Chisholm v. Georgia, 2 Dall. 419, 471, 1 L.Ed. 440; Penhallow v. Doane's Administrators, 3 Dall. 54, 93, 1 L.Ed. 507; McCulloch v. Maryland, 4 Wheat. 316, 404, 405, 4 L.Ed. 579; Yick Wo v. Hopkins, 118 U.S. 356, 370, 6 S.Ct. 1064, 30 L.Ed. 220.
The Congress as the instrumentality of sovereignty is endowed with certain powers to he exerted on behalf of the people in the manner and with the effeet the Constitution ordains. The Congress cannot invoke the sovereign power of the people to override their will as thus declared. Perry v. United States, 294 U.S. 330, 353 (1935).

[67] "Before a court may exercise judicial power to hear and determine a criminal prosecution, that court must possess three types of jursdiction: jurisdiction over the defendant, jurisdiction over the alleged crime, and territorial jurisdietion." Const. Art. 1 sec. 9, State v. Legg, 9 S.W.3d 111 (1999)

Page 19 of 27

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 51) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, etc."

**diminishment. [68] Lest that be forgotten, the California Government Code twice admonishes the public servants that, "The people of this state do not yield their sovereignty to the agencies which serve them." [69]**

**39. It is by the prerogative of the sovereign [70] whether and how a court is authorized to proceed. In this case, the chosen form of the court is that of a court of record.**

**40. A qualifying feature of a court of record is that the tribunal is independent of the magistrate appointed to conduct the proceedings. [71]**

**41. The magistrate is a person appointed or elected to perform ministerial service in a court of record. [72] His service is**

---

[68] "...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves" CHISHOLM v. GEORGIA (US) 2 Dall 419, 454, 1 L Ed 440, 455 @DALL 1793 pp471-472

"Constitutional provisions for the security of person and property are to be liberally construed, and "it is the duty of courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon."" Byars v. United States, 273 U.S. 28 (1927) verified

[69] California Government Code, Sections 11120 and 54950

[70] "...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves..... [CHISHOLM v. GEORGIA (US) 2 Dall 419, 454, 1 L Ed 440, 455 @DALL (1793) pp471-472.]

The people of this State, as the successors of its former sovereign, are entitled to all the rights which formerly belonged to the King by his prerogative. [Lansing v. Smith, 4 Wend. 9 (N.Y.) (1829), 21 Am.Dec. 89 10C Const. Law Sec. 298; 18 C Em.Dom. Sec. 3, 228; 37 C Nav.Wat. Sec. 219; Nuls Sec. 167; 48 C Wharves Sec. 3, 7.]

[71] Court of Record: A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

[72] Long v. Seabrook, 260 S.C. 562, 197 S.E.2d 659, 662; Black's Law Dictionary, Fifth Edition, p 899

ministerial because all judicial functions in a court of record are reserved to the tribunal and, by definition of a court of record, that tribunal must be independent of the magistrate. The non-judicial functions are "ministerial" because they are absolute, certain and imperative, involving merely execution of specific duties arising from fixed and designated facts.

42. If a person who is appointed or elected to perform a ministerial service disobeys any lawful judgment, order or process of the court, or engages in any other unlawful interference with the process or proceedings of a court, he would be in contempt of the authority of the court.

43. The magistrate has a duty to the counterclaimant to minister the opportunity to argue the proposition put forth to the court. To summarily ignore an objection that has been presented to the court constitutes a direct challenge to the court's authority, especially when the magistrate's judicial jurisdiction is estopped and he tacitly declines a fair opportunity to show cause why he should not be subject to estoppel.

44. All of the duly served Counterdefendants have defaulted. [73]

---

[73] Default. "In Practice. Omission; neglect or failure of any party to take step required of him in progress of cause. Indiana State Board of Medical Registration and Examination v. Pickard, 93 Ind.App. 171, 177 N.E. 870, 872. When a defendant in an action at law omits to plead within the time allowed him for that purpose, or fails to appear

Page 21 of 27

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 51) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, etc."

No facts are in controversy. All that remains is to refer the law arising thereon to the court. The Counterclaim brings the following question of law: Do the Counterdefendant actors have jurisdiction? The facts presented to the court show that none of the Counterdefendants was injured; there is no corpus delicti. The criminal court is an inferior court, [74] even though they otherwise may have been courts of general jurisdiction. [75] Further, when jurisdiction was challenged, [76] Counterdefendants ignored the challenge and continued their attempt to assume [77] jurisdiction without proof.

45. This court concludes that because of the Counterclaimants' status as people, [78] their counterclaim [79] re injury (trespass),

---

on the trial, he is said to make default, McCabe v. Tom, 35 Ohio App. 73, 171 N.E. 868, 869, and the judgment entered in the former case is technically Called a 'judgment by default.' 3 Bl.Comm. 396; 1 Tidd, Pr. 562. A 'default' in an action at law is somewhat similar to the entry of a decree in equity that the bill be taken for confessed, neither being a final disposition. Felton v. Felton, 128 Conn. 564, 196 A. 791, 792." Black's Law Dictionary, Revised Fourth Edition, Page 505 (1968)

[74] "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law." Ex Parte Kearny, 55 Cal. 212; Smith v. Andrews, 6 Cal. 652

[75] "The only inherent difference ordinarily recognized between superior and inferior courts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the latter, and that a superior court may be shown not to have had power to render a particular judgment by reference to its record. Ex parte Kearny, 55 Cal. 212. Note, however, that in California 'superior court' is the name of a particular court. But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be. Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barrett, 5 Cal. 195" 7 Cal. Jur. 579

[76] Counterclaim, Page 3, Line 6 through Page 4, Line 4:

[77] "No officer can acquire jurisdiction by deciding he has it. The officer, whether judicial or ministerial, decides at his own peril." Middleton v. Low (1866), 30 C. 596, citing Prosser v. Secor (1849), 5 Barb.(N.Y) 607, 608.

[78] "The people of this state do not yield their sovereignty to the agencies which serve them." California Government Code, Sections 11120 and 54950

Page 22 of 27

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 51) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, etc."

**the proper service of Counterdefendants, and the Counter-defendants' default; this court has jurisdiction over the subject matter and in personam, and may proceed to render judgment.**

**46. To summarize: Counterdefendants initiated an action in an inferior court.** [80] **Counterclaimants, in their capacity as people,** [81] **challenged** [82] **Counterdefendants' jurisdiction in a superior** [83] **court of record.** [84] **By virtue of the jurisdictional**

---

[79] The Counterplaintiffs have chosen to exercise their powers directly rather than through their representatives. "REPUBLICAN GOVERNMENT: One in which the powers of sovereignty are vested in the people and are exercised by the people, either directly, or through representatives chosen by the people, to whom those powers are specially delegated." [In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627; Black's Law Dictionary, Fifth Edition, p. 626.]

[80] "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law. Ex parte Kearny, 56 Cal. 212; Smith v. Andrews, 6 Cal. 652; 7 Cal.Jur. 578

[81] "The people of this state do not yield their sovereignty to the agencies which serve them." California Government Code, Sections 11120 and 54950

[82] The Counterclaimants have chosen to exercise their powers directly rather than through their representatives. "REPUBLICAN GOVERNMENT: One in which the powers of sovereignty are vested in the people and are exercised by the people, either directly, or through representatives chosen by the people, to whom those powers are specially delegated." [In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627; Black's Law Dictionary, Fifth Edition, p. 626 (1968).]

[83] "The only inherent difference ordinarily recognized between superior and inferior courts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the latter, and that a superior court may be shown not to have had power to render a particular judgment by reference to its record. Ex parte Kearny, 55 Cal. 212. Note, however, that in California 'superior court' is the name of a particular court. But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be. Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barrett, 5 Cal. 195" 7 Cal. Jur. 579

[84] COURT OF RECORD: To be a court of record a court must have four characteristics, and may have a fifth. They are:

1. A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte

Page 23 of 27

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 51) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, etc."

challenge, all proceedings in the inferior court must stop [85] until jurisdiction is proven in the court of record. By default, Counterdefendants failed to prove any jurisdiction.

## IV. WRIT OF ERROR [86]

47. There are two purposes proper for a writ of error: "WRIT OF ERROR CORAM NOBIS....At common law in England, it issued from the Court of King's Bench to a judgment of that court. Its principal aim is to afford the court in which an action was tried an opportunity to correct its own record with reference to

Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also. Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

2. Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

3. Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)] --continued--

4. Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

5. Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

[85] "However late this objection has been made, or may be made in any cause, in an inferior or appellate court of the United States, it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Rhode Island v. Massachussetts, 37 U.S. 657, 718, 9 L.Ed. 1233 (1838)

"Jurisdiction is essential to give validity to the determinations of administrative agencies and where jurisdictional requirements are not satisfied, the action of the agency is a nullity..." *Justice Street Improv Co. v. Pearson*, 181 C 640, 185 P.(1962); *O'Neil v. Dept. of Professional & Vocational Standards*, 7 CA2d 393, 46 P2d 234 [Emphasis added]

[86] "Writ of Error Coram Nobis. ...It is also said that at common law it [a writ of error] lay to correct purely ministerial errors of the officers of the court. Cramer v. Illinois Commercial Men's Ass'n, 260 Ill. 516, 103 N.E. 459, 461" Black's Law Dictionary, Revised Fourth Edition, Page 1786 (1968)

Page 24 of 27

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 51) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, etc."

a vital fact not known when the judgment was rendered. Lamb v. State, 91 Fla. 396, 107 So. 535, 537, 538; Rhodes v. State, 199 Ind. 183, 156 N.E. 389, 392. It is also said that at common law it lay to correct purely ministerial errors of the officers of the court. Cramer v. Illinois Commercial Men's Ass'n, 260 Ill. 516, 103 N.E. 459, 461" Black's Law Dictionary, Revised Fourth Edition, Page 1786 (1968). [Emphasis added.]

48. The judge of the court of record is the highest officer of the court, but he is not the court. [87] Because the counter-claiming court is a court of record, the tribunal must be independent of the magistrate. In other words, in a court of record the magistrate may not perform any tribunal functions. [88] To do so would constitute error on the part of the judge.

---

[87] COURT: "The person and suite of the sovereign." Black's Law Dictionary, Revised Fourth Edition, Page 425 (1968)

[88] COURT OF RECORD: To be a court of record a court must have four characteristics, and may have a fifth. They are:

1. A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
2. Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
3. Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
4. Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]
5. Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426 (1968)]

**49.** It is a ministerial error when the clerk of the court files any decision originated by a judge of a court of record. It is well within the prerogative of the tribunal of a court of record to invoke a writ of error coram nobis [89] to correct such a ministerial error. [90]

**50.** In the present matter, the judge, apparently on his own initiative, [91] issued an order (Doc. 51). Whether or not the order was a correct one, it violates the court of record's internal separation of powers structure. The writ of error is the proper device to assure the integrity of the court's procedures. [92]

---

[89] "Writ of Error Coram Nobis. ...It is also said that at common law it [a writ of error] lay to eorrect purely ministerial errors of the officers of the court. Cramer v. Illinois Commercial Men's Ass'n, 260 Ill. 516, 103 N.E. 459, 461" Black's Law Dictionary, Revised Fourth Edition, Page 1786 (1968)

[90] "However late this objection has been made, or may be made in any eause, in an inferior or appellate court of the United States, it must be considered and decided, before any court ean move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Rhode Island v. Massachussetts, 37 U.S. 657, 718, 9 L.Ed. 1233 (1838)

"Jurisdiction is essential to give validity to the determinations of administrative agencies and where jurisdietional requirements are not satisfied, the action of the agency is a nullity..." *Justice Street Improv Co. v. Pearson*, 181 C 640, 185 P.(1962); *O'Neil v. Dept. of Professional & Vocational Standards*, 7 CA2d 393, 46 P2d 234 [Emphasis added]

[91] "He who decides a case without hearing the other side...though he decides justly, eannot be considered just." -- Seneca the Younger, e. 1 BC – 65 AD

[92] "Writ of Error Coram Nobis. ...It is also said that at eommon law it [a writ of error] lay to correct purely ministerial errors of the offieers of the eourt. Cramer v. Illinois Commercial Men's Ass'n, 260 Ill. 516, 103 N.E. 459, 461" Black's Law Dictionary, Revised Fourth Edition, Page 1786 (1968)

Page 26 of 27

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 51) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, etc."

51. It is the wish of the court that the officers respect the integrity and structure of a court of record. [93]

## V. ORDER

52. FOR THE REASONS STATED:

53. "MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT', etc." (Doc. 51) is rescinded, nunc pro tunc; and Documents 40, 41, 42, 46, and 47 are reinstated, nunc pro tunc.

54. Further, the judge and counter-defendants are each invited to file and serve on all other interested parties a brief no later than January 17, 2011, to show cause to this court why this order should not take effect or should be modified. Unless requested, there will be no oral argument.

Dated: January 7, 2011

IT IS SO ORDERED.

Brett Allen Bossingham
Private Attorney

Elisabeth Ann Bossingham
Private Attorney

---

[93] "The judgment of a court of record whose jurisdiction is final, is as conclusive on all the world as the judgment of this court would be. It is as conclusive on this court as it is on other courts. It puts an end to inquiry concerning the fact, by deciding it.' Ex parte Watkins, 3 Pet., at 202—203. [cited by Schneckloth v. Bustamonte 8212 732, 412 U.S. 218, 254, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)]

Page 27 of 27

WRIT OF ERROR QUAE CORAM NOBIS RESIDANT
IN RE (Doc 51) "ORDER DENYING DEFENDANTS' 'WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, etc."