1. Bossingham Brett,
   Bossingham Elisabeth
2. 1827 S. Court. Suite F,
   Visalia, California
3.
   Counterclaimants
4.

FILED

JAN 1 0 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
      DEPUTY CLERK

5.

6.

7.                           •

8.              DISTRICT COURT OF THE UNITED STATES

9.                 EASTERN DISTRICT OF CALIFORNIA

10.

11. UNITED STATES OF AMERICA,      ) CASE NO. 1:10-CR-00150-OWW
                                   )
12.         Plaintiff,             ) NOTICE TO INFERIOR COURT
            v.                     ) RE LACK OF JURISDICTION
13.                                )
    BRETT ALLEN BOSSINGHAM, and    )
14. ELISABETH ANN BOSSINGHAM,      )
                                   )
15.         Defendants,            )
                                   )
16. ------------------------- )
                                   )
17. Brett Allen Bossingham, and    )
    Elisabeth Ann Bossingham,      )
18.                                )
         Counterclaimants,         )
19.                                )
                 v.                )
20.                                )
    UNITED STATES OF AMERICA;      )
21. COMPLAINER DOE;                )
    KULBIR MAND; and               )
22. MIKE COLEMAN;                  )
                                   )
23.      Counterdefendants.        )
                                   )
24. _____ )

25. 1.   TO *UNITED STATES DISTRICT COURT, EASTERN DIVISION, UNITED*

26. *STATES OF AMERICA V. BRETT ALLEN BOSSINGHAM, AND ELISABETH ANN*

27. *BOSSINGHAM, CASE NO. 1:10-CR-00150-OWW;* to Counterdefendants;

------------------------------------------------------------------
            NOTICE TO INFERIOR COURT RE LACK OF JURISDICTION

1.  and to all other interested parties, please take notice of the

2.  following:

3.

4.  2.  Counterclaimants retain, preserve, and reserve all rights,

5.  and waive none.  This notice is issued without prejudice, under

6.  duress, in response to the inferior Court's firm language, which

7.  is inferred by the Counterclaimants as a threat.  A portion of

8.  that language quoted in the initial report is cited here:

9.

10.       "I caution you that you are entering upon ground that
          may result in exceedingly adverse consequences to
11.       you."[1]

12.

13. 3.  Because of the insecurity regarding the outcome of the

14. proceedings, Counterclaimants agree with the advice of the

15. inferior court that competent counsel is tantamount to being a

16. mandatory requirement for effective defense:

17.

18.       "But the concern of each magistrate judge that you
          have appeared before, and now you're before a district
19.       judge, is that you have the informed assistance of an
          attorney licensed to practice law who's competent in
20.       federal criminal law and procedure so that your rights
          will be fully protected." [2]

21.

22. 4.  In the diligent search for representation, Counterclaimants

23. were apprised by prospective counsel of the need for

24. representation that is skilled in several basic areas of law

25. such as Constitutional, Tax, Criminal, and Common law.  They

26.

27. [1] Transcript, December 20, 2010, Page 7, Lines 8 through 10
    [2] Transcript, December 20, 2010, Page 11, Lines 16-20

-------------------------------------------------------------------
NOTICE TO INFERIOR COURT RE LACK OF JURISDICTION

1. say, anything less could not result in successful defense; that
2. the first and most important area of concern is jurisdiction.
3.
4. 5.   In Cohens v. Virginia, 19 U.S. 264, 404,[3] the Supreme Court
5. of the United States said, "It is most true that this Court will
6. not take jurisdiction if it should not: but it is equally true,
7. that it must take jurisdiction if it should. The judiciary
8. cannot, as the legislature may, avoid a measure because it
9. approaches the confines of the constitution. We cannot pass it
10. by because it is doubtful. With whatever doubts, with whatever
11. difficulties, a case may be attended, we must decide it, if it
12. be brought before us. We have no more right to decline the
13. exercise of jurisdiction which is given, than to usurp that
14. which is not given. The one or the other would be treason to the
15. constitution."   Cohens v. Virginia, 19 U.S. 264, 404, 5 L.Ed.
16. 257, 6 Wheat. 264 (1821)
17.
18. 6.   In Melo v. U.S., 505 F2d 1026, 1030, the Court said, "When
19. it clearly appears that the court lacks jurisdiction, the court
20. has no authority to reach the merits. In such a situation the
21. action should be dismissed for want of jurisdiction."
22.
23. 7.   In Rosemound Sand & Gravel Co. v. Lambert Sand & Gravel Co.,
24. 469 F.2d 416, 418 (5th. Cir., 1972), the Court said, "Generally,
25. a plaintiff's allegations of jurisdiction are sufficient, but
26.
27. [3] Cohens v. Virginia, 19 U.S. 264, 5 L.Ed. 257, 6 Wheat. 264 (1821)

--------------------------------------------------------------------------------------------
NOTICE TO INFERIOR COURT RE LACK OF JURISDICTION

1. when they are questioned, as in this case, the burden is on the
2. plaintiff to prove jurisdiction."
3.
4. 8.   In Town of Lantana, Fla. v. Hopper, 102 F.2d 118, 119 (4th
5. Cir., 1939) , "Federal Courts are of limited jurisdiction, fixed
6. by statute, and the presumption is against jurisdiction
7. throughout the case. Grace v. American Central Ins. Co., 109
8. U.S. 278, 3 S.Ct. 207, 27 L.Ed. 932; Lehigh Mining &
9. Manufacturing Co. v. Kelly, 160 U.S. 327, 16 S.Ct. 307, 40 L.Ed.
10. 444. Roberts v. Lewis, 144 U.S. 653, 12 S.Ct. 781, 36 L.Ed. 579,
11. … The above cited decisions and authorities cited therein
12. conclusively establish the rule that if the issue is presented
13. in any way the burden of proving jurisdiction rests upon him who
14. invokes it. Since plaintiff failed to sustain the burden of
15. proving jurisdiction, there was nothing for the District Court
16. to do but dismiss the cause."[4]
17.
18. 9.   In this instance, the jurisdictional question was presented
19. to the highest court of the land, namely, the court of record.
20.
21. 10.   In Ex parte Watkins, which was cited in 1973 by Schneckloth
22. v. Bustamonte, 412 U.S. 218, 254, the Supreme Court acknowledged
23. the supremacy of a court of record when it said, "The judgment
24. of a court of record whose jurisdiction is final, is as
25. conclusive on all the world as the judgment of this court would
26. be. It is as conclusive on this court as it is on other courts.
27.

---

[4] Town of Lantana, Fla. v. Hopper, 102 F.2d 118, 119 (4th Cir., 1939)

---------------------------------------------------------------------

NOTICE TO INFERIOR COURT RE LACK OF JURISDICTION

1.  It puts an end to inequiry [sic] concerning the fact, by

2.  deciding it." [5]

3.

4.  11.  In Juilliard v. Greenman, 110 U.S. 421 46 , The Court said,

5.  "The power to commit violence, perpetrate injustice, take

6.  private property by force without compensation to the owner, and

7.  compel the receipt of promises to pay in place of money, may be

8.  exercised, as it often has been, by irresponsible authority, but

9.  it cannot be considered as belonging to a government founded

10. upon law. But be that as it may, there is no such thing as a

11. power of inherent sovereignty in the government of the United

12. States. It is a government of delegated powers, supreme within

13. its prescribed sphere, but powerless outside of it. In this

14. country, sovereignty resides in the people, and congress can

15. exercise no power which they have not, by their constitution,

16. intrusted to it; all else is withheld."[6]

17.

18. 12.  "... If a sovereign state goes into court seeking its

19. assistance, it is in accord with the best principles of modern

20. law that it should be obliged to submit to the jurisdiction in

21. respect to a set-off or counterclaim properly assertable as a

22. defense in a similar suit between private litigants. The Gloria,

23. [5] Ex parte Watkins, 3 Pet., at 202-203. [cited by SCHNECKLOTH v. BUSTAMONTE, 412 U.S. 218, 255 (1973)]

24.

25. [6] Juilliard v. Greenman, 110 U.S. 421 467, 4 S.Ct. 122, 28 L.Ed. 204 (1884)

26.

27.

NOTICE TO INFERIOR COURT RE LACK OF JURISDICTION

1.  286 F. 188 (D.C.S.D.N.Y.). French Republic v. Inland Nav. Co.,
2.  263 F. 410, 411 (D.C.E.D.Mo.).
3.
4.  13.  Where a sovereign voluntarily litigates, he must play the
5.  role of a litigant like any other suitor and abide by the
6.  consequences. Richardson v. Fajardo Sugar Co., 241 U.S. 44, 36
7.  S.Ct. 476, 60 L.Ed. 879; People of Porto Rico v. Ramos, 232 U.S.
8.  627, 34 S.Ct. 461, 58 L.Ed. 763; Clark v. Barnard, 108 U.S. 436,
9.  447, 448, 2 S.Ct. 878, 27 L.Ed. 780.
10.
11.  14.  It is now established that, where a sovereign comes into
12.  court, he is unarmed with immunity as against the rights of a
13.  defendant who has a proper set-off to his claim. These
14.  considerations are effective in suit by governments functioning
15.  with normal powers and privileges. United States v. National
16.  City Bank of New York, 83 F.2d 236 (4th Cir., 1936).
17.
18.  15.  On November 12, 2010, in good faith, Counterclaimants filed
19.  a Counterclaim which addressed the jurisdiction issue.  The
20.  Counterclaim was duly served, and noticed on all interested
21.  parties, as well as the above-entitled inferior United States of
22.  America court.
23.
24.  16.  "However late this objection has been made, or may be made
25.  in any cause, in an inferior or appellate court of the United
26.  States, it must be considered and decided, before any court can
27.  move one further step in the cause; as any movement is

Page 6 of 10

1.  necessarily the exercise of jurisdiction." The State of Rhode
2.  Island and Providence Plantations, Complainants v. the
3.  Commonwealth of Massachusetts, Defendant, 37 U.S. 657, 718, 12
4.  Pet. 657, 9 L.Ed. 1233 (1838)[7]
5.
6.  17.  Until the jurisdiction issue is settled in the
7.  counterclaiming court of record, the inferior court has no
8.  authority to proceed "one further step in the cause; as any
9.  movement is necessarily the exercise of jurisdiction." (supra)
10.
11. 18.  "Although it is regrettable that the Government did not
12. raise the FECA [Federal Employees Compensation Act] issue more
13. promptly, once that issue was raised, the district court had no
14. discretion to proceed to a final adjudication of the cause of
15. action without first requiring the plaintiff to complete the
16. processing of his administrative claim under the FECA. Where
17. there is no jurisdiction over the subject matter, there is, as
18. well, no discretion to ignore that lack of jurisdiction. See
19. F.R.Civ.P. 12(h) (3), supra note 1."  Joyce v. United States,
20. 474 F.2d 215, 219 (3rd Cir., 1973)
21.
22. 19.  At no time did the Counterdefendants complete any
23. administrative process.
24.
25.
26. _____
    [7] The State of Rhode Island and Providence Plantations, Complainants v. the Commonwealth of Massachusetts,
27. Defendant, 37 U.S. 657, 12 Pet. 657, 9 L.Ed. 1233 (1838)

-------------------------------------------------------------------------------------------------
NOTICE TO INFERIOR COURT RE LACK OF JURISDICTION

1.   20. "When it clearly appears that the court lacks jurisdiction,
2. the court has no authority to reach the merits. In such a
3. situation the action should be dismissed for want of
4. jurisdiction." *Melo* v. *US*, 505 F2d 1026, 1030
5.
6.   21. All counterdefendant parties defaulted; none responded in
7. any way to the Counterclaim. It was clear to the
8. counterclaiming court that there were no jurisdiction facts
9. presented that were related to the jurisdiction asserted. Thus,
10. Counterdefendants' jurisdiction was irretrievably established as
11. non-existent.
12.
13.   22. In Cohens v. Virginia, 19 U.S. 264, 404, the Court said,
14. "We have no more right to decline the exercise of jurisdiction
15. which is given, than to usurp that which is not given. The one
16. or the other would be treason to the constitution."[8]
17.   23. In Joyce v. US, 474 F2d 215, the court said, " Where there
18. is no jurisdiction over the subject matter, there is, as well,
19. no discretion to ignore that lack of jurisdiction."
20.
21.   24. Aside from the default, there are other worthy points.
22.
23.   25. At every stage the attempt to consider jurisdiction was
24. thwarted. When papers such as notices and writs regarding
25. jurisdiction were filed, they would be mislabeled as motions.
26.
27. <hr>

[8] Cohens v. Virginia, 19 U.S. 264, 404, 5 L.Ed. 257, 6 Wheat. 264 (1821)

Page 8 of 10

---
NOTICE TO INFERIOR COURT RE LACK OF JURISDICTION

1. Then counter-arguments would address everything except
2. jurisdiction.
3.
4. 26.   When in good faith the Counterclaimants attempted to
5. communicate with the opposition, the opposition not only failed
6. to respond, they petitioned the inferior court to prohibit all
7. communications by the Counterclaimants, and requested that the
8. court generally restrict the rights of the Counterclaimants.
9.
10. 27.   The failure to proceed in accordance with Supreme Court
11. dictates, now begs the following questions:   Is our country any
12. more a nation of common laws?  Or is it a nation of men's laws?
13. Is it still a republic where the individual people are
14. sovereign, or has it morphed into a democracy where the
15. sovereignty is only in the group and exercised by government
16. representatives?  Has slavery been reinstated and compelled
17. allegiance enacted?
18.
19. 28.   Counterclaimants would like to believe that it still is a
20. republic.   If it is, then the inferior court has no jurisdiction
21. in this matter.   In Cohens v. Virginia, 19 U.S. 264, 404, 5
22. L.Ed. 257, 6 Wheat. 264 (1821) , the Court said, "We have no
23. more right to decline the exercise of jurisdiction which is
24. given, than to usurp that which is not given. The one or the
25. other would be treason to the constitution."
26.
27.

-----------------------------------------------------------------------------------------------

NOTICE TO INFERIOR COURT RE LACK OF JURISDICTION

1.  29.   In accordance with Supreme Court precedence, the inferior
2.  court should not usurp the jurisdiction.   It should respect the
3.  counterclaim, and on its own initiative immediately dismiss or
4.  cease its case for want of jurisdiction.
5.
6.        Respectfully and duly presented without dishonor,
7.
8.  January 10, 2011
9.
10.
11. Brett Allen Bossingham              Elisabeth Ann Bossingham
    Counterclaimant                     Counterclaimant
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.

NOTICE TO INFERIOR COURT RE LACK OF JURISDICTION