UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. OLIVER W. WANGER

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:10-cr-150  OWW |
| Plaintiff, ) | |
| ) | 5th APPEARANCE FOR |
| vs. ) | ARRAIGNMENT |
| ) | |
| BRETT ALLEN BOSSINGHAM and ) | |
| ELISABETH ANN BOSSINGHAM, ) | |
| ) | |
| Defendants. ) | |

Fresno, California      Monday, January 10, 2011

REPORTER'S TRANSCRIPT OF PROCEEDINGS

REPORTED BY:  PEGGY J. CRAWFORD, RDR, CRR, Official Reporter

APPEARANCES OF COUNSEL:

For the Government:     **MARK CULLERS**
                        **HENRY Z. CARBAJAL III**
                        Assistant U.S. Attorneys
                        2500 Tulare Street, Rm. 4401
                        Fresno, California  93721

For the Defendants:     **BRETT BOSSINGHAM**
                        **ELISABETH BOSSINGHAM**
                        (Pro Se)
                        1827 S. Court Street, Ste. F
                        Visalia, California 93277

Also Appearing:         **FRANCINE ZEPEDA**
                        Assistant Federal Defender
                        2300 Tulare Street
                        Fresno, California  93721

```
 1   Monday, January 10, 2011                    Fresno, California
 2            THE CLERK:  The Court calls item 19, 10-Criminal-150,
 3   United States versus Brett Allen Bossingham and Elizabeth Ann
 4   Bossingham, Fifth appearance for arraignment.
 5            MR. CARBAJAL:  Good afternoon, your Honor.  Henry
 6   Carbajal and Mark Cullers on behalf of the United States.
 7            MR. BOSSINGHAM:  Good afternoon, your Honor.  I'm
 8   Brett Bossingham, and this is my wife, Elisabeth Bossingham.
 9   We are here under stress and duress.  Counterclaimants retain,
10   preserve, and reserve all rights and waive none.
11            I would like to address the Court, if I have the
12   Court's permission.
13            THE COURT:  Yes, you may.
14            MR. BOSSINGHAM:  This notice is issued without
15   prejudice, under duress, in response to the inferior Court's
16   firm language, which is inferred by the Counterclaimants as a
17   threat.  A portion of that language quoted in the initial
18   report is cited here:
19            "I caution you that you are entering upon ground that
20                may result in exceedingly adverse consequences to
21                you."
22            Because of the insecurity regarding the outcome of
23   the proceedings, Counterclaimants agree with the advice of the
24   inferior Court that competent counsel is tantamount to being a
25   mandatory requirement for effective defense.
```

1   In the diligent search for representation,
2 Counterclaimants were apprised by prospective counsel of the
3 need for representation that is skilled in several basic areas
4 of law, such as Constitutional, Tax, Criminal, and Common law.
5 Anything less -- excuse me.  Anything less could not result in
6 successful defense; that the first and most important area of
7 concern is jurisdiction.
8   In *Cohens versus Virginia*, 19 U.S. 264, 404, the
9 Supreme Court of the United States said:
10       "It is most true that this Court will not take
11        jurisdiction if it should not; but it is equally true
12        that it must take jurisdiction if it should.  The
13        Judiciary cannot, as the Legislative may, avoid a
14        measure because it approaches the confines of the
15        Constitution.  We cannot pass it by because it is
16        doubtful.  With whatever doubts, with whatever
17        difficulties a case may be attended, we must decide
18        it, if it be brought before us.  We have no more
19        right to decline the exercise of jurisdiction which
20        is given, than to usurp that which is not given.  The
21        one or the other would be treason to the
22        Constitution."
23       In *Melo versus U.S.*, 505 F.2d 1026, 1030, the Court
24 said:
25       "When it clearly appears that the Court lacks

1  jurisdiction, the Court has no authority to reach the
2  merits.  In such a situation, the action should be
3  dismissed for want of jurisdiction."
4  In *Rosemound Sand & Gravel Company versus Lambert*
5  *Sand & Gravel Company*, 469 F.2d 416, 418, Fifth Circuit, 1972,
6  the Court said:
7  "Generally, a plaintiff's allegations of jurisdiction
8  are sufficient, but when they are questioned, as in
9  this case, the burden is on the plaintiff to prove
10 jurisdiction."
11 In *Town of Lantana, Florida versus Hopper*, 102 F.2d
12 118, 119, Fourth Circuit, 1939:
13 "Federal courts are of limited jurisdiction, fixed by
14 statute, and the presumption is against jurisdiction
15 throughout the case.  *Grace versus American Central*
16 *Insurance Company*, 109 U.S. 278, 3 S.Ct. 207,
17 27 L.Ed. 932; *Lehigh Mining & Manufacturing Company*
18 *versus Kelly*, 160 U.S. 327, 16 S.Ct. 307,
19 40 L.Ed. 444; *Roberts versus Lewis*, 144 U.S. 653,
20 12 S.Ct. 781, 36 L.Ed. 579...The above cited
21 decisions and authorities cited therein conclusively
22 establish the rule that if the issue is presented in
23 any way, the burden of proving jurisdiction rests
24 upon him who invokes it.  Since plaintiff failed to
25 sustain the burden of proving jurisdiction, there was

1           nothing for the District Court to do but dismiss the
2           cause," end of quote.
3           In this instance, the jurisdictional question was
4  presented to the highest court of the land, namely, the court
5  of record.  In *Ex Parte Watkins*, which was cited in 1973 by --
6  I'm going to spell the name here -- *S-c-h-n-e-c-k-l-o-t-h
7  versus Bustamonte*, 412 U.S. 218, 254, the Supreme Court
8  acknowledged the supremacy of a court of record when it says:
9           "The judgment of a court of record whose jurisdiction
10           is final is as conclusive on all the world as the
11           judgment of this court would be.  It is as conclusive
12           on this court as it is on other courts.  It puts an
13           end to the enquiry [sic] concerning the fact, by
14           deciding it."
15           In *Juilliard versus Greenman*, 110 U.S. 421, 46, the
16  Court said:
17           "The power to commit violence, perpetrate injustice,
18           take private property by force without compensation
19           to the owner, and compel the receipt of promises to
20           pay in place of money, may be exercised, as it often
21           has been, by irresponsible authority, but it cannot
22           be considered as belonging to a government founded
23           upon law.  But be that as it may, there is no such
24           thing as a power of inherent sovereignty in the
25           government of the United States.  It is a government

1           of delegated powers, supreme within its prescribed
2           sphere, but powerless outside of it.  In this
3           country, sovereignty resides in the people, and
4           Congress can exercise no power which they have not,
5           by their Constitution, entrusted to it; all else is
6           withheld."
7       "... If a sovereign state goes into court seeking its
8           assistance, it is in accord with the best principles
9           of modern law that it should be obliged to submit to
10          the jurisdiction in respect to a setoff or
11          counterclaim properly assertible as a defense in a
12          similar suit between private litigants."
13          MR. CULLERS:  Your Honor, I believe this is a brief
14   that's already been filed.  I don't know why it is being read
15   into the record at this point.
16          THE COURT:  I will say, Mr. Bossingham, that as of
17   this time, you have filed a number of briefs.  The latest,
18   apparently, was filed on January the 7th.  There are the
19   following:  A Writ of Error that is analogous to what has
20   previously been filed, and a Notice to the Court Re Progress
21   of the Search For Competent Counsel.
22          Once your brief is filed, it becomes a matter of
23   record.  It is unnecessary to read it to the Court orally in
24   open court and, in fact, for those who are schooled in the
25   law, that is something that is actually frowned upon because

1  courts have limited time, and it takes a great deal of time to
2  read printed matter into the record.
3       And so because you have filed your objections, you
4  have filed your documents that raise the issues of
5  jurisdiction and related concepts, those are before the Court.
6  Your papers have been ruled on -- not the latest one.
7       And you used the word "threat" in your interpretation
8  of the Court's comments.  And I want you to have the
9  understanding that the Court has an obligation under the
10 Constitution and has a further obligation under the Federal
11 Rules of Criminal Procedure to advise any person before the
12 Court of what the potential hazards and risks are of
13 representing yourself.
14      And it is first necessary that you understand those
15 risks and, two, it would be a dereliction to fail to advise
16 you, as the Court has.  The language that is used is the
17 language of the law.
18      And if you find it threatening, then that's a
19 subjective interpretation that you have placed upon it.  It
20 is, however, the admonition and the explanation of your legal
21 rights that is required to be given.
22      And so nothing has been said to you that is not said
23 to any party before the Court in a criminal case who is
24 contemplating self-representation.
25      Now, let us turn to the subject of representation

Case 1:10-cr-00150-OWW   Document 65   Filed 01/14/11   Page 9 of 20

9

1   because, as I'm interpreting your latest filing, as of January
2   7th, you have been contacting prospective counsel.
3          You have also developed what is attached, and this is
4   a questionnaire.  And I don't know if this is being provided
5   to the attorneys that you are interviewing, but as I read the
6   copy that has been submitted, there are eight pages to the
7   questionnaire, and there are 109 separate listed written
8   questions that are a part of this questionnaire.
9          It is titled, "Attorney Questionnaire," and it
10  contains the case number of this case.  The questionnaire
11  itself appears to be three pages in length, but the last page
12  that I have is 3 of 8.
13         And so if there are additional pages to your
14  questionnaire, then it would appear -- I take that back.  I
15  see now that there has been an interruption of the filing.
16  And so later, that was -- a three-page document was contained
17  in a court filing.  It doesn't have a docket number on it.
18         But I also find the questionnaire in Document 56 as
19  Exhibit 10, and this has all eight of the pages.
20         And so from what I understand from your update in the
21  form of the notice regarding the progress for the search for
22  counsel, you have still not located counsel in the case, and,
23  of course, the Court notes that the time was extended to
24  January the 7th for you to obtain counsel.
25         At this point, I understand that you have

1  communicated with the Federal Defender and a further
2  explanation of your rights has been provided by the Federal
3  Defender.
4         Under the totality of the circumstances that here
5  pertain, it does not appear that we can wait longer for you to
6  be arraigned on the charges.  In other words, it is possible
7  from what I am interpreting that you may never find an
8  attorney who is satisfactory to you to represent you in this
9  case.  And that means that, according to that logic, you would
10 never be arraigned.  That's not going to happen.
11        MR. BOSSINGHAM:  Your Honor, that's not our intent.
12 Our intent is to be informed by competent counsel so we would
13 know how to plead.
14        THE COURT:  And that is why I had extended additional
15 time to you to do that and why the magistrate judges also
16 extended time to you to do that.  But we are approaching the
17 point where the reasonableness of suspending the proceedings
18 and holding them in abeyance is unjustifiable.
19        And I am going to make the finding at this time that
20 from the date of your first appearance in court, through
21 today -- this is January the 10th, 2011 -- you have been
22 attempting to secure and locate counsel.
23        I am going to exclude any of that time from being
24 counted under the Speedy Trial Act because courts, both the
25 magistrate judges who have heard the prior proceedings in this

1  case and now in the District Court, your requests to find, as
2  you described it, "competent counsel," has interrupted,
3  interfered with, and delayed your arraignment.
4         And so it is required under the law that where such
5  conduct occurs, that countable time should not, in effect, run
6  on the clock.  And so I am excluding that time, as just
7  stated, under the provisions of the United States law.
8         MR. BOSSINGHAM:  Objection, your Honor, for the
9  record.
10         THE COURT:  Thank you.
11         And so the Federal Defender is present.  And I will
12  ask Ms. Zepeda, based on her contacts with Mr. and
13  Mrs. Bossingham in the case, she is not an attorney of record,
14  and I want to ascertain the logistical manner in which her
15  office is willing to proceed, whether or not they are willing
16  to enter the case, whether or not they believe that a panel
17  counsel should be assigned to the case while the Bossinghams
18  can continue to locate counsel of their choice.
19         You have that right.
20         But we are going to have to, in effect, move the case
21  forward in accordance with the rules of criminal procedure and
22  substance.
23         And so let me ask Ms. Zepeda what her office's
24  viewpoint on this case is.
25         MS. ZEPEDA:  Yes, your Honor.  Just to make it clear,

1  Ms. Voris from my office was the individual who did speak with
2  Mr. and Mrs. Bossingham, not myself.
3          THE COURT:  Thank you.
4          MS. ZEPEDA:  I was in Yosemite that day, and I know
5  she did speak with them.  I have spoken with her about that.
6          At this time, based on our -- what we have in our
7  office, we would ask to panel the case.  We would need two
8  attorneys for that.
9          And if the Court were to appoint us subject to
10 reimbursement, and we would also need the panel to be subject
11 to reimbursement, we would also do that.
12         We have begun preliminary investigation into that,
13 and that's the point in which we are at.  We will find panel
14 counsel to represent them, if the Court so orders.
15         MR. BOSSINGHAM:  Objection.  Are we being forced to
16 accept potentially incompetent counsel?
17         THE COURT:  There are no incompetent counsel on the
18 Federal Panel who represent persons who are accused under the
19 criminal laws of the United States.  All of the panel counsel
20 who practice in the Eastern District of California and its
21 Fresno Division are experienced federal criminal
22 practitioners.
23         No attorney would be assigned to this case who does
24 not have experience in criminal tax cases and tax defense.
25 And so I can assure you that any attorney who will be

Case 1:10-cr-00150-OWW   Document 65   Filed 01/14/11   Page 13 of 20

13

1  appointed by this Court will be competent in the areas of law
2  that pertain and federal criminal procedure and in any other
3  requirements that exist and are recognized by the law.
4          MR. BOSSINGHAM:  Objection.  That doesn't seem right
5  to us.  We have no competent counsel to inform us on how to
6  respond.
7          THE COURT:  I understand that.  You have been given
8  in excess of two months to obtain counsel.  You have been
9  unable to do so.  And we are at the point where the case is
10 going to have to move forward.
11         You can -- what I'm going to order today is that
12 panel counsel be contacted.  I agree with Ms. Zepeda that the
13 defendants have to be separately represented in this case due
14 to the potential conflict.
15         And we will order that panel counsel be appointed to
16 represent each of the Bossinghams.  We will ask that those
17 counsel immediately contact the Bossinghams and arrange for
18 meetings.
19         I'm going to set the arraignment date in this case
20 two weeks hence.
21         What will that date be?
22         THE CLERK:  The 24th.  Can we go --
23         THE COURT:  We will make it the 31st of January
24 because our calendar is already full for the 24th, unless you
25 want it sooner.

1       MR. BOSSINGHAM:  For the record, we have an
2  objection.
3       MRS. BOSSINGHAM:  I also object.
4       THE COURT:  All right.  Your objections are
5  overruled.
6       MR. CULLERS:  Would that be at 1:30, your Honor?
7       THE COURT:  I'm going to give the Bossinghams the
8  option of having an earlier arraignment with counsel.  I will
9  do it on other than the 14th, which is not available on our
10 calendar.
11      MS. ZEPEDA:  Your Honor, just based on the complexity
12 of the case, I would probably ask for the 31st.  We have
13 contacted some counsel.  Some are not available, and some have
14 already had contact with them and are not going to come into
15 the case.  So I have contacted many, many attorneys who are on
16 our panel.  So just to allow for adequate time, I would ask
17 that.
18      THE COURT:  All right.  We will set the arraignment
19 date for January 31st, 2011, at 1:30 p.m.
20      The Court now requests that --
21      How will the panel counsel get in touch with the
22 Bossinghams?
23      MS. ZEPEDA:  I have their information and I will make
24 sure I follow up personally, your Honor.
25      THE COURT:  And on your part, it will be necessary

1  for you to communicate, once you are contacted by panel
2  counsel, to communicate with counsel, to be able to meet and
3  to confer.
4          Anything that occurs in those meetings will be
5  absolutely privileged.  It will be attorney-client
6  communication, and, of course, nobody can know what the
7  content of that is.
8          The hearing, as I said, will be at 1:30.  I'm going
9  to exclude time through January 31st so that we have attorneys
10 in place, and because of the circumstances of the
11 nonacceptance of counsel, requiring the availability of
12 counsel to be present and to give them time to communicate and
13 confer with the Bossinghams before they appear in court.
14         You will also be able to discuss with these attorneys
15 the status of representation and any desire you have to
16 represent yourselves in the case.  That will be a subject that
17 the attorneys will discuss with you.
18         All right.  Is there anything further today?
19         MR. CARBAJAL:  Yes.  Briefly, your Honor, from the
20 government.
21         I wanted to briefly respond to Mr. Bossingham's
22 objection regarding incompetent counsel.  It appears from
23 their filings, and particularly from the hundred-plus-question
24 questionnaire, that the issue is that the Bossinghams can't
25 find one who agrees with their view of the tax laws.

1    And according to the case law, they don't have a
2 right to counsel who agrees with them with their views of the
3 tax laws, one such case being *U.S. versus Weninger*,
4 624 F.2d 163.  So we wanted to note our position for the
5 record, your Honor.
6    MR. CULLERS:  And, your Honor, there is also an issue
7 of the continuing pleadings.  I just see from my Blackberry
8 that there was another pleading just filed at 2:22 this
9 afternoon.
10    And we are in a quandary, because we don't know
11 whether to respond to any pleadings or not and what to do with
12 them.  So we would just like some guidance from the Court as
13 to whether or not these pleadings --
14    THE COURT:  We have ruled on the prior, if you
15 will -- let me get the exact title of it.  Expedited Writ of
16 Error and the Counterclaim For Trespass.  To the extent that
17 we have ruled on that, there is no requirement to keep
18 responding.
19    And in fact, although you are not attorneys, there
20 are rules that prevent the vexatious and/or the serial filing
21 of the same or similar documents.  And so all that does is to
22 put a burden on the parties and the Court that is, one,
23 divisive of the conservation of party's resources, of judicial
24 resources and time.
25    And, second, of course, once a matter has been ruled

1 on, there are procedures by which a review of a ruling can be
2 sought. That is a matter, again, of law and procedure.
3 But ordinarily, you don't keep submitting the same
4 motions to the same Court.
5 And so to the extent that new matter is filed, it
6 needs to be responded to.
7 MR. CULLERS: All right, your Honor.
8 THE COURT: All right. So I want to be clear so that
9 there is no ambiguity or misunderstanding. Our next court
10 date is January 31st, 1:30 p.m.
11 Do you understand?
12 MR. BOSSINGHAM: I do understand the date is January
13 31st, 1:30 p.m. And we want to note our objection.
14 THE COURT: Yes. Your objections are noted. If you
15 wish to appear with counsel of your choice at that time, of
16 course, that would be preferable, but if you are still unable
17 to find counsel to represent you from today, which is the
18 10th, until the 31st, then the panel attorneys will have
19 contacted you and will have communicated and, hopefully, been
20 able to advise you fully.
21 And we expect you here because the attorneys that
22 have been appointed to represent you will be here on that
23 date, January 31st, at 1:30 p.m.
24 MR. BOSSINGHAM: Yes. Is a meeting of the minds
25 required between ourselves and the attorneys from the panel

1  that you are anticipating?
2          THE COURT:  I beg your pardon?
3          MR. BOSSINGHAM:  Is a meeting of the minds required
4  between ourselves and the attorneys?
5          THE COURT:  The answer to that is no.  It is very
6  possible that, as clients, you may have your own views of the
7  law.  You may have your own philosophies, your concepts of
8  jurisprudence, your view of the world.  And this may be
9  different from what an attorney, who is educated, trained, and
10 a practitioner of the law, may believe the law to be.
11         I'm confident that your attorneys will discuss with
12 you your views of the law and advise you if they believe that
13 the law that applies is different from the law as you believe
14 it to be.
15         But in terms of a meeting of the minds, that is a
16 term that has a contract connotation.  And from the standpoint
17 of is this a requirement for representation, the answer is no.
18 Although there is a general duty of cooperation within the
19 fiduciary duty of trust and confidence that exists between an
20 attorney and client that each will cooperate with the other
21 for the mutual benefit of the clients, because it is your
22 rights that are to be protected and your rights that the
23 attorney serves, quite frankly, in accordance with the law,
24 the rules of professional conduct, which include ethical and
25 all other rules of procedure that an attorney has to adhere to

1  as a licensed practitioner.
2         MR. BOSSINGHAM:  I would like to note our objection
3  for the record.
4         THE COURT:  Thank you very much.
5         MS. ZEPEDA:  Your Honor, I would like to note also
6  that when we appoint panel counsel, they will not be
7  responding to the nine-page questionnaire.
8         THE COURT:  Understood.
9         MS. ZEPEDA:  Okay.  And the Court is going to appoint
10 subject to reimbursement at some point?  Because I don't have
11 financials.  I don't believe they are probably eligible under
12 any normal circumstances for CJA appointment.
13        THE COURT:  Yes.
14        MS. ZEPEDA:  That way, I know the attorneys know what
15 to do ahead of time.
16        MR. BOSSINGHAM:  Objection.  Our questions are fair,
17 and we have gotten a very good response from attorneys from
18 them.
19        MRS. BOSSINGHAM:  They are very germane to our case.
20        THE COURT:  Yes, well, at present, no one has
21 indicated a willingness to undertake your representation.  Any
22 attorney who has given you a positive recommendation ought to
23 be able to, in the next 21 days, make a determination that
24 they could be present for an arraignment on January 31st,
25 since you have already had two months to engage in this

```
 1  process.
 2           Is there anything further today?
 3           MR. CULLERS:  No, your Honor.
 4           MR. CARBAJAL:  No, your Honor.
 5           MS. ZEPEDA:  No, your Honor.
 6           MR. BOSSINGHAM:  No, your Honor.
 7           THE COURT:  All right.  Thank you very much.
 8           We will see you January 31st, at 1:30 p.m.
 9           (The proceedings were concluded at 2:59 p.m.)
10
11           I, PEGGY J. CRAWFORD, Official Reporter, do hereby
12           certify the foregoing transcript as true and correct.
13
14  Dated:  01/12/2011              /s/ Peggy J. Crawford
                                    PEGGY J. CRAWFORD, RDR-CRR
15
```