```
                                              FILED

                                           FEB 2 2 2011
1  Bossingham Brett,
   Bossingham Elisabeth                 CLERK, U.S. DISTRICT COURT
2  1827 S. Court. Suite F,              EASTERN DISTRICT OF CALIFORNIA
   Visalia, California                  BY _____
3                                              DEPUTY CLERK

   Counterclaimants
4
```

```
8              DISTRICT COURT OF THE UNITED STATES

9                  EASTERN DISTRICT OF CALIFORNIA

10
    UNITED STATES OF AMERICA,    ) CASE NO. 1:10-CR-00150-OWW
11                               )
         Plaintiff,              ) NOTICE TO INFERIOR COURT
12            v.                 ) RE LACK OF JURISDICTION
                                 )
13  BRETT ALLEN BOSSINGHAM, and  )
    ELISABETH ANN BOSSINGHAM,    )
14                               )
         Defendants,             )
15                               )
    --------------------------   )
16                               )
    Brett Allen Bossingham, and  )
17  Elisabeth Ann Bossingham,    )
                                 )
18       Counterclaimants,       )
                                 )
19            v.                 )
                                 )
20  UNITED STATES OF AMERICA;    )
    COMPLAINER DOE;              )
21  KULBIR MAND; and             )
    MIKE COLEMAN;                )
22                               )
         Counterdefendants.      )
23                               )
                                 )
24  --------------------------
```

25   1.   Now Come Brett Allen Bossingham and Elisabeth Ann
26 Bossingham, people of California, alleged defendants, by special
27 visitation, not submitting to the court's jurisdiction, who

1  hereby notify the inferior court to strike/dismiss the complaint
2  filed by UNITED STATES OF AMERICA for lack of standing and
3  jurisdiction. Grounds are set forth below.
4
5       2.   Pursuant to 4 U.S.C. §72, the USDC is bound by the law
6  to assume that no "expressly" delegated authority exists for the
7  Secretary to act outside "the District of Columbia" and the
8  Virgin Islands pursuant to 4 U.S.C. §72 and 48 U.S.C. § 1612(a)
9  respectively, unless otherwise substantiated by the United
10 States in United States law.
11
12      3.   The United States cannot be a party to the suit unless
13 it can substantiate that Congress has "expressly extended" the
14 authority of the Secretary to the several 50 union states, with
15 respect to alleged defendants' actions, outside "the District of
16 Columbia" and the Virgin Islands pursuant to 4 U.S.C. §72 and 48
17 U.S.C. §1612(a) respectively.
18
19
20      4.   The indictment fails to state the violation of a
21 regulation. This raises a critical challenge when pegged against
22 the US Supreme Court statement:
23
24      *"The Act's civil <u>and criminal</u> penalties attach <u>only</u> upon*
25      *the <u>violation of a regulation</u> promulgated by the Secretary;*
26      *if the Secretary were to do nothing, <u>the Act itself would</u>*
27

1  *impose no penalties on anyone ... only those who violate the*
2  *regulations may incur civil or criminal penalties, it is*
3  *the actual regulation issued by the Secretary of the*
4  *Treasury and not the broad authorizing language of the*
5  *statute, which is to be tested against the standards of the*
6  *4th Amendment."* [1]

8  "*For federal tax purposes, federal regulations govern.*" [3]

10 (...the power to make regulations does not extend to making
11 taxpayers of those whom the Act, properly construed, does
12 not tax) *Indiana Dept. of State Revenue v. Colpaert Realty*
13 *Corp.*, 231 Ind. 463, 109 NE.2d 415 (no power to render
14 taxable a transaction which the statute did not make
15 taxable); *Morrison-Knudsen Co. v. State Tax Com.*, 242 Iowa
16 33, 44 NW.2d 449, 41 ALR.2d 523 ( use tax).

---

[1] *Calif. Bankers Assoc. v. Shultz*, 416 U.S 25, 44, 39 LEd2d 812, 94 S Ct 494. (Emphasis added)

[3] *Dodd v. U.S.*, 223 F Supp 785; *Lyeth v. Hoey*, 305 US 188, 59 S. Ct 155

[5] *U. S. v. MERSKY*, 361 U.S. 431 (1960)

1   "The result is that neither the statute nor the regulations
2   are complete without the other, and only together do they
3   have any force. In effect, therefore, the construction of
4   one necessarily involves the construction of the other." [5]

5.  The indictment fails to state violations of any regulation by the alleged offenders, fails to identify the liability and the demand by either USA, US, IRS, and fails to show neglect AND refusal by the alleged offenders. The indictment lacks a controversy for a justiciable cause.

6.  <u>Plaintiff lacks standing</u>. The foundation for standing is Article III, § 2 of the United States constitution: *"The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States..."* Standing is required because "courts only adjudicate justiciable controversies." <u>United States v. Interstate Commerce Commission</u>, 337 US 426, 430. The elements of standing are:

*"The requirement of standing, however, has a core component derived directly from the Constitution. A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."* <u>Allen v. Wright</u>, 468 U.S. 737, 751 (1984).

1
2     *"the duty of this court, as of every judicial tribunal, is*
3     *limited to determining rights of persons or of property,*
4     *which are actually controverted in the particular case*
5     *before it."* Tyler v. Judges of the Court of Registration,
6     179 US 405.
7
8     7.  To have standing, a plaintiff must allege the violation
9     of a legal right.  The plaintiff has not alleged the violation
10    of a legal right.  Therefore, there is no standing to complain.
11
12    8.  <u>Standing also requires injury</u>.  Standing requires the
13    violation of a legal right that causes injury:
14
15    *"Like the prudential component, the constitutional*
16    *component of standing doctrine incorporates concepts*
17    *concededly not susceptible of precise definition.  The*
18    *injury alleged must be, for example, "' distinct and*
19    *palpable,'"* Gladstone, Realtors v. Village of Bellwood, 441
20    U.S. 91, 100 (1979) (quoting Warth v. Seldin, supra, at
21    501), and not "abstract" or "conjectural" or
22    "hypothetical," Los Angeles v. Lyons, 461 U.S. 95, 101-102
23    (1983); O'Shea v. Littleton, 414 U.S. 488, 494 (1974). The
24    injury must be "fairly" traceable to the challenged action,
25    and relief from the injury must be "likely" to follow from
26    a favorable decision." Allen v. Wright, 468 U.S. 737, 751
27    (1984).

1

2     *"The plaintiff must show that he himself is injured by the*
3     *challenged action of the defendant. The injury may be*
4     *indirect, see United States v. SCRAP, 412 U.S. 669, 688, 93*
5     *S.Ct. 2405, 2416, 37 L.Ed.2d 254 (1973), but the complaint*
6     *must indicate that the injury is indeed fairly traceable to*
7     *the defendant's acts or omissions. Simon v. Eastern Ky.*
8     *Welfare Rights Org., 426 U.S. 26, 41-42, 96 S.Ct. 1917,*
9     *1925-1926, 48 L.Ed.2d 450 (1976); O'Shea v. Littelton, 414*
10     *U.S. 488, 498, 94 S.Ct. 669, 677, 38 L.Ed2d 674 (1974);*
11     *Linda R. S. v. Richard D., 410 U.S. 614, 617, 93 S.Ct.*
12     *1146, 1148, 35 L.Ed.2d 536 (1973)."* <u>*Vil. of Arlington Hts.*</u>
13     <u>*v. Metro Housing Dev.*</u>*, 429 U.S. 252, 262.*

14

15    9. The plaintiff has failed to allege both elements of
16 standing. Therefore, there is no justiciable controversy and
17 the plaintiff lacks standing to complain.

18

19    10. <u>No corpus delecti</u>. There is no corpus delecti. The
20 corpus delecti is related to standing and must be proven in
21 every prosecution and has two elements:

22

23     *"Component parts of every crime are the occurrence of a*
24     *specific kind of injury or loss, somebody's criminality as*
25     *source of the loss, and the accused's identity as the doer*
26     *of the crime; the first two elements are what constitutes*

27

1   the concept of "corpus delecti." *U.S. v. Shunk*, 881 F.2d
2   917, 919 C.A. 10 (Utah).

3

4   *"The corpus delecti of a crime consists of two elements:*
5   *(1) the fact of the injury or loss or harm, and (2) the*
6   *existence of a criminal agency as its cause [citations*
7   *omitted] there must be sufficient proof of both elements of*
8   *the corpus delecti beyond a reasonable doubt."* <u>29A</u>
9   <u>American Jurisprudence Second Ed</u>., Evidence § 1476.

10

11  Without a corpus delecti there is no crime.

12

13  11.   <u>Lack of jurisdiction</u>.  "Standing represents a
14  jurisdictional requirement…" <u>National Organization for Women,</u>
15  <u>Inc., v. Scheidler</u>, 510 US 249.   As with standing, the
16  foundation of the court's jurisdiction is article III § 2 of the
17  United States constitution: *"The judicial power shall extend to*
18  *all cases, in law and equity, arising under this Constitution,*
19  *the laws of the United States..."*

20

21  12.   If the constitution applies to this court, then the
22  court's jurisdiction is limited to "cases". A "case", as shown
23  above, requires an allegation of a legal right being violated
24  and distinct injury caused thereby.   The plaintiff has not
25  alleged the violation of a legal right or injury.  Therefore,
26  there is no "case" before the court and the court lacks
27  jurisdiction.

1
2          "It is most true that this Court will not take
3     jurisdiction if it should not: but it is equally true,
4     that it must take jurisdiction if it should. ... We
5     have no more right to decline the exercise of
6     jurisdiction which is given, than to usurp that which
7     is not given. The one or the other would be treason to
8     the constitution. ... We find no exception to this
9     grant, and we cannot insert one." Cohens v. Virginia,
10    19 U.S. 264, 404, 5 L.Ed. 257, 6 Wheat. 264 (1821).
11
12         "Before we can look into the merits of the case, a
13    preliminary inquiry presents itself. Has this court
14    jurisdiction of the case." The Cherokee Nation v. The
15    State of Georgia; 5 Peters 2, (1831)
16
17         "No Court in America ever yet thought, nor, I hope,
18    ever will, of acquiring jurisdiction by a fiction. . .it is
19    evident that we are not to assume a voluntary jurisdiction,
20    because we think, or others may think, it may be exercised
21    innocently, or even wisely. The Court is not to fix the
22    bounds of its own jurisdiction, according to its own
23    discretion. A jurisdiction assumed without authority, would
24    be equally an usurpation, whether exercised wisely, or
25    unwisely." Maxfield's Lessee v. Levy (1); 4 U.S. 308, 311,
26    312 (1797)
27

Conclusion

13. "The government of the United States is a foreign corporation with respect to a state." In re Merriam, 36 N. E. 505, 141 N. Y. 479, affirmed 16 S. Ct. 1073, 163 U. S. 625, 41 L.Ed. 287.

14. USDC is without jurisdiction if it allows the case to proceed without satisfying at least one of the following two positive law requirements of the Federal Register Act and the Administrative Procedures Act.

    a.    Provide implementing regulations published in the Federal Register for the statutes cited as authority.
    b.    Prove with evidence ON THE RECORD that the alleged defendants are members of one of the following groups specifically exempted from the requirement for implementing regulations pursuant to 44 U.S.C. §1501(a)(1) and 5 U.S.C. §553(a):
        i.    A military or foreign affairs function of the United States. 5 U.S.C. §553(a)(1)
        ii.    A matter relating to agency management or personnel or to public property, loans, grants, benefits, or contracts. 5 U.S.C. §553(a)(2)

1          iii. Federal agencies or persons in their capacity as
2              officers, agents, or employees thereof. 44 U.S.C.
3              §1505(a)(1)
4
5   The United State, as moving party in this action, MUST satisfy
6   one of the above or reverse this action.
7
8      15.  Because the plaintiff has failed to allege the required
9   elements to establish standing to complain and jurisdiction, and
10  there is no corpus delecti, the Court should dismiss or strike
11  the complaint filed against us.
12
13  Submitted this 22 day of February, 2011.
14
15  _____                    _____
16  Brett Allen Bossingham                   Elisabeth Ann Bossingham
17
18
19
20
21
22
23
24
25
26
27