BENJAMIN B. WAGNER
United States Attorney
MARK E. CULLERS
HENRY Z. CARBAJAL III
Assistant United States Attorneys
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:10-CR-00150 OWW |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S OPPOSITION TO |
| v. | ) | NOTICE TO COURT RE LACK OF |
| | ) | JURISDICTION |
| | ) | |
| BRETT ALLEN BOSSINGHAM and | ) | |
| ELISABETH ANN BOSSINGHAM, | ) | |
| | ) | Date: TBD |
| Defendants. | ) | Time: TBD |
| | ) | Courtroom: Two |
| | ) | Hon. Oliver W. Wanger |

The United States submits the following Opposition to Defendants' February 22, 2011 "Notice to Inferior Court Re Lack of Jurisdiction." See Dkt. No. 72, Feb. 22, 2011.

I.    INTRODUCTION

A.    Procedural Background

Defendants Brett Allen Bossingham and Elisabeth Ann Bossingham are currently charged in a superseding indictment dated February 17,

2011 on one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and four counts each of attempting to evade or defeat income tax for the tax years 2000 through 2003, and aiding and abetting, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2.  Dkt. No. 70, Superseding Indictment, at 1-11.

Proceedings in the case thus far have been arduous.  Six attempts were made to arraign the defendants on the original April 15, 2010 indictment between October 29, 2010 and January 31, 2011.  See Dkt. Nos. 12, 13, 19, 50, 64 & 67.  On the seventh attempt at arraignment, after the filing of a superseding indictment, the Court entered pleas of not guilty on behalf of both defendants pursuant to Federal Rule of Criminal Procedure 11(a)(4) due to the defendants' refusal to enter a plea.  Dkt. No. 71, Minutes for proceedings held before Judge Oliver W. Wanger, Feb. 22, 2011.

In the interim, between each attempt to arraign the defendants on the conspiracy and tax evasion charges, the defendants have filed a deluge of pleadings, "notices," purported writs of error, and an improvident writ of mandamus to the Ninth Circuit Court of Appeals, all while representing to the Court that they needed more time to seek private counsel and could not understand the proceedings against them.

The latest *pro se* filing, docketed just after the seventh attempt to arraign the defendants, amounts to little more than shopworn tax defier arguments that are long on platitudes and bare conclusions, but fail to present grounds for dismissal of the indictment for lack of jurisdiction or any other reason.

///

**Government's Opposition to Notice to Court Re Lack of Jurisdiction**          2

**B.    Interpretation of the Notice to Inferior Court Re Lack of Jurisdiction**

The subject of the instant opposition is a document entitled "Notice to Inferior Court Re Lack of Jurisdiction."  Dkt. No. 72, Feb. 22, 2011.  Like prior *pro se* filings from the defendants, the content of the document is difficult to comprehend.  The Notice asserts, without citation to authority, that the Secretary of the Treasury's authority does not extend past the District of Columbia and the Virgin Islands, thus the United States cannot prosecute the defendants.  Id. at 2.  The Notice asserts that the indictment does not allege the violation of a federal regulation, as if such an allegation were required.  Id. at 2-4 & 9-10.  The Notice asserts that the United States lacks standing to prosecute the defendants. Id. at 4-6.  The notice further argues that there is an absence of "corpus delecti."  Id. at 6-7.  None of the defendants' arguments are meritorious, and each suggest further efforts by the defendants to merely delay prosecution.

**II.    DISCUSSION**

**A.    The Defendants' Notice Document Fails to Comport with Applicable Procedural Law**

It is well established that "[p]ro se litigants must follow the same rules of procedure that govern other litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  The defendants' have failed to present their requests in accordance with Federal Rule of Criminal Procedure 12 and 47 and E.D. Cal. Local Rule 430.1(c).  The defendants lack a notice of motion and an accompanying brief.  E.D. Cal. L.R. 430.1(c).

///

The defendants also have not articulated the grounds on which their requests are based.  Fed. R. Crim. Proc. 47(b).  The defendants bare pronouncements that jurisdiction is lacking, or that the United States has not proven standing, are insufficient.  See United States v. Creasia, 316 Fed. Appx. 558, 560 (9th Cir. Nov. 18, 2008) (unpublished opinion) (movant must establish that indictment should be dismissed, citing Fed. R. Crim. Proc. 47(b)).

### B.    The Defendants' Arguments for Dismissal are Frivolous

The Government addresses each of the defendants' tax defier arguments in turn.

### 1.    Authority of the Secretary of the Treasury

The defendants suggest that the Secretary of the Treasury lacks authority to act outside of the District of Columbia or the Virgin Islands "with respect to alleged defendants' actions[.]"  Dkt. No. 72, Feb. 22, 2011, at 2.  This is an oft-rejected tax defier argument that courts have found completely lacks merit.  United States v. Bell, 27 F. Supp. 2d 1191, 1200 n.9 (E.D. Cal. 1998) (Wanger, J.); see also In re Becraft, 885 F.2d 547, 549 n.2 (9th Cir. 1989); United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987); United States v. Saladino, No. 07-CR-535, 2010 U.S. Dist. LEXIS 68203, at *6 (D. Or. July 7, 2010) ("argument that the Secretary of the Treasury lacks authority to enforce tax law outside the District of Columbia is . . . without merit").  Needless to say, the criminal tax laws apply throughout the United States.  See United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990) (rejecting "hackneyed tax protester refrain that federal criminal jurisdiction only extends to the District of

Government's Opposition to Notice to Court Re
Lack of Jurisdiction                           4

1  Columbia, United States territorial possessions and ceded

2  territories").

3           **2.   Violation of Federal Regulations**

4           The defendants assert that the indictment does not state a

5  violation of a federal regulation, and that this somehow renders the

6  indictment invalid.  Dkt. No. 72, Feb. 22, 2011, at 2-4.  This is yet

7  another discredited tax defier argument.  This argument does not

8  implicate Count 1 of the superseding indictment at all.  See <u>United</u>

9  <u>States v. Gjerde</u>, 110 F.3d 595, 601 (8th Cir. 1997) (offense of

10 conspiracy to defraud the United States does not require proof of an

11 agreement to violate a federal statute or regulation).  The argument

12 is also irrelevant to the remaining Counts 2 through 9 of the

13 superseding indictment, which charge the defendants with tax evasion.

14 See <u>United States v. Bowers</u>, 920 F.2d 220, 222 (4th Cir. 1990)

15 (defendants evaded taxes; "duty to pay those taxes is manifest on the

16 face of the statutes, without any resort to IRS rules, forms, or

17 regulations"); <u>cf.</u> <u>also</u> <u>United States v. Hicks</u>, 947 F.2d 1356, 1360

18 (9th Cir. 1991) ("It is the tax code itself, without reference to

19 regulations, that imposes the duty to file a tax return.")

20          The same argument and set of out-of-context case citations were

21 considered by the court in <u>United States v. Washington</u>, 947 F. Supp.

22 87, 91 (S.D.N.Y. 1996).  The court quickly disposed of the

23 defendant's frivolous contentions in that case:

24               [T]he defendant argues that the Indictment must be
              dismissed because 26 U.S.C. § 7201 is unenforceable as a
25            matter of law in the absence of implementing regulations.
              However, the statute at issue in this case, the Internal
26            Revenue Code, fully defines the criminal conduct it
              prohibits and therefore does not contemplate that
27            regulations will be promulgated to define further
              substantive obligations beyond those created by the Code.
28

   **Government's Opposition to Notice to Court Re**
   **Lack of Jurisdiction**                        5

1      [Citations omitted].  The cases cited by the defendant that
     discuss the necessity of implementing regulations all
2      involve statutes that do not fully define prohibited
     criminal acts.  See, e.g., United States v. Mersky, 361
3      U.S. 431, 4 L. Ed. 2d 423, 80 S. Ct. 459 (1960) (Tariff Act
     of 1930); California Bankers Assoc. v. Shultz, 416 U.S. 21,
4      39 L. Ed. 2d 812, 94 S. Ct. 1494 (1974) (Bank Secrecy Act
     of 1970).  Accordingly, the enforcement of 26 U.S.C. § 7201
5      does not require implementing regulations.

6 Washington, 947 F. Supp. at 91.[1]

7        **3.  Defendants' Inapposite Challenge to "Standing"**

8      The defendants seek to engraft the standing requirements for

9 civil litigants to have their civil cases heard in federal court onto

10 the Government when prosecuting federal crimes.  Dkt. No. 72, Feb.

11 22, 2011, at 4-7.  As sovereign, the United States has standing to

12 prosecute violations of valid federal criminal statutes in federal

13 courts.  United States v. Wright, No. 09-CR-219, 2010 U.S. Dist.

14 LEXIS 118410, at *16-17 (N.D. Ohio Nov. 5, 2010).

15        **4.  Purported Absence of "Corpus Delicti"**

16      The defendants further misinterpret the vestigial *corpus delicti*

17 rule.  Dkt. No. 72, Feb. 22, 2011, at 6-7.  The *corpus delicti*

18 doctrine originates from the general rule that a defendant cannot be

19 convicted based solely on his or her own confession.  2A Wright &

20 Henning, Federal Practice and Procedure: Criminal, § 414, at 169-70

21 (4th ed. 2009).  The doctrine requires that, in addition to the

22 confession, there also be independent evidence that the harm or

23 injury occurred and that it was criminal in origin.  Id. at 170.

24 _____

25     [1] The remaining cases cited by the defendants, Dodd v. United
States, 223 F. Supp. 785, 787 (D.N.J. 1963) and Lyeth v. Hoey, 305
26 U.S. 188, 193 (1938), merely stand for the uncontroversial proposition
that with respect to the construction or interpretation of the
27 Internal Revenue law, federal law, including federal regulations,
control over state law.
28

1  However, the *corpus delicti* rule no longer exists in the federal

2  system. 29A <u>Am. Jur. 2d Evidence</u> § 1395 (Westlaw 2010); <u>see</u> <u>also</u>

3  <u>United States v. Kerley</u>, 838 F.2d 932, 940 (7th Cir. 1988). Instead,

4  in this Circuit, the Government "must introduce sufficient evidence

5  to establish that the criminal conduct at the core of the offense has

6  occurred" and "introduce independent evidence tending to establish

7  the trustworthiness of the admissions, unless the confession is, by

8  virtue of special circumstances, inherently reliable." <u>United States</u>

9  <u>v. Lopez-Alvarez</u>, 970 F.2d 583, 592 (9th Cir. 1992). This Circuit

10  has held that "*corpus delicti* evidence is required only when a

11  confession is the sole basis for a conviction." <u>United States v.</u>

12  <u>Norris</u>, 428 F.3d 907, 913 (9th Cir. 2005). Thus, the doctrine is

13  irrelevant to evaluating the sufficiency of the indictment charging

14  the defendants. Indeed, the defendants do not contend that the

15  original or superseding indictments omit any essential element of the

16  crimes of conspiracy to defraud the United States or tax evasion.

17       **5.   Allegations of General Lack of Jurisdiction**

18      The defendants insist that the Government "has not alleged the

19  violation of a legal right or injury," and that no case or

20  controversy exists as a result. Dkt. No. 72, Feb. 22, 2011, at 7.

21  As discussed above, civil standing requirements are irrelevant to the

22  United States' ability to prosecute federal crimes.

23      Aside from the defendants' standing arguments, the Government

24  cannot readily determine the other grounds on which the defendants

25  base their assertion of lack of jurisdiction. However, any argument

26  that the District Court lacks jurisdiction to preside over the

27  prosecution of the defendants is meritless. <u>United States v. Hanson</u>,

28

**Government's Opposition to Notice to Court Re**
**Lack of Jurisdiction**                                7

1    2 F.3d 942, 945 (9th Cir. 1993) ("It is firmly established that

2    district courts have subject matter jurisdiction over prosecutions

3    for violations of the tax laws."); see United States v. Przybyla, 737

4    F.2d 828, 829 (9th Cir. 1984) (federal district courts have

5    jurisdiction of all offenses against the laws of the United States,

6    including Title 26 tax offenses); 18 U.S.C. § 3231.

7         Moreover, the power of the IRS and Department of the Treasury to

8    investigate criminal tax offenses is also unquestioned.  See Moyes v.

9    United States, 10-MC-0021-SKO, 2010 U.S. Dist. LEXIS 96423, at *10

10   (E.D. Cal. Aug. 31, 2010) ("the IRS is authorized to carry out the

11   broad responsibilities of the Secretary of the Treasury under §

12   7801(a) and for the administration and enforcement of the internal

13   revenue laws") (citing Donaldson v. United States, 400 U.S. 517, 534

14   (1971)).

15        Lastly, a criminal prosecution on behalf of the United States is

16   appropriately brought by the United States Attorney's Office, as it

17   was in this case.  28 U.S.C. § 547(1).  Any assertion that the United

18   States Attorney's Office lacks jurisdiction to prosecute criminal tax

19   offenses on behalf of the United States is frivolous.  United States

20   v. Saladino, 2010 U.S. Dist. LEXIS 68203, at *5-6.

21   ////

22   ////

23   ////

24   ////

25   ////

26   ////

27   ////

28

**Government's Opposition to Notice to Court Re**
**Lack of Jurisdiction**                          8

**III.  CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the defendants' Notice to Inferior Court Re Lack of Jurisdiction, which requests dismissal of the indictment, be denied.

Date: February 28, 2011        Respectfully submitted,
                               BENJAMIN B. WAGNER
                               United States Attorney

                               /s/
                               By: Henry Z. Carbajal III
                               Assistant U.S. Attorney