1                    UNITED STATES DISTRICT COURT

2                   EASTERN DISTRICT OF CALIFORNIA

3                            --o0o--

4    UNITED STATES OF AMERICA,    )  Case No. 1:10-CR-00150-OWW
                                  )
5                 Plaintiff,      )  Fresno, California
                                  )  Tuesday, February 22, 2011
6         vs.                     )  12:00 P.M.
                                  )
7    BRETT ALLEN BOSSINGHAM, et al, )  Hearing re:  arraignment on
                                  )  superseding indictment.
8                 Defendants.     )
     ─────────────────────────────)

9
                     TRANSCRIPT OF PROCEEDINGS
10          BEFORE THE HONORABLE SANDRA M. SNYDER
                 UNITED STATES MAGISTRATE JUDGE
11
     APPEARANCES:
12
     For Plaintiff:            HENRY Z. CARBAJAL, III
13                             U.S. Attorney's Office
                               2500 Tulare Street, Suite 4401
14                             Fresno, CA   93721
                               (559) 497-4000
15
     For Defendant:            BRETT ALLEN BOSSINGHAM, Pro Se
16                             ELISABETH ANN BOSSINGHAM, Pro Se
                               1827 S. Court, Suite F
17                             Visalia, CA   93277

18   Court Recorder:           OTILIA FIGUEROA
                               U.S. District Court
19                             2500 Tulare Street, Suite 1501
                               Fresno, CA   93721
20                             (559) 499-5928

21   Transcription Service:    Petrilla Reporting &
                                 Transcription
22                             5002 - 61st Street
                               Sacramento, CA   95820
23                             (916) 455-3887

24

25   Proceedings recorded by electronic sound recording;
     transcript produced by transcription service.

1

1    <u>FRESNO, CALIFORNIA, TUESDAY, FEBRUARY 22, 2011, 12:00 P.M.</u>

2

3        (Call to order of the Court.)

4            THE CLERK:  The Court calls Item No. 2, 1:10-cr-150,

5    United States of America v. Brett Allen Bossingham and

6    Elisabeth Ann Bossingham, arraignment on superseding

7    indictment.

8            MR. CARBAJAL:  Good afternoon, Your Honor.  Henry

9    Carbajal for the United States.

10            MR. BOSSINGHAM:  Good afternoon, Your Honor.  Before

11   we proceed with this update on the attorney search, we invite

12   the Court to notice that we are here under duress under

13   constructive custody against our will, that we retain all our

14   rights, and that there is an ongoing unanswered challenge to

15   this Court's jurisdiction and to those proceedings -- and to

16   these proceedings, excuse me.

17            With the Court's permission I'd like to proceed with

18   a notice -- a brief notice an update.

19            THE COURT:  Yes, you may.  I will note on the issue

20   of jurisdiction that I have been notified by the Court of

21   Appeal for the Ninth Circuit that your jurisdictional challenge

22   has been rejected by that court, and so, the Court understands

23   that the proceedings in this Court are to go forward and that

24   is the intent of the Court.

25            If you wish to give us an update, you -- please do

2

1  so.

2          MR. BOSSINGHAM:  Well, we still have the running

3  objection.

4          As of February 19th, Francine Zepeda had no potential

5  recommendations for California counsel.  We reported to Ms.

6  Zepeda that neither Mr. Becraft nor Mr. Krier had any

7  recommendations for a suitable attorney in California.  They

8  asked that we find someone.  Mr. Becraft and Mr. Krier have

9  published extensively.

10          We gave copies of the research reports and other

11  support materials to all the attorneys who showed an interest

12  in collaborating with other attorneys.  During our interviews

13  many points were revealed which raised critical concerns.

14          One, plaintiff lacks standing.  Two, no corpus

15  delecti; and three, no jurisdictions.

16          For expediency, citations to the following are

17  omitted:  One, plaintiff lacks standing.  The foundation for

18  standing is Article 3 Subchapter 2 of the United States

19  Constitution.

20          "The judicial power shall extend to all cases in law

21      and equity arising under this Constitution.  Standing is

22      required because courts only adjudicate judicial

23      controversies. The requirement of standing, however, has a

24      core component derived directly from the Constitution.  A

25      plaintiff must allege personal injury fairly traceable to

1    the defendant's allegedly unlawful conduct and likely to

2    be redressed by the requested relief.

3        "We have explained that prudential standing

4    encompasses the general prohibition on a litigant's

5    raising another person's legal rights.  The duty of this

6    Court, as of every judicial tribunal, is limited to

7    determining rights of persons or property which are

8    actually controverted in the particular case before it."

9        The plaintiff has not alleged liability or a duty

10   creating a legal right purportedly violated in the alleged --

11   by the alleged offenders.  Therefore, there is no standing to

12   complain.  Standing also requires an injury caused by violation

13   of a valid legal right.

14       "Like the prudential component, the constitutional

15   component with standing doctrine incorporates concepts

16   concededly not susceptible of precise definition.  The

17   jury alleged -- excuse me -- the injury alleged must be,

18   for example, distinct and palpable and not abstract, or

19   conjectural, or hypothetical.

20       "The injury must be fairly traceable to the

21   challenged action and relief from the injury must be

22   likely to follow from a favorable decision.  The plaintiff

23   must show that he, himself is injured by the challenged

24   action of the defendant.  The injury may be indirect but

25   the complaint must indicate that the injury is indeed

1    fairly traceable to defendant's acts or omissions."

2        The plaintiff has failed to allege both elements of

3    standing, therefore, there is no judicable controversy and the

4    plaintiff lacks standing to complain.  Two, there's no corpus

5    delicti.  The corpus delicti is related to standing and must be

6    proven in every prosecution and has two elements,

7        "Component parts of every crime are the occurrence of

8        a specific kind of injury or loss.  Somebody's criminality

9        as source of the loss, and the accused identity as the

10       doer of the crime.  The first two elements are the concept

11       of corpus delicti.  The corpus delicti of a crime consists

12       of two elements:  One, fact of injury or loss or harm; and

13       two, the existence of a criminal agency as to the cause.

14       There must be sufficient proof of both elements or the

15       corpus delicti beyond a reasonable doubt."

16       Without the corpus delicti there is no crime.

17       Three, lack of jurisdiction.

18       "Standing represents a jurisdictional requirement.

19       As a standing, the foundation of the Court's jurisdiction

20       is Article 3, Subchapter 2 of the United States

21       Constitution.  The judicial power shall extend to all

22       cases in law and equity arising under this constitution."

23       Because the plaintiff has failed to allege the

24    required elements to establish standing to complain and

25    jurisdiction, there is no corpus delicti, there is no case

1  before the Court, and the Court lacks jurisdiction.  The Court
2  should dismiss the filed complaint sua sponte for want of
3  jurisdiction with prejudice.
4       One more brief paragraph.
5       "The United States District Court is without
6  jurisdiction if it allows the case to proceed one further
7  step without satisfying at least one requirement of the
8  following two positive la requirements of the Federal
9  Register Act in the Administrative Procedure Acts:
10       "One, providing implementing regulations publish in
11  the Federal Register for the statutes created -- for the
12  statutes cited as authority; two, prove with evidence on
13  the record that the alleged defendants are members of one
14  of the following groups, specifically exempted from the
15  requirement for implementing regulations pursuant to 44
16  United States Code Subsection 1501 paragraph (a),
17  subparagraph (1)."
18       And 5 United States Code Subsection 553 paragraph
19  (a).
20       "(a) The military or foreign affairs function of the
21  United States -- 5 United States Code Subsection
22  553(a)(1)(B) a matter relating to the agency management or
23  personnel, or to the public property, loans, grants,
24  benefits or contracts."
25       5 United States Code Subsection 553 paragraph (a)

1  subparagraph (2)(C)

2       "Federal agencies or persons in their capacity as

3    officers, agents or employees thereof."

4       44 United States Code Subsection 1505 subparagraph

5  (a) subparagraph (1),

6       "The United States as a moving party in this action

7    must satisfy one of the above or reverse this action."

8       I can continue, but I don't want to -- I want to

9  consider the Court's time.

10       THE COURT:  I think that that is appropriate, and let

11  me indicate from the standpoint of criminal procedure that the

12  legal authorities that you have cited state many general

13  principles that may or may not be applicable in this case.

14       Because we have yet to arraign you, and to, in

15  effect, put this case in a posture where it can move forward,

16  these issues that you have raised, some of them you've raised

17  in the past, in your motions, some of them you've addressed to

18  the Court of Appeal, can be reviewed, and they can be analyzed

19  and ruled upon.

20       However, at this point, it is the Court's duty under

21  the law to arraign each of you, and in arraigning you, I'm

22  going to set the preliminary schedule for the case.  I will not

23  set a trial date.  I'm going to give you one more chance to get

24  counsel.

25       At the next status conference after you are

1    arraigned, we will set a trial date, and you will be given, as

2    you have been, every opportunity to obtain counsel of your

3    choice, if that is your desire in the case.

4             MR. BOSSINGHAM:  For the record, we have an

5    objection.

6             THE COURT:  Yes, and your objections continue to be

7    noted, and once you've status your objection as you did at the

8    outset, you don't need to object to everything I say.  I'll

9    grant you a continuing objection so that you don't have to keep

10   restating your objections.  All right.

11            Now, I will arraign you in the order that you are

12   named in the indictment with the following understanding, and

13   that is that as you indicated, you have been in touch with Mr.

14   Becraft and Mr. Krier.  I understand that Mr. Becraft is an

15   attorney who practices law in Alabama.

16            There was some hope of getting a local counsel who

17   could make local appearances in this case until either the time

18   of such further proceedings as Mr. Becraft's presence would be

19   necessitated, which would include the trial; however, as I

20   understand it, at present, that has not been concluded.

21            In other words, you have not found terms that are

22   suitable to you, and terms that are suitable to Mr. Becraft to

23   be able to proceed with his representation.  There is still

24   time.  I'm still going to give you time to do that, but as I

25   said, I am now going to arraign each of you on the charges, and

8

1    we'll start with Brett Allen Bossingham.

2            Mr. Bossingham, is Brett Allen Bossingham your true

3    name?

4            MR. BOSSINGHAM:  That's the name I was given by my

5    parents, Your Honor.

6            THE COURT:  Thank you.  You are charged in an

7    indictment that has been returned by the grand jury, and this

8    is a superseding indictment that was filed February the 17th of

9    2011 in count one with conspiracy, and you are alleged to have

10   conspired with Elisabeth Ann Bossingham.  You are described as

11   husband and wife residing in Woodlake, California within the

12   State and Eastern District of California.

13           The conspiracy is alleged to have begun on a date not

14   known to the grand jury but no later than on or about January

15   1st of 2000, continuing until on or about October 28th, of 2009

16   in the State and Eastern District of California.

17           It's alleged that you and Elisabeth Ann Bossingham

18   unlawfully, voluntarily, intentionally and knowingly conspired,

19   combined, confederated and agreed together and with each other,

20   and with other individuals both known and unknown to the grand

21   jury to defraud the United States for the purpose of impeding,

22   impairing, obstructing and defeating the lawful government

23   functions of the Internal Revenue Service of the Treasury

24   Department in the ascertainment, computation, assessment and

25   collection of revenue, to wit:  income taxes.

1        It's alleged that the manner and means of the

2   conspiracy, and how it was furthered were as follows:  that you

3   and Elisabeth Ann Bossingham used and caused to be used

4   offshore bank accounts, warehouse banking, abuse of tax

5   avoidance scheme and trust organizations to hide and shield

6   income from the Internal Revenue Service; that you filed and

7   caused to be filed bogus liabilities, including deeds of trust

8   against your properties to create the appearance of no equity

9   in those properties in order to further impede the Internal

10  Revenue Service in its duty to collect taxes due and owing to

11  the United States.

12        It's alleged that you filed false and fraudulent tax

13  returns with the Internal Revenue Service which grossly

14  understated your taxable income and Mrs. Bossingham's taxable

15  income, and falsely claimed that you and Elisabeth Ann

16  Bossingham owed no tax, or were entitled to tax refunds.

17        As a result of that conduct the government claims

18  that over $100,000 in taxes has been evaded as of the date of

19  the indictment.

20        There are additional overt acts that are specifically

21  alleged to further the conspiracy and to effect the purposes

22  that are alleged in the indictment that I've just read to you.

23        It is alleged first that on or about July 17th, 2000

24  defendant Elisabeth Ann Bossingham filed an IRS Form W-4,

25  Employee's Withholding Allowance Certificate, with her former

1    employer, Visalia Medical Clinic, Inc. claiming to be exempt

2    from federal income tax withholding.

3           Second, on or about September 19th, 2000, both

4    yourself and Elisabeth Ann Bossingham signed a document titled,

5    "Resolutions of Director" for a purported international

6    business company, Heritage A.T. Ltd. authorizing that company

7    to open and maintain an account with a bank in Grenada.

8           MR. CARBAJAL:  Your Honor, I'm sorry, that date was

9    September 29th, 2000, you said September 19th.

10          THE COURT:  September 29th of 2000.

11          Third, that on or about September 29th of 2000 you

12   and Elisabeth Ann Bossingham signed a document titled,

13   "Resolutions of Director" for a purported international

14   business company, Heritage A.T. Ltd. authorizing that company

15   to open and maintain an account with a bank in Nassau, Bahamas.

16          On or about May 11th of 2003, you and Elisabeth Ann

17   Bossingham established an anonymous account with Interactive

18   Currency Interface Systems also known as MYICIS, a warehouse

19   banking operation in the State of Arkansas.

20          On or about June 23rd, 2005, you utilized Lake City,

21   LLC in Oklahoma, a limited liability company, to encumber your

22   personal residence located at 20278 Avenue 360 in Woodlake,

23   California.

24          On or about April 7th, 2007, you filed a false and

25   fraudulent U.S. income individual tax return, Form 1040, with

1    the Internal Revenue Service for the calendar year 2000.

2           MR. CARBAJAL:  Your Honor, I believe it was April

3    8th, you said April 7th -- April 7th, 2007.

4           THE COURT:  April 8th of 2007.  Thank you.

5           Next, on or about April 8th of 2007, defendant

6    Elisabeth Ann Bossingham filed a false and fraudulent U.S.

7    individual income tax return, Form 1040 with the Internal

8    Revenue Service for the calendar year 2000.

9           Next, on or about April 9th, 2007. defendant Brett

10   Allen Bossingham filed a false and fraudulent U.S. individual

11   income tax return, Form 1040 with the Internal Revenue Service

12   for calendar year 2001.

13          Next, on or about April 9th, 2007, defendant

14   Elisabeth Ann Bossingham filed a false and fraudulent U.S.

15   individual income tax return Form 1040 with the Internal

16   Revenue Service for the calendar year 2001.

17          On or about April 11th of 2007, you filed a false and

18   fraudulent U.S. individual income tax return Form 1040 with the

19   Internal Revenue Service for the calendar year 2002.

20          Next, on or about April 11th of 2007, Elisabeth Ann

21   Bossingham filed a false and fraudulent U.S. individual tax

22   return Form 1040 with the Internal Revenue Service for the

23   calendar year 2002.

24          On or about April 19th, 2007, you filed a false and

25   fraudulent individual income tax return Form 1040 with the

1  Internal Revenue Service for the calendar year 2003.

2         On or about April 19th of 2007, defendant individual

3  -- I'm sorry, defendant Elisabeth Ann Bossingham filed a false

4  and fraudulent U.S. income tax return Form 1040 with the

5  Internal Revenue Service for the calendar year 2003.

6         All in violation of United States Code Section 371

7  Title 18.

8         Count two alleges against you, Mr. Bossingham, an

9  attempt to evade and defeat the payment of tax and aiding and

10  abetting while a resident of Woodlake, California on or about

11  April 8th of 2007 within the State and Eastern District of

12  California you did willfully attempt to evade and defeat a

13  large part of the income tax due and owing by you to the United

14  States of America for the calendar year 2000 by preparing and

15  causing to be prepared, and by signing and causing to be signed

16  a false and fraudulent U.S. income tax return Form 1040 which

17  was filed with the Internal Revenue Service.

18         In that false income tax return you stated that your

19  taxable income for the calendar year as the sum of $526 and

20  that the amount of tax due and owing therefrom was the sum of

21  zero dollars.  In fact, as you then and there knew your taxable

22  income for the calendar year was in excess of the amount that

23  was stated on the return, and upon the additional taxable

24  income, additional tax was due and owing to the United States

25  of America all in violation of United States Section 7201,

1   Title 26.

2        Count three charges you further with an attempt to

3   evade and defeat the payment of the tax and aiding and abetting

4   in that you, while a resident of Woodlake, California on or

5   about April 9th of 2007 within the State and Eastern District

6   of California did willfully attempt to evade and defeat a large

7   part of the income tax due and owing by you to the United

8   States of America for the calendar year 2001 by preparing and

9   causing to be prepared, and by signing and causing to be signed

10  a false and fraudulent U.S. income tax return Form 1040 which

11  was filed with the Internal Revenue Service.

12        In that false income tax return, you stated that your

13  taxable income for that calendar year was the sum of zero

14  dollars and that the amount of tax due and owing was the sum of

15  zero dollars.  In fact, as you then and there knew, your

16  taxable income for the calendar year was in excess of the

17  amount stated on the return, and upon the additional income

18  tax, an additional taxable income, additional tax was due and

19  owing to the United States of America all in violation of

20  Section 7201 of Title 26.

21        Count four charges you with attempt to evade and

22  defeat the payment of tax and aiding and abetting by:  while a

23  resident of Woodlake, California on or about April 11th of 2007

24  within the State and Eastern District of California willfully

25  attempting to evade and defeat a large part of the income tax

1  due and owing by you to the United States of America for the

2  calendar year 2002 by preparing and causing to be prepared, and

3  by signing and causing to be signed a false and fraudulent U.S.

4  income tax return Form 1040 which was filed with the Internal

5  Revenue Service.

6          In that false income tax return you stated that your

7  taxable income for the calendar year of that stated in the

8  indictment was zero and that the amount of tax due and owing

9  was the sum of zero.  In fact, as you then and there knew, your

10  taxable income for the calendar year was in excess of the

11  amount stated on the return and upon the additional taxable

12  income additional tax was due and owing to the United States

13  all in violation of Section 7201, Title 26.

14          Count five charges you with attempt to evade and

15  defeat the payment of tax and aiding and abetting while you

16  were a resident of Woodlake, California on or about April 19th

17  of 2007 within the State and Eastern District of California.

18  You willfully attempted to evade and defeat a large pat of the

19  income tax due and owing by you to the United States of America

20  for the calendar year 2003 by preparing and causing to be

21  prepared by signing and causing to be signed a false and

22  fraudulent U.S. income tax return Form 1040 which was filed

23  with the Internal Revenue Service.

24          In that false income tax return you stated that your

25  taxable income for the 2003 calendar year was the sum of zero,

1    and that the amount of tax due and owing there on was the sum

2    of zero.  In fact, as you then and there knew, your taxable

3    income for the calendar year was in excess of the amount stated

4    on the return and upon the additional taxable income,

5    additional tax was due and owing to the United States of

6    America, all in violation of Title 26 United States Code

7    Section 7201.

8           Count six does not charge you.  Count seven does not

9    charge you.  Count eight does not charge you.  Count nine does

10   not charge you.

11          The penalties that pertain to count one that

12   specifically apply to your case are a maximum imprisonment term

13   of five years, $250,000 fine, both fine and imprisonment could

14   be imposed, a three year term of supervised release is the

15   maximum, $100 penalty assessment on the -- all of the counts.

16          Counts two through five -- those are four separate

17   counts -- on each count, the penalty is a maxmimum of five

18   years in prison, a $100,000 fine, three years of supervised

19   release, meaning that if you were to violate a term of

20   supervised release you could be returned to prison for the

21   period of supervised release actually imposed, or the minimum

22   term prescribed by law, whichever is less.

23          Ordinarily that's a two-year term, and that will be

24   subject to the law as it is in effect at the time of your

25   indictment.  The same pertains to the supervised release, that

1    is, applicable to count one.  The penalty assessment is a

2    mandatory $100 per count, and so on the total of five count, it

3    would be $500.

4           Now, I must advise you that you are entitled to be

5    represented by an attorney.  If you cannot afford an attorney,

6    the Court will appoint one for you at no expense to yourself.

7    Do you understand your right to an attorney?

8           MR. BOSSINGHAM:  No, I don't.

9           THE COURT:  Is there something in the language that

10   I've used that you did not understand?  In other words, you are

11   entitled under the law to be represented by a counsel of your

12   choice, and if you cannot afford an attorney because you do not

13   have sufficient resources, assets or income to hire an

14   attorney, then the Court will appoint an attorney for you at no

15   expense to yourself if you filled out a declaration under oath

16   in which you establish true facts of your indigency and your

17   failure to pay for an attorney.

18          And so, is there anything that you don't understand

19   about first of all, your right to be represented by an attorney

20   of your choice?

21          MR. BOSSINGHAM:  There's a lot that I don't

22   understand and I would like a plea, but i don't know how to

23   plead.

24          THE COURT:  You haven't been asked to plead yet, so

25   you don't need to address that.  I am going to ask you how many

1    years of education you've completed?

2            MR. BOSSINGHAM:  Sixteen.

3            THE COURT:  Does that include college?

4            MR. BOSSINGHAM:  There is college courses throughout

5    that.

6            THE COURT:  Do you have a degree from a college?

7            MR. BOSSINGHAM:  No, I don't.

8            THE COURT:  And do you have any special training or

9    education beyond the four years of college you've attended?

10           MR. BOSSINGHAM:  Personal studies, life experience.

11           THE COURT:  All right.  Do you hold any licenses or

12   certificates to practice in any area of endeavor?

13           MR. BOSSINGHAM:  No.

14           THE COURT:  All right.  The Court believes that it

15   has, as required by the law, advised you of your right to an

16   attorney.  The Court will note that this case was originally

17   indicted of October of 2009 and that we have had at least five

18   separate continuances starting in the magistrate judge court

19   for you and Elisabeth Ann Bossingham to endeavor to obtain

20   attorneys.

21           You have prepared a questionnaire that is in excess

22   of 100 questions for prospective attorneys.  You have

23   interviewed attorneys that number -- I believe it's in excess

24   of 20, it may be many more than that.  You have interviewed

25   attorneys that you thought you could work with in the State of

1   Alabama, Mr. Becraft and Mr. Krier, and so the Court believes

2   that its obligations under the law to advise you of your right

3   to an attorney have been satisfied.

4            You have a right to a fair public and speedy trial by

5   jury under our constitution.  That means that 12 persons would

6   be selected, and you would participate in the selection of the

7   jury if you were representing yourself.  If you had an

8   attorney, your attorney or attorneys if there was more than

9   one, would assist you in selecting the jury.  The case would be

10  tried.  You would be judged under a standard of proof that is

11  proof beyond a reasonable doubt.

12           You could not be convicted in that trial of any of

13  the counts that are charged against you unless and until the

14  jury unanimously agreed.  The verdict has to be unanimous with

15  all 12 jurors agreeing that every element of any crime charged

16  against you is proved true beyond a reasonable doubt.  If the

17  jurors are unable to agree on any count, there would be a

18  mistrial on that count, it would have to be tried over again.

19           To be acquitted of any count, the jury would have to

20  unanimously agree that at least one element of the crime was

21  not proved true beyond a reasonable doubt, and then you would

22  be not guilty.

23           MR. BOSSINGHAM:  Would that include each and every

24  element of the alleged crimes?

25           THE COURT:  Each and every element of each crime

1   separately has to be proved beyond a reasonable doubt, and

2   there has to be a unanimous decision finding each element

3   proved beyond a reasonable doubt.  There's either -- if they

4   can't agree, a mistrial, or if they find at least one element

5   not proved, then you're not guilty, on each charge -- each

6   crime that's separately charged in each count of any crime

7   that's separately charged.

8          MR. BOSSINGHAM:  I believe that jurisdiction is the

9   element of each one of these allegations.

10          THE COURT:  jurisdiction is a matter of law that's

11   determined by the Court, and you have already challenged the

12   jurisdiction both of the District Court in the District Court

13   and you've challenged jurisdiction in the appellate court, and

14   there have been rulings on those challenges.

15          You have a further right -- these are called

16   confrontation rights.  You have a right to be present at every

17   proceeding in your case, to be here in the courtroom, to hear,

18   and to observe, and to participate in anything and everything

19   that goes on in your case.

20          You have a right to be present at the trial.  You

21   have a right to face the jury.  You have a right to challenge

22   any evidence presented against you in the case.

23          The evidence would consist of the testimony of

24   witnesses under oath.  It would consist of exhibits that are

25   received into evidence.  It would consist of any stipulations

1    or agreements that the parties reached.  You have a further

2    right to question every witness the government's called under

3    oath, after the government questions first.  That's called he

4    right of cross-examination.

5            Further you have no duty to present evidence.  You

6    have no duty present evidence.  You are presumed to be innocent

7    unless and until the government proves the truth of every

8    element of every charge beyond a reasonable doubt that's

9    charged against you.  You never have to prove your innocence

10   under our constitution.

11           And if there were witnesses that you wished to call

12   in your defense who are unwilling to attend the trial at you

13   request, and they were essentially indicating to you they

14   didn't want to come to the trial, the Court at your request

15   would issue subpoenas to order those witnesses to attend the

16   trial to testify as witnesses.

17           Do you understand these confrontation rights I've

18   just explained to you?

19           MR. BOSSINGHAM:  I'm not schooled in the law, so I

20   would have to do more study to say yes.  Are we --

21           THE COURT:  All right.  Well, you were able to hear

22   my words?

23           MR. BOSSINGHAM:  I not only can hear them but I can

24   ask for a transcript and review them and do some study.

25           THE COURT:  Yes.

1        MR. BOSSINGHAM:  Are we -- do we have the right to be

2  considered innocent of jurisdiction?

3        THE COURT:  That is not a concept that is included

4  within the, if you will, the either plea or the finding of a

5  jury that you are guilty of a crime.  The matter of

6  jurisdiction is a preliminary issue of law determined by the

7  Court, and once jurisdiction is determined, that matter is not

8  submitted to a jury, because it's a pure question of law.  The

9  jury decides questions of fact.  They are the judges of the

10  evidence.

11        And so, the answer is that there is no valid

12  conviction by any court that lacks jurisdiction, and I think

13  you've been telling me that for three or four months now, and

14  that is the law.

15        You have a privilege against self-incrimination.

16  This right is to remain silent, to not testify at a trial, to

17  not say anything or do anything that would incriminate

18  yourself.  As I've already told you, you don't have to prove

19  innocence.  You don't have to present any evidence at the

20  trial, and the burden is still on the government to prove its

21  case beyond a reasonable doubt.

22        You have a further adjunct of this right and

23  privilege against self-incrimination, and that is that the jury

24  would be instructed by the Court before it deliberates that

25  first of all, each of you has the privilege against self-

1   incrimination under our Constitution.  Neither of you has to

2   testify.  You don't have to present evidence.  You don't have

3   to prove innocence, and the jury could not hold it against you

4   in any way if you did not testify.

5           Further, they could not draw an adverse inference

6   against you for not testifying and for invoking your privilege

7   against self-incrimination.  There can be no adverse

8   consequence, the jury would be told, because that is your

9   absolute right under the Constitution of the United States.

10          Well, the indictment appears to assume jurisdiction

11  without proving any of the elements of jurisdiction.

12          THE COURT:  An indictment is an accusatory document.

13  It's a pleading.  It does not prove anything.  The government

14  has to prove with evidence the truth of the charges, and the

15  government, as long as you raise it, has to prove

16  jurisdictional facts that establish the jurisdiction of the

17  Court.  It has alleged facts that appear to confer jurisdiction

18  on the Court, but until that proof is found fist by a jury and

19  then by the Court as a matter of law, that issue ill remain in

20  dispute.

21          MR. BOSSINGHAM:  Will I receive a meaningful trial

22  concerning jurisdiction?

23          THE COURT:  That depends on how you present the

24  issue.  It will be up to you to frame for instance, any special

25  questions to the jury on jurisdictional facts; however,

1    ordinarily the legal aspects of jurisdiction that are purely

2    legal, the jury doesn't decide, as I've already told you.

3      And so, jurisdiction is a mixed question of fact and

4    law.  There have to be facts to provide jurisdiction, but also

5    jurisdiction exists conceptually as a matter of jurisprudence

6    in the law, and jurisdiction is established when the facts that

7    underlie the particular kind of case in which jurisdiction is

8    claimed by the government to exist to establish it.

9      Again, all beyond the standard of proof that applies

10   in a criminal case, and that is proof beyond a reasonable

11   doubt.  That's the highest standard of proof that the law

12   requires in any kind of a case.

13     All right.  Have advised you of the charges, having

14   advised you of the potential penalties and punishment, having

15   advised you of the constitutional and statutory right that you

16   have, and I will invite Mr. Carbajal if there are any other

17   rights that he believes that Mr. Bossingham should be advised

18   about at this time, you certainly may make any suggestions that

19   you believe would apply.

20     MR. CARBAJAL:  No, Your Honor.

21     THE COURT:  All right.  At this time, then --

22     MR. BOSSINGHAM:  I do have a question about that.

23     THE COURT:  Go ahead.

24     MR. BOSSINGHAM:  Where do these rights come from?

25     THE COURT:  The rights that I have provided to you

1   are provided primarily in the Constitution of the United States

2   in the Federal Rules of Criminal Procedure, and in the

3   substantive law that applies to your case found in Title 2 of

4   the United States Code, Title 18 of the United States Code as

5   it pertains to Section 371, that's the charge of conspiracy,

6   and all the underlying law.

7            So having provided you with this arraignment and this

8   statement of rights, Mr. Bossingham, how do you plead to count

9   one of the indictment charging you with conspiracy?  Not guilty

10  or guilty?

11           MR. BOSSINGHAM:  I'd like to plead but I don't know

12  how to plead.

13           THE COURT:  All right.  Under the circumstances I'm

14  going to find that you have been, in all your dealings before

15  this Court intelligent, you have been responsive to all

16  questions the Court has asked, you have been additionally

17  understanding in that your answers have been responsive to all

18  questions of the Court.

19           You and your wife have authored an extended

20  questionnaire to attorneys to engage them.  You have filed

21  hundreds of pages of documents challenging the jurisdiction of

22  the Court, stating legal doctrine, providing jurisprudential,

23  if you will, rules, and application of rules, you have cited

24  hundreds of cases to the Court as well as those statutes, and

25  so the Court finds that you are knowledgeable, you are

1  intelligent, and you are perfectly capable of entering a plea

2  in this case.

3         And because it appears that you are either unwilling

4  or believe the Court does not find that there is any good faith

5  basis for a finding that you lack the mental competence to

6  enter a plea, your failure at this time the Court finds to be a

7  constructive refusal to enter a plea under rule -- Federal Rule

8  of Criminal Procedure 11A4.  The Court is now going to enter

9  pleas on your behalf, as required by law, and the Court will

10  enter on behalf of Brett Allen Bossingham to count one,

11  conspiracy, a plea of not guilty --

12         MR. BOSSINGHAM:  Objection.

13         THE COURT:  -- and to all the overt acts that are

14  charged in the conspiracy.

15         As to count two charging attempt to evade and defeat

16  the payment of tax and aiding and abetting, the Court enters on

17  behalf of Brett Allen Bossingham a plea of not guilty.

18         MR. BOSSINGHAM:  Objection.

19         THE COURT:  On behalf of count three, attempt to

20  evade and defeat the payment of tax and aiding and abetting, on

21  behalf of Brett Allen Bossingham the Court enters a plea of not

22  guilty.

23         MR. BOSSINGHAM:  Objection.

24         THE COURT:  On behalf of Brett Allen Bossingham to

25  count four, attempt to evade and defeat the payment of tax and

26

1    aiding and abetting the Court enters a plea of not guilty.

2            MR. BOSSINGHAM:  Objection.

3            THE COURT:  And on behalf of Brett Allen Bossingham

4    to count five, attempt to evade and defeat the payment of tax

5    and aiding and abetting, the Court enters a plea of not guilty.

6            MR. BOSSINGHAM:  Objection.  Is the Court acting as

7    my attorney?

8            THE COURT:  As you well know, the Court is not an

9    attorney.  The Court does not have an active license as an

10   attorney.  The Court is commissioned by the Congress and the

11   President of the United States to act as a United States

12   District Judge, and that is the only capacity in which I act as

13   the judge presiding over your case, and these proceedings, and

14   in no other capacity.

15           MR. BOSSINGHAM:  Thank you for your judicial

16   determination.

17           THE COURT:  Thank you, Mr. Bossingham.

18           Before we arraign Mrs. Bossingham, you were going to

19   give me an update, and so, if you would, let me ask how close

20   are you to reaching agreement with Mr. Becraft?

21           MR. BOSSINGHAM:  I did send some funds to him a

22   couple of weeks ago, and I don't know if it's the weather or

23   what, but those still have not cleared.

24           THE COURT:  All right.

25           MR. BOSSINGHAM:  So that's where we're at.

1        THE COURT:  All right.  Does he indicate a

2   willingness to represent you once he receives the retainer?

3        MR. BOSSINGHAM:  I think he merely has to coordinate

4   things with his schedule being that he's so far away and so

5   it's complicated.

6        THE COURT:  Yes.  Understood.  I would urge you to

7   make sure that the funds clear that they get to Mr. Becraft so

8   that Mr. Becraft can, quite frankly, start the process of

9   studying and being involved in your case so he can give you the

10  maximum assistance to which you are entitled under law from

11  counsel of your own choice.

12       So hopefully -- and if you don't mind, once he has

13  committed to you he's going to enter the case, if you could

14  simply provide the Court with a notice, and then he will file a

15  notice of appearance, which is customary for an attorney

16  entering a case on behalf of a defendant to file.

17       Thank you very much, Mr. Bossingham.

18       Now, Elisabeth Ann Bossingham, I'm going to now

19  provide you with a complete statement of the indictment against

20  you individually.  You are charged by indictment that is

21  superseding, meaning it's a new indictment, filed -- and it

22  replaces and supersedes the original indictment.  It was filed

23  February 17th of 2011.

24       It charges you in count one of conspiracy with Brett

25  Allen Bossingham at time relevant, it's alleged that you and

1   Brett Allen Bossingham are husband and wife and resided in
2   Woodlake, California within the State and Eastern District of
3   California.
4            It's alleged that beginning on a date not known to
5   the grand jury but no later than or about January 1st of 2000
6   and continuing until on or about October 28th, 2009 in the
7   State and Eastern District of California and elsewhere, that
8   you and Brett Allen Bossingham did unlawfully, voluntarily,
9   intentionally and knowingly conspire, combine, confederate and
10  agree together and with each other and with other individuals
11  both known and unknown to the grand jury to defraud the United
12  States for the purposes of impeding, impairing, obstructing and
13  defeating the lawful government functions of the Internal
14  Revenue of the Treasury Department -- that's the Internal
15  Revenue Service of the Treasury Department -- in the
16  ascertainment, computation, assessment and collection of
17  revenue, to wit: income taxes.
18           The manner and means of the conspiracy are alleged as
19  follows:  it's alleged that you and Brett Allen Bossingham
20  employed among others, the following manner and means, that
21  both of you used and caused to be used offshore bank accounts,
22  warehouse banking, and abuse of tax avoidance scheme and trust
23  organizations to hide and shield your -- both of your incomes
24  from the Internal Revenue Service.
25           That you filed and caused to be filed bogus

1    liabilities, including deeds of trust against your properties

2    and Mr. Bossingham's properties to create the appearance of no

3    equity in those properties in order to further impede the

4    Internal Revenue Service in its duty to collect taxes due and

5    owing to the United States.

6              It's alleged that you and Mr. Bossingham filed false

7    and fraudulent tax returns with the Internal Revenue Service

8    which grossly understated both of your taxable incomes and

9    falsely claimed that both of you owed no tax, or were entitled

10   to tax refunds.  As a result of both of your conduct over

11   $100,000 in taxes has been evaded as of the date of the

12   indictment.

13             The overt acts that are in support and furtherance of

14   the conspiracy, it is alleged that to carry out the purposes of

15   the conspiracy that you and Brett Allen Bossingham performed

16   the following overt acts, among others in the State and Eastern

17   District of California and elsewhere.

18             First on or about July 17th, 2000 you filed an IRS

19   Form W-4, Employee's Withholding Allowance Certificate, with

20   your former employer, Visalia Medical Clinic, Inc. claiming to

21   be exempt from federal income tax withholding.

22             Next it's alleged that on or about September 29th,

23   you and Brett Allen Bossingham signed a document entitled,

24   "Resolutions of Director" for a purported international

25   business company, Heritage A.T. Ltd. authorizing that company

1   to open and maintain an account with a bank in Grenada.

2         On or about September 29th of 2000 you and Brett

3   Allen Bossingham signed a document entitled, "Resolutions of

4   Director" for a purported international business company,

5   Heritage A.T. Ltd. authorizing that company to open and

6   maintain an account with a bank in Nassau, Bahamas.

7         On or about May 11th of 2011, this is the next

8   allegation, you and Brett Allen Bossingham established an

9   anonymous account with Interactive Currency Interface Systems

10  also known as MYICIS, a warehouse banking operation in

11  Arkansas -- that's a state.

12        Next, it's alleged that on or about June 23rd, 2005,

13  Brett Allen Bossingham utilized Salt Lake, LLC in Oklahoma --

14  I'm sorry, let me state that over -- utilized Lake City, LLC,

15  an Oklahoma limited liability company, to encumber his personal

16  residence located at 20278 Avenue 360, Woodlake, California.

17        Next it is alleged that on or about April 8th, of

18  2007, that defendant Brett Allen Bossingham filed a false and

19  fraudulent U.S. income individual tax return, it's an

20  individual return Form 1040, with the Internal Revenue Service

21  for the calendar year 2000.

22        Next, it is alleged that on or about April 8 of 2000

23  [sic], that you filed a false and fraudulent U.S. income tax

24  return, Form 1040 with the Internal Revenue Service for the

25  calendar year 2000.

1        Next, it's alleged that on or about April 8th, 2007,

2   defendant Brett Allen Bossingham filed a false and fraudulent

3   U.S. individual income tax return, Form 1040 with the Internal

4   Revenue Service for calendar year 2001.

5        Next, it is alleged that on or about April 9th, 2007,

6   that you filed a false and fraudulent U.S. income tax return

7   Form 1040 with the Internal Revenue Service for the calendar

8   year 2001.

9        Next it is alleged that on or about April 11th of

10  2007, defendant Brett Allen Bossingham filed a false and

11  fraudulent U.S. individual income tax return Form 1040 with the

12  Internal Revenue Service for the calendar year 2002.

13       Next, it is alleged that on or about April 11th of

14  2007, that you filed a false and fraudulent U.S. individual

15  income tax return Form 1040 with the Internal Revenue Service

16  for the calendar year 2002.

17       Next it is alleged that on or about April 19th of

18  2007, defendant Brett Allen Bossingham filed a false and

19  fraudulent U.S. income tax return Form 1040 with the Internal

20  Revenue Service for the calendar year 2003.

21       Next it is alleged that on or about April 19th of

22  2007, you filed a false and fraudulent U.S. income tax return

23  Form 1040 with the Internal Revenue Service for the calendar

24  year 2003.

25       All in violation of Title 18 United States Code

1    Section 371, which is the law governing conspiracy.

2            You are not charged in count two.

3            You are not charged in count three.

4            You are not charged in count four.

5            You are not charged in count five.

6            In count six you are charged with attempt to evade

7    and defeat the collection -- I'm sorry, not the collection --

8    to defeat the payment of tax and aiding and abetting in

9    violation of 26 United States Code Section 7201.  The grand

10   jury charges that you, a resident of Woodlake, California on or

11   about April 8th of 2007, within the State and Eastern District

12   of California willfully attempted to evade and defeat a large

13   part of the income tax due and owing by you to the United

14   States of America for the calendar year 2000 by preparing and

15   causing to be prepared, and by signing and causing to be signed

16   a false and fraudulent U.S. individual income tax return Form

17   1040 which was filed with the Internal Revenue Service.

18           In that false and fraudulent U.S. individual income

19   tax return 1040 you stated that your taxable income for the

20   calendar year was a sum of $33,501, and that the amount of tax

21   due and owing thereon was the sum of zero dollars.

22           In fact, as you then knew then and there, your

23   taxable income for the calendar year was in excess of the

24   amount stated on the return, and upon the additional taxable

25   income, additional tax was due and owing the United States of

1   America all in violation of Title 26, United States Code

2   Section 7201.

3          In count seven you are charged with attempt to evade

4   and defeat the payment of tax and aiding and abetting under 26

5   USC Section 7201 in that while a resident of Woodlake,

6   California on or about April 9th of 2007 within the State and

7   Eastern District of California you willfully attempted to evade

8   and defeat a large part of the income tax due and owing by you

9   to the United States of America for the calendar date 2001 by

10  preparing and causing to be prepared, and by signing and

11  causing to be signed a false and fraudulent U.S. individual

12  income tax return Form 1040 which was filed with the Internal

13  Revenue Service.

14         In that false income tax return you stated that your

15  taxable income for the calendar year was the sum of $3,604.70

16  and that the amount of tax due and owing thereon was the sum of

17  zero dollars.  In fact, as you then and there well knew, your

18  taxable income for the calendar year was in excess of the

19  amount stated on the return, and upon the additional taxable

20  income, additional tax was due and owing the United States of

21  America, all in violation of Title 26 United States Code

22  Section 7201.

23         You are charged in count eight of a violation of

24  attempt to evade and defeat the payment of tax and aiding and

25  abetting, 26 United States Code Section 7201, while you were a

1   resident of Woodlake, California on or about April 11th, 2007

2   within the State and Eastern District of California.

3            You willfully attempted to evade and defeat a large

4   part of the income tax due and owing by you to the United

5   States of America for the calendar year 2002 by preparing and

6   causing to be prepared, and by signing and causing to be signed

7   a false and fraudulent U.S. income tax return Form 1040 which

8   was file with the Internal Revenue Service.

9            In that false income tax return you stated that your

10  taxable income for the calendar year was the some of $3,644.92,

11  that the amount of tax due and owing thereon was the zero

12  dollars.  In fact, as you then and there well knew, your

13  taxable income for the year -- that calendar year was in excess

14  of the amount stated on your return and upon the additional

15  taxable income, additional tax was due and owing the United

16  States of America, all in violation of Title 26 United States

17  Code Section 7201.

18           You are charged in count nine of the indictment with

19  attempt to evade and defeat the payment of tax and aiding and

20  abetting in violation of 26 USC Section 7201 while you were a

21  resident of Woodlake, California on or about April 19th, 2007

22  within the State and Eastern District of California, you

23  willfully attempted to evade and defeat a large part of the

24  income tax due and owing by you to the United States of America

25  for the calendar year 2003 by preparing and causing to be

1    prepared and by signing and causing to be signed a false and

2    fraudulent U.S. income tax return, an individual Form 1040

3    which was filed with the Internal Revenue Service.

4           In that false individual income tax return you stated

5    that your taxable income for the calendar year was the sum of

6    zero dollars as the amount of tax due, and owing thereon is the

7    sum of zero dollars, in fact, as you then and there knew, your

8    taxable income for the calendar year was in excess of the

9    amount stated on that return, and upon the additional taxable

10   income additional tax was due and owing the United States of

11   America all in violation of Title 26, United States Code

12   Section 7201.

13          The punishment for the crimes of which you are

14   charged is as follows:

15          For the charge of conspiracy in violation of 18

16   United States Code Section 371, count one, maximum punishment

17   is five years in prison, $250,000 fine, three years of

18   supervised release.  If you were to violate a term of

19   supervised release you could be returned to prison for the

20   period of supervised release actually imposed, or two years,

21   whichever is less.  A $100 penalty -- a special penalty

22   assessment at the time of sentencing.

23          For the violations of 26 United States Code Section

24   7201 and 18 United States Code Section 2, which is the aiding

25   and abetting statute, you are these are counts six through

1    nine, tax evasion and aiding and abetting, charged with -- and

2    the maximum penalty is a five years in prison for each count, a

3    $100,000 fine for each count, three-year supervised release

4    term for each count, and if you were convicted and you violated

5    a term of supervised release you could be returned to prison

6    for the period of supervised release actually imposed, or two

7    years, whichever is less.  Also a $100 mandatory penalty

8    assessment at the time of sentencing.

9        It has previously been advice of the Court to both

10   Brett Allen Bossingham and Elisabeth Ann Bossingham that in

11   consulting and attempting to hire counsel that you may wish to

12   examine whether or not there is any potential conflict of

13   interest under the law in being jointly represented by one

14   lawyer, and whether or not you ought to have separate lawyers

15   represent you.

16       That is a matter that the Court cannot determine

17   because you're entitled to the privilege of confidentiality of

18   attorney and client, and therefore, while the Court has a duty

19   to protect your rights and to see that you do not have

20   conflicted representation, the way you find out if you have a

21   conflict potential in representation is to consult with

22   attorneys, and as I understand that, Ms. Francine Zepeda, the

23   head of the Fresno Division of the Eastern District of

24   California Federal Defender's Office has consulted with you,

25   and you have consulted with many private counsel, and this is

1    one of the subjects, I believe, that should have been covered.

2            And may I confirm, Ms. Zepeda, who is present in

3    Court, that that subject was covered?

4            MS. ZEPEDA:  Your Honor, I personally did not cover

5    that issue with them, but I believe the prior -- looking from

6    the notes, that Ms. Voris from my office did discuss that with

7    them, I want to say on December 20th, that they had a long

8    conversation about separate representation and those issues.

9    And I'm going just from her notes, Your Honor.  I don't have an

10   independent recollection.

11           THE COURT:  Good.

12           MS. ZEPEDA:  I did not cover that with them.

13           THE COURT:  And let me ask first Mrs. Bossingham, do

14   you remember the subject of the potential conflict if you're

15   both represented by one attorney coming up?

16           MS. BOSSINGHAM:  No, Your Honor.

17           THE COURT:  That has not been mentioned before?

18       (No audible response.)

19           THE COURT:  Well, I am advising you, then, that that

20   is an issue and a subject that needs to be examined by both of

21   you with any potential counsel that you're hiring, whether or

22   not there is no conflict in your legal positions in the case,

23   such that having one lawyer represent you could in any way

24   accrue to the prejudice of either of you.

25           You're entitled to have conflict free representation,

1   to have an attorney who is completely loyal individually to you

2   and who is protecting above all your interests as opposed to

3   anybody else's interest in the case.  Do you understand that?

4            MS. BOSSINGHAM:  I'm not schooled in law.  I'm under

5   stress and duress.

6            THE COURT:  All right.  Let me confirm with you your

7   education.  How many years of school have you completed?

8            MS. BOSSINGHAM:  At the moment I can't remember.  I

9   am definitely stressed out.

10           THE COURT:  All right.  Have you completed high

11  school?

12           MS. BOSSINGHAM:  Yes, I have.

13           THE COURT:  Do you have a high school diploma?

14           MS. BOSSINGHAM:  Five years of college, four years of

15  medical school, three years of residency.

16           THE COURT:  All right.  Are you a licensed and

17  practicing physician in the State of California?

18           MS. BOSSINGHAM:  I am.

19           THE COURT:  Thank you.  The Court finds that relative

20  to the right to conflict-free representation has been explained

21  to both Elisabeth Ann Bossingham and Brett Allen Bossingham.

22  Mr. Bossingham, if I asked you the same question, whether you

23  have been able to hear my words, have you heard them about

24  conflict-free representation?

25           MR. BOSSINGHAM:  I did hear them

1          THE COURT:  Did you understand them?

2          MR. BOSSINGHAM:  I will review them and research

3     them.

4          THE COURT:  All right.  But I want to be sure that

5     you know and you should ask any lawyer with whom the two of you

6     consult, whether there's any potential for conflict, because

7     you're each entitled to have your own lawyer representing you

8     to assure that your rights are fully and completely protected

9     as an individual.  Do you understand that?

10          MR. BOSSINGHAM:  Well, I would want to talk to

11     counsel about that.

12          THE COURT:  All right.  And that's what I'm asking

13     you to please do.  Thank you very much.

14          I want to next advise you, Dr. Bossingham, that you

15     have a right to be represented by an attorney of your own

16     choosing at every stage of your case.  If you cannot afford to

17     pay for an attorney because you're indigent and do not have

18     sufficient funds under the law, the Court will appoint an

19     attorney for you and that would be at not expense to yourself.

20          Do you understand your right to an attorney as I've

21     just explained it.

22          MS. BOSSINGHAM:  Yes, as he's explained it.

23          THE COURT:  Thank you.  You have a right to a fair,

24     public and speedy trial by jury.  At the jury -- if you choose

25     to, you would have a right to represent yourself or you would

40

1   be represented by your attorney.  You participate in the

2   selection of the jury.  You could not be convicted at a trial

3   unless and until all 12 jurors, that's the number of jurors

4   that would be the jury in the case, there might be alternates,

5   but alternates don't deliberate.

6          Those jurors have to unanimously agree, meaning every

7   one of them has to agree with each other on every element of

8   any crime charged against you as to each of the crimes beyond a

9   reasonable doubt, which is the standard, the highest standard

10   of proof that the law recognizes before you could be found

11   guilty.

12          Otherwise, if the jury can't agree, there'd be a

13   mistrial, we'd have to try the case over again.  Or if they

14   find that at least one element of the crime, any crime charged

15   against you has not been proved true beyond a reasonable doubt

16   then you have to be found not guilty under the law.

17          Further, at that trial -- well, let me ask you first,

18   these rights -- I don't want to give you too many rights at

19   once -- as to a fair, public and speedy trial, have you been

20   able to hear the words I've just stated to you about those

21   rights?

22          MS. BOSSINGHAM:  As best I can.

23          THE COURT:  All right.  And do you understand that

24   those are rights that you possess?

25          MS. BOSSINGHAM:  I believe -- I hope --

41

1        THE COURT:  AS I've explained it.

2        MS. BOSSINGHAM:  I hope I will.

3        THE COURT:  Thank you.

4        MS. BOSSINGHAM:  You have a series of rights that are

5    called confrontation rights and these also pertain to when

6    you're in court.  Every time there's a proceeding in your case,

7    you have an absolute right to be in court and present if you

8    choose to be so.  In other words, you cannot be excluded from

9    any proceeding in your own case unless there's an exception

10    that I don't anticipate will apply.

11        Second, you have the right to be present at your jury

12    trial, to face the jury, to challenge the government's evidence

13    which would consist of the testimony of witnesses under oath,

14    exhibits that are received into evidence, like documents,

15    anything else.   The reach agreement on any facts that are not

16    disputed.  That's called a stipulation.  You can never be

17    required to stipulate to anything.  That's always a voluntary

18    choice that you have.

19        You have the further right to question every

20    government witness under oath after the government's attorney

21    questions first, that's called the right of cross-examination.

22    That right is inalienable.  It cannot be denied.

23        You have a further right that in the event that you

24    have witnesses that you wish to call in your defense who are

25    unwilling or unable to attend the trial at your request, the

1    Court would issue subpoenas to order those witnesses to attend

2    the trial.

3            So these rights that I've just explained, as I've

4    explained them, did you understand the explanation I gave you?

5            MS. BOSSINGHAM:  I'm under stress and duress.  I'm

6    doing the best I can to understand everything.

7            THE COURT:  All right.  Thank you very much.

8            Let me now explain to you the privilege against self-

9    incrimination that you have.  You have a privilege against

10   self-incrimination, which includes the right to remain silent.

11   I advise you that you never have to prove innocence.  You don't

12   have to submit any evidence.

13           There is a presumption of innocence that the

14   Constitution and our law affords you, which the jury is told

15   from the outset you're presumed to be innocent unless and until

16   the government produces evidence that has such convincing force

17   that they are satisfied beyond a reasonable doubt that the

18   charges are true against you.

19           And proof beyond a reasonable doubt is proof that

20   weighing all the evidence in the case has such convincing force

21   that a juror can say with conviction that you are guilty.  It

22   is -- a reasonable doubt is one that arises from reason or

23   logic.  It arises from a full consideration of all the

24   evidence, or it arises from a lack of evidence.  But proof

25   beyond a reasonable doubt is proof that leaves the juror in the

1   state of mind that they can say without reservation that you

2   are guilty, as opposed to any other state of mind.  If there's

3   any question in a juror's mind, then the law requires that they

4   find you not guilty.  I wanted you to have an understanding of

5   the standard of proof that also applies.

6           Were you able to follow my explanation as I just gave

7   it to you?

8           MS. BOSSINGHAM:  I object.  I feel it's under stress

9   and duress.

10          THE COURT:  All right. I'm going to find, make a

11  finding as a matter of fact that as a licensed and practicing

12  medical doctor -- and your practice of medicine is active?  Do

13  you see patients?

14          MS. BOSSINGHAM:  Yes, Your Honor.

15          THE COURT:  I have attempted to speak clearly and

16  understandably.  I've attempted to use words, and when the

17  words have special meaning, I've tried to define them.

18          MS. BOSSINGHAM:  I have attempted to understand you.

19          THE COURT:  I beg your pardon?

20          MS. BOSSINGHAM:  I have attempted to understand you.

21          THE COURT:  Yes.  And I thank you for that.  And so,

22  I'm going to find based on your apparent education, coherence,

23  responsiveness to my questions and obvious intelligence that

24  you have been able to observe and to understand these

25  proceedings, and therefore, I --

1        MS. BOSSINGHAM:  I still object to them.

2        THE COURT:  Yes, I certainly understand that.  And

3   after you have objected the first time, I will give you a

4   continuing objection as I did to Mr. Bossingham so you don't

5   have to keep saying you object.  You object to all of these

6   proceedings, and I've noted your objection for the record,

7   which I've overruled, but I have a legal duty under the law to

8   complete the arraignment and to schedule this case, and I'm

9   going to discharge my duty because candidly, that's why I'm

10  here, that's what I have to do.

11       And so, I'm going to ask you as to count one of the

12  indictment that charges you with a conspiracy, this is the

13  superseding indictment that I've read to you, how do you plead?

14  Not guilty or guilty?

15       MS. BOSSINGHAM:  I'd like to plead but I don't know

16  how to plead.

17       THE COURT:  All right.  Again, based on my findings

18  of your total mental competence, your responsiveness, your

19  intelligence, and the extended time that we have spent going

20  through the superseding indictment and all related charges, I'm

21  going to enter a not guilty plea to the first count of the

22  indictment, conspiracy.

23       MS. BOSSINGHAM:  I object and I do not --

24       THE COURT:  And to all the overt acts that are

25  charged.

45

1        MS. BOSSINGHAM:  I object and I do not consent.

2        THE COURT:  Thank you.

3        As to -- you're not charged in count two.

4        You're not charged in count three.

5        You're not charged in count four.

6        You're not charged in count five.

7        As to count six, charging you with attempt to evade

8   and defeat the payment of tax and aiding and abetting, how do

9   you plead?  Not guilty or guilty?

10        MS. BOSSINGHAM:  I would plead, but I'm not able to

11   know how to plead.

12        THE COURT:  All right.  And I will therefore, again,

13   based on my findings of competence and understanding enter a

14   plea of not guilty on your behalf pursuant to the authority of

15   Ellis v. U.S. District Court for the Western District of

16   Washington, 360 F.3d 1022 at 1023.

17        MS. BOSSINGHAM:  I object and do not consent.

18        THE COURT:  As to count seven attempt to evade and

19   defeat the payment of tax and aiding and abetting.  How do you

20   plead?  Not guilty or guilty?

21        MS. BOSSINGHAM:  I am unable to -- I would like to

22   plead, but I do not know how to plead.

23        THE COURT:  And based on your -- what I'm going to

24   find is a refusal to plead, I enter the plea of not guilty on

25   your behalf.

46

1          As to count eight, charging you with attempt to evade

2     and defeat the payment of taxes, it has been specifically read

3     to you.  How do you plead?  Not guilty or guilty?

4          MS. BOSSINGHAM:  I would like to plead, but do not

5     know how to plead.

6          THE COURT:  And based on my finding of your

7     competence and the time we've spent in these proceedings, I'm

8     going to enter a plea of not guilty to count eight on your

9     behalf.

10         How do you plead to count nine, attempt to evade and

11    defeat the payment of tax and aiding and abetting?  Not guilty

12    or guilty?

13         MS. BOSSINGHAM:  I do not know how to plead.  I would

14    like to plead.

15         THE COURT:  The Court, again, based on my findings of

16    competence, and your understanding of these proceedings finds

17    that you have refused to plea to each and every count of the

18    superseding indictment and I enter a plea --

19         MS. BOSSINGHAM:  I object and I do not consent.

20         THE COURT:  -- of not guilty on your behalf to count

21    nine.

22         Now, I do want to add to my advisement of rights, and

23    this is both for Brett Allen Bossingham and Elisabeth Ann

24    Bossingham.  Each of the crimes of which you are charged is a

25    felony.  Do you understand, Mr. Bossingham?

1          MR. BOSSINGHAM:  Not fully; no.

2          THE COURT:  All right.  Dr. Bossingham, do you

3    understand that each of the crimes with which you are charged

4    is a felony?

5          MS. BOSSINGHAM:  I'm doing the best I can, Your

6    Honor.

7          THE COURT:  All right.  Thank you very much.  I do

8    wish to advise you of that, and a felony is a crime that is

9    punishable by imprisonment in a federal penitentiary.  Once

10   convicted of a felony, there is the potential of the loss of

11   civil rights, including the right to vote, the right to carry a

12   firearm, and other rights.

13          You will, if you wish, be provided a further and more

14   extensive description of what a felony is by any attorney with

15   whom you consult, but I did want each of you to know that each

16   and every count in the superseding indictment to which not

17   guilty pleas have been entered on both of your behalfs, each of

18   these counts is a felony.

19          And so you have indicated, Mr. Bossingham, that you

20   heard me, but that you're going to look further into the

21   matter?

22          MR. BOSSINGHAM:  I will review the transcripts.

23          THE COURT:  Thank you.  And Dr. Bossingham, you have

24   heard me tell you that each and every one of these crimes are

25   felonies, and you've indicated that you need further time to

1   study; is that correct?

2          MS. BOSSINGHAM:  I sure do.  Yes.

3          THE COURT:  All right.  Thank you very much.  Now --

4          MR. BOSSINGHAM:  In regard to our ongoing objection,

5   we have not voluntarily contracted with this Court, but we do

6   wish to thank you for your judicial termination.

7          THE COURT:  Thank you, Mr. Bossingham.  I will again

8   say that this is not a matter of contract.  We recognize that

9   you're not here voluntarily.  That you object to the

10  proceedings, and so there will be no -- a contract is a

11  consensual agreement where the parties' minds meet, and they

12  agree to definite and certain terms.

13         And under the criminal law a proceeding is not a

14  consensual one unless there is specific agreement and the

15  agreement's accepted by the Court, and the Court understands

16  that you're not agreeing to anything.  And so that's on behalf

17  of both of you.

18         What I'm going to do is this:  I'm going to set a

19  status conference in six weeks.  That should give you enough

20  time to get your attorney onboard.  If you do not have an

21  attorney by then, we will at that scheduling conference talk

22  about scheduling the case, and at that point in time, I'm going

23  to deem it that you have elected to represent yourselves,

24  because I believe by then it will be more than four months, it

25  will be about four and a half months that you've had to get an

1  attorney.

2          You're both intelligent and competent individuals and

3  the Court intends -- unless you are here with an attorney, and

4  if you are here with an attorney we will discuss a schedule for

5  the case and the setting of a trial date.  So I do want you to

6  advise anybody with whom you're consulting that that will be an

7  order of business on our schedule.

8          If I can have a date please?

9          THE CLERK:  April 4th.

10         THE COURT:  April 4th, 2011.  Do you prefer the

11  morning or the afternoon?

12         MR. BOSSINGHAM:  What day of the week is that?

13         THE COURT:  It's Monday.

14         MS. BOSSINGHAM:  Afternoon.

15         THE COURT:  Afternoon.  All right.  We will set it at

16  2:00 p.m. the afternoon of April the 4th.  I'm going to exclude

17  time again for you to obtain attorneys, for you to do

18  investigation, legal research, and to prepare for that

19  scheduling conference and the trial, and because we are still

20  delayed in our proceedings because of the fact that you have

21  for reasons best known to you, indicated your lack of alleged

22  understanding and lack of understanding of our proceedings.

23         Is there anything further today?

24         MS. BOSSINGHAM:  Your Honor, will the jury be freely

25  allowed to examine all law in this matter when it goes to

1    trial?

2           THE COURT:  The jury will be instructed on all the

3    law that applies to the case.  I can't guarantee you that any

4    statement of the law will be provided to the jury because the

5    Court is under a duty to provide clear, understandable and

6    accurate statements of the law as it has been interpeted by the

7    courts of the United States.

8           MR. BOSSINGHAM:  Does that include the U.S. Supreme

9    Court, sir?

10          THE COURT:  It starts with the U.S. Supreme Court.

11   The Supreme Court are the highest decisions of the land. Their

12   decisions are binding on all inferior court.  This is, as a

13   trial court, below the appeals court, below the Supreme Court

14   and we follow the mandates and the decisions of those courts.

15          MR. BOSSINGHAM:  Oh.

16          THE COURT:  We don't make law in this Court, we

17   follow law.

18          Anything further?

19          MR. CARBAJAL:  Yes, Your Honor.  With respect to your

20   apprising Mrs. Bossingham of the charges in the indictment, I

21   believe there were certain dates that were missed in some of

22   the overt acts.  If I could clarify those?

23          THE COURT:  Certainly.  We can talk about any dates

24   that you believe were not stated.

25          MR. CARBAJAL:  Okay.  At paragraph 4(b) that date

1  is --

2          THE COURT:  4(b) is on or about September 29th of

3  2000.

4          MR. CARBAJAL:  Correct.

5          THE COURT:  It's alleged that Brett Allen Bossingham,

6  Elisabeth Ann Bossingham signed a document entitled,

7  "Resolutions of Director" for purported international business

8  company Heritage A.T. Ltd. authorizing payment to open and

9  maintain an account with a bank in Grenada.

10          MR. CARBAJAL:  Yes.  Also paragraph 4(d), Your Honor.

11          THE COURT:  All right.  4(d) the date is on or about

12  May 11th of 2003, defendants Elisabeth Ann Bossingham and Brett

13  Allen Bossingham established an anonymous account with

14  Interactive Currency Interface System also known as MYICIS, a

15  warehouse banking operation in Arkansas.

16          And I will confirm that you do have a copy of the

17  superseding indictment there at the lectern with you, do you

18  not, Mr. and Mrs. -- Dr. Bossingham?

19          MR. BOSSINGHAM:  No, I do not.

20          THE COURT:  You do not.  All right.  Well, then I'm

21  glad that we're reading these to you so you could hear these

22  dates.

23          MR. CARBAJAL:  And lastly, Your Honor, paragraph 4(h)

24  I believe you said the date was April 8th.

25          THE COURT:  Yes.

52

1          MR. CARBAJAL:  It's dated April 9th, 2007.

2          THE COURT:  Paragraph 4(h) is another overt act, and

3   it is alleged that on or about April 9th -- not 8th -- April

4   9th of 2007 defendant Brett Allen Bossingham filed a false and

5   fraudulent U.S. individual income tax return Form 1040 with the

6   Internal Revenue Service for the calendar year 2001.

7          Ere you able to hear each of those dates?

8          MR. BOSSINGHAM:  Yes.

9          THE COURT:  Thank you very much.

10          That concludes our proceedings.

11          MR. BOSSINGHAM:  Thank you.

12          THE COURT:  You're welcome.

13          MR. CARBAJAL:  Your Honor?

14          THE COURT:  Yes?

15          MR. CARBAJAL:  I don't believe you touched on

16   discovery and order reciprocal discovery?  Now that they've

17   been arraigned --

18          THE COURT:  Well, you haven't made a motion.  We'll

19   address a motion for reciprocal discovery at the next hearing.

20   I'm hopeful the Bossinghams will have an attorney here with

21   them.

22          MR. CARBAJAL:  Understood, Your Honor.  Thank you.

23          THE COURT:  All right.

24      (Whereupon the hearing in the above-entitled matter was

25   adjourned at 1:14 p.m.)

53

1                            --o0o--

2                         <u>CERTIFICATE</u>

3      I certify that the foregoing is a correct transcript from

4  the electronic sound recording of the proceedings in the above-

5  entitled matter.

6

7  _____        March 1, 2011

8  Patricia A. Petrilla, Transcriber

9  AAERT CERT*D-113

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25