```
1  Brett Allen Bossingham
   Elisabeth Ann Bossingham
2  1827 S. Court. Suite F,
   Visalia, California
3
   Defendants
4
```

FILED
MAR 08 2011
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:10 - CR - 00150 - OWW |
| Plaintiff, | MOTION FOR DISCOVERY |
| v. | FRCvP 6, 7, 12, 16 |
| BRETT ALLEN BOSSINGHAM, and ELISABETH ANN BOSSINGHAM, | |
| Defendants, | |

MOTION FOR DISCOVERY

1. We invite the court to notice that we are here under duress, under constructive custody, against our will, and under the plaintiff's threat that we will be harmed if we do not do as they direct, that we retain all our rights, and that there is an ongoing unanswered challenge to this court's jurisdiction and to these proceedings. As an aside, we have made every attempt to honor the court, and present our best efforts to the court. We request that the court admonish plaintiff's attorneys to cease dishonoring the dignity of the court process, for they have been

making ad hominem, inflammatory, false, and irrelevant, guilt-by-association presentations to the court, both orally and in their papers.

2. COME NOW Brett Allen Bossingham and Elisabeth Ann Bossingham, defendants, and move pursuant to Rules 6, 7, 12, and 16, of Federal Rules of Criminal Procedure; and Amendments IV, V, and VI of the Constitution for the United States of America that this Court order the government to comply with each of the following requests. (In the following, the singular includes the plural, and the plural includes the singular; the masculine includes the feminine, and the feminine includes the masculine.)

3. That the plaintiff state whether it intends to offer any evidence of any prior or subsequent "bad act" of each defendant pursuant to Federal Rule of Evidence 404(b) or otherwise and, if so, to describe with particularity said act, including in such description its time and place, the method or means of introducing such evidence, and an identification of all witnesses intended to be called by the government to offer such evidence;

4. That the plaintiff state whether it intends to offer any documents or witnesses who reside outside the USDC Eastern District of California, and if so, to disclose such documents and state the names, telephone numbers and addresses of such witnesses without delay and in an expedited manner;

5. That the plaintiff provide defendant an opportunity, at a time and location set by the Court to meet personally with any and all witnesses who the government expects to call at trial and who are presently subject to the control of any government agency, and request that they consent to a pre-trial interview;

6. That the plaintiff disclose any statement by any person named in the instant Information;

7. That the plaintiff state whether it intends to offer any evidence of any prior or subsequent "bad act" of any person named in the instant Information pursuant to Federal Rules of Evidence 5404(b) or otherwise and, if so, then describe with particularity said act, including in such description its time and place, the method or means of introducing such evidence, and an identification of all witnesses likely to be called by the government to offer such evidence;

8. That the plaintiff state whether it intends to offer any evidence of any prior criminal conviction of any person named in the instant Information, should he testify, pursuant to Federal Rules of Evidence 609 or otherwise and, if so, to state the particulars of said conviction and provide a certified copy thereof;

9. To state whether any potential witnesses were subjected to

1  polygraph in connection with the investigation and preparation
2  of this or any related information or indictment;
3
4  10.  That the plaintiff state whether the government is aware of
5  any audio or video tape or photographic recordings of defendant
6  or any person named in this or any related information or
7  indictment; and, if so, to describe the date, location and
8  circumstances of such recording and provide defendant with
9  access to any such recording and/or transcripts prior to trial;
10
11  11.  That the plaintiff disclose any of the following papers,
12  books, writings and documents in the government's possession
13  regardless of whether the government intends to offer it at
14  trial:
15
16      (a) Any and all documents and things which were
17      obtained in this investigation, regardless of whether
18      presented to the Grand Jury for the purpose of
19      consideration of whether probable cause existed for
20      the return of an indictment against defendant;
21
22      (b) Any and all telephone toll records in its
23      possession for any telephone subscribed to or known to
24      be used by defendant or his counsel, or any members of
25      defendant's family;
26
27      (c) Any and all telephone toll records in its

------------------------------------------------------------------------
MOTION FOR DISCOVERY

possession for any telephone subscribed to by any person named in the instant Indictment/Information or any members of his family;

(d) Any and all telephone toll records which were acquired as a result of the investigation of defendant or any other person named in the Indictment/Information;

(e) Any and all records of any pen register, wiretaps, or traps placed on any telephone, private or public, with or without a court order, within the scope of subparagraphs 10(a), (b) and (c), supra, and any logs or transcripts reflecting the result of such procedure;

(f) Any and all photographs or tapes of any video or audio recording device used with or without a court order for the purpose of acquiring information or evidence regarding defendant or any person named in the Information;

(g) Any documents or things acquired from defendant;

(h) Any documents or things acquired from the Internal Revenue Service and relating to defendant, his assets and/or his expenditures;

(i) Any documents or things acquired from any source relating to defendant, and pertaining particularly, but not exclusively, to his finances, assets and/or expenditures;

(j) Any documents or things acquired from any source relating to any persons named in the Information, including without limitation data concerning their finances, assets and/or expenditures;

(k) Any documents or things reflecting the initiation, execution or results of any mail cover or openings utilized to investigate defendant or any person named in the instant Information or any person the government contends was a co-conspirator of defendant;

(l) Any documents reflecting the initiation, execution or results of any pen registers or wiretaps or traps installed with or without a court order to investigate defendant or any person named in the Indictment/Information, including any application for and/or Court orders for such pen registers, regardless of whether they were utilized;

(m) Any documents reflecting the initiation, execution or results of any investigative use of video cameras

and/or any electronic surveillance or eavesdropping equipment, with or without court order, to investigate defendant or any person named in the instant Indictment/Information, including any application for and/or Court orders for any electronic surveillance; regardless of whether they were implemented;

(n) Any applications or orders seeking information about defendant or any person named in the Information pursuant to 26 U.S.C. Sec. 6103 and specifically, the date on which the process of Sec. 6103 was invoked;

(o) Any "consensual" electronic surveillance conducted to acquire information about defendant or any person named in the instant Information and any documentation reflecting administrative procedures utilized to obtain authority to conduct such surveillance;

(p) Any and all surveillance logs or documents reflecting the whereabouts of defendant or any person named in the instant Information;

(q) Any and all investigative reports of any government agency which contain memoranda and/or interviews with persons who will not be called as witnesses at trial and who were interviewed as part of the investigation which culminated in the instant

Information;

12. That the plaintiff disclose a list of all witnesses, including their names, telephone numbers and addresses, likely to be called to testify at trial. Additionally, to provide a list of the identities of each and every:

    (a) Eyewitness to the commission of any offense, or any overt act in furtherance of any offense alleged in the information;

    (b) Informant who was present at the commission of any offense, or any overt act in furtherance of any offense alleged in the Information:

    (c) Unindicted and/or uncharged co-conspirator known to the government;

    (d) Witness who has been granted statutory or de facto immunity as to the offenses charged in this or any related information or indictment; and

    (e) Expert witness likely to testify.

13. That the plaintiff disclose any statements in the custody or control of the government by persons the government does not expect to call at trial, that relate to defendant or the

offenses charged, particularly, but not exclusively, statements as to his activities, finances, associations, and his state of mind for all prior years to the present;

14. That the plaintiff state whether any person named in the instant Information or any defendant in any related case has provided information to the government about the offenses charged in an effort to obtain consideration, i.e., has cooperated or has indicated an intention to provide such information, and, if so, the date when such communications commenced and the substance of such communications;

15. That the plaintiff disclose all reports and results of all scientific tests and examinations, including information as to the basis of any expert's scientific conclusion(s) or forensic analysis;

16. That the plaintiff permit independent access to any analysis of any physical evidence;

17. That the plaintiff state and/or disclose the following:

    (a) The dates evidence was presented to any grand jury considering the offenses charged in the instant Information;

------

MOTION FOR DISCOVERY

(b) The identity, by name or by code (e.g., a different letter for each individual Grand Juror) of the Grand Jurors present on each such date;

(c) The identity, by name or by code, of the Grand Jurors who voted to indict defendant;

(d) The names of witnesses who testified before any Grand Jury considering the offenses charged in the instant Information:

(e) The names of witnesses who testified to any Grand Jury considering the offenses in the instant Information under statutory or de facto immunity promises as to the consequences of their testimony;

(f) The identity of all persons who received transcripts of Grand Jury testimony, documents subpoenaed by the Grand Jury, or any other Grand Jury material presented to any Grand Jury considering the offenses charged in the instant Information and any judicial order authorizing or notifications evidencing such disclosures;

(g) The purpose for which the persons identified in subparagraph (f), received such disclosure;

(h) The transcript of any statements of law and or legal instruction provided any Grand Jury investigating defendants or work associates, by any government attorney or witness;

(i) The transcript of any other statements made by any government attorney or witness, including, but not limited to, responses to questions of Grand Jurors;

(j) The dates when any Grand Jury considering the offenses charged began and completed service, and if any were Grand Juries convened pursuant to 18 U.S.C. Sec. 331, the application and order for the initiation and/or extension of such Grand Juries;

(k) The identity of any government attorney presenting evidence to any Grand Jury as aforesaid;

(l) The identity of any person, other than the Grand Jurors, the attorneys for the government, the witness under examination, any necessary interpreter, stenographer or operator of a recording device who was present when any Grand Jury considering the offenses charged in the instant Information was in session; and

(m) The identity of any person designated "agent of the Grand Jury" or purportedly endowed with any title

Page 11 of 13
----------------------------------------------------------------
MOTION FOR DISCOVERY

or office by the Grand Jury in connection with any Grand Jury considering the offenses charged in the instant Information.

18. That the plaintiff identify and produce the following:

(a) All reports, memoranda and other documents prepared by Internal Revenue Service agents or other persons, including, but not limited to, referral reports that concern defendant's financial situation and status with respect to the Internal Revenue Code;

(b) All reports, memoranda and other documents prepared by Internal Revenue Service agents or other persons, including, but not limited to, referral reports that concern the possibility of civil and/or criminal proceedings or the initiation of Grand Jury proceedings against defendant;

(c) All reports, letters and other written Communications between Internal Revenue Service agents and/or other officials and agents and/or other officials of the United States Department of Justice that concern possible or actual civil and/or criminal proceedings against defendant;

(d) All reports, memoranda and other documents

regarding any requests made under I.R.C. Sec. 6103(h)(3)(B) for any tax returns or tax return information relating to defendant or any person named in the instant Information.

19. Each of these requests is of a continuing nature and calls for supplementation of any answer as soon as the government discovers additional responsive material. In addition, each request in each paragraph of this letter is specifically sought under the rule of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 4.27 U.S. 97 (1976), and their progeny, as well as applicable rules of discovery.

20. WHEREFORE, defendants pray for an Order of this Court requiring Plaintiff to provide the above requested discovery.

March 8, 2011                    Respectfully submitted,

_____          _____
Elisabeth Ann Bossingham         Brett Allen Bossingham