1   BENJAMIN B. WAGNER
    United States Attorney
2   MARK E. CULLERS
    HENRY Z. CARBAJAL III
3   Assistant United States Attorneys
    United States Courthouse
4   2500 Tulare Street, Suite 4401
    Fresno, California 93721
5   Telephone:  (559) 497-4000
    Facsimile:  (559) 497-4099
6
    Attorneys for the
7   United States of America

8

9

10                IN THE UNITED STATES DISTRICT COURT

11              FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13   UNITED STATES OF AMERICA,        )  CASE NO. 1:10-CR-00150 OWW
                                      )
14                 Plaintiff,         )
                                      )  GOVERNMENT'S NOTICE OF MOTION
15   v.                               )  AND MOTION FOR PROTECTIVE ORDER
                                      )
16                                    )
     BRETT ALLEN BOSSINGHAM and       )
17   ELISABETH ANN BOSSINGHAM,        )  Date: April 4, 2011
                                      )  Time: 2:00 p.m.
18                 Defendants.        )  Courtroom: Two
                                      )  Hon. Oliver W. Wanger
19   ─────────────────────────────────

20        TO BRETT ALLEN BOSSINGHAM, ELISABETH ANN BOSSINGHAM AND THEIR

21   COUNSEL OF RECORD, IF ANY:

22        Please take notice that on April 4, 2010 at 2:00 p.m., or as

23   soon thereafter as the Court may hear the matter, in the Courtroom of

24   the Honorable Oliver W. Wanger, the United States, through its

25   undersigned counsel, will, pursuant to Federal Rule of Criminal

26   Procedure 16(d)(1), move for a protective order setting appropriate

27   conditions regarding discovery to be produced to defendants in this

28
     **GOVERNMENT'S NOTICE OF MOTION AND**
     **MOTION FOR PROTECTIVE ORDER**            1

matter.  This motion shall be based on this Notice of Motion and

Motion, the attached Memorandum of Points and Authorities, the

Declaration of Henry Z. Carbajal III and exhibits thereto, the file

in this case, and such argument and evidence as the Court may

receive at the hearing.

Date: March 7, 2011              Respectfully submitted,

                                 BENJAMIN B. WAGNER
                                 United States Attorney


                                 /s/
                                 By: Henry Z. Carbajal III
                                 Assistant U.S. Attorney

**GOVERNMENT'S NOTICE OF MOTION AND
MOTION FOR PROTECTIVE ORDER**              2

## MOTION FOR PROTECTIVE ORDER

The United States submits the following Motion for Protective Order requesting the Court's entry of an order prohibiting the defendants from disclosing discovery produced in this case to any third parties and from using discovery for purposes other than preparation of their defense.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendants Brett Allen Bossingham and Elisabeth Ann Bossingham are currently charged in a superseding indictment dated February 17, 2011 on one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and four counts each of attempting to evade or defeat income tax for the tax years 2000 through 2003, and aiding and abetting, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2.  Dkt. No. 70, Superseding Indictment, at 1-11.

Proceedings in the case thus far have been difficult.  After seven attempts at arraignment, the Court entered pleas of not guilty on behalf of both defendants pursuant to Federal Rule of Criminal Procedure 11(a)(4) due to the defendants' refusal to enter a plea. Dkt. No. 71, Minutes for proceedings held before Judge Oliver W. Wanger, Feb. 22, 2011.  Between each attempt to arraign the defendants, the defendants have filed a deluge of pleadings, "notices," purported writs of error, and an improvident writ of mandamus to the Ninth Circuit Court of Appeals, all replete with frivolous tax defier rhetoric.  Moreover, the record indicates the defendants' failed attempt to sue the United States and two IRS

1  agents for instituting the criminal charges at issue. <u>See</u> Dkt. No.

2  30, [LODGED] Counterclaim for Trespass, Nov. 12, 2010.

3      In light of the February 22, 2011 arraignment of the defendants,

4  the local rules for this District set the deadline for provision of

5  discovery pursuant to Federal Rule of Criminal Procedure 16 as March

6  8, 2011. <u>See</u> E.D. Cal. L.R. 440(a).

7      However, the defendants are still in the process of retaining

8  counsel, have refused to submit to the jurisdiction of the Court and

9  have apparently procured outside assistance in drafting and

10 submitting various motions, pleadings and their failed "counterclaim"

11 during proceedings in this matter.

12     Thus, the United States requests entry of a protective order

13 governing the provision of discovery in this case, before any

14 production takes place.  Specifically, the Government requests an

15 order preventing the defendants from providing discovery to any third

16 parties or from using the criminal discovery for any purpose other

17 than preparing their defense, *i.e.* additional frivolous civil

18 lawsuits.  An appropriate form of order is attached as Exhibit A to

19 the accompanying Declaration of Henry Z. Carbajal III.

20 **II.  DISCUSSION**

21     **A.   The Court May Fashion Appropriate Procedures Restricting
             Dissemination of Criminal Discovery.**

22

23     The Court may enter protective orders pursuant to Rule 16(d)(1)

24 of the Federal Rules of Criminal Procedure. <u>See</u> Fed R. Crim. Proc.

25 16(d)(1) ("At any time the court may, for good cause, deny, restrict,

26 or defer discovery or inspection, or grant other appropriate

27 relief.").  Moreover, "the trial court can and should, where

28

appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." Alderman v. United States, 394 U.S. 165, 185 (1969) (citation omitted); see also Bittaker v. Woodford, 331 F.3d 715, 726 (9th Cir. 2003) ("The power of courts . . . to delimit how parties may use information obtained through the court's power of compulsion is of long standing and well-accepted.") (citations omitted).

**B.   The Defendants Are Likely to Misuse Criminal Discovery in the Absence of Appropriate Restrictions.**

**1.   Assistance from www.1215.org**

Between October 29, 2010 and February 22, 2011, the defendants have filed various pleadings attempting to stay, dismiss or delay the criminal proceedings against them. See Dkt. Nos. 14 (Notice of Automatic Stay of Proceedings), 21 (Request for Sanctions), 30 (Counterclaim for Trespass), 31-34 (Writ of Error), 40 (Affidavit of Default), 44 (Writ of Error), 46-47 (Writs of Error), 59 (Writ of Error), 61 (Notice Re Lack of Jurisdiction) & 72 (Notice Re Lack of Jurisdiction).

It is apparent from the above-listed filings that the defendants are or were receiving assistance and guidance from purveyors of a website identified as www.1215.org ("the 1215 website"). For example, the content and structure of the defendants' failed "counterclaim" closely matches an exemplar on the 1215 website. Compare Carbajal Decl., Ex. B (Counterclaim), at 3-4, with Ex. C (Counterclaim from 1215 website), at 1-16. The 1215 website gives additional instructions on filing such a counterclaim so that "the

1  proceedings in the inferior court must stop immediately and may not

2  proceed until it proves in the superior court that it has

3  jurisdiction." Id., Ex. D (Counterclaim instructions).  The 1215

4  website includes an exemplar comprising legalistic gibberish under

5  the heading "Law of the Case," which is nearly identical to Exhibit 2

6  of the defendants' failed counterclaim.  Compare Carbajal Decl., Ex.

7  B (Counterclaim), at 14, with Ex. E (Law of the Case exemplar from

8  1215 website).

9       The 1215 website further includes an exemplar for filing an

10  arcane "Writ of Error Quae Coram Nobis Residant," which is

11  substantially similar in structure and content to at least one

12  document entitled "Writ of Error Quae Coram Nobis Residant" filed by

13  the defendants in this case.  Compare Carbajal Decl., Ex. F (Dkt. No.

14  59, Writ of Error Quae Coram Nobis Residant), at 16-17, with Ex. G

15  (Writ of Error Quae Coram Nobis Residant from 1215 website).

16       The 1215 website's purveyors further offer paid instructional

17  seminars and an email address for advanced review of proposed

18  pleadings, including counterclaims, for interested litigants.

19  Carbajal Decl., Ex. H (1215 website seminar instructions).

20       The Government is concerned that the defendants will forward

21  sensitive discovery material to unknown persons affiliated with the

22  1215 website in the absence of a protective order.  Any dissemination

23  of discovery materials to third-parties that are not counsel of

24  record that has actually appeared on behalf of the defendants in this

25  action is inappropriate and should be prevented.

26  ////

27  ////

28

**GOVERNMENT'S NOTICE OF MOTION AND
MOTION FOR PROTECTIVE ORDER**                6

1
2

###    2.    The Defendants' Litigation Conduct Demonstrates the Need for a Reasonable Protective Order.

3       The defendants have repeatedly refused to accept the orders of
4  the Court regarding the defendants' various attempts at obtaining a
5  summary dismissal of criminal charges or stay of proceedings.  For
6  example, following an order from the Court denying two writs of error
7  filed by the defendants (Dkt. No. 51), the defendants filed yet
8  another writ of error purportedly in the voice of the Court
9  *rescinding* the Court's order and "invit[ing]" the Court to file a
10 brief in response.  Carbajal Decl., Ex. F (Dkt. No. 59), at 27.
11 Additionally, in their latest filing, the defendants have explicitly
12 stated that they are "not submitting to the court's jurisdiction[.]"
13 Id., Ex. I (Notice to Inferior Court Re Lack of Jurisdiction), at 1.
14 Furthermore, in the course of a protracted search for counsel the
15 Defendants are specifically seeking counsel that is willing to resist
16 entry of any protective order.  Id., Ex. J (Dkt. No. 56), at 21
17 (Question No. 62, "How would you prevent the judge from entering a
18 protective order against discovery?").
19       It should also be noted that at the very outset of proceedings,
20 the defendants attempted to civilly sue the Government and the two
21 IRS agents that effected their arrest on the criminal charges.  See
22 Dkt. No. 30, [LODGED] Counterclaim for Trespass, Nov. 12, 2010.  The
23 Government is concerned that discovery in the absence of a reasonable
24 protective order will result in further frivolous lawsuit attempts
25 against other government personnel involved in the investigation of
26 the defendants.  Moreover, if the defendants choose to misuse

27
28

**GOVERNMENT'S NOTICE OF MOTION AND**
**MOTION FOR PROTECTIVE ORDER**                 7

discovery provided in this case, a protective order would afford the Government an opportunity to seek appropriate relief from the Court.

### C.   The Government's Proposed Protective Order is Reasonable in Scope and Restriction

The Government's proposed protective order is narrowly tailored to prevent the disclosure to third parties of sensitive personal information of the defendants and others, including the names of federal agents, and to prevent the use of discovery for purposes other than preparation of the present criminal case.  Carbajal Decl., Ex. A ([Proposed] Protective Order), at 1-2.  The proposed order does not interfere with the defendants' ability to mount a defense, nor does it unduly hinder any defense counsel that may appear in this case from fully preparing for trial.  Thus, the proposed order is reasonable in scope and should be adopted.

## III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Motion for Protective Order be granted.


Date: March 7, 2011                Respectfully submitted,
                                   BENJAMIN B. WAGNER
                                   United States Attorney

                                   /s/
                                   By: Henry Z. Carbajal III
                                   Assistant U.S. Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

GOVERNMENT'S NOTICE OF MOTION AND
MOTION FOR PROTECTIVE ORDER

BENJAMIN B. WAGNER
United States Attorney
MARK E. CULLERS
HENRY Z. CARBAJAL III
Assistant United States Attorneys
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America


                 IN THE UNITED STATES DISTRICT COURT

                FOR THE EASTERN DISTRICT OF CALIFORNIA


UNITED STATES OF AMERICA,        )   CASE NO. 1:10-CR-00150 OWW
                                 )
                Plaintiff,        )
                                 )   [PROPOSED] PROTECTIVE ORDER
     v.                          )
                                 )
                                 )
BRETT ALLEN BOSSINGHAM and       )
ELISABETH ANN BOSSINGHAM,        )
                                 )
                Defendants.       )
                                 )
_____ )


        WHEREAS, the discovery in this case is voluminous and includes

investigation-related information pertaining to U.S. Government

agencies, including the names and contact information of federal

agents, internal agency reports and communications, internal agency

memoranda of interview, internal agency memoranda of activity, and

potential third-party witness interviews ("Protected Information");

and

        WHEREAS, to avoid the unauthorized disclosure or dissemination

of this information to anyone not a party to the court proceedings

in this matter or otherwise assisting the defendants as actively

licensed counsel;

Protective Order

1  The entry of a protective order is appropriate.

2  THEREFORE, the Court finds as follows:

3  1.   This Court may enter protective orders pursuant to Rule

4  16(d)(1) of the Federal Rules of Criminal Procedure, and its general

5  supervisory authority.

6  2.   This Order pertains to all discovery provided to or made

7  available to the defendants, and/or actively licensed counsel

8  assisting the defendants in this case, if any, by the United States

9  in this case (hereafter, collectively known as "the discovery").

10  3.   The defendants, and/or actively licensed counsel assisting

11  the defendants in this case, if any, shall not share any documents

12  that contain Protected Information with anyone other than actively

13  licensed counsel assisting the defendants in this case and

14  designated defense investigators and support staff.

15  4.   The defendants, and/or actively licensed defense counsel

16  assisting the defendants in this case, if any, will store the

17  discovery in a secure place and will use reasonable care to ensure

18  that it is not disclosed to third parties in violation of this

19  Order.

20  5.   Actively licensed counsel assisting the defendants in this

21  case, designated defense investigators and their support staff shall

22  execute the Acknowledgment and Agreement to be Bound by Protective

23  Order, attached hereto as Exhibit A, prior to receiving any

24  Protected Information.

25  6.   The discovery and information therein may be used only in

26  connection with the litigation of this criminal case and for no

27  other purpose, unless otherwise mutually agreed to by the parties in

28  writing and/or otherwise ordered by the Court.  The discovery is now

and will forever remain the property of the United States

**Protective Order**                    11

Government.  At the conclusion of the case, the defendants, and/or
actively licensed counsel assisting the defendants in this case, if
any, will return the discovery to the Government.

    7.   Initial Disclosure pursuant to E.D. Cal. L.R. 440(a) shall
commence within 10 days from the date of this Order.


IT IS SO ORDERED.


DATED: _____        _____
                                HON. OLIVER W. WANGER
                                UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**Acknowledgment and Agreement to be Bound by Protective Order**

I, _____, declare and say that:

1.   I am employed as

_____

by _____.

2.   I have read the Protective Order entered in <u>United States</u> <u>v. Brett Allen Bossingham and Elisabeth Ann Bossingham</u>, Case No. 1:10-CR-00150 OWW (E.D. Cal.), and have received a copy of the Protective Order.

3.   I promise that I will use any and all Protected Information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order.

4.   I promise that I will not disclose or discuss such Protected Information with anyone other than the persons authorized to receive Protected Information pursuant to the Protective Order.

5.   I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of California with respect to enforcement of the Protective Order.

6.   I understand that any disclosure or use of Protected Information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.


Date:_____


_____

**Protective Order**                    13