Gary D. Fielder; CBN 19757
5777 Olde Wadsworth Boulevard, Suite #R700
Arvada, Colorado 80002
303-650-1505 Ph.
303-650-1705 Fax

Peter Gibbons; CBN 196169
1805 North Carson Street, Suite E
Carson City, Nevada 89701
775-546-1450 Ph.
866-809-0467 Fax

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| United States of America,<br><br>PLAINTIFF<br>Vs.<br><br>**Brett Allen Bossingham, and**<br>**Elisabeth Ann Bossingham,**<br><br>DEFENDANTS. | Case No.   1:10-CR-00150 OWW<br><br>**Defendants' Brett A. and Elisabeth A. Bossingham Notice of Motion and Motion for Bill of Particulars Pursuant to Federal Rules of Criminal Procedure Rule 7(f).** |
|---|---|

## DEFENDANTS' MOTION FOR BILL OF PARTICULARS

To all parties and counsel of record, please take note that defendants Brett and Elisabeth Bossingham, hereby move this court to direct the government to file a bill of particulars pursuant to Federal Rules of Criminal Procedure Rule 7(f). This motion is made in the interests of justice and based on the afore stated rule and the following memorandum of points and authorities:

Count One of the Superseding Indictment filed with this court on February 17, 2011 alleges that the Bossinghams conspired, inter alia, to evade "over $100,000 in taxes"

presumed to be owed to the United States by the Bossinghams (*doc. 70, pg. 3, ln 7, "D"*), and also alleges that the Bossinghams filed several "fraudulent U.S. Individual Income Tax Return(s)" (*doc 70, pgs. 4 & 5, "F" - "M"*), "[a]ll in violation of Title 18, United States Code, Section 371." However, Count One of the indictment makes no reference to any legally cognizable tax but rather refers generically to "fraudulent U.S. Individual Income Tax Return[s], form 1040," with no reference to any specific tax evaded by the returns alleged to be fraudulent. More importantly the allegations in Count One assert that the Bossinghams filed tax returns but it fails to identify any legal basis for the alleged conspiracy and fraudulent tax returns. Nowhere do the allegations identify what was fraudulent about the returns filed with respect to any specific tax, what specific tax was evaded, what deficiency was found or is alleged, or even what the legal basis is upon which the returns are alleged to be deficient. Rather, the indictment merely asserts that said returns were fraudulent and taxes were owed that were not paid. A form 1040 is not a tax but rather a form for reporting a variety of taxes. Neither is there a specific statute or code called the "Income Tax" but rather a body of law comprising a multiplicity of taxes. Thus references to such terms convey no notice to the accused of what law specifically he or she is alleged to have offended, thus making it impossible to prepare a defense.

Count Two of the Superseding Indictment (*doc 70*) alleges an " 26 U.S.C. § 7201 - Attempt to Evade and Defeat the payment of Tax and Aiding and Abetting." Count Two repeats the allegation of " causing to be signed a false and fraudulent U.S. Individual Income Tax Return[s], form 1040," However nowhere in the allegations is there any identification of the tax alleged to have been evaded, nor even an identification of the subtitle, or chapter in which the tax alleged to have been evaded my be found.

The identical allegations are found in counts three through nine of the indictment, changing only the tax year in question or the defendant.

A bill of particulars is appropriate when the allegations in the indictment fail to give adequate notice to the defendant or defense counsel to enable adequate understanding of the charges alleged such that counsel may prepare a defense.

In this case the government has brought an indictment for multiple counts of evasion under 26 U.S.C. 7201. In order to prove evasion under § 7201, there must first be a tax imposed on the defendant by Title 26, such that the defendant would have actual or constructive knowledge of a duty to pay such tax and knowingly attempt to evade that known duty.

Title 26 imposes a myriad of taxes. Arguably the indictment's references to "fraudulent U.S. Individual Income Tax Return[s], form 1040," reduces the field of inquiry to taxes arising under 26 U.S.C. Subtitle A, Income Taxes. However, beyond that the defendants are left to guess what tax or taxes are alleged to have been evaded, thus making preparation of a defense a time-wasting exercise in guess-work. Allowing the prosecution to go forward without identifying the tax or taxes alleged to have been evaded places an undue burden on the Bossinghams and their counsel and allows the prosecution unfair advantage in the ability to surprise the defendant at trial.

Conversely, requiring the United States to identify what specific section of the tax code was evaded places no added burden whatsoever on the prosecution. Presumably the United States knows full well exactly what tax or taxes are alleged to have been evaded and can identify them with specificity. If for any reason they cannot so identify the tax(es) alleged to have been evaded, then proceeding with a prosecution for an unidentified or unknown tax would be a patent violation of the Bossinghams' right to due process and a fair trial.

Respectfully submitted.

Dated: June 3, 2011

*Peter Gibbons*
_____
Peter Gibbons, Attorney for:
Brett A. and Elisabeth A. Bossingham

Gary D. Fielder; CBN 19757
5777 Olde Wadsworth Boulevard, Suite #R700
Arvada, Colorado 80002
303-650-1505 Ph.
303-650-1705 Fax

Peter Gibbons; CBN 196169
1805 North Carson Street, Suite E
Carson City, Nevada 89701
775-546-1450 Ph.
866-809-0467 Fax

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| **United States of America,** | Case No.    1:10-CR-00150 OWW |
| **PLAINTIFF** | **Memorandum of Points and Authorities** |
| Vs. | **in Support of Defendants' Brett A. and** |
| | **Elisabeth A. Bossingham's Notice of Motion** |
| **Brett Allen Bossingham, and** | **and Motion for Bill of Particulars Pursuant** |
| **Elisabeth Ann Bossingham,** | **to Federal Rules of Criminal Procedure** |
| | **Rule 7(f).** |
| DEFENDANTS. | |

Contents

Table of Authorities ................................................................................................ i

Table of Cases ........................................................................................................ i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF .................. 1

MOTION FOR BILL OF PARTICULARS ............................................................... 1

Count One ............................................................................................................. 2

Conspiracy and Fraud Allegations ........................................................................ 2

Counts two Through Nine 26 U.s.C. § 7201 ......................................................... 4

Attempt to Evade and defeat Payment of Tax and Aiding and Abetting ............... 4

Conclusion ............................................................................................................. 9

## TABLE OF AUTHORITIES

26 C.F.R. § 301.6201-1(a) ..................................................................................... 3

26 U.S.C. § 6201 ................................................................................................... 3

26 U.s.C. § 7201 ................................................................................................ 4, 5

26 USC § 7454 ...................................................................................................... 2

51 American Jurisprudence, "Taxation", Sec. 316 ............................................... 8

## TABLE OF CASES

Albrecht v. U.S., 273 U.S. 1 .................................................................................. 1

Anderson v Commissioner (CA5 Ga) 250 F2d 242 .............................................. 4

Barshop v United States (CA5 Tex) 191 F2d 286 ................................................ 5

Battjes v United States (CA6 Mich) 172 F2d 1 .................................................... 5

Billings v. U.S., 232 U.S. 261 ............................................................................... 4

B & M Company v. United States, 452 F.2d 986 ................................................ 8

Carter v Campbell (CA5 Tex) 264 F2d 930 ......................................................... 2

Cefalu v Commissioner (CA5 La) 276 F2d 122 .............................................. 2, 4

Cirillo v Commissioner (CA3) 314 F2d 478 ........................................................ 4

Motion for Bill of Particulars
Fed. Crim. Rule 7(f)     Page i of iii     Case No. 1:10-CR-00150

| # | Citation | Page |
|---|---|---|
| 1 | Clark v Commissioner (CA9) 266 F2d 698 | 2 |
| 2 | Davis v Commissioner (CA10) 184 F2d 86 | 4 |
| 3 | Davis v United States (CA6 Ohio) 226 F2d 331 | 6 |
| 4 | Eidman v. Martinez, 184 U.S. 578 | 4 |
| 5 | Elwert v United States (CA9 Or) 231 F2d 928 | 6 |
| 6 | Gaunt v United States (CA1 Mass) 184 F2d 284 | 5 |
| 7 | Gleckman v United States (CA8 Minn) 80 F2d 394 | 7 |
| 8 | Gould v. Gould, 245 U.S. 151 | 5, 8 |
| 9-10 | Grays Harbor Chair and Manufacturing Company v. United States, 265 F. Supp. 254 | 8 |
| 11 | Gromacki v Commissioner (CA7) 361 F2d 727 | 2 |
| 12 | Guzik v United States (CA7 Ill) 54 F2d 618 | 7 |
| 13 | Haigler v United States (CA10 Colo) 172 F2d 986 | 5 |
| 14 | Hawkins v Commissioner (CA6) 234 F2d 359 | 2 |
| 15 | Holt v United States (CA9 Cal) 272 F2d 272 | 6 |
| 16 | Kashat v Commissioner (CA6) 229 F2d 282 | 2 |
| 17 | Klassie v United States (CA8 Iowa) 289 F2d 96 | 2 |
| 18 | Kocurek v. United States, 456 F. Supp. 740 | 8 |
| 19 | Lawn v United States, 355 US 339 | 6 |
| 20 | Lessmann v Commissioner (CA8) 327 F2d 990 | 2 |
| 21 | Lusk v Commissioner (CA7) 250 F2d 591 | 2 |
| 22 | Merritt v Commissioner (CA5 Fla) 301 F2d 484 | 4 |
| 23 | Mutual Benefit Life Ins. Co. v. Herold, 198 F. 199 | 4 |
| 24 | Mutual Trust Co. v. Miller, 177 N.Y. 51 | 4 |
| 25 | Norton Manufacturing Corporation v. United States, 288 F. Supp. 829 | 8 |
| 26 | O'Rourke v United States (CA9 Wash) 347 F2d 124 | 6 |
| 27 | Parkview Bldg. Assn. v. Herold, 203 F. 876 | 4 |
| 28 | People v. Robinson, 28 Ill. App. 3d 757 | 1 |

Motion for Bill of Particulars  
Fed. Crim. Rule 7(f)  
Page ii of iii  
Case No. 1:10-CR-00150


People v. White, 24 Ill. App. 2d 324 .................................................................................... 1

Putman v United States (CA6 Ohio) 301 F2d 751 ............................................................ 2, 4

Reherman v Commissioner (CA6) 240 F2d 953 ................................................................... 2

Royal Caribbean Cruises v. United States, 108 F.3d 290 ..................................................... 8

Russell v. United States, 260 F. Supp. 493 ........................................................................... 8

Sansone v United States, 380 US 343 .................................................................................. 6

Thurston v Commissioner, 28 T Ct 350(A) .......................................................................... 4

Toledano v Commissioner (CA5) 362 F2d 243 .................................................................... 4

Trainer v United States (DC Pa) 145 F Supp 786 ................................................................. 2

United States v Durant (DC Ill) 208 F Supp 890 .................................................................. 5

United States v Martell (CA3 Pa) 199 F2d 670 .................................................................... 5

United States v. Merriam, 263 U.S. 179 ............................................................................... 5

United States v Miro (CA2 NY) 60 F2d 58 .......................................................................... 7

United States v Moody (CA6 Tenn) 339 F2d 161 ............................................................ 6, 7

United States v Pechenik (CA3 Pa) 236 F2d 844 ................................................................. 5

United States v Peterson (CA7 Ind) 338 F2d 595 ................................................................ 5

United States v Rosenblum (CA7 Ind) 176 F2d 321 ............................................................ 6

United States v Schenck (CA2 NY) 126 F2d 702 ................................................................ 6

United States v Thompson (CA10 NM) 279 F2d 165 .......................................................... 2

United States v. Wigglesworth, 2 Story, 369 ....................................................................... 4

Willingham v United States (CA5 Tex) 289 F2d 283 .......................................................... 7

Woodham v Commissioner (CA5 Ala) 256 F2d 201 ............................................................ 4

Zeddies v Commissioner (CA7) 264 F2d 120 ...................................................................... 2

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
# MOTION FOR BILL OF PARTICULARS

The right, long ago established in English law, of a person accused of crime to be informed of the nature and cause of the accusation against him or her is expressly preserved in the constitutions of the several jurisdictions, (FN1) including the Constitution of the United States. [*US Const, Amend 6*] Moreover, a person may not be prosecuted for a crime without a formal and sufficient charge even if he or she voluntarily submits to the jurisdiction of the court. [*Albrecht v. U.S.*, 273 U.S. 1, 47 S. Ct. 250, 71 L. Ed. 505 (1927)].

The right to be informed as to such particulars requires that the offense be charged with clearness and all necessary certainty and in sufficient detail to enable the accused to prepare his or her defense [*People v. White, 24 Ill. App. 2d 324*, 164 N.E.2d 823, 80 A.L.R.2d 1060 (2d Dist. 1960), judgment aff'd, 21 Ill. 2d 373, 172 N.E.2d 794 (1961)] and plead to the charge, [*People v. Robinson, 28 Ill. App. 3d 757*, 329 N.E.2d 317 (1st Dist. 1975), judgment aff'd, 63 Ill. 2d 141, 345 N.E.2d 465 (1976)] and to allow the accused to be protected from double jeopardy. [*People v. White, 24 Ill. App. 2d 324, supra*]

---

1  Snyder v. Com. of Mass., 291 U.S. 97, 54 S. Ct. 330, 78 L. Ed. 674, 90 A.L.R. 575 (1934) (overruled in part on other grounds by, Malloy v. Hogan, 378 U.S. 1, 84 S. Ct. 1489, 12 L. Ed. 2d 653 (1964)) and (overruling on other grounds recognized by, Charles v. Baesler, 910 F.2d 1349 (6th Cir. 1990)) and (overruling on other grounds recognized by, Lillie v. U.S., 953 F.2d 1188, 34 Fed. R. Evid. Serv. (LCP) 938 (10th Cir. 1992)) and (overruling on other grounds recognized by, Shirokey v. Marth, 63 Ohio St. 3d 113, 585 N.E.2d 407 (1992)) and (overruling on other grounds recognized by, Blount v. Keane, 1992 WL 210982 (E.D.N.Y. 1992)) and (overruling on other grounds recognized by, U.S. v. Jacobs, 815 F. Supp. 898 (D.S.C. 1993)) and (overruling on other grounds recognized by, U.S. v. Whitaker, 2 F.3d 1150 (4th Cir. 1993)) and (overruling on other grounds recognized by, Martin v. Voinovich, 840 F. Supp. 1175, 43 Soc. Sec. Rep. Serv. 409, 4 A.D.D. 1240 (S.D. Ohio 1993)) and (overruling on other grounds recognized by, LRL Properties v. Portage Metro Housing Authority, 55 F.3d 1097, 1995 FED App. 155P (6th Cir. 1995)) and (overruling on other grounds recognized by, Mullins v. State of Or., 57 F.3d 789 (9th Cir. 1995)) and (overruling on other grounds recognized by, People v. Aleman, 281 Ill. App. 3d 991, 217 Ill. Dec. 526, 667 N.E.2d 615 (1st Dist. 1996)) and (implied overruling on other grounds recognized by, State v. Jaramillo, 1997 WL 65745 (Wash. Ct. App. Div. 2 1997)) and (overruling on other grounds recognized by, State v. McGuire, 200 W. Va. 823, 490 S.E.2d 912 (1997)) and (overruling on other grounds recognized by, State v. Berrysmith, 87 Wash. App. 268, 944 P.2d 397 (Div. 1 1997)) and (overruling on other grounds recognized by, State v. Bright, 1998 WL 283,391 (Del. Super. Ct. 1998)); Cassidy v. State, 201 Ind. 311, 168 N.E. 18, 66 A.L.R. 622 (1929) (disapproved of on other grounds by, Schmittler v. State, 228 Ind. 450, 93 N.E.2d 184 (1950)); People v. Murray, 89 Mich. 276, 50 N.W. 995 (1891); State v. Needham, 182 Miss. 663, 180 So. 786, 116 A.L.R. 1100 (1938); Hogoboom v. State, 120 Neb. 525, 234 N.W. 422, 79 A.L.R. 1171 (1931); Koontz v. State, 10 Okla. Crim. 553, 139 P. 842 (1914); Ex parte Slaughter, 92 Tex. Crim. 212, 243 S.W. 478, 26 A.L.R. 891 (1922); State v. Lantz, 90 W. Va. 738, 111 S.E. 766, 26 A.L.R. 894 (1922).

Motion for Bill of Particulars
Fed. Crim. Rule 7(f)

Page 1 of 9

Case No. 1:10-CR-00150

# Count One

## Conspiracy and Fraud Allegations

Even in a civil suit seeking to impose civil penalties for tax fraud, the government has the burden of proving fraud by clear and convincing evidence, to justify imposition of fraud penalties for underpayment of taxes, [*Lessmann v Commissioner (CA8) 327 F2d 990*] and this is true whether the case is tried in the Tax Court or the Federal District Court. [*Klassie v United States (CA8 Iowa) 289 F2d 96*] The Internal Revenue Code expressly places the burden of proof of tax fraud on the government by providing that in any proceeding involving the issue whether the taxpayer has been guilty of fraud with intent to evade tax, the burden of proof shall be upon the Secretary of the Treasury or his delegate. [*26 USC § 7454*] Thus, the Commissioner has the burden of proof of fraud. [*United States v Thompson (CA10 NM) 279 F2d 165*]. Even a taxpayer's admission of a tax deficiency does not, standing alone, sustain the Commissioner of Internal Revenue's burden of proving fraud for the purpose of imposing fraud penalties. [*Reherman v Commissioner (CA6) 240 F2d 953*] No presumption of correctness attaches to the assessment of a fraud penalty as it does to the assessment of a tax deficiency. [*Gromacki v Commissioner (CA7) 361 F2d 727; Cefalu v Commissioner (CA5 La) 276 F2d 122; Clark v Commissioner (CA9) 266 F2d 698; Zeddies v Commissioner (CA7) 264 F2d 120, cert den 360 US 910, 3 L ed 1260, 79 S Ct 1295, reh den 361 US 855, 4 L ed 2d 94, 80 S Ct 44; Lusk v Commissioner (CA7) 250 F2d 591, cert den 357 US 932, 2 L ed 2d 1375, 78 S Ct 1376; Trainer v United States (DC Pa) 145 F Supp 786*] Hence, a taxpayer's failure to overcome the presumption of correctness of the Commissioner of Internal Revenue's determination of a tax deficiency will not, standing alone, support a finding of fraud [*Lessmann v Commissioner (CA8) 327 F2d 990*] or create a presumption of fraud, [*Putman v United States (CA6 Ohio) 301 F2d 751; Carter v Campbell (CA5 Tex) 264 F2d 930; Kashat v Commissioner (CA6) 229 F2d 282*] even in the case of deficiencies in reported income over a period of consecutive years. [*Hawkins v Commissioner (CA6) 234 F2d 359*]

While these citations are all related to the civil prosecution of tax fraud penalties, they are conclusive as to the burden of proof of fraud resting squarely on the government. In this case the government bears the heavier burden of proof in criminal trials requiring proof beyond a reasonable doubt.

More importantly, these cases, and the code itself are clear that in order for a defendant to be liable for tax fraud there must first be a deficiency in tax assessed by the commissioner. [26 U.S.C. § 6201] Congress has not vested the Department of Justice nor even the Federal District courts with any authority to assess any tax. Rather, the authority to assess taxes rests exclusively with either the taxpayer by self-assessment or with the Secretary of Treasury [*the Secretary*] for any deficiency [*26 U.S.C. § 6201(a)(1)*]. The district director is **required** to make all inquiries necessary to the determination and assessment of all taxes imposed by the Internal Revenue Code [*26 C.F.R. § 301.6201-1(a)*].

The allegations of conspiracy to commit tax fraud in Count One of the Indictment are themselves deficient without identifying the assessment of a deficiency in tax to which each instance of the fraudulent returns alleged as overt acts, may be applied.

It is impossible for the Bossinghams to prepare a defense against allegations of conspiracy to commit tax fraud without notice of the assessed tax deficiency(ies), if any exist, to which each instance of the alleged fraud applies. Because Count One alleges the filing of fraudulent returns as overt acts in the furtherance of a conspiracy to evade a tax, said returns form the basis of not only the allegations of conspiracy in Count One, but also the subsequent allegations of evasion contained in counts three through nine of the indictment. It is axiomatic that if there was no deficiency assessed by the Secretary or his delegate, there could be no evasion. How does one evade payment if payment has been deemed to have been made in full, or if no liability exists? If there was no evasion there cannot be a criminal conspiracy to evade.

Failure to report or mere understatement of income is not, standing alone, sufficient to prove fraud warranting imposition of fraud penalties for underpayment of income

taxes. [*Merritt v Commissioner* (CA5 Fla) 301 F2d 484; *Cefalu v Commissioner* (CA5 La) 276 F2d 122; *Anderson v Commissioner* (CA5 Ga) 250 F2d 242, cert den 356 US 950, 2 L ed 2d 844, 78 S Ct 915] Wilful failure to file a timely return, which may create both criminal and a civil liability, does not in itself and without more, establish liability for fraud penalties, though it may be relevant in that connection. [*Cirillo v Commissioner* (CA3) 314 F2d 478] Moreover, even substantial and consistent understatements of income, though evidence of fraud, are not, in themselves, enough to carry the government's burden of establishing fraud by clear and convincing evidence. [*Toledano v Commissioner* (CA5) 362 F2d 243; *Woodham v Commissioner* (CA5 Ala) 256 F2d 201] Fraud may never be imputed or presumed, and the courts may not sustain findings of fraud upon circumstances which at the most create only suspicion, [*Davis v Commissioner* (CA10) 184 F2d 86, 22 ALR2d 967] nor does negligence, careless indifference, or disregard of rules and regulations suffice to establish fraud. [*Thurston v Commissioner*, 28 T Ct 350(A)] Even elements of suspicion of fraud, proof of fraud for other years, and a consistent and substantial understatement of income over several consecutive years, though all persuasive, are not substitutes for the original tax returns or independent evidence of their actual contents, since it is the return itself which is the basis of the imposition of a fraud penalty. [*Putman v United States* (CA6 Ohio) 301 F2d 751] Thus, the defense is entitled to notice of the specific deficiency(ies) claimed by the Secretary in order to prepare for trial.

**Counts two Through Nine 26 U.S.C. § 7201**

**Attempt to Evade and defeat Payment of Tax and Aiding and Abetting**

Tax laws are clearly in derogation of personal rights and property interests and are, therefore, subject to strict construction, and any ambiguity must be resolved against imposition of the tax. In Billings v. U.S., the Supreme Court clearly acknowledged this basic and long-standing rule of statutory construction in tax cases:

> **Tax statutes . . . should be strictly construed, and, if any ambiguity be found to exist, it must be resolved in favor of the citizen. Eidman v. Martinez, 184 U.S. 578, 583; United States v. Wigglesworth, 2 Story, 369, 374; Mutual Benefit Life Ins. Co.**

v. Herold, 198 F. 199, 201, aff'd 201 F. 918; Parkview Bldg. Assn. v. Herold, 203 F. 876, 880; Mutual Trust Co. v. Miller, 177 N.Y. 51, 57. [Billings v. U.S., 232 U.S. 261, 265; 34 S.Ct. 421 (1914) emphasis added.]

Again, in United States v. Merriam, 263 U.S. 179, 44 S.Ct. 69 (1923), the Supreme Court clearly stated at pp. 187-88:

> On behalf of the Government it is urged that taxation is a practical matter and concerns itself with the substance of the thing upon which the tax is imposed rather than with legal forms or expressions. **But in statutes levying taxes the literal meaning of the words employed is most important, for such statutes are not to be extended by implication beyond the clear import of the language used. If the words are doubtful, the doubt must be resolved against the Government and in favor of the taxpayer**. Gould v. Gould, 245 U.S. 151, 153. (emphasis added)

a)   The first essential element in proving a violation of 26 U.S.C. § 7201 is the requirement of willfulness. A wilful attempt to evade a tax requires an intentional, rather than an accidental or inadvertent, act or omission, and is characterized by a specific wrongful intent to conceal an obligation known to exist, as compared to a genuine misunderstanding of what the law requires or a good-faith belief that certain receipts are not taxable.[United States v Peterson (CA7 Ind) 338 F2d 595, cert den 380 US 911, 13 L ed 2d 798, 85 S Ct 896; United States v Martell (CA3 Pa) 199 F2d 670, cert den 345 US 917, 97 L ed 1350, 73 S Ct 728]  The conscious purpose to defraud proscribed by the statute does not include negligence, carelessness, misunderstanding, or unintentional understatement of income.[United States v Pechenik (CA3 Pa) 236 F2d 844; United States v Durant (DC Ill) 208 F Supp 890]  Evidence showing lack of wilfulness is a defense to a charge of wilfully attempting to evade or defeat a tax.[Haigler v United States (CA10 Colo) 172 F2d 986]  Thus, an honest mistake or belief on the defendant taxpayer's part,[Barshop v United States (CA5 Tex) 191 F2d 286, reh den 192 F2d 699, cert den 342 US 920, 96 L ed 688, 72 S Ct 367; Gaunt v United States (CA1 Mass) 184 F2d 284, cert den 340 US 917, 95 L ed 662, 71 S Ct 350, reh den 340 US 939, 95 L ed 678, 71 S Ct 488; Battjes v United States (CA6 Mich) 172 F2d 1] or his reliance upon the advice of a tax expert, accountant, or attorney, to whom he has given full information

as to all pertinent facts, constitutes a defense against a charge of attempting to evade an income tax.

While willfulness is a question of fact for the jury, in order for the Bossinghams to prepare a defense, the indictment must set forth with specificity the tax alleged to have been evaded in order to prepare their defense. Which tax, specifically, is it that the Bossinghams are alleged to have intended to evade? Obviously intent may only be proven by inferences drawn from other facts proved at trial and by testimony as to state of mind. However the same set of facts and testimony can have vastly different inferences and implications depending on the nature of the duty imposed by law and the specific requirements imposed upon the taxpayer for any given tax imposed under title 26, of which there are hundreds. The indictment gives no clue as to what specific tax or duty was imposed that was evaded, or intended to be evaded, thus calling into question the relevance of any evidence the Bossinghams may introduce with respect to their state of mind.

b)   The second essential element is the requirement of an attempt to evade. Whereas, the indictment has made allegations of overt acts no particulars are requested with respect to this element of the offenses alleged.

c)   The third essential element of the crime of wilfully attempting to evade or defeat a tax is the existence of a tax due in addition to what the taxpayer has already paid or in excess of that reported.[*Sansone v United States,* 380 US 343, 13 L ed 2d 882, 85 S Ct 1004; *United States v Moody* (CA6 Tenn) 339 F2d 161; *Elwert v United States* (CA9 Or) 231 F2d 928; *Davis v United States* (CA6 Ohio) 226 F2d 331, cert den 350 US 965, 100 L ed 838, 76 S Ct 432, reh den 351 US 915, 100 L ed 1449, 76 S Ct 693; *United States v Rosenblum* (CA7 Ind) 176 F2d 321, cert den 338 US 893, 94 L ed 548, 70 S Ct 239, reh den 338 US 940, 94 L ed 579, 70 S Ct 344; *United States v Schenck* (CA2 NY) 126 F2d 702, cert den 316 US 705, 86 L ed 1773, 62 S Ct 1309] Thus, notwithstanding that the accused may have fraudulently concealed income and may have done his best to cheat the government, a conviction for attempted evasion of income taxes cannot be

Motion for Bill of Particulars  
Fed. Crim. Rule 7(f)

Page 6 of 9

Case No. 1:10-CR-00150

supported in the absence of a showing that a tax was actually due from the accused for the year involved,[*Holt v United States (CA9 Cal) 272 F2d 272*] or that a tax was due in excess of that reported.[*Lawn v United States,* 355 US 339, 2 L ed 2d 321, 78 S Ct 311, reh den 355 US 967, 2 L ed 2d 542, 78 S Ct 529; *O'Rourke v United States (CA9 Wash) 347 F2d 124*; *Willingham v United States (CA5 Tex) 289 F2d 283*, cert den 368 US 828, 7 L ed 2d 31, 82 S Ct 49; *Gleckman v United States (CA8 Minn) 80 F2d 394*, cert den 297 US 709, 80 L ed 996, 56 S Ct 501; *United States v Miro (CA2 NY) 60 F2d 58*]

A defendant has a right to establish as a defense that he owed no tax in addition to what he has paid on his returns and so was not attempting to evade a tax.[*United States v Moody (CA6 Tenn) 339 F2d 161*] However, a taxpayer cannot make such a defense unless the tax alleged to have been evaded is specified, or at a minimum, the deficiency assessment established by the Secretary, if any, is calculated and identified.

While it has been held that an assessment of the deficiency tax due is not a condition precedent to prosecution of a taxpayer for attempted evasion of income taxes by understating in his return the amount of his income [*Guzik v United States (CA7 Ill) 54 F2d 618*, cert den 285 US 545, 76 L ed 937, 52 S Ct 395] and it is not necessary in a tax evasion case for the government to prove the exact amount of the tax attempted to be evaded, where a defendant has filed returns and no deficiency has been assessed or noticed by the Secretary, the government may not sustain an accusation of evasion which necessarily requires some identifiable law giving rise to a deficiency, without any showing that such deficiency exists as a matter of law, even if the amount may not be determined with exactness.

To allow a prosecution to move forward invoking only a penalty statute such as found in 26 U.S.C. § 7201, with no identification of the specific underlying tax alleged to have been evaded, violates the rule of strict statutory construction in tax matters. This rule of strict construction against the taxing authority was reiterated in <u>Tandy Leather Company v. United States</u>, 347 F.2d 693 (5th Cir. 1965), where Judge Hutcheson of the 5th Circuit unequivocally stated at p. 694-5:

> . . . In ruling as he did, that the taxpayer had the obligation to show that sales of the articles in suit were not subject to the excise taxes collected, the district judge was misled by the erroneous contention of the tax collector into misstating the rule of proof in a tax case. This is: that the burden in such a case is always on the collector to show, in justification of his levy and collection of an excise tax, that the statute plainly and clearly lays the tax; that, in short, the fundamental rule is that taxes to be collectible must be clearly laid.
>
> The Government's claim and the judge's ruling come down in effect to the proposition that the state of construction of appellants' kits had reached such an advanced level that the tax levied on the finished products could be collected on their sale, though none had been clearly laid thereon by statute. Shades of Pym and John Hampden, of the Boston tea party, and of Patrick Henry and the Virginians! There is no warrant in law for such a holding. <u>Gould v. Gould</u>, 245 U.S. 151, at p. 153, 38 S.Ct. 53, 62 L.Ed. 211. In 51 American Jurisprudence, "Taxation", Sec. 316, "Strict or Liberal Construction", supported by a great wealth of authority, it is said:
>
>> 'Although it is sometimes broadly stated either that tax laws are to be strictly construed or, on the other hand, that such enactments are to be liberally construed, this apparent conflict of opinion can be reconciled if it is borne in mind that the correct rule appears to be that where the intent of meaning of tax statutes, or statutes levying taxes, is doubtful, they are, unless a contrary legislative intention appears, to be **construed most strongly against the government and in favor of the taxpayer or citizen.** Any doubts as to their meaning are to be resolved against the taxing authority and in favor of the taxpayer. * * *'
>
> The judgment was wrong. It is, therefore, reversed and the cause is remanded with directions to enter judgment for plaintiffs and for further and not inconsistent proceedings. (emphasis is the Court's)

Thus, in order to establish that a tax, any tax, was in fact evaded, the government must at a minimum, identify that tax. Sweeping references to "Title 26 United States Code" or to "The Income Tax" are not adequate to give notice to a defendant as to which of the many taxes contained in those broad categories he or she is being accused of evading. See also: <u>Gould v. Gould</u>, 245 U.S. 151, 38 S.Ct. 53, 153 (1917); <u>Royal Caribbean Cruises v. United States</u>, 108 F.3d 290 (11th Cir. 1997); <u>B & M Company v. United States</u>, 452 F.2d 986 (5th Cir. 1971); <u>Kocurek v. United States,</u> 456 F. Supp. 740 (1978); <u>Norton Manufacturing Corporation v. United States</u>, 288 F. Supp. 829 (1968); <u>Grays Harbor Chair and Manufacturing Company v. United States</u>, 265 F. Supp. 254 (1967); and <u>Russell v. United States</u>, 260 F. Supp. 493 (1966).

The indictment makes references to offshore accounts, trusts, and various tax returns with sweeping allegations of fraud and evasion. However the indictment never states how any of the facts referred to are in any way illegal nor how any of the acts alleged in any way rise to the level of fraud or evasion. The indictment is devoid of any nexus between the facts alleged and the allegations of criminal activity because it fails to identify any law which is alleged to have been violated. Instead the indictment rests entirely upon the penalty contained in 26 U.S.C. § 7201, which requires that some specific tax be evaded before it can be invoked.

Given the clear requirements for strict statutory construction of tax laws anything less than specific reference to the tax alleged to have been evaded constitutes a violation of the Bossinghams' due process right to adequate notice.

### Conclusion

For the above stated reasons, Brett and Elisabeth Bossingham respectfully request this court to direct the government to file a bill of particulars clearly identifying the deficiency assessed either before or after the initiation of this prosecution, and the specific tax alleged to have been evaded such that they may prepare a defense to these charges.

Dated: June 3, 2011

_Peter Gibbons_
_____
Peter Gibbons, Attorney for:
Brett A. and Elisabeth A. Bossingham

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing

**Defendants' Brett A. and Elisabeth A. Bossingham Notice of Motion and Motion for Bill of Particulars Pursuant to Federal Rules of Criminal Procedure Rule** 7(f). and,

**Memorandum of Points and Authorities in Support of Defendants' Brett A. and Elisabeth A. Bossingham's Notice of Motion and Motion for Bill of Particulars Pursuant to Federal Rules of Criminal Procedure Rule 7(f).**

were served upon Mark E. Cullers and Henry Z. Carbajal III attorneys for Plaintiff, by mailing a copy thereof, in an envelope, with first class postage thereon fully prepaid, on this the 6th day of June, 2011, addressed as follows:

| | |
|---|---|
| Mark E. Cullers | Henry Z. Carbajal III |
| Assistant United States Attorney | Assistant United States Attorney |
| United States Courthouse | United States Courthouse |
| 2500 Tulare Street, Suite 4401 | 2500 Tulare Street, Suite 4401 |
| Fresno, California 93721 | Fresno, California 93721 |

*Peter Gibbons*
_____
Peter Gibbons
Law Office of Peter Gibbons
1805 North Carson Street, Suite E
Carson City, NV 89701
775-546-1450 Ph.
866-809-0467 Fax
LawDr1@clearwire.net

Case No. 1:10-CR-00150