BENJAMIN B. WAGNER
United States Attorney
MARK E. CULLERS
HENRY Z. CARBAJAL III
Assistant United States Attorneys
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:10-CR-00150 OWW |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S OPPOSITION TO |
| v. | ) | DEFENDANTS' MOTION FOR BILL OF |
| | ) | PARTICULARS |
| | ) | |
| BRETT ALLEN BOSSINGHAM and | ) | |
| ELISABETH ANN BOSSINGHAM, | ) | Date: July 25, 2011 |
| | ) | Time: 1:30 p.m. |
| Defendants. | ) | Courtroom: Three |
| | ) | Hon. Oliver W. Wanger |
| | ) | |

The United States submits the following Opposition to
Defendants' June 3, 2011 "Motion for Bill of Particulars Pursuant to
Federal Rule of Criminal Procedure Rule 7(f)." See Dkt. No. 102,
June 3, 2011.

I.   INTRODUCTION

The defendants have filed a motion pursuant to Federal Rule of
Criminal Procedure 7(f) in which they request an order directing the

government to provide a bill of particulars in this case.  The information requested is not necessary for the defendants to prepare a defense.  Moreover, answers to the defendants' requests are available from the discovery already provided, as well as a detailed indictment.  Thus, the defendants' motion should be denied.

**A.   Procedural Background**

Defendants Brett Allen Bossingham and Elisabeth Ann Bossingham are currently charged in a superseding indictment dated February 17, 2011 on one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and four counts each of attempting to evade or defeat income tax for the tax years 2000 through 2003, and aiding and abetting, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2.  Dkt. No. 70, Superseding Indictment, at 1-11.

**B.   Current Status of Discovery**

On May 9, 2011, the Court entered a protective order governing discovery in this case.  See Dkt. No. 98, Protective Order, May 9, 2011.  Thereafter, on May 13, 2011, the Government produced approximately 3,278 pages of discovery to the defendants.  On May 19, 2011, the Government produced an additional 1,122 pages of discovery to the defendants.  The Government has further made available to the defendants documents or tangible objects called for by Rule 16, as well as documents which were obtained by other means during the course of the investigation which culminated in the indictment and superseding indictment.  The defendants' motion makes no mention of the Government's extensive discovery efforts to date, nor does the motion suggest that the Government's discovery production has been in any way inadequate.

1

### C.   Applicable Law

2      A bill of particulars is not a matter of right to a criminal

3 defendant.  United States v. Seeger, 303 F.2d 478, 484 (2d Cir.

4 1962).  It should not be granted when the indictment informs the

5 defendant of the nature of the charges against him so that he may

6 adequately prepare his defense and avoid surprise at trial.  United

7 States v. Dicesare, 765 F.2d 890, 897-98, as amended, 777 F.2d 543

8 (9th. Cir. 1985).

9      Under Fed. R. Crim. P. 7(f), the only purpose of a bill of

10 particulars is to give a defendant sufficient information about the

11 charges against him in order to: (1) fairly apprise him of the nature

12 of the charge so that he may prepare his defense and avoid

13 prejudicial surprise at trial; and (2) enable him to plead his

14 conviction or acquittal as a bar to a second prosecution of the same

15 offense.  United States v. Ayers, 924 F.2d 1468, 1483 (9th Cir.

16 1991); United States v. Drebin, 557 F.2d 1316, 1325 (9th Cir. 1977).

17      A bill of particulars is not an investigative tool for the

18 defense and is not available as a tool "to 'obtain a detailed

19 disclosure of the government's evidence prior to trial.'"  United

20 States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978) (citation

21 omitted); United States v. Matlock, 675 F.2d 981, 986 (8th Cir.

22 1982).  A bill of particulars seeking discovery by way of the

23 government's factual connections, other than the essential facts

24 underlying the charges, similarly should be denied.  United States v.

25 Lupino, 171 F. Supp. 648, 650 (D. Minn. 1958).  One reason why a bill

26 of particulars is disfavored is because the government must strictly

27 adhere to answers filed in response.  United States v. Haskins, 345

28

F.2d 111, 114 (6th Cir. 1965); <u>United States v. Murray</u>, 297 F.2d 812, 819 (2d Cir. 1962); <u>United States v. Neff</u>, 212 F.2d 297, 309 (3d Cir. 1954).  As the court in <u>Neff</u> wrote,

> 'he who has furnished the bill of particulars . . . must be confined to the particulars he has specified, as closely and effectually as if they constituted essential allegations in a special declaration.'  Otherwise stated, a bill of particulars strictly limits the prosecution to proof within the area of the bill.

<u>Id</u>. (citations omitted).  This prevents the orderly and proper development of the Government's evidence during trial.  As the court in <u>United States v. Mannino</u>, 480 F. Supp. 1182, 1185 (S.D.N.Y. 1979) said, "[a] bill of particulars should not be used to . . . force detailed disclosure of acts underlying a charge, or to restrict the Government's proof at trial."

The decision whether to grant defendant's request for a bill of particulars rests within the discretion of the court, and is reviewable only for an abuse of discretion.  <u>United States v. Giese</u>, 597 F.2d 1170, 1180 (9th Cir. 1979).  An appellate court must find actual prejudice to the defendant resulting from denial.  <u>United States v. Leach</u>, 427 F.2d 1107, 1110 (1st Cir. 1970) (citations omitted).

## II.  ARGUMENT

### A.   The Superseding Indictment is Sufficiently Specific.

The superseding indictment in this case specifies with particularity the misconduct with which the defendants are charged. The indictment charges the defendants with one count of conspiracy to defraud the United States for the purpose of impeding the lawful functions of the Internal Revenue Service ("IRS") in the ascertainment, computation, assessment, and collection of income

taxes, and sets forth the exact manner and means in which the defendants did so.  Multiple, specific overt acts are detailed in support of the conspiracy charge.  The indictment also charges the defendants with four counts each of tax evasion and aiding and abetting, and sets forth dates and specific tax filings that form the basis of those counts.

Where, as in this case, the indictment gives the necessary details of the alleged offenses, the defendant is not entitled to a bill of particulars.  United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984) (purposes of bill of particulars are served if indictment itself provides sufficient detail of the charges); United States v. Chenaur, 552 F.2d 294, 300-02 (9th Cir. 1977) (no abuse of discretion to deny bill of particulars where the indictment is specific).  Because the indictment provides sufficient specifics apprising the defendant of the nature of the charges so that he may prepare a defense and plead the allegations of the indictment as a bar to double jeopardy, the motion for a bill of particulars should be denied on this ground alone.

**B.    The Defendants' Requests are Inappropriate for Inclusion in a Request for Particulars**.

The defendants' motion requesting a bill of particulars is replete with irrelevant citations to state court case law and *civil* tax cases that fail to illustrate the defendants' complaint as to the superseding indictment's alleged lack of clarity.

As best the Government can surmise, the defendants make two general requests.  First, the defendants suggest that the Government must identify deficiency assessments undertaken by the IRS as to each of the eight false and fraudulent tax returns alleged in the

indictment as overt conspiratorial acts and substantive counts. <u>See</u>
Dkt. No. 102, at 10, 11, 14 and 16.  Second, the defendants suggest
that the Government must identify by statute each specific tax the
defendants evaded, apart from the tax evasion statute, 26 U.S.C. §
7201.  <u>See</u> <u>id</u>. at 2, 3 and 13-16.  Neither assertion is supported by
law.

### 1.  No Administrative Assessment of Tax Deficiency is Necessary.

The defendants confuse the requirements of maintaining a civil
tax fraud case with the requirement of a criminal tax prosecution.
As the Ninth Circuit has made clear, in a case the defendants failed
to cite, "[a]lthough a prior valid assessment may be used to show a
tax deficiency under section 7201 . . . it is not required to show
that deficiency."  <u>United States v. Voorhies</u>, 658 F.2d 710, 714-15
(9th Cir. 1981) (citation omitted); <u>see</u> <u>also</u> <u>United States v. Kelley</u>,
539 F.2d 1199, 1203 (9th Cir. 1976) ("There is no requirement,
however, that an administrative assessment record be filed before
there can be a *criminal* prosecution for failing to report or pay
income tax under 26 U.S.C. §§ 7201-07.  Tax liability is imposed by
statute independent of any administrative assessment.") (citation
omitted, emphasis in original).  There is no necessity with respect
to identifying any deficiency assessment for purposes of the
defendants' motion.  <u>See</u> <u>United States v. Sigerseth</u>, No. CR-S-05-139,
2005 U.S. Dist LEXIS 40515, at *1 & *4-6 (E.D. Cal. Dec. 1, 2005),
<u>aff'd</u>, 304 Fed. Appx. 498, 499 (9th Cir. 2008) (holding that an
indictment charging conspiracy and tax evasion need not contain an
allegation that valid assessments were issued by the Internal Revenue
Service pursuant to the applicable provisions of the Internal Revenue

**Government's Opposition**
**to Motion for Bill of Particulars**          6

1  Code and Regulations).  Thus, there is no basis for compelling a bill

2  of particulars to include administrative assessment or equivalent

3  information.

4              **2.   The Government is not Required to Identify Each
                    Specific Tax Implicated in Defendants' Evasion**

5              **Efforts.**

6       The defendants proffer a common tax defier argument that the

7  Government is required to cite specific statutory obligations

8  allegedly evaded, in addition to citing the tax evasion statute, 26

9  U.S.C. § 7201.  Such minutiae is not required by the Ninth Circuit.

10 See United States v. Vroman, 975 F.2d 669, 670-71 (9th Cir. 1992).

11 In Vroman, the indictment charged willful failure to file a tax

12 return in violation of 26 U.S.C. § 7203.  Id. at 670.  The defendant

13 insisted that the Government was required to cite the statute that

14 imposed the duty to file a tax return, namely 26 U.S.C. § 6012.  Id.

15 at 670-71.  The Ninth Circuit held that the Government was not

16 required to cite the statute imposing the duty violated in order to

17 give the defendant sufficient notice of the charges against him.  Id.

18 at 671.  Instead, the indictment's inclusion of the elements of the

19 offense, along with the amounts of taxable income the defendant

20 earned each year was deemed sufficient to allow the defendant to

21 adequately prepare a defense.[1]  Id.; see also United States v.

22 Weathers, 216 Fed. Appx. 678, 680 (9th Cir. 2007) (unpublished

23 opinion) (rejecting argument that, among other statutes, 26 U.S.C. §

24 7201 is a penalty provision that does not fully inform a defendant of

25 what law or duty they violated); United States v. Bennett, Crim. No.

26

27     [1] Though not listed in the indictment, documents reflecting the
   defendants' taxable income for tax years 2000 through 2003 have been
28 produced by the Government in discovery.

   **Government's Opposition
   to Motion for Bill of Particulars**            7

06-00068, 2007 U.S. Dist. LEXIS 70329, at *14 (D. Haw. Sept. 21, 2007) ("the Ninth Circuit has made clear that, in tax evasion cases, the Government is not required to cite the specific section that imposes the duty to file a tax return") (citation omitted).

Case law from other jurisdictions is in accord with the principles set forth in Vroman. United States v. Chisum, 502 F.3d 1237, 1244-45 (10th Cir. 2007) (affirming rejection of motion to dismiss tax evasion indictment for omitting "'what part of Title 26 imposed the tax that was being evaded or defeated'"); United States v. Burt, No. 06-20582, 2008 U.S. Dist. LEXIS 34417, at *1-2 (E.D. Mich. Apr. 25, 2008) (denying motion for bill of particulars, noting argument that the Government must state the specific statute describing duty to pay income tax has been rejected as frivolous); United States v. Stierhoff, 500 F. Supp. 2d 55, 62-63 (D.R.I. 2007) (rejecting defendant's argument that indictment for tax evasion required citation of predicate statutes, "[t]he indictment cites the statute [defendant] is accused of violating (26 U.S.C. § 7201) and identifies the specific tax (the income tax) [defendant] was obligated to pay") (citations omitted); United States v. Pottorf, 769 F. Supp. 1176, 1182-83 (D. Kan. 1991) (denying motion for bill of particulars which requested identification of specific legal duties tax defendant allegedly violated). In all, identification of underlying predicate statutes is not required for sufficiency of an indictment for tax evasion or a Klein conspiracy comprising tax evading conduct.

Insofar as the defendants suggest that they cannot prepare a willfulness defense to tax evasion without a list of specific taxes

1   or duties they evaded, the defendants misunderstand the willfulness

2   element.   As the Ninth Circuit has recently stated in explaining

3   willfulness, "if you know that you owe taxes and you do not pay them,

4   you have acted willfully."   United States v. Easterday, 564 F.3d

5   1004, 1006 (9th Cir. 2009).   The Government is not required to detail

6   specific provisions of the tax law imposing duties allegedly violated

7   for the defendants' preparation of a defense to willfulness.

8       **B.   Though not Required, the Government's Discovery Efforts
           Address the Defendants' Requests.**

9   

10       In ruling on a motion for a bill of particulars, the court

11  should consider not only the allegations in the indictment, but also

12  any other information provided or made available to the defense in

13  discovery or otherwise.   "In determining if a bill of particulars

14  should be ordered in a specific case, a court should consider whether

15  the defendant has been advised adequately of the charges through the

16  indictment and all other disclosures made by the government."   United

17  States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983) (affirming denial

18  of motion for bill of particulars) (citations omitted); see also

19  Giese, 597 F.2d at 1181.   The Ninth Circuit has also repeatedly held

20  that "[f]ull discovery will obviate the need for a bill of

21  particulars."   Long, 706 F.2d at 1054; Giese, 597 F.2d at 1180-81.

22       The Government has produced over 4,400 pages of discovery to the

23  defendants, which include, among other evidence, IRS Revenue Agent

24  Reports that detail the defendants' tax deficiencies and provide

25  calculations showing in what respect the defendants' 2000 to 2003 tax

26  filings are false.   Notably, the defendants' motion makes no mention

27  of the voluminous discovery provided by the Government and does not

28  

**Government's Opposition
to Motion for Bill of Particulars**              9

explain why its spurious requests for particulars are left unanswered by the provided discovery.

The defendants have been given full Rule 16 discovery, as well as additional information not required under Rule 16.  They should not be entitled to use a motion for a bill of particulars as a device for compelling further discovery of either the details of the Government's evidence or the manner in which the crimes were committed.  United States v. Ryland, 806 F.2d 941, 942 (9th Cir. 1986); Giese, 597 F.2d at 1181; see also United States v. Ellis, 321 F.2d 931, 932 (9th Cir. 1963).

Furthermore, the United States is willing to make its case agent available to defendants' counsel to review the specific evidence against the defendant.  The Government maintains that any purported need for particulars is obviated by the provision of discovery.

## III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the defendants' motion for a bill of particulars be denied.

Date: June 29, 2011                    Respectfully submitted,
                                       BENJAMIN B. WAGNER
                                       United States Attorney

                                       /s/
                                       By: Henry Z. Carbajal III
                                       Assistant U.S. Attorney

**Government's Opposition
to Motion for Bill of Particulars**          10