BENJAMIN B. WAGNER
United States Attorney
MARK E. CULLERS
HENRY Z. CARBAJAL III
Assistant U.S. Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559)497-4000
Facsimile: (559)497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br> Plaintiff, </br></br> v. </br></br> BRETT ALLEN BOSSINGHAM, and </br> ELISABETH ANN BOSSINGHAM, </br></br> Defendants. | CASE NO. 1:10-cr-00150 AWI </br></br> MOTIONS IN LIMINE RE: </br> (1) PRECLUSION OF TESTIMONY </br> CONTAINING LEGAL CONCLUSIONS </br> AND (2) PRECLUSION OF </br> DEFENDANTS' HEARSAY STATEMENTS </br></br> Date: October 31, 2011 </br> Time: 1:30 p.m. </br> Courtroom: Two </br> Hon. Anthony W. Ishii |

The United States submits the following Motions in Limine in advance of trial in this matter.

1. <u>Testimony Containing Legal Conclusions</u>

The United States moves, <u>in</u> <u>limine</u>, for an order excluding or limiting prejudicial and superfluous legal and pseudo-legal materials offered by the defendants, absent a proper foundation. Moreover, the government seeks appropriate limiting instructions if such evidence is admitted.

The government anticipates that the defendants may attempt to introduce prejudicial and superfluous legal and pseudo-legal materials and arguments during the trial to confuse the jury, justify their actions or negate the intent element of the crimes charged. Such materials are highly likely to be both confusing to the jury and prejudicial in that the legal arguments presented are contrary to the law.

> A. Defendants Should Not Invade the Province of the Court by Publishing Court Opinions, Statutes, Regulations or Other Legal Materials to the Jury Unless a Proper Foundation is Made.

Defendants may offer into evidence current and obsolete case law, Internal Revenue Code sections, corresponding regulations and other third-party material purporting to interpret legal authority to demonstrate their good faith belief in the validity of the fraudulent tax schemes. Absent a proper foundation, these materials should be excluded as confusing to the jury and invasive of the Court's province. United States v. Powell, 955 F.2d 1206, 1214 (9th Cir. 1991) ("district court may exclude evidence of what the law *is or should be*")(emphasis in original). Admission of court opinions, statutes, regulations and other legal material, absent proper foundation, amounts to legal instruction, serves to confuse the jury as to the law and invites disagreement with the Court's final instructions. See United States v. Flitcraft, 803 F.2d 184, 186 (5th Cir. 1986) (holding that case law and other documents offered by the defendant as evidence of reliance were properly excluded as they suggested to the jury that the law was unsettled and that the jury should resolve the legal uncertainty).

Such materials may be admissible, however, with proper

foundation, to determine the defendants' willfulness.  In Powell, the Ninth Circuit advised that "statutes or case law upon which the defendant claims to have *actually relied* are admissible to disprove that element if the defendant lays a proper foundation which demonstrates such reliance."  955 F.2d at 1214.  Thus, if the defendants intend to introduce legal materials to negate the intent element of the crimes charged, they must lay the proper foundation that they actually relied on the material during the time of the crime charged by the government.  Powell, 955 F.2d at 1214.  If the defendants cannot lay the proper foundation, such materials can be "excluded as irrelevant and unnecessarily confusing because only the defendant[s'] subjective belief is at issue: the court remains the jury's sole source of the law."  Id.

Finally, even if such documents are admitted, the government requests that the court instruct the jury that the legal material admitted at trial is relevant only to the defendants' state of mind and not to the requirements of the law.  Powell, 955 F.2d at 1214.

### B.  Testimony of Defendants

The defendants may choose to testify in their own defense.  As part of a good faith defense to rebut willfulness, the defendants may testify, for example, that they honestly believed that the Sovereign Citizen theory or other improper tax program was valid, despite information indicating otherwise.  The defendants may not, however, be permitted to give legal opinions during their testimony.  Testimony containing a legal conclusion is generally unhelpful to the trier of fact and it is the Court's domain to instruct the jury on the law, not the witness's.  Powell, 955 F.2d at 1214.

2.   <u>Defendants' Hearsay Statements</u>

The United States hereby moves, <u>in limine</u>, for an order prohibiting the defendants from attempting to elicit their own self-serving inadmissible hearsay statements through other witnesses.

The government anticipates that the defendants may attempt to elicit their own self-serving statements through the testimony of other witnesses (e.g., law enforcement agents or other witnesses). However, these self-serving statements are inadmissible hearsay and do not fall under any exception under the hearsay rule.  Thus, the Court should preclude the defendants from presenting "self-serving hearsay" which the government cannot cross-examine.  <u>See</u> <u>United States v. Fernandez</u>, 839 F.2d 639, 640 (9th Cir. 1988) (upholding exclusion of post-arrest statement denying crime and noting that defendant could have introduced denial by taking stand and testifying).  If the defendants want to introduce their own self-serving statements, they may testify and be cross-examined.  Several of the arguments the defendants may use to introduce such statements are discussed in more detail below.  The government raises this issue in this Motion in Limine in order to have the issue ruled upon prior to trial and to minimize potential side bars for legal arguments.

    A.   Statements Under Fed. R. Evid. 106 (Rule of Completeness)

The defendants cannot rely on the "rule of completeness" under Fed. R. Evid. 106 to admit their own oral statements.  When a writing or recorded statement (or part thereof) is introduced by a party, Fed. R. Evid. 106 allows for the admission by the adverse party of any other part or any other written or recorded statement which ought in fairness to be considered contemporaneously with it.

4

United States v. Collicot, 92 F.3d 973, 983 (9th Cir. 1996). Importantly, Rule 106 does not compel the admission of otherwise inadmissible hearsay. Collicot, 92 F.3d at 983; United States v. Burreson, 643 F.2d 1344, 1349 (9th Cir. 1981). The statements must also serve to correct a misleading impression of a prior statement created by taking a witness' statement out of context. Collicot, 92 F.3d at 983. In other words, the additional statements must be both relevant and explanatory of the portion already introduced. The defendants cannot invoke the rule to admit their "explanation" or other favorable information that is not otherwise admissible. Application of the rule of completeness is a matter for the trial court's discretion. United States v. Dorrell, 758 F.2d 427, 434 (9th Cir. 1985).

The Ninth Circuit has approved the admission of redacted statements of the defendant where the edited portions do not distort the meaning of the statements and do not exclude substantially exculpatory, relevant or explanatory statements. Dorrell, 758 F.2d at 434-35 & n.7 (citations omitted). In Dorrell, the court approved the redaction of the defendant's political and religious beliefs from his written confession because they were not substantially exculpatory, relevant or explanatory. Id. at 435.

In United States v. Burreson, 643 F.2d at 1349, the court precluded the defendant from admitting additional portions of his recorded SEC testimony because they were irrelevant and inadmissable hearsay. See also United States v. Branch, 91 F.3d 699, 726-729 (5th Cir. 1996) (government's selective admission of the defendant's post-arrest statements upheld where defendant failed to demonstrate that exclusion of additional statements resulted in unfairness).

5

The rule of completeness therefore, would bar the defendants from offering additional portions of the statements that the defendants made which are oral, if the statements are: (1) inadmissible hearsay; (2) irrelevant; or (3) non-explanatory. See Collicot, 92 F.3d at 983.

### B. Statements Under Fed. R. Evid. 801(d)(1)(B) (Prior Consistent Statements)

The defendants cannot admit their own statements through other witnesses as prior consistent statements under Rule 801(d)(1)(B). To qualify for admission under Rule 801(d)(1)(B), a defendant must satisfy four elements: (1) the defendant must testify at trial and be subject to cross-examination; (2) there must be an express or implied charge of recent fabrication or improper influence or motive; (3) the defendant must offer a prior consistent statement that is consistent with the challenged in-court testimony; and (4) the prior consistent statement must be made prior to the time that the supposed motive to falsify arose. Collicot, 92 F.3d at 979.

In the instant case, the declarant-defendants would not be subject to cross-examination if the statements were offered through another witness. Further, even if the declarant-defendants testified, any prior consistent statements could not be admitted until the statements themselves had been impeached. United States v. Navarro-Varelas, 541 F.2d 1331, 1334 (9th Cir. 1976), cert. denied, 429 U.S. 1045 (1977). Finally, even if the statements had been impeached, a defendant's prior consistent statements could not be admitted if the defendant had a motive to lie when the prior statements were made. United States v. DeCoito, 764 F.2d 690, 694 (9th Cir. 1985) (prior consistent statement cannot be admitted for

6

rehabilitation if declarant had prior motive to lie); <u>United States v. Rohrer</u>, 708 F.2d 429, 433 (9th Cir. 1983) (diagram which declarant drew could not be admitted as prior consistent statement because declarant had motive to lie when diagram was made, that is, to obtain a better bargain as to leniency from the government).

   C. <u>Statements Under the "Opened Door" Rationale</u>

  The defendants cannot rely on the "opened door" rationale to admit the statements. The defendants would have to testify and be impeached with prior inconsistent statements from the conversations for this doctrine to apply. In addition, only those statements which clarified or provided context to the inconsistent statements would be allowed. Inadmissible hearsay statements that did not provide context to impeachment statements, but were offered to prove the truth of the matters asserted, should be disallowed. <u>Collicot</u>, 92 F.3d at 979-982.

   D. <u>Statements under Fed. R. Evid. 801(d)(2) (Non-Hearsay)</u>

  Fed. R. Evid. 801(d)(2) exempts from the definition of hearsay certain admissions. The defendants cannot admit their own self-serving statements under Fed. R. Evid. 801(d)(2). Under any of this Rule's subsections, whether concerning admissions, adoptive admissions, or co-conspirator statements, a statement must be "offered against a party" and fall within the subsection for the statement to be non-hearsay. In this case, the defendants would be offering the statements (or other person's statements) for their own benefit. This rule does not permit such an offer.

   E. <u>Statements Under Fed. R. Evid. 803(3) (Then-Existing Mental, Emotional or Physical Condition)</u>

  Finally, the defendants cannot rely on the exception to the

7

hearsay rule outlined in Fed. R. Evid. 803(3).  This rule provides that the hearsay rule does not exclude:

> A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed. . . .

Fed. R. Evid. 803(3) (emphasis added).  The Ninth Circuit has discussed this rule in the context of a "derivative entrapment" defense.  The Ninth Circuit affirmed the district court's decision to exclude a witness's testimony that the defendant had said that he feared certain undercover government agents.  United States v. Emmert, 829 F.2d 805, 809-810 (9th Cir. 1987).  Relying on the language emphasized above in Rule 803(3), the Ninth Circuit held that this exception to the hearsay rule did not apply to the witness's testimony.

Similarly, in this case, the defendants should not be permitted to elicit statements about what they said to someone else about any improper tax theory on a particular date because it would be offered for the truth of the matter asserted, not to prove the defendants' state of mind at the time.  Of course, the defendants may take the stand and testify regarding their beliefs, they simply cannot do so through another witness to avoid cross-examination.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that its Motions in Limine be granted.

```
                              Respectfully submitted,
                              BENJAMIN B. WAGNER
                              United States Attorney

Date: October 17, 2011        /s/Henry Z, Carbajal III
                              By: HENRY Z. CARBAJAL III
                              Assistant U.S. Attorney
```

8