Gary D. Fielder; CBN 19757
5777 Olde Wadsworth Boulevard, Suite #R700
Arvada, Colorado 80002
303-650-1505 Ph.
303-650-1705 Fax

Peter Gibbons; CBN 196169
1805 North Carson Street, Suite E
Carson City, Nevada 89701
775-546-1450 Ph.
866-809-0467 Fax

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| United States of America, ) | CASE NO. 1:10-CR-00150 AWI |
| Plaintiff, ) | |
| ) | DEFENDANTS' OPPOSITION TO |
| v. ) | GOVERNMENT'S MOTIONS IN LIMINE RE: |
| ) | (1) PRECLUSION OF TESTIMONY |
| Brett Allen Bossingham and ) | CONTAINING LEGAL CONCLUSIONS |
| Elisabeth Ann Bossingham, ) | AND (2) PRECLUSION OF |
| ) | DEFENDANTS' HEARSAY STATEMENTS |
| Defendants. ) | |
| ) | |
| ) | Hearing Date: October 31, 2011 |
| _____ ) | Hearing Time: 1:30 p.m. |

Defendants Brett Allen Bossingham and Elisabeth Ann Bossingham ("*the Bossinghams")* hereby oppose the United States' motions in limine re: (1) preclusion of testimony containing legal conclusions and (2) preclusion of Defendants' hearsay statements ("*Motions*"). The Motions refer only to general types of evidence the Bossinghams might proffer in their defense without identifying a single specific piece of evidence. The bulk of the Motions simply identify and discuss these general categories of evidence and their admissibility as per the Federal of Rules of Evidence and current Ninth Circuit precedent. The United States makes only very generic allegations that certain types of evidence might be confusing to the jury, prejudicial (*without alleging unfair prejudice*), and might help "minimize potential side bars for legal argument." The United States presents no compelling argument that an ordinary trial objection would be inadequate protection, nor any argument

Defendants' Opposition to                    1              Case No. 1:10-CR-00150 AWI
Motions in Limine

that the probative value of otherwise relevant and admissible evidence would be substantially outweighed by the danger of confusion, unfair prejudice, waste of time, undue delay, or needless presentation of cumulative evidence. Fed. R. Evid. 403. The United States failed to make an adequate showing that their Motions in advance of trial are necessary and warranted; the Motions should be denied.

This opposition is based on the attached memoranda of points and authorities of the parties, and any argument at the hearing on this Motion.

Respectfully submitted,

Dated: October 28, 2011

*/s/ Peter Gibbons*
_____
Peter Gibbons, Attorney for:
Brett and Elisabeth Bossingham

**TABLE OF CONTENTS**

**I. RE: TESTIMONY CONTAINING LEGAL CONCLUSIONS** ..................................... **1**

   A. Motion Seeking Exclusion of Court Opinions, Statutes, Regulations or Other Legal Materials Likely to be Relevant to the Bossinghams' Defense Before Trial Should Be Denied................................................................. 1

   B. Motion Seeking Advance Ruling on Instruction to the Jury that Legal Material Admitted at Trial is Relevant Only to the Bossinghams' State of Mind Should be Denied................................................................. 1

   C. Motion Seeking Exclusion of "Legal Opinion" Testimony by the Bossinghams Before Trial Should be Denied................................................................. 2

**II. RE: DEFENDANTS' HEARSAY STATEMENTS** ............................................ **3**

   A. Motion Seeking Exclusion of Any "Self-Serving" Statements by the Bossinghams Before Trial Should be Denied................................................................. 3

   B. Discussion RE: Fed. R. Evid. 106 ("*Rule of Completeness*") Is Merely Informative and Does Not Seek a Prohibition/Exclusion From This Court............. 3

   C. Discussion RE: Fed. R. Evid. 801(d)(1)(B) (*Prior Consistent Statement*) Is Merely Informative and Does Not Seek a Prohibition/Exclusion From This Court...... 4

   D. Discussion RE: Fed. R. Evid. 801(d)(2) (*Non-Hearsay*) Is Merely Informative and Does Not Seek a Prohibition/Exclusion From This Court........................ 4

   E. Discussion RE: Fed. R. Evid. 803(3) (*Then-Existing Mental, Emotional or Physical Condition*) Is Merely Informative and Does Not Seek a Prohibition/Exclusion From This Court................................................................. 5

**III. CONCLUSION** ................................................................. **5**

**TABLE OF AUTHORITIES**

**CASES**

*United States v Fernandez*, 839 F.2d 639 (9th Cir, 1988) ................................................................. 3

*United States v. Flitcraft*, 803 F.2d 184 (5th Cir. 1986) ................................................................... 2

*United States v. Ortega*, 203 F.3d 675 (9th Cir. 2000) .................................................................... 4

*United States v. Powell*, 955 F.2d 1206 (9th Cir. 1991) ............................................................... 1, 2

**RULES**

Fed. R. Evid. 106 ............................................................................................................................ 3, 4

Fed. R. Evid. 403 ............................................................................................................................ 2, 3

Fed. R. Evid. 801(d)(1)(B) ................................................................................................................. 4

Fed. R. Evid. 801(d)(2) ...................................................................................................................... 4

Fed. R. Evid. 803(3) ........................................................................................................................... 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  RE: TESTIMONY CONTAINING LEGAL CONCLUSIONS**

    **A.  Motion Seeking Exclusion of Court Opinions, Statutes, Regulations or Other Legal Materials Likely to be Relevant to the Bossinghams' Defense Before Trial Should Be Denied.**

The United States seeks an Order to exclude "current and obsolete case law, Internal Revenue Code sections, corresponding regulations and other third-party materials purporting to interpret legal authority to demonstrate their good faith belief in the validity of the fraudulent tax schemes." Dkt. No. 118 at 2. The prosecution contends that admission of this material "absent proper foundation" may confuse the jury. Id. The United States admits, however, that "[s]uch materials may be admissible, however, with proper foundation, to determine the [Bossinghams'] willfulness." Id. at 2-3. To lay this foundation, according to the United States, the Bossinghams must demonstrate that they "actually relied on the material during the time of the crime charged by the government." Id. at 3 (citing *United States v. Powell*, 955 F.2d 1206, 1214 (9th Cir. 1991)).

The United States presents no compelling argument that an ordinary trial objection would be inadequate protection. It also acknowledges that so long as a foundation is laid, the danger of confusion to the jury is reduced, if not eliminated. The ordinary process of proffering evidence, objections, and offers of proof will be sufficient to ensure that inadmissible evidence is excluded in this case. Therefore, the motion should be denied.

    **B.  Motion Seeking Advance Ruling on Instruction to the Jury that Legal Material Admitted at Trial is Relevant Only to the Bossinghams' State of Mind Should be Denied.**

The United States next urges that if "current and obsolete case law, Internal Revenue Code sections, corresponding regulations and other third-party materials purporting to interpret legal authority to demonstrate their good faith belief in

the validity of the fraudulent tax schemes" is admitted, the court should "instruct the jury that the legal material admitted at trial is relevant only to the defendants' state of mind and not to the requirements of the law." Dkt. No. 118 at 3. The problem here is that certain affirmative defenses that may be claimed by the Bossinghams may also require presentation of said "legal material," but may not require a showing of "actual reliance" and may also be relevant beyond the Bossinghams' "state of mind." Because the United States has failed to make a showing pursuant to Fed. R. Evid. 403 or explain why an ordinary trial objection would be inadequate protection, the motion should be denied.

**C.    Motion Seeking Exclusion of "Legal Opinion" Testimony by the Bossinghams Before Trial Should be Denied.**

The United States also requests an Order prohibiting the Bossinghams from giving "legal opinions during their testimony" as such testimony "is unhelpful to the trier of fact and it is the Court's domain to instruct the jury on the law, not the witness's." Id. (citing *Powell*, 955 F.2d at 1214). While generally that may be true, however, if such testimony is relevant to the element of willfulness, it may be entirely appropriate to allow the Bossinghams to testify about the contents of any legal material upon which they relied. See *United States v. Flitcraft*, 803 F.2d 184, 186 (5th Cir. 1986) (*the district court permitted the defendant to testify about the contents of the legal materials on which he relied because it was relevant to the element of willfulness*).

There may be a fine line between the Bossinghams testifying about the materials, laws and regulations upon which they relied and their making legal conclusions. However, because such reliance is critical to the Bossinghams' defense, and because the United States has failed to make a showing pursuant to Fed. R. Evid. 403 or explain why an ordinary trial objection would be inadequate protection, the motion should be denied.

Defendants' Opposition to              2              Case No. 1:10-CR-00150 AWI
Motions in Limine

1  **II.   RE: DEFENDANTS' HEARSAY STATEMENTS**

2      **A.   Motion Seeking Exclusion of Any "Self-Serving" Statements by the**
3            **Bossinghams Before Trial Should be Denied.**

4      The United States urges an Order "prohibiting [the Bossinghams] from
5  attempting to elicit their own self-serving inadmissible hearsay statements through
6  other witnesses" before trial "to minimize potential side bars for legal
7  arguments." Dkt. No. 118 at 4. In support of its motion, the United States points
8  to *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir, 1988). The United States
9  argues that such "self-serving" statements "are inadmissible hearsay and do not
10 fall under any exception under the hearsay rule." Dkt. No. 118 at 4. That is not an
11 accurate statement of the law. As identified in *Ferndandez*, "self-serving
12 statements" are not inadmissible hearsay per se. 839 F.2d at 640. Because the
13 United States had not sought to introduce the out-of-court statement under Rule
14 801(d)(2)(A), and had not alleged an adoptive admission / admission by silence
15 [Rule 801(d)(2)(B)] — both of which are possible exceptions to the hearsay rule for
16 "self-serving statements" — the court was not required to find whether the
17 Defendant's "self-serving" statement was admissible, or not. Id.

18     Again, because the United States failed to make a showing pursuant to Fed. R.
19 Evid. 403 or explain why an ordinary trial objection would be inadequate
20 protection, the motion should be denied.

21     **B.   Discussion RE: Fed. R. Evid. 106 ("*Rule of Completeness*") Is Merely**
22           **Informative and Does Not Seek a Prohibition/Exclusion From This Court.**

23     In the section titled "Statements Under Fed. R. Evid. 106 (*Rule of*
24 *Completeness*)," the United States merely provided their interpretation that Fed. R.
25 Evid. 106 "[bars the Bossinghams] from offering additional portions of the
26 statements that the defendants made which are oral, if the statements are: (1)
27 inadmissible hearsay; (2) irrelevant; or (3) non-explanatory." Dkt. No. 118 at 6.

28     However, Fed. R. Evid. 106 does not in fact pertain to "oral statements";

Defendants' Opposition to        3       Case No. 1:10-CR-00150 AWI
Motions in Limine

1  "the rule of completeness applies only to **written and recorded statements**." *United*
2  *States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) [Emphasis added].  To the
3  extent, however, that an oral statement has been transcribed or recorded, Fed. R.
4  Evid. 106 "requir[es] that the redacted version of a statement not distort the
5  meaning of the statement." Id. Alternatively, if an oral statement is introduced by
6  the United States, the Bossinghams can cross-examine or introduce rebuttal
7  evidence, and the United States will be precluded from objecting to that evidence,
8  even if it is inadmissible, because the United States will have "opened the door."
9  *United States v. Salsedo*, 607 F.2d 318 (9th Cir. 1979).

To the extent this section can be interpreted as requesting an order for exclusion from the court, an ordinary trial objection will be adequate protection; thus, the motion should be denied.

**C.   Discussion RE: Fed. R. Evid. 801(d)(1)(B) (*Prior Consistent Statement*) Is Merely Informative and Does Not Seek a Prohibition/Exclusion From This Court.**

The portion of the Motion discussing Fed. R. Evid. 801(d)(1)(B) is merely informative; it does not require a response by the Bossinghams. To the extent this section can be interpreted as requesting an order for exclusion from the court, an ordinary trial objection will be adequate protection; and the motion should be denied.

**D.   Discussion RE: Fed. R. Evid. 801(d)(2) (*Non-Hearsay*) Is Merely Informative and Does Not Seek a Prohibition/Exclusion From This Court.**

The portion of the Motion discussing Fed. R. Evid. 801(d)(2) is merely informative; it does not require a response by the Bossinghams. To the extent this section can be interpreted as requesting an order for exclusion from the court, an ordinary trial objection will be adequate protection; and the motion should be denied.

**E.   Discussion RE: Fed. R. Evid. 803(3) (*Then-Existing Mental, Emotional or Physical Condition*) Is Merely Informative and Does Not Seek a Prohibition/Exclusion From This Court.**

The portion of the Motion discussing Fed. R. Evid. 803(3) is merely informative; it does not require a response by the Bossinghams. To the extent this section can be interpreted as requesting an order for exclusion from the court, an ordinary trial objection will be adequate protection; and the motion should be denied.

**III.   CONCLUSION**

For the reasons set forth above, the Bossinghams respectfully request that the Court deny United States' motions in limine re: (1) preclusion of testimony containing legal conclusions and (2) preclusion of Defendants' hearsay statements.

Respectfully submitted,

Dated: October 28, 2011

*/s/ Peter Gibbons*
_____

Peter Gibbons, Attorney for:

Brett and Elisabeth Bossingham

**CERTIFICATE OF SERVICE**

It is hereby certified that I have electronically filed the foregoing

**Defendants' Opposition to the Government's Motions in Limine RE: (1) Preclusion of Testimony Containing Legal Conclusions and (2) Preclusion of Defendants' Hearsay Statements**

and

**Memorandum of Points and Authorities Supporting Defendants' Opposition to the Government's Motions in Limine RE: (1) Preclusion of Testimony Containing Legal Conclusions and (2) Preclusion of Defendants' Hearsay Statements**

With the Clerk of the Court, using the CM/ECF system which will send electronic notice and an electronic copy of such filing to the following:

| | |
|---|---|
| Mark E. Cullers | Henry Z. Carbajal III |
| Assistant United States Attorney | Assistant United States Attorney |
| United States Courthouse | United States Courthouse |
| 2500 Tulare Street, Suite 4401 | 2500 Tulare Street, Suite 4401 |
| Fresno, California 93721 | Fresno, California 93721 |

*(signature: Peter Gibbons)*
_____
Peter Gibbons
Law Office of Peter Gibbons
1805 North Carson Street, Suite E
Carson City, NV 89701
775-546-1450 Ph.
866-809-0467 Fax
LawDr1@clearwire.net

Motion to Dismiss For Failure to State an Offense                              Case No. 1:10-CR-00150 AWI