UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. ANTHONY W. ISHII, CHIEF JUDGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:10-cr-00150 AWI |
| | ) | |
| Plaintiff, | ) | HEARING RE ATTORNEY CONFLICT |
| | ) | OF INTEREST and DEFENDANT'S |
| vs. | ) | MOTION FOR DISCOVERY |
| | ) | |
| BRETT ALLEN BOSSINGHAM and | ) | |
| ELISABETH ANN BOSSINGHAM, | ) | |
| | ) | |
| Defendants. | ) | |

Fresno, California                        Monday, December 5, 2011

REPORTER'S TRANSCRIPT OF PROCEEDINGS

REPORTED BY:
GAIL LACY THOMAS, RMR-CRR
Official Court Reporter
CSR No. 3278

APPEARANCES OF COUNSEL:

| | |
|---|---|
| For the Government: | **MARK E. CULLERS**<br>**HENRY CARBAJAL**<br>Assistant U.S. Attorney<br>2500 Tulare Street<br>Suite 4401<br>Fresno, California 93721 |
| For the Defendants: | In Propria Persona<br>**Brett & Elisabeth Bossingham** |

| | |
|---|---|
| Monday, December 5, 2011 | Fresno, California |
| | 1:39 p.m. |

THE CLERK: Number 29 on the calendar, CR-10-150 AWI, United States versus Brett Allen Bossingham and Elisabeth Ann Bossingham, hearing re attorney conflict of interest and defendant's motion for discovery.

MR. CULLERS: Good afternoon, Your Honor. Mark Cullers and Henry Carbajal for the United States.

MR. BOSSINGHAM: Good afternoon, Judge. I'm Brett Bossingham. This is my wife, Elisabeth Bossingham. We're presently seeking assistance of competent counsel. We're here today without counsel.

THE COURT: Now, I notice that what I did receive was a notice of withdrawal by Peter Gibbons, and then with respect to Mr. Fielder, have you terminated his services as your attorney of record?

MR. BOSSINGHAM: Yes, we have.

THE COURT: All right, because I haven't received anything official from him. He's still on the record as being the attorney of record. So if he's going to withdraw, or be terminated, he needs to file something, and I will give him one week to do so. And so he's either going to have to personally appear in court next December 12th or file a notice of withdrawal on that, but in the meantime, Mr. and

1   Mrs. Bossingham, you can go ahead and proceed with attempting
2   to retain new and different counsel.  I'll go ahead and set
3   your matter over to give you an opportunity to do that.
4           MR. CULLERS:  Your Honor --
5           THE COURT:  Yes.
6           MR. CULLERS:  Before you do that, can we be heard on
7   the issue because I'm not sure the Court is familiar with the
8   history of this case.
9           MR. BOSSINGHAM:  We object.
10          THE COURT:  All right.  Overruled.
11          MR. CARBAJAL:  Your Honor, initially when the
12  Bossinghams were -- we attempted to arraign them on the
13  original indictment between October 29, 2010, and January 31st
14  of this year, there were six attempts to arraign them amongst
15  the various magistrate judges and before Judge Wanger.  And it
16  was kind of a familiar refrain from the defendants that they
17  were seeking counsel, which included a hundred plus page
18  questionnaire that had been forwarded to basically all the
19  counsel in town who had then refused to -- they weren't able
20  to obtain representation.  While they were purportedly
21  searching for competent counsel, they had proceed to file a
22  host of pleadings of various writs of error, notices, and even
23  a pro se writ of mandamus to the Ninth Circuit court of
24  appeals.  This had gone on so long, Your Honor, that at one
25  point, Judge Wanger had found on the record during the hearing

1  that these efforts were made by the defendants to obstruct or
2  delay proceedings. And it's the Government's concern that
3  we're there again. We're 60 days out from trial with -- they
4  had counsel, we gave them discovery. We set a trial date.
5  Counsel filed motions on their behalf, and now it looks like
6  the defendants are trying to again delay proceedings. So
7  we're concerned about that and wanted to note that for the
8  record.
9          THE COURT: All right.
10         MR. BOSSINGHAM: I'd like to respond, Your Honor.
11         THE COURT: Sure.
12         MR. BOSSINGHAM: I conditionally accept Mr.
13 Carbajal's offer and proof of claim, that we were not merely
14 trying to secure competent counsel. We consistently informed
15 the Court of our progress on a routine basis. We interviewed
16 well over 100 attorneys, and we never stopped on that point
17 until we did secure temporarily Gary Fielder and Peter
18 Gibbons. Unfortunately, there was not a meeting of the minds
19 of the attorneys on how to proceed, and we found it necessary
20 to terminate after we were given the notice of termination by
21 the ad hoc vice Peter Gibbons.
22         Judge Wanger did note for the record we always stayed
23 in honor with the Court, we always kept our word, and we were
24 honorable in our search for attorneys.
25         THE COURT: Okay. Well, why don't we do this: As I

1  noted at the outset -- I did receive Mr. Gibbons' notice of
2  withdrawal and Termination of Consent to Serve as designee.  I
3  haven't received anything official yet from Mr. Fielder.  I
4  assume -- I anticipate based on your representations that that
5  will occur.
6        MR. CARBAJAL:  Your Honor, on that point, we received
7  correspondence from Mr. Fielder in the form of a letter
8  indicating he'd be willing to file a formal motion of
9  withdrawal if the Court so requested.
10        THE COURT:  Yes, and that's what I'm going to order
11  him to do, then, so he'll have to do that.
12        In the meantime, Mr. and Mrs. Bossingham, I think you
13  still need to pursue the matter.  I'm not going to vacate any
14  dates.  You'll just need to let new counsel know that coming
15  in, they're going to have to come in with all the dates
16  intact, and if you're not able to retain somebody, you will
17  proceed on your own.
18        MR. BOSSINGHAM:  We have additional needs for
19  discovery.  And we believe that a discovery will take time to
20  get.  We will have to secure counsel that can move forward on
21  that quickly, but I don't know how long that will take.
22        THE COURT:  Well, you know how much time you have
23  because we already have dates set.  I don't intend to move
24  them.
25        MR. BOSSINGHAM:  I conditionally accept your offer of

1 proof and claim that we are not able to find competent
2 counsel.
3       THE COURT: Okay.
4       All right, anything else?
5       MR. CARBAJAL: Yes, Your Honor, if the Government may
6 be heard. On the discovery motions, well, there were a set of
7 four motions filed by the defendants' former counsel a couple
8 days before the Thanksgiving holiday. While -- we were
9 attempting to establish a briefing schedule to present to the
10 court for our opposition, and then in the interim as we were
11 doing that, defendants fired their counsel. So we want
12 clarification as to whether the defendants are still going to
13 go forward with those motions and want to seek relief pursuant
14 to those motions, or as they stated, they didn't have a
15 meeting of the minds with their attorneys whether they're
16 going to withdraw those and file additional ones. That's kind
17 of up in the air. We'd like some clarity on that. And if
18 they're going to go forward with those motions, a briefing
19 schedule will be appropriate.
20       THE COURT: Well, let me do the following because
21 apparently Mr. and Mrs. Bossingham are still in the process of
22 obtaining new counselor. Let me do this: I'll go ahead and
23 keep all dates except I'm going to set another date for status
24 hearing on Monday, December the 19th, at 1:30 in the
25 afternoon, and, Mr. and Mrs. Bossingham, you're ordered to be

here on that date and time and give me an update on your search for new counsel. In the meantime, I'm going to order that no new motions, writs, or anything else are to be filed by any party in this case until we get that resolved on the 19th. And at that point in time, if -- Mr. and Mrs. Bossingham, if you are going to wind up representing yourselves, then I'll go ahead and set a briefing schedule, whatever needs to be done in terms of discovery, et cetera. But let me give at least a couple more weeks to give me an update on how you're doing on retaining new counsel.

MR. BOSSINGHAM: We conditionally accept your offer and claim that we'll be able to secure motions on the 19th.

THE COURT: Well, whatever, but right now, I don't want anybody filing anything new. If anybody files anything new in this case, I'm going to strike it. I don't want anybody to proceed until we get this representation issue resolved so that we don't have piecemeal things being filed by counsel or by the Bossinghams pro se, or whatever. So let's give Mr. and Mrs. Bossingham a chance to look further into retaining new counsel.

MR. BOSSINGHAM: Well, I just want to clarify that -- that after the 19th, it appears to me that you're going to allow new motions to be filed after the 19th for discovery?

THE COURT: Well, I don't know. We'll have to see.

MR. BOSSINGHAM: We do have an issue of seeing a need

9

to -- and we find it's critical that we depose the individuals from material witnesses that such is the chief master programmer of the IMF code and also the source code itself, because we found in discovery, provided by Mr. Carbajal, two different IMF's, one dated October 13th, 2006, the other October 17th, 2006, one business day apart. And the IMF's are grammatically different. We need to find out what we can discover about these differences. We believe there's exculpatory evidence involved here, and it's very key to our defense.

THE COURT: Okay. Well, we can take that up on the 19th, then, whether it's through new counsel or both of you determining that you're going to proceed pro se, and we can figure that out from there. But 19th, I'll go ahead and address that.

MR. BOSSINGHAM: Thank you.

THE COURT: Anything else today?

MR. CARBAJAL: One last thing, Your Honor. If they're not, for whatever reason, able to secure counsel on the 19th, we'd like a *Ferretta* hearing if they're going to proceed pro se.

MR. BOSSINGHAM: I'll conditionally accept that offer and proof and claim that we're not able to secure competent counsel and ask if the public counsel, would be any assured for the defendants Brett A. Bossingham and Elisabeth

1  Bossingham.
2          THE COURT:  All right, well, you've got two more
3  weeks.  Do what you can.  Anything else?
4          MR. CARBAJAL:  No, Your Honor.  Thank you.
5          MR. CULLERS:  No, Your Honor.
6          THE COURT:  Anything else?
7          All right, and I'll continue to exclude time,
8  certainly, through and including December 19th to allow Mr.
9  and Mrs. Bossingham to secure new counsel, understanding a new
10 development in this case is that Mr. Gibbons has withdrawn as
11 the designee, and Mr. Fielder apparently is withdrawing as the
12 attorney of record, and so Mr. and Mrs. Bossingham need the
13 opportunity to attempt to secure a new counsel.  That is
14 certainly good cause separate and apart from any prior
15 exclusions of time that have been issued by the Court.
16         MR. CARBAJAL:  Thank you, Your Honor.
17         MR. CULLERS:  Thank you, Your Honor.
18
19
         I, Gail Lacy Thomas, Official Court Reporter, certify
20 that the foregoing transcript is true and correct.
21
   Dated:  01/24/2012         /s/ Gail Lacy Thomas
22                             GAIL LACY THOMAS, RMR-CRR
23
24
25